IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

Inline Connection Corporation,

    Plaintiff,

v.

Verizon Internet Services, Inc., et al.,

    Defendants.

Civil Action No. 2:05CV205 (HCM)

FILED
DEC 14 2005

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY SUBSTANTIVE DISCOVERY PENDING RESOLUTION OF THRESHOLD MOTIONS TO TRANSFER THE CASE TO ITS ORIGINAL DELAWARE VENUE AND TO DISMISS SOME DEFENDANTS FOR LACK OF PERSONAL JURISDICTION**

Defendants hereby submit this memorandum in support of their motion to stay substantive discovery, *i.e.*, discovery not reasonably related to the Threshold Motions to transfer and dismiss for lack of personal jurisdiction, until those threshold motions are resolved.

Through the present motion, Defendants merely seek to preserve the *status quo* until the Court has the opportunity to review the fully-briefed and Threshold Motion To Transfer Venue and Motion To Dismiss For Lack Of Personal Jurisdiction (*see* Dkt # 19, 21) (the "Threshold Motions"). Defendants' Threshold Motions are compelling. The present case could have been, should have been, and was originally brought in Delaware. Inline is presently attempting to solidify its improper forum-shopping and judge-shopping by initiating a clearly harassing discovery campaign. To prevent the unnecessary waste of this Court's judicial resources, Defendants respectfully request that this Court stay substantive discovery pending the resolution of the Threshold Motions.

I.  **Good Cause Exists To Stay Discovery Pending Resolution Of The Threshold Motions.**

   A.  **Inline Recognizes That This Case Belongs In Delaware.**

Inline is attempting to misuse this Court's accelerated docket to preempt consideration of Defendant's fully-briefed motion to transfer the case back to Delaware – the venue in which Inline brought (and dismissed) this case against Verizon over three ago and in which Inline has been litigating against AOL and Earthlink on exactly the same patents and the same issues for the last three years. Inline is unhappy with the Delaware court's substantive rulings. Instead of seeking appeal to the Federal Circuit, Inline seeks to fast-track an "appeal" of the exact same issues to this Court by denigrating the Delaware rulings as being from a mere magistrate judge.

After the parties were informed of Judge Morgan's unavailability until late August, Inline promptly served Defendants with a stack of discovery approximately six inches tall – an obvious attempt to present the Court with a *fait accompli* and preclude substantive consideration of the pending Threshold Motions. Inline's discovery makes it very clear that Inline seeks to re-litigate the Delaware case anew in this Court.

As is evident from the Threshold Motions, Inline is engaged in egregious forum-shopping seeking to avoid rulings and admissions from its Delaware litigation. The Delaware court has three years of experience and knowledge regarding this case. The Delaware court will already have addressed many of the discovery battles that Inline seeks prematurely to provoke in this district. The expertise lies with Magistrate Judge Thynge in Delaware who has already issued multiple lengthy rulings regarding the construction of the patents in suit – including a summary judgment ruling that largely disposes of Inline's case. Inline's attempts to run from Judge Thynge's expertise speaks volumes about the merits of its case.

2

Inline seeks to create contradictory rulings with the District of Delaware on issues such as construction of its asserted patent claims. As detailed in the reply briefs for the Threshold Motions, the case law clearly rejects such attempts to manufacture competing claim construction rulings (Dkt. # 29, 30). *See, e.g., Datatreasury Corp. v. First Data Corp.*, 243 F. Supp.2d 591 (N.D. Tex. 2003).

Beyond attempting to manufacture this "split in the district courts," Inline has also needlessly, and inappropriately, named eighteen separate Operating Telephone Companies ("OTC Defendants") that are in no way necessary for Inline to obtain complete relief for the alleged infringement by Verizon entities. The intent in adding the OTCs is merely to harass and burden Verizon, while simultaneously seeking to make Virginia <u>appear</u> a more appropriate venue. As stated in the Threshold Motions, the OTC Defendants' role in the provision of services alleged to infringe the patents-in-suit is peripheral and Inline can achieve full relief, if any is due, from the other defendants. Notably, Inline proceeded in the Delaware actions for a period of three years, and never attempted to add any of the operating telephone companies as defendants in those actions.

Should the Court rule in favor of Defendants in either of the Threshold Motions, much of Inline's burdensome discovery – including the overbroad, burdensome, and harassing[1] discovery requests already filed – will be unnecessary. Accordingly, Defendants request a temporary stay of merits discovery pending resolution of the Threshold Motions to transfer venue and dismiss for lack of personal jurisdiction. Defendants do not object to reasonable discovery requests directed to the issues of personal jurisdiction and venue.

---

[1] Inline's requests included such items as the name/addresses of all of Verizon's millions of customers, every DSL-related document ever within Verizon's possession, and every monthly billing statement for every customer for the past 6+ years. Inline seems intent on provoking endless, unnecessary discovery battles.

3

**B.    Inline's Recently Served Discovery Confirms Its Improper Forum Shopping And Efforts To Entice This Court Into Inconsistent Judicial Rulings.**

On June 17, 2005, Inline served 975 pages of discovery on Defendants, including a total of 2,100 document requests and 300 interrogatories. Besides being burdensome and harassing, Inline's discovery demonstrates its improper attempts to run away from its judicial representations and Judge Thynge's rulings in the Delaware Actions. For example, the Supreme Court has established that the issue of claim construction in a patent case is a question of law to be determined by the Court. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). Inline fully litigated the claim construction issue before Judge Thynge in the Delaware Actions. Judge Thynge carefully analyzed the highly complex and technical patent specifications, voluminous prosecution histories, and other relevant technical material and issued two detailed opinions regarding the claim construction issues. *See Inline v. AOL/Earthlink*, 302 F. Supp. 2d 307 (D. Del. 2004) and 347 F. Supp. 2d 56 (D. Del. 2004) (reproduced as Exhibits D and E to Verizon Defendant's Transfer Motion).

Inline seeks to pretend in this Court that Judge Thynge's rulings never occurred. Thus, Inline has served an interrogatory on each Defendant requiring: "For each of the Inline Patents, provide a claim construction for each claim element of each claim …" (Interrogatory No. 6). Plainly, Inline is asking this Court to ignore all of the litigated claim construction decisions from the Delaware Actions and entirely redo claim construction from scratch – thereby hoping to entice this Court into inconsistent rulings with Judge Thynge.

Similarly, in the Delaware Actions, Inline submitted expert declarations expressly limiting its infringement claims to so-called "splitterless" ADSL service, and disavowing any claim of infringement against various alternative versions of ADSL service. Inline's representations to the Delaware Court could not have been clearer:

4

- "[T]he alternative version of ADSL – ADSL with splitters does – <u>not</u> appear to contain all of the elements of any one claim in the patents …"

- "[V]ersions of ADSL that do not share the telephone line with an analog voice capability would <u>not</u> appear to contain all of the elements of any one claim in the patents."[2]

Once again, Inline seeks to use the present action to run away from its prior representations to the Delaware court. Rather than conduct discovery concerning the splitterless ADSL service allegedly covered by the patents-in-suit, Inline demands production of documents and interrogatory answers from Defendants covering all versions of any type of DSL-related service – including the alternative versions of ADSL service that are <u>admittedly not covered</u> by the Inline patents, as well as a wide variety of other, more general telecommunication services that have never been accused of infringement.

Clearly, Inline is trying to play fast and loose with this Court and the Delaware court. It is seeking to relitigate complex legal issues that have already been decided by Judge Thynge and to disavow its prior judicial representation to the Delaware court. Inline's recently filed discovery confirms that the case should be transferred to the Delaware court, which is fully familiar with all of its prior rulings and Inline's prior representations, and is best able to prevent this sort of abuse of the judicial process.

## II.   A TEMPORARY STAY PENDING RESOLUTION OF THRESHOLD ISSUES IS WITHIN THIS COURT'S DISCRETION.

Federal courts have broad power to control the sequence and timing of discovery. Fed.R.Civ.P. 26(c), (d) ; *Herbert v. Lando*, 441 U.S. 153, 177 (1979) ("judges should not hesitate to exercise appropriate control over the discovery process"). In particular, courts have

---

[2] August 21, 2003 "Declaration of Charles L. Jackson In Support Of Inline's Responsive *Markman* Brief," at p. 4, ¶ 5 (emphasis added). The Declaration was submitted by Ms. Van Over of the Swidler Berlin law firm, who also appears as Inline's counsel of record in this case.

5

not hesitated to stay discovery as to the merits of an action pending initial consideration of preliminary, and potentially dispositive, motions. *See, e.g., Sperberg v. Firestone Tire & Rubber Co.*, 61 F.R.D. 70, 74 (D.C.Ohio 1973) (holding that discovery as to defendant in patent infringement case would be stayed, except that plaintiff would be allowed discovery concerning question of venue purposes); *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30-31 (3d Cir.1970) (staying discovery in patent case on merits until court considers motion to transfer); *O'Brien v. Avco Corp.*, 309 F.Supp. 703, 705 (S.D.N.Y.1969) ("[W]hen, as here, the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions"); *see also* 8 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2040, at 288 (1970) ("a court may decide that in a particular case it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved").

### III.  CONCLUSION

Courts heavily disfavor forum shopping attempts like the one in this action. The Delaware court has been wrangling with the highly complex and technical aspects relating to the patents-in-suit for three years. The Delaware Court is intimately familiar with the patents-in-suit, including the numerous positions taken by Inline with respect to issues such as claim construction, the relevant claims at issue, and what is and is not covered by the claims of the patents-in-suit, and has already issued multiple lengthy ruling regarding construction of the patents in suit and a summary judgment ruling that largely disposes of Inline's case.

Inline should not be permitted to preempt the pending Threshold Motions. The expertise developed over the last three years by the Delaware court provides the most efficient means of managing discovery between the parties. Defendants respectfully request that this Court stay substantive discovery until resolution of the Threshold Motions.

Respectfully submitted,

By: _____
Robert W. McFarland
MCGUIRE WOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510
Telephone: 757.640.3716
Facsimile: 757.640.3966

Brian C. Riopelle
MCGUIRE WOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
Telephone: 804.775.1084
Facsimile: 804.698.2150

Andrew G. McBride
John B. Wyss
WILEY REIN & FIELDING LLP
1776 K Street NW
Washington, DC 20006
Telephone: 202.719.7000
Facsimile : 202.719.7049

Dated: June 21, 2005                        Counsel for Verizon Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2005, a true copy of the foregoing DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY SUBSTANTIVE DISCOVERY PENDING RESOLUTION OF THRESHOLD MOTIONS TO TRANSFER THE CASE TO ITS ORIGINAL DELAWARE VENUE AND TO DISMISS SOME DEFENDANTS FOR LACK OF PERSONAL JURISDICTION and the accompanying MEMORANDUM OF LAW was sent to plaintiff's counsel, in the manner indicated, upon:

Michael K. Plimack, Esq.        (Served electronically and by overnight delivery)
Alexander L. Brainerd, Esq.
Alyssa T. Koo
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104
Alexander.Brianerd@hellerehrman.com
Michael.Plimack@hellerhrman.com
Alyssa.Koo@hellerehrman.com

C. Joël Van Over, Esq.          (Served electronically and by overnight delivery)
Robert C. Bertin, Esq.
SWIDLER BERLIN LLP
3000 K Street, NW
Suite 300
Washington, DC 20007-5116
cjvanover@swidlaw.com
rcbertin@swidlaw.com

Stephen E. Noona, Esq.          (Served via hand delivery)
Kaufman & Canoles, PC
150 W. Main Street
Suite 2100
Norfolk, Virginia 23510
senoona@kaufcan.com

Steven R. Zahn

## CERTIFICATE OF COMPLIANCE

I certify that counsel for the movant complied with Local Rule 37 by speaking with counsel for the plaintiff prior to the filing of the instant motion in a good faith effort to resolve the discovery matters addressed herein.

*[signature]*

Steven R. Zahn

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| Inline Connection Corporation,<br><br>   Plaintiff,<br><br> v.<br><br>Verizon Internet Services, Inc., et al.,<br><br>   Defendants. | Civil Action No. 2:05CV205<br>(HCM) |

**PROPOSED ORDER CONCERNING DEFENDANTS' MOTION TO STAY SUBSTANTIVE DISCOVERY PENDING RESOLUTION OF THRESHOLD MOTIONS TO TRANSFER THE CASE TO ITS ORIGINAL DELAWARE VENUE AND TO DISMISS SOME DEFENDANTS FOR LACK OF PERSONAL JURISDICTION**

The Court, having considered the parties submissions on the issue of staying substantive discovery in this action pending resolution of threshold motions to transfer the case to its original Delaware venue and to dismiss some Defendants for lack of personal jurisdiction ("the Pending Motions"), hereby **ORDERS** all discovery, except that reasonably related to the Pending Motions, stayed until resolution of the Pending Motions, or until the point in time this Court otherwise directs.

The Clerk is directed to forward copies of this Order to counsel of record.

         SO ORDERED this _____ day of _____, 2005.


            _____
            Honorable Tommy E. Miller
            United States Magistrate Judge

Respectfully submitted,

By: _____
Robert W. McFarland
MCGUIRE WOODS LLP
World Trade Center
101 West main Street, Suite 9000
Norfolk, Virginia 23510
Telephone: 757.640.3716
Facsimile: 757.640.3966

Brian C. Riopelle
MCGUIRE WOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
Telephone: 804.775.1084
Facsimile: 804.698.2150

Andrew G. McBride
John B. Wyss
Kevin P. Anderson
WILEY REIN & FIELDING LLP
1776 K Street NW
Washington, DC 20006
Telephone: 202.719.7000
Facsimile: 202.719.7049

Dated: June 21, 2005                    Counsel for Verizon Defendants