RECEIVED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

2005 JUL -5  P 3:02

| | | |
|---|---|---|
| INLINE CONNECTION CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | 6 6 |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05CV205 HCM |
| | ) | |
| VERIZON INTERNET SERVICES, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

FILED
DEC 14 2005

## INLINE'S MEMORANDUM IN OPPOSITION TO VERIZON DEFENDANTS' MOTION TO STAY DISCOVERY

### I. INTRODUCTION

Defendants have failed to demonstrate a single compelling ground to justify the extraordinary relief of granting a wholesale stay of discovery in this matter. Setting aside Defendants' invective, this matter boils down to one immutable truth: under the schedule set by this Court, there simply is no time to stay or delay discovery. This complex patent infringement case involves DSL technology, four patents and twenty-five individual defendants. The Court has set a January 24, 2006 trial date. Inline's fact discovery cut-off runs in a little over four months on November 15, 2005. Defendants should be keenly aware that discovery in this matter will involve significant time and effort to complete and that there is not time to delay such efforts. Any delay will severely prejudice Inline. Under these circumstances,ced this Court should deny Defendants' motion.

In an effort to avoid this immutable truth, Defendants' motion wrongly is premised on numerous accusations about Inline's conduct and motivations. In addition to being wholly

35

divorced from the central issue of completing discovery in a timely fashion, these accusations are unsupported and easily refuted by facts. Rather than engaging in alleged sharp practice, Inline has merely served typical patent litigation discovery requests in line with the Court's scheduling orders. Contrary to the trumped charges of Defendants, Inline instituted its discovery pursuant to the Court's Rule 26(f) Order in an effort to comply with and meet the discovery deadlines of this schedule. The Court has expressly authorized the parties to serve such discovery requests at this time and expects the parties to comply with its pretrial orders.

Defendants also announce to this Court that their motions to transfer this case to Delaware, and to dismiss the Operating Telephone Company defendants for lack of personal jurisdiction, are "compelling." Defendants' attempt to justify a stay by asserting that much of Inline's requested discovery "will be unnecessary" if transfer or dismissal is granted. Def's Mot. to Stay at 3. Like Defendants' allegations of misconduct, this assertion is also incorrect. Even if Defendants' motion to transfer is granted—over Inline's vigorous opposition—Inline would still require the same discovery from Defendants in the Delaware forum. Similarly, even if the Operating Telephone Companies are dismissed from this suit, Inline would pursue the same discovery from them as third parties. In short, there is no compelling reason to stay or delay vital discovery.

## II. ARGUMENT

A. There is No Time to Stay or Delay Plaintiff's Discovery.

This is a complex patent infringement case that involves DSL technology, four patents and twenty-five individual defendants. Under this Court's Rule 26(f) Pretrial Order ("Pretrial Order") and Rule 16(b) Scheduling Order ("Scheduling Order"), the Court has set a trial date in January 2006 and a cut-off date for Inline to complete its fact discovery by November 15, 2005.

Rule 16(b) Scheduling Order at ¶ 1. In the next four months and two weeks, Inline must complete all of its factual discovery in this complex matter. Assuming that Defendants fully provide written discovery in a timely fashion, this four and a half month window will be reduced to a little over three months to issue any follow up written discovery, depose all party representatives and fact witnesses, and discover facts from any third parties. This District, and in particular, this Division, does not countenance delay in meeting the Court's pretrial orders while the parties argue over the merits of disputed motions. There simply is no time to stay or delay the vital discovery in this matter.[1]

Despite Defendants' hollow accusations of misconduct, the reality is that Inline had no choice other than to commence discovery as permitted by the Pretrial Order. Prompt and efficient discovery is essential for Inline to meet the discovery deadlines in this case.

B. The Court's Rule 26(f) Pretrial Order Expressly Permits Inline's Discovery Requests.

The Court's Pretrial Order—issued after Defendants filed their motions to dismiss and transfer—*expressly permitted* Inline to serve the basic discovery requests at issue immediately. Specifically, the Order allowed parties to initiate "*any form*" of discovery "*at anytime*" after the Order issued. Pretrial Order at ¶ 3 (emphasis added); *see also* Rule 16(b) Scheduling Order at ¶ 3 ("Discovery shall be commenced timely"). Inline's discovery requests require Defendants to

---

[1] Defendants understand this quite well despite their feigned objection to Inline's discovery. In the course of the parties' Rule 26(f) Conference and in a follow up letter, Defendants' counsel repeatedly sought the disclosure of copious amounts of discovery as early as June 22, 2005—*well in advance of the July 18, 2005 discovery date set forth in the Court's Rule 26(f) Pretrial Order*—so that Defendants could prepare their defense in this case in light of the tight discovery schedules adhered to within the District and Division. Ironically, despite the aggressive posture of this pretrial letter, Defendants now contend that the parties have the luxury of staying discovery.

provide information by July 18, the date authorized by the Court's Pretrial Order. Pretrial Order at ¶ 3.

Moreover, the timing of the Pretrial Order and entry of the Scheduling Order suggest a stay is unwarranted. On May 31, 2005, Defendants filed their motions to transfer venue and to dismiss for lack of personal jurisdiction. *After* these motions were filed, on June 3, the Court issued its Rule 26(f) Pretrial Order allowing discovery to proceed. The Order further directed the parties to propose a discovery plan providing for completion of *all discovery* on or before October 21, 2005. *Id.* at ¶¶ 1, 3. Given the Court's schedule, the matter was set for trial seven months from the date of the pretrial conference. Accordingly, the Court set the discovery schedule during the Rule 16(b) Conference and entered the Scheduling Order with knowledge of the pending motions.[2]

Neither the Pretrial Order nor the Scheduling Order contemplates any delay as a result of the already-filed motions to transfer and dismiss. Rather, the Court has made clear that discovery could commence *immediately* following the issuance of the Order. Pretrial Order at ¶ 3. Therefore, the service by Inline of discovery that Defendants attempt to color as improper is actually contemplated by the Court's Order. Nor should Inline's timely commencement of discovery be construed as evidence of Inline's purported desire to circumvent rulings from the Delaware case. On the contrary, Inline is not playing "fast and loose," but rather complying with

---

[2] Inline has cooperated with the Court and Defendants in seeking a hearing on the motions to dismiss and transfer. As Defendants are well aware, Inline provided two weeks' worth of available dates for such hearing. The difficulty in setting such a hearing stems from the Court's schedule, not any actions of Inline, as suggested by Defendants.

this Court's orders and seeking expeditious discovery as required by the accelerated schedule set by the Court.[3]

C. There Are No Efficiencies To Be Gained By Staying Discovery.

Defendants state that discovery "will be unnecessary" should the Court rule in favor of Defendants in either the venue or jurisdictional motion. Def's Motion to Stay at 3. This theory is incorrect. Neither the outcome of the motion to transfer nor the outcome of the motion to dismiss will affect Inline's need for, or the scope of, discovery with respect to Defendants. Whether this case remains in the Eastern District of Virginia or is transferred to Delaware, Inline must seek discovery from the defendants seeking transfer. In addition, dismissing certain defendants from this case for lack of personal jurisdiction would not eliminate their relevance in this case. Inline would instead simply pursue discovery from them as third parties. Thus, a stay of discovery would not result in any efficiency or preserve judicial resources.

D. Inline's Requested Discovery Is Appropriate

Defendants endeavor to characterize of Inline's service of discovery as a "clearly harassing discovery campaign," indicative of Inline's intent to "provok[e] endless, unnecessary discovery battles." Def's Mot. to Stay at 1, 3 n.1. Defendants further claim that Inline served Defendants with a stack of discovery "six inches tall," constituting 975 pages and including 2100 document requests and 300 interrogatories. *Id.* at 4. These characterizations are incorrect and

---

[3] Defendants' further accusation that Inline has "denigrate[ed] the Delaware rulings as being from a mere magistrate judge" is pure fantasy. Def's Motion to Stay at 2. What Inline has actually stated is that as a practical matter, if this case is transferred to Delaware, it will not be assigned to the Magistrate Judge who issued rulings concerning the patents in suit. Inline Opp. to Mot. to Transfer at 3, 11.

vastly overstate the volume of discovery requests. The reality is that Inline served each of the 25 individual defendants with *identical* discovery requests that are each *39 pages*, composed of 12 interrogatories and 84 document requests. Inline is cognizant and respectful of the discovery limits established generally by the Federal Rules of Civil Procedure and the Local Rules, and specifically by the Pretrial Order at Paragraph 4. Pursuant to these rules, Inline is entitled to 30 interrogatories and unlimited document requests without leave from the Court. *See* Pretrial Order at ¶ 4. Inline's service of 12 interrogatories and 84 document requests complies with both the letter and spirit of these discovery rules, and is by no means uncommon or excessive for a case of this nature. Further, Inline's discovery requests do not require responses any earlier than the deadline set forth in the Court's order. *Id.* at ¶ 3.

Defendants also claim that "Inline seeks to pretend in this Court that Judge Thynge's rulings never occurred." Def's Mot. to Stay at 4. Defendants "support" this allegation by stating that Inline served an interrogatory asking each Defendant to provide a claim construction for each patent claim. *Id.* (referring to Inline's Interrogatory No. 6). Such a request is not only proper, but in counsel's experience, universal in patent litigation. Defendants are not parties to the Delaware case, and it is reasonable for Inline to determine what claim construction positions Defendants will take in this case.

If Defendants actually contest the volume and/or nature of Inline's discovery requests, they should follow the procedure set forth in the Pretrial Order, which requires Defendants to object to interrogatories and requests for production and admission within fifteen days after service of such discovery requests. Pretrial Order at ¶ 3. *See also* Eastern District Local Rule 26. Defendants have not yet submitted any such objections.

E.  Defendants' Attempt To Reargue Their Motions To Transfer And Dismiss Is Inappropriate

Defendants' motion to stay also appears to be an attempt to reargue their motions to transfer and dismiss. *See, e.g.,* Def's Motion to Stay at 1. This is improper in the context of a motion to stay discovery.

Indeed, the primary theme of Defendants' motion to stay is that Inline has engaged in "egregious forum-shopping" and "judge-shopping" to avoid rulings from its Delaware litigation.[4] Def's Mot. to stay at 1, 2, 3, 4, 5, 6. On the contrary, Inline filed this case in the Eastern District of Virginia because of the parties' physical presence in, and close ties with, this forum. Inline is incorporated and exists under the laws of Virginia, and maintained offices in the Eastern District for the majority of its existence until recently relocating to Washington, D.C. Inline Opp. to Mot. to Transfer at 7. Further, Defendants have substantial connections to the Eastern District. Defendants admit in their answer that many of the entities they contend are the "core" defendants in this case—Verizon Internet Services, Inc., GTE.Net LLC, Verizon Services Corp., Verizon Advanced Data, Verizon Corporate Services, Telesector Resources Group and Verizon Avenue Corp—have a principal place of business and/or conduct substantial business in the District. Def's Answer at ¶¶ 2-9. In addition, two of the Operating Telephone Company defendants are organized and exist under the laws of Virginia, and do substantial business in Virginia. *Id.* at ¶

---

[4] Defendants state that "[i]nstead of seeking appeal to the Federal Circuit, Inline seeks to fast-track an 'appeal' of the exact same issues to this Court." Def's Mot. to Stay at 2. This allegation is misinformed: the Delaware court has not issued any final judgment that may be appealed to the Federal Circuit. The Delaware court ruled on cross motions for summary judgment on one claim element, but that ruling did not dispose of all claims, and the case is still pending before the court.

9(f). The remaining Operating Telephone Company defendants conduct substantial business in the District through their affiliates and agents. Inline Opp. to Mot. to Transfer at 8.

Furthermore, from a practical point of view, Defendants' contention that Inline is seeking to avoid rulings by the Delaware court makes no sense. Defendants are not parties to the Delaware case. However, to the extent that rulings in the Delaware case are entitled to collateral estoppel effect, they will have such effect wherever this case is litigated. Finally, as part of their forum-shopping argument, Defendants also claim that this case needs to be transferred to Delaware, where the court is "intimately familiar with the patents-in-suit." Def's Mot. to Stay at 6. As Inline has demonstrated in its opposition to the motion to transfer, as a practical matter, this case will not be assigned to Magistrate Judge Thynge if it were transferred to Delaware.[5]

This Court has entered a Scheduling Order that dictates the discovery cut-off dates in this case. Inline has complied with the express dictates of the Scheduling Order. There is absolutely no compelling reason to stay or delay discovery in this matter.

## CONCLUSION

For the foregoing reasons, Inline respectfully requests that the Court deny the Verizon Defendants' motion to stay discovery.

INLINE CONNECTION CORPORATION

By_____
Of Counsel

---

[5] District of Delaware Local Rule 40.1(a) states that matters are first assigned to a district court judge. Assignment to a magistrate judge requires consent of *all* parties. District of Delaware Local Rule 73.1.

Stephen E. Noona
Va. Bar No. 25367
150 West Main Street
Kaufman & Canoles, P.C.
Norfolk, Virginia 23514-3037
Telephone: 757.624-3239
Facsimile: 757.624.3169

Robert M. Hansen
Va. Bar No. 44136
Heller Ehrman LLP
1717 Rhode Island Avenue, NW
Washington, DC  20036
Telephone:  202.912.2000
Facsimile:  202.912.2020

Alexander L. Brainerd
Michael K. Plimack
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone:  415-772-6000
Facsimile:  415-772-6268

C. Joël Van Over
Robert C. Bertin
Va. Bar No. 41278
Swidler Berlin LLP
3000 K Street, NW, Suite 300
Washington, DC  20007-5116
Telephone:  202-424-7581
Facsimile:  202-424-7643

*Attorneys for Inline Connection Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of July 2005, a true copy of the foregoing was sent by hand and via e-mail to:

> Robert W. McFarland, Esq.
> McGuire Woods LLP
> 900 World Trade Center
> 101 W. Main Street
> Norfolk, VA 23510-1655

And *via* e-mail and Federal Express to:

> Brian C. Riopelle, Esq.
> McGuireWoods LLP
> One James Center
> 901 E. Cary Street
> Richmond, VA 23219
>
> John B. Wyss, Esq.
> Andrew G. McBride, Esq.
> Kevin P. Anderson, Esq.
> Wiley Rein & Fielding LLP
> 1776 K Street NW
> Washington, DC 20006

::ODMA\PCDOCS\DOCSNFK\995657\1