IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| INLINE CONNECTION CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-CV-00205-HCM |
| | ) | |
| VERIZON INTERNET SERVICES, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

FILED

DEC 1 4 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**PLAINTIFF INLINE CONNECTION CORPORTATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DEFENDANT OPERATING TELEPHONE COMPANIES' PRODUCTION OF DOCUMENTS**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Rule 37(A) of the Local Rules, Plaintiff Inline Connection Corporation ("Inline") moves to compel certain defendant operating telephone companies: Defendants Verizon California Inc., Verizon Florida Inc., Verizon Hawaii Inc. (now Hawaiian Telecom Inc.), Verizon Delaware Inc., Verizon Maryland Inc., Verizon New Jersey Inc., Verizon New York Inc., Verizon Pennsylvania Inc., Verizon Washington, D.C. Inc., Verizon West Virginia Inc., Verizon New England Inc., Verizon North Inc., Verizon Northwest Inc., Verizon West Coast Inc., GTE Southwest Inc. d/b/a/ Verizon Southwest, and Contel of the South Inc. d/b/a Verizon Mid-States ("OTCs") to produce documents requested in Inline's Second Request for Production of Documents served on June 24, 2005.

**I.    NATURE OF DISPUTE**

The discovery requests at issue seek information related to the OTCs' pending motion to

dismiss for lack of personal jurisdiction, filed on May 31, 2005. Inline opposed this motion based upon publicly available documents supporting the jurisdictional allegations in its Complaint against these OTC defendants. While these publicly available documents show that these OTCs have extensive contacts with the Commonwealth of Virginia, they also suggest the existence of many additional relevant documents supporting this Court's jurisdiction over the OTC defendants. As the OTC defendants argue that the public documents are inadequate to establish personal jurisdiction, discovery is warranted. The OTC defendants have refused to produce the probative documents Inline reasonably seeks.

In an effort to resolve the foregoing discovery dispute without involving the Court, counsel for Inline conferred numerous times by telephone and through written correspondence over the past two months with counsel for the OTCs in an effort to negotiate informal discovery. Counsel for the OTCs, however, refused these efforts and have now failed to produce documents responsive to Inline's formal document requests. This failure to provide Inline with documents relevant to jurisdiction is merely an attempt by the OTCs to delay discovery in hopes that the Court will rule on their pending motion to dismiss without the benefit of a complete evidentiary record.

## II.    **BACKGROUND**

This suit, filed by Inline on April 6, 2005, arises out of the Defendants' actions in providing Digital Line Subscriber ("DSL") services, which Inline asserts infringe four Inline utility patents: U.S. Patent Nos. 5,844,596; 6,236,718; 6,243,446 and 6,542,585. On May 31, 2005, sixteen of the defendant operating telephone companies moved to dismiss Inline's complaint for lack of personal jurisdiction. In the motion to dismiss, the OTCs argued that they only operate as local telephone companies in their respective geographic regions outside of Virginia. Only two of the defendant operating telephone companies, Verizon Virginia Inc. and

Verizon South Inc., conceded personal jurisdiction.

On June 6, 2005, counsel for Inline submitted to counsel for the OTCs, and all defendants, 11 informal document requests relevant to jurisdiction. (*See* letter dated June 6, 2005, attached hereto as "Exhibit A.") On June 7, 2005, counsel for the OTCs responded that most of the requests were untimely, overbroad, and unduly burdensome. Despite these objections to Inline's informal document requests, counsel for the OTCs led counsel for Inline to believe that they were willing to cooperate on informal jurisdictional discovery and to search for certain documents relevant to jurisdiction. (*See* letter dated June 7, 2005, attached hereto as "Exhibit B.")

Inline filed its opposition to the motion to dismiss on June 13, 2005 asserting, among other things, that Verizon affiliates located in Virginia conduct substantial business on behalf of the OTCs. These jurisdictional allegations are not bare allegations. Inline provided evidence of the OTCs' contacts with Virginia based on publicly available documents, including affiliate agreements between the OTCs and other Verizon defendants who reside in Virginia.

Once again, on June 15, 2005, counsel for Inline informally requested documents relevant to jurisdiction from the OTCs. (*See* letter dated June 13, 2005, attached hereto as "Exhibit C.") These document requests were fewer in number and narrower in scope than the previous document requests, in an attempt to accommodate opposing counsel's objections and timely to resolve the question of jurisdiction. Nonetheless, counsel for the OTC Movants did not provide any responsive documents. On June 16, 2005, the OTCs filed a reply brief in support of their motion to dismiss. This motion is currently pending.

On June 24, 2005, Inline propounded the document requests at issue. (*See* Inline Connection Corporation's Second Set of Requests for Production of Documents and Things,

attached hereto as "Exhibit D.") The OTCs conceded the relevance of this discovery when they argued in a separate motion to stay general discovery, that only jurisdictional discovery was appropriate at this time. Defendants motion to stay substantive discovery at 3.[1] On July 11, 2005, the moving OTC's provided baseless objections in response to Inline's discovery requests, including objections to Inline's requests as "untimely." The defendants produced no documents on the July 24, 2005 response date. (*See* Defs.' Objections to Inline Connection Corp.'s Second Request for Production of Documents and Things, attached hereto as "Exhibit E.") After conferring regarding the discovery dispute, the OTCs maintained their objections to the following six requests:

- **Request for Production No. 1:** All Agreements executed on behalf of all or some of the moving OTCs by Verizon Services Corporation or Verizon Avenue Corp.

- **Request for Production No. 2:** All Agreements executed between any moving OTC and one of the following Defendants: Verizon Services Corp.; GTE Net LLC; Verizon Internet Services, Inc.,; Verizon Services Corporate Group, Inc.; Verizon Advanced Data Inc. and Verizon Avenue Corp.

- **Request for Production No. 3:** Documents sufficient to show the nature and type of services provided to any or all of the moving OTCs by any direct or indirect affiliate corporation with an office in Virginia, or with an officer, director, or employee with a business office address in Virginia.

- **Request for Production No. 4:** All Agreements, other the terms of service between Verizon Internet, Inc. or GTE.Net LLC and an End User, executed by or on behalf of a moving OTC that contain a Virginia choice of law provision, or a Virginia choice of forum provision.

- **Request for Production No. 5:** All Agreements executed by or on behalf of any moving OTC, and American Online, Inc., or any other ISP with a business address in Virginia.

- **Request for Production No. 8:** Documents sufficient to identify and describe communications between or among any moving OTC, Verizon Services Corp., Verizon Avenue Corp., Verizon Advanced Data Inc., Verizon Internet Services, Inc. or GTE.NET

---

[1] Defendants' Memorandum in Support of Their Motion to Stay Substantive Discovery Pending Resolution of Threshold Motions to Transfer the Case to Its Original Delaware Venue And to Dismiss Some Defendants For Lack of Personal Jurisdiction.

LLC related to specifications, requirements, standards compliance, testing, approvals, recommendations, FCC waivers, changes or modifications for any Accused Equipment, DSLAMs, Remote Location DSLAMs, DSL Self-Install Kits or components thereof.

The OTCs' objections to these discovery requests argue that the documents Inline has requested cannot give rise to personal jurisdiction. The significance of these documents and whether or not they give rise to the exercise of personal jurisdiction in Virginia, however, is ultimately for this Court to decide, not the OTCs. The OTCs' "self-help" in refusing to produce documents in response to Inline's concise and targeted requests is improper, as the requested documents are highly material to personal jurisdiction, and are otherwise a proper focus of discovery. If the OTCs offer and sell the accused infringing service through their Virginia agent affiliates, as publicly available documents show, they may be liable for infringement for these offers and sales.

## III.    ARGUMENT

The jurisdictional facts set forth below are fully supported by uncontroverted evidence found in Plaintiff's Response to Certain Defendant Telephone Companies' Motion to Dismiss for Lack of Personal Jurisdiction. Virginia resident defendants, Verizon Internet Services, Inc. and GTE.Net LLC, market and sell the accused ADSL service, (together, "Verizon Online") to retail customers residing in states served by the OTCs. These customers must accept an agreement or "terms of service" with one of the two companies. The terms of service require that the ADSL customers submit exclusively to the jurisdiction of the Fairfax County, Virginia Circuit Court. *See* Plaintiff's Response to Certain Defendant Operating Telephone Companies' Motion To Dismiss For Lack Of Personal Jurisdiction, Exhs. 1 and 2. Thus, under these agreements, the OTCs compel their customers to litigate disputes in Virginia. Through the document requests at issue here, Inline seeks additional agreements executed on behalf of the OTCs that contain a Virginia choice of law or choice of forum provision. *See* Request for Production No. 4.

5

The OTCs also conduct substantial business in Virginia with their Virginia resident affiliates through affiliate agreements. One such agreement is the Amended and Restated Sales Agency Agreement (the "Agreement"). The Agreement establishes an agency relationship for all Verizon OTCs and their Virginia resident affiliates for purposes of marketing and selling DSL services. The Verizon OTCs entered into the Agreement through their Virginia agent, Verizon Services Corp. ("Verizon Services"). Under the terms of the Agreement, each Verizon OTC authorized Verizon Services to act on its behalf. Requests for Production Nos. 1-3, and 8 request additional documents that will elucidate the business and contractual relationships between any OTC and their Virginia affiliates. Request No. 5 seeks particular agreements on behalf of the OTCs, with Virginia based internet service providers, ("ISPs") including AOL, a large Virginia based ISP.

In addition, the OTCs generate income from Verizon Internet and Verizon Services, who use Verizon OTC facilities to provide internet access to their customers. Defendant Verizon Avenue Corp. ("Verizon Avenue"), based in Herndon, Virginia, also acts as an agent on behalf of the OTCs. This company markets and sells the accused ADSL service to multi-dwelling unit subscribers in several states. Verizon Avenue also has entered into "interconnection agreements" with various moving OTCs so that it may provide certain services throughout its service territory. Request for Document Nos. 1, 2, and 8, seek documents related to these relationships. Request No. 8 focuses on DSL related activities.

Inline's document requests are timely, narrowly tailored and relevant to this action. Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). This Court has discretion to allow discovery on factual issues pertinent to a motion to

dismiss for lack of personal jurisdiction or to defer its ruling on jurisdiction until the factual

record is developed in the course of general discovery, or to hold a hearing on jurisdictional

issues. *Safer Display Technology Ltd. v. Tatung Co.*, 227 F.R.D. 435 (E.D. Va. 2004).

Discovery on the issue of personal jurisdiction is particularly relevant where the information is

"uniquely in the control of the defendant" and where "significant gaps in the record [exist] as to

the nature and extent of …[the] defendant's traditional business contacts with Virginia." *Coastal*

*Video Communications Corp. v. Staywell Corp.*, 59 F. Supp. 2d 562, 572 (E.D. Va. 1999)

(Smith, J.); *see also Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). Therefore,

Inline is entitled to limited discovery for the purpose of developing the record to permit full and

fair consideration of the issue of personal jurisdiction over the OTCs.

### A.    Inline's Discovery Requests Are Timely.

Numerous courts have upheld a plaintiff's right to discovery before a court rules on a

motion to dismiss. *Rennar v. Lanard Toys Ltd.*, 33 F.3d 277 (3rd Cir. 1994); *Edmond v. United*

*States Postal Serv. Gen. Counsel*, 949 F.2d 415, 425 (D.C. Cir. 1991); *Wyatt v. Kaplan*, 686 F.2d

276, 283 (5th Cir. 1982). Inline's Response to the OTCs' Motion to Dismiss for Lack of Personal

Jurisdiction alerted the Court to the likelihood that Inline would seek discovery related to

personal jurisdiction. *See* Inline's Resp. at 2, 5, 11, and 17. Inline, therefore, preserved the right

to do so. *See Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d

1315 (Fed. Cir. 2005) (reversing district court dismissal on personal jurisdiction grounds and

denial of jurisdictional discovery request where defendant's opposition to the motion dismiss

included request for further discovery on the issue).

Moreover, the OTCs cannot be heard to complain of untimeliness when the timing of

Inline's requests is based upon Inline's good faith efforts, ultimately unsuccessful, to negotiate

the production of documents. Indeed if the OTCs had informed Inline in the first instance of

their recalcitrant position, Inline's formal document requests and this motion would have been
pursued sooner.

**B.     Inline's Requests Are Relevant.**

The OTCs objections on relevance grounds are overreaching.  The specific documents
Inline seeks go to the heart of the jurisdictional issues:  The OTCs' substantial business
relationships with their Verizon defendant affiliates located in Virginia, and the OTCs'
contractual relationships with Virginia resident companies.  The relevance of such documents to
any jurisdictional inquiry is clear on its face.  And whether or not the OTCs agree with Inline's
jurisdictional position is of no consequence.  Discovery is not so limited.  *Watson v. Lowcountry
Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992) (affirming trial court order granting motion to
compel under broad relevance standard).  If the case favoring personal jurisdictional is as
overwhelming as publicly available documents show, the documents Inline now seeks,
documents that will define the OTCs' business contracts with Virginia, are indeed highly
material and probative.   If the OTCs' challenge to this evidence is bona fide, the OTCs should
not seek to conceal the facts from Inline and the Court.

**C.     Inline's Requests Are Not Burdensome.**

Inline propounded but eight document requests, each narrow and specific.  All requests
concern the OTCs and other defendants in this case.  Thus, Inline could not have propounded
more limited yet relevant requests.  Moreover, having resisted the personal jurisdiction of this
Court, the OTCs must have done so knowing that the Court would seek to reach a final
determination with the benefit of the facts.  Producing limited responsive documents, is not
burdensome, and will assist the Court in its review of the OTCs' motion to dismiss.  *See NLRB v.
Carolina Food Processors*, 81 F.3d 507, 513-514 (4th Cir. 1996) (fact that discovery compliance
may require voluminous production of documents is insufficient to establish undue burden).

## IV.    CONCLUSION

For the foregoing reasons, Inline respectfully requests that the Court issue an Order

requiring the moving OTCs to immediately produce the requested documents.

**INLINE CONNECTION CORPORATION**

By _____

                    Of Counsel

Stephen E. Noona
Va. Bar No. 25367
150 West Main Street
Kaufman & Canoles, P.C.
Norfolk, Virginia 23514-3037
Telephone: 757.624.3239
Facsimile: 757.624.3169

Robert M. Hansen
Va. Bar No. 44136
Heller Ehrman LLP
1717 Rhode Island Avenue, NW
Washington, DC  20036
Telephone:  202.912.2000
Facsimile:  202.912.2020

Alexander L. Brainerd
Michael K. Plimack
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone:  415-772-6000
Facsimile:  415-772-6268

Andrew C. Byrnes
Heller Ehrman LLP
275 Middlefield Road
Menlo Park, CA  94025
Telephone: 650-324-7000
Facsimile: 650-324-0638

C. Joël Van Over
Robert C. Bertin
Va. Bar No. 41278
Swidler Berlin LLP
3000 K Street, NW, Suite 300
Washington, DC  20007-5116
Telephone:  202-424-7581
Facsimile:  202-424-7643

Attorneys for Inline Connection Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August 2005, a true copy of the foregoing was sent by hand and via e-mail to:

> Robert W. McFarland, Esq.
> McGuire Woods LLP
> 900 World Trade Center
> 101 W. Main Street
> Norfolk, VA 23510-1655

And *via* e-mail and Federal Express to:

> Brian C. Riopelle, Esq.
> McGuireWoods LLP
> One James Center
> 901 E. Cary Street
> Richmond, VA 23219
>
> John B. Wyss, Esq.
> Andrew G. McBride, Esq.
> Kevin P. Anderson, Esq.
> Wiley Rein & Fielding LLP
> 1776 K Street NW
> Washington, DC 20006

::ODMA\PCDOCS\DOCSNFK\1003138\1

EXHIBIT A

# HellerEhrman LLP

June 6, 2005

*VIA EMAIL*

Michael K. Plimack
michael.plimack@hellerehrman.com
Direct +1.415.772.6821
Direct Fax +1.415.772.2021
Main +1.415.772.6000
Fax +1.415.772.6268

Adam T. Bernstein
Verizon Communications Inc.
Legal Dept., 38th Floor
1095 Avenue of the Americas
New York, NY 10036

Re:  ***Inline Connection Corp. v. Verizon Internet Services, Inc. et al.,***
     **Case No. 2:05CV205 HCM**

Dear Adam:

You have requested that Inline voluntarily dismiss the Verizon Operating Telephone Company defendants ("OTC Defendants") in light of the motion to dismiss filed last week. As I explained when we spoke, Inline has included the OTC Defendants in this action based on information indicating jurisdiction in Virginia is proper. However, in order to evaluate whether Inline could agree to your proposal, we request the following information and/or documents (from April 1999 forward) which is relevant to the issue of jurisdiction:

- All agreements between each OTC Defendant and each of the following defendants: Verizon Internet Services, Inc.; GTE.Net LLC; Verizon Services Corp.; Telesector Resources Group, Inc.; Verizon Corporate Services Group Inc.; Verizon Advanced Data Inc.; Verizon Avenue Corp. ("Services Defendants");

- All agreements signed by any Services Defendant on behalf of any OTC Defendant;

- All agreements by or on behalf of any OTC Defendant that contains a Virginia choice of law or Virginia choice of forum provision;

- All agreements by or on behalf of any OTC Defendant with AOL or any other Internet Service Provider (ISP) located in Virginia containing a patent indemnity clause;

HellerEhrman LLP

Adam T. Bernstein
June 6, 2005
Page 2

- Documents sufficient to identify and describe communications or publications by each OTC Defendant to a third party in which the OTC Defendant advises, recommends, suggests, or describes what additional equipment may be purchased and/or installed in order to provide or use DSL transport or DSL services offered or provided by any of the Services Defendants;

- Documents sufficient to show the location, and physical address if available, of all equipment and facilities, including servers, edge switches or other equipment, located in Virginia that is used to provide information services, including facilities or equipment used to terminate data originating on any OTC Defendant's local network;

- Documents sufficient to show all payments or revenue to or from an OTC Defendant and any Service Defendant related to information services, including DSL;

- Documents sufficient to identify and describe all services provided by any of the Services Defendants to or for the benefit of any OTC Defendant, including but not limited to services related to the marketing, sales, or negotiation and execution of agreements;

- Documents sufficient to identify and describe any services, including marketing and sales, provision of network facilities, equipment, technical support, maintenance, or an OI&M function or activity, provided by any OTC Defendant to Verizon Internet Services Inc., GTE.Net LLC, and/or Verizon Avenue;

- Documents sufficient to show the relationship between each OTC Defendant and Verizon Advanced Data, Inc. ("VADI"), including but not limited to documents regarding the assets, liabilities, responsibilities or functions, and/or any personnel that were transferred between each OTC Defendant and VADI, including but not limited to agreements entered into by VADI that have been assumed, in whole or in part, by any OTC Defendant; and

- All declarations submitted to the FCC or any state regulatory commission concerning the relationship between any OTC Defendant and any Services Defendant, or concerning any affiliate agreement.

HellerEhrman LLP

Adam T. Bernstein
June 6, 2005
Page 3

Please let me know whether the OTC Defendants will produce this information and documents. Given that our response to the motion must be filed June 13, we will need this information as soon as possible.

Very truly yours,

Michael K. Plimack

cc:    Robert W. McFarland
       Brian C. Riopelle
       John B. Wyss

# EXHIBIT B

 **Wiley Rein & Fielding** LLP

1776 K STREET NW
WASHINGTON, DC 20006
PHONE    202.719.7000
FAX       202.719.7049

Virginia Office
7925 JONES BRANCH DRIVE
SUITE 6200
McLEAN, VA 22102
PHONE    703.905.2800
FAX       703.905.2820

www.wrf.com

June 7, 2005

John B. Wyss
202.719.7038
jwyss@wrf.com

*Via Email*

Michael K. Plimack, Esq.
HellerEhrman LLP
333 Bush Street
San Francisco, California 94104-2878

Re:    *Inline Connection Corp. v. Verizon Internet Services, Inc. et al.*
        Case No. 2:05CV205 HCM

Dear Mike:

This is in response to your June 6 letter to Adam Bernstein that we received this morning. Your letter includes eleven requests for information relating to the motion to dismiss for lack of personal jurisdiction filed by certain OTC Defendants on May 31. I have numbered your requests sequentially for purposes of the following discussion.

First, we are sorry that you delayed so long in making these informal requests for additional information. We are now reviewing the requests with the OTC movants to see what information may or may not exist. On their face, however, many of the requests appear to be overbroad, unreasonably burdensome and/or irrelevant to the personal jurisdiction issues. We are happy to discuss these requests with you on an expedited basis so that you can understand our concerns and we can try to reach a reasonable accommodation.

    1.    We are contacting the OTC movants to see what, if any, types of written agreements may exist between the identified defendants and the individual OTCs. My general understanding is that most dealings are governed by published tariffs that the OTCs file with the FCC and their respective state regulatory commissions. Those tariffs are all public documents that have always been available to your client.

    2.    I am not sure what an agreement signed by a Services Defendant on behalf of an OTC Defendant has to do with conducting business in the Commonwealth of Virginia. Nor have I been able to ascertain what types of agreements, if any, may exist in this regard. Perhaps we can discuss this request further, if there is something specific you have in mind that might be relevant to personal jurisdiction in the Virginia forum.

Wiley Rein & Fielding LLP

Michael K. Plimack, Esq.
June 7, 2005
Page 2

3.    This request is overbroad, unduly burdensome and not relevant. Whether or not a Virginia choice of law provision has ever appeared in any agreement executed by one of the OTC movants would be purely random, fortuitous and in response to actions of a third party, and therefore cannot establish purposeful availment of the Virginia forum by the OTC. The cost and burden of attempting to review seven years worth of contracts looking for choice of law provisions would be clearly unreasonable.

4.    Again, my general understanding is that the OTC Defendants' dealings with AOL and other ISPs are governed by published tariffs on file with the FCC and state regulatory commissions. We will try to determine whether there are any additional written agreements between the OTCs and AOL and, if so, ascertain whether any such agreement contains a patent indemnity clause.

5.    This request is overbroad and irrelevant. To the extent any such documents might exist, the OTCs are restricted by regulation as to the geographic areas in which they conduct business. If there is something else that you have in mind that might be relevant to the personal jurisdiction issues, please let me know.

6.    This request is also overbroad and irrelevant. I doubt whether any OTC would be able to determine the location of all of the equipment and facilities, including servers, edge servers or other equipment, that might handle data traffic originating on the OTCs local network. The OTCs conduct business solely in their local geographic regions under the jurisdiction of the state regulatory commissions and do not control the destination or routing of data originating on their local networks.

7.    On its face, this request has nothing to do with the Commonwealth of Virginia or any business activities affirmatively conducted by any of the OTC movants in Virginia.

8.    This request is clearly overbroad and, on its face, has nothing to do with Virginia. For example, I do not understand how services, if any, provided to Verizon California relating to the marketing or sale of telecommunications services within the state of California would have any possible relevance to the pending personal jurisdiction motion. If you have something else in mind, please let me know so we can discuss it.

Wiley Rein & Fielding LLP

Michael K. Plimack, Esq.
June 7, 2005
Page 3

      9.     I am not sure how this request differs from your first request.  The published tariffs under which the OTC defendants provide services to ISPs are on file with the FCC and state regulatory commissions and have always been available to your client.

      10.    We will try to provide you with a narrative description of VADI's relationships with the individual OTC movants, if any.

      11.    This request for declarations submitted to federal and state regulatory authorities is clearly overbroad, unreasonable burdensome and irrelevant to the personal jurisdiction issues.  To the extent such declarations might contain anything of potential relevance, they are matters of public record and are readily available to your client from the governmental agencies.

Please call me after you have had a chance to review the points discussed above. Despite the belated nature of your requests, we are willing to work with you to produce additional documents and information relevant to the pending personal jurisdiction motion that can be readily located.

Sincerely yours,

John B. Wyss

cc:    Stephen E. Noona, Esq. (via email)
      C. Joël Van Over, Esq. (via email)

# EXHIBIT C

# HellerEhrman LLP

June 15, 2005

Michael K. Plimack
michael.plimack@hellerehrman.com
Direct +1.415.772.6821
Direct Fax +1.415.772.2021
Main +1.415.772.6000
Fax +1.415.772.6268

42102.0001

*Via E-mail*

John B. Wyss, Esq.
Wiley Rein & Fielding LLP
1776 K Street NW
Washington, DC 20006

Re:  *Inline Connection Corp. v. Verizon Internet Services, Inc. et al.*
     Case No. 2:05CV205 HCM

Dear John:

This letter responds to your letter dated June 10, 2005 regarding scheduling issues.

First, your assertion that we are "ahead of the game" because of the Delaware litigation is incorrect. Heller Ehrman, Inline's lead counsel in the case against Verizon, and Kaufman & Canoles, Inline's Norfolk counsel, do not represent Inline in the AOL/Earthlink cases. In fact, neither Heller Ehrman nor Kaufman & Canoles are signatories to the Protective Order in the AOL/Earthlink cases, and do not have access to much of the discovery and pleadings from that matter. Further, the statements that Verizon has made about the Delaware cases in its motion practice demonstrates that Verizon has substantial knowledge of the Delaware cases. You have attempted to justify most of your requests based on some advantage you perceive Inline to possess, but such an advantage is nonexistent.

Second, we are unable to agree to your request that Inline produce Delaware case materials by June 22, which is little more than a week away. There is no justification for the burden such an expedited production would place on Inline. Such a premature production is not contemplated by the Court's Rule 26(f) Order. Moreover, we understand that much of the Delaware materials requested by you contain AOL and/or Earthlink confidential information and thus are protected by the Protective Order in that matter. Thus, we cannot produce such documents without permission from AOL and/or Earthlink or by court order.

Nevertheless, we are willing to consider a mutual exchange of information and documents by a date in advance of that contemplated by the Court's Order. If you agree to produce the "priority documents" requested by Inline below, we will produce documents falling within the seven categories of "core documents" set forth in your June 10 letter that

Heller Ehrman LLP  333 Bush Street  San Francisco, CA 94104-2878  www.hellerehrman.com

| Anchorage | Beijing | Hong Kong | Los Angeles | Madison, WI | New York | San Diego | San Francisco | Seattle |
|-----------|---------|-----------|-------------|-------------|----------|-----------|---------------|---------|
| Silicon Valley | Singapore | Washington, D.C. | | | | | | |

**HellerEhrman**LLP

John B. Wyss, Esq.
June 13, 2005
Page 2

are not protected as AOL or Earthlink confidential information.  Inline's "priority documents are as follows:

- All agreements between each OTC Defendant and each of the following defendants:  Verizon Internet Services, Inc.; GTE.Net LLC; Verizon Services Corp.; Telesector Resources Group, Inc.; Verizon Corporate Services Group Inc.; Verizon Advanced Data Inc.; Verizon Avenue Corp. ("Services Defendants")

- All agreements signed by any Services Defendant on behalf of any OTC Defendant;

- All agreements by or on behalf of any Defendant with AOL or any other Internet Service Provider (ISP);

- Documents sufficient to identify and describe all services provided by any Defendant to or for the benefit of any other Defendant relating to DSL services, including but not limited to services related to the marketing, sales, or negotiation and execution of agreements;

- [priority documents]

We suggest that the parties agree to produce documents under this mutual exchange by July 15.

Third, your interpretation of what Inline is required to include with its Rule 26(a)(1) disclosures is unsupported by the Federal Rules or precedent.  No authority requires Inline to include in its initial disclosures whether Inline agrees with or intends to contest the Delaware court's construction of each claim term or to provide Inline's proposed alternative constructions.  Such a demand attempts to force Inline to disclose its positions well in advance of the schedule in this case.

Likewise, no authority requires Inline to produce the Delaware materials as part of Inline's initial disclosures on July 7.  Rule 26(a)(1) only requires a party to describe the categories of documents on which it intends to rely as part of the initial disclosures.  Inline will produce responsive and relevant documents promptly in response to discovery requests, but we do not acquiesce to deadlines that are more onerous than those imposed by the Federal Rules, the local rules, or the Court's orders.

Fourth, your proposed schedule deviates substantially from what we understand to be Judge Morgan's customary approach to scheduling.  Moreover, your proposed schedule is even inconsistent even with Judge Spencer's "Pretrial Order (Patent Case)" attached to your

HellerEhrman LLP

John B. Wyss, Esq.
June 13, 2005
Page 3

letter. For example, you propose an August date for a Markman hearing, but do not require defendants to produce a claim chart until September. It is irrational to hold the Markman hearing before the parties identify their claim construction positions. Indeed, under Judge Spencer's Order, the Markman hearing is not held until 2 months after the defendants serve their claim charts (and over 3 months after the plaintiff serves its claim chart).

We also dispute your assertion that plaintiff's initial expert reports (for issues on which a party has the burden of going forward) include "secondary considerations" of non-obviousness. Under standard patent litigation practice, Inline's (the patent holder's) experts need not opine on "secondary considerations" of non-obviousness unless and until the Defendants (the accused infringers) present a prima facie argument that the patents are invalid for obviousness.

Rather than the unworkable schedule you propose, we suggest that the parties agree to the Court's standard default schedule, with minor modifications. First, to maximize judicial efficiency, if the parties seek construction of any claim terms, we propose that the Court hold a Markman hearing simultaneously with any summary judgment hearing. We suggest that such a combined hearing be set for a December date (such as the week of December 19) in accord with this Court's usual schedule. Second, for efficiency (especially in the event that the Defendants assert counterclaims), we suggest that the parties agree to a consolidated fact discovery deadline set at the Court's usual deadline for close of Defendants' fact discovery.

Fifth, regarding your suggestions on modifications to the Court's standard limitations on discovery, we are amenable to your proposed changes of 40 interrogatories and 10 non-party, non-expert depositions. In addition, we suggest that the parties agree that each side has an adequate number of party depositions. In accord with Fed. R. Civ. Proc. 30(a)(2)(A), we propose that each side be accorded 10 depositions of the other side, with the caveat that each side be permitted no less than 2 depositions of each party.[1] Of course, if a single representative appears to testify on behalf of more than one defendant, we agree to confer with you to reduce the total number of depositions.

Sixth, you are mistaken in your understanding of Inline's position regarding identifying the asserted patents and claims. During our call, we informed you that Inline asserts all four patents cited in the Complaint. Your other requests are premature. As with substantive answers that Inline seeks from the defendants, the parties should ask these questions in discovery – service of which is permitted by the Court's 26(f) Order. The parties

---

[1] Note, however, that, in accord with the Federal Rules, the deposition of multiple 30(b)(6) representatives designated in response to a single deposition notice counts as a single deposition.

HellerEhrman LLP

should promptly provide responses to the discovery requests. To the extent that any such responses are deemed inadequate and sufficient assurances of supplementation are not forthcoming, then the receiving party may seek the assistance of the Magistrate Judge. Similarly, we believe that existing discovery devices are sufficient for the parties to disclose infringement and validity contentions, as opposed to the regime of disclosures you propose.

We look forward to hearing your thoughts on these subjects.

Very truly yours,

Michael K. Plimack

HellerEhrman LLP

6/15/05 11:26 AM ()

**EXHIBIT D**

# SWIDLER BERLIN LLP

The Washington Harbour
3000 K Street, N.W., Suite 300
Washington, D.C. 20007-5116
Phone 202.424.7500
Fax 202.424.7647
www.swidlaw.com

C. Joel Van Over
Phone 202.424.7581
Fax 202.424.7643
cjvanover@swidlaw.com

June 24, 2005

**BY HAND DELIVERY**

John B. Wyss
Wiley Rein & Fielding LLP
1776 K Street, N.W.
Washington, D.C. 20006

Re: *Inline Connection Corp. v. Verizon Internet Services, Inc. et al.,*
*Case No. 2:05CV205 HCM*

Dear John:

Enclosed is a short set of document requests to each defendant. I trust that the enclosed requests will satisfy your desire for more specific requests for jurisdictional documents. We are propounding a single request to all defendants to avoid an allegation that we have served voluminous requests, an issue you raised in your motion to stay discovery. We are happy to file and serve single pleadings and discovery requests, where they are common to all defendants. We agree that this will reduce the volume of paper.

As you have apparently conducted some review for jurisdictional documents based upon our earlier correspondence, we would appreciate receiving responsive documents as you receive them from your clients. It is important to complete this discovery well in advance of the Court's consideration of your pending motions.

As most, if not all, requested documents should be available through Verizon offices in Virginia, if it is more convenient to provide documents at the offices of Heller Ehrman or Swidler Berlin in Washington, D.C., we are happy to agree.

Very truly yours,

C. Joel Van Over

Enclosures
cc: (By Electronic Mail)

> Robert W. McFarland
> Brian C. Riopelle
> Michael K. Plimack
> Steven E. Noona

---

WASHINGTON, D.C. ▪ NEW YORK, N.Y.

9230483v1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION


INLINE CONNECTION CORPORATION,    )
4017 Davis PL NW #1               )
Washington, D.C. 20007,           )
                                  )
                Plaintiff,        )
                                  )
                v.                ) CIVIL ACTION NO. 02:05 CV 205 HCM
                                  )
VERIZON INTERNET SERVICES, INC.   )
1880 Campus Commons Drive         )
Reston, VA 20191;                 )
                                  )
GTE.NET LLC, d/b/a VERIZON        )
     INTERNET SOLUTIONS           )
600 Hidden Ridge                  )
Irving, TX 75038;                 )
                                  )
VERIZON SERVICES CORP.            )
1310 N. Court House Road          )
Arlington, VA 22201;              )
                                  )
TELESECTOR RESOURCES GROUP, INC.  )
   d/b/a VERIZON SERVICES GROUP   )
1095 Avenue of the Americas       )
New York, NY 10036;               )
                                  )
VERIZON CORPORATE SERVICES        )
     GROUP INC. d/b/a VERIZON SERVICES )
     GROUP                        )
750 Canyon Drive                  )
Coppell, TX 75019;                )
                                  )
VERIZON ADVANCED DATA INC.        )
1320 N. Court House Road          )
Arlington, VA 22201;              )
                                  )
VERIZON AVENUE CORP.              )
12901 Worldgate Drive             )
Herndon, VA 20170;                )
                                  )

VERIZON MARYLAND INC.                    )
One E. Pratt Street                      )
Baltimore, MD 21202;                     )
                                         )
VERIZON NEW ENGLAND INC.                 )
185 Franklin Street                      )
Boston, MA 02110;                        )
                                         )
VERIZON NEW JERSEY INC.                  )
540 Broad Street                         )
Newark, NJ 07102-3178;                   )
                                         )
VERIZON NEW YORK INC.                    )
1095 Avenue of the Americas              )
New York, NY 10036;                      )
                                         )
VERIZON PENNSYLVANIA INC.                )
1717 Arch Street                         )
Philadelphia, PA 19103;                  )
                                         )
VERIZON VIRGINIA INC.                    )
600 E. Main Street                       )
Richmond, VA 23219;                      )
                                         )
VERIZON WASHINGTON, D.C. INC.            )
1710 H Street, NW                        )
Washington, DC 20006; and                )
                                         )
VERIZON WEST VIRGINIA INC.               )
1500 MacCorkle Avenue, SE                )
Charleston, WV 25314,                    )
                                         )
                      Defendants.        )


## PLAINTIFF INLINE CONNECTION CORPORATION'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Inline Connection

Corporation ("Inline"), hereby requests that each defendant, Verizon Internet Services, Inc.,

GTE.Net LLC, d/b/a Verizon Internet Solutions, Verizon Services Corp., Telesector Resources

Group, Inc. d/b/a Verizon Services Group, Verizon Corporate Services Group Inc. d/b/a Verizon

Services Group, Verizon Advanced Data Inc., Verizon Avenue Corp, Verizon California Inc.,

Verizon Florida Inc., Verizon Hawaii Inc., Verizon North Inc., Verizon Northwest Inc., Verizon

South Inc., Verizon West Coast Inc., GTE Southwest Inc. d/b/a Verizon Southwest, Contel of the

South Inc. d/b/a Verizon Mid-States and Verizon Delaware Inc. (together "Defendants"),

produce for inspection and copying the documents described below within fifteen (15) days, at

the offices of Inline's counsel, Heller Ehrman LLP, 333 Bush Street, Suite 3100, San Francisco,

CA 94104, or at such other place as counsel may agree upon, subject to the following definitions

and instructions. A written response to the requests is also required pursuant to Fed. R. Civ.

Proc. Rule 34 and Local Civil Rule 26(C).

## GENERAL INSTRUCTIONS

1.      Documents shall be produced in accordance with Rule 34(b) of the Federal Rules

of Civil Procedure.

2.      Each request below extends to any documents in the possession, custody, or

control of any defendant. The document is deemed to be in a defendant's possession, custody, or

control, if it is in the defendant's physical custody, or if it is in the physical custody of any other

person and defendant (a) owns such documents in whole or in part; (b) has a right by contract,

statute, or otherwise to use, inspect, examine, or copy such documents on any terms; (c) has an

understanding, express or implied, that defendant may use, inspect, examine or copy such

documents on any terms; or (d) has, as a practical matter, been able to use, inspect, examine or

copy such documents when defendant has sought to do so. Such documents shall include,

without limitation, documents that are in the custody of a defendant's attorneys or other agents.

-2-

3.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for production of documents are deemed continuing to the fullest extent permissible and apply to all Documents that defendant subsequently creates, develops, discovers, or receives.

4.    Whenever appropriate, the singular form of the word shall be interpreted in the plural, or vice versa; verb tenses shall be interpreted to include past, present and future tenses; references to a gender shall be interpreted to include the masculine, feminine and neuter; and the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

5.    If Defendant cannot respond to any document request in full, it should respond to the fullest extent possible, explain why it cannot respond to the remainder, and describe the nature of the information that it cannot furnish.

6.    For any document or thing withheld in whole or in part on privilege grounds, or any other similar ground, please provide, in accordance with Fed. R. Civ. P. 26(b)(5), a written response with at least the following information:

    (a)    The date of the document;

    (b)    The basis for withholding the document;

    (c)    A list of all persons who participated in the preparation of the document, and the status of each such person (i.e., attorney or non-attorney);

    (d)    A list of all persons who have received or reviewed the document, and the status of each such person (i.e., attorney or non-attorney);

(e)    A list of all persons to whom the document was circulated, or its contents communicated, and the status of each such person (i.e., attorney or non-attorney); and

(f)    A description of the document sufficiently particular to allow Inline to evaluate the claimed basis for withholding the document and to identify it for purposes of a court order.

7.    Unless otherwise stated, the time period covered by these requests is the following: These requests for documents cover documents created, made, developed, discovered, received, during or Relating To any portion of the time period from April 6, 1999 up to and including the date on which the response or supplemental response is served.

## DEFINITIONS

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

1.    **"Agreement"** or **"Agreements"** means a written contract, including a memorandum of understanding, or an oral contract evidenced by documents that set forth all or some of its terms, or documents that evidence a contractual relationship through performance by some or all of the parties thereto. Agreement or Agreements also includes all exhibits, attachments, or incorporated documents thereto, and amendments to such exhibits, attachments or incorporated documents.

2.    **"Documents"** and **"Things"** shall have the broadest meaning ascribed to them by the Federal Rules of Civil Procedure and applicable case law, including but not limited to electronic files.

3.    **"Inline" or "Plaintiff"** means Plaintiff Inline Connection Corporation, any corporate predecessor, and any past or present division, department, parent, subsidiary, affiliate, director, officer, principal, agent, employee, consultant, representative, or other person acting on its behalf or under its control.

4.    **"Defendant"** means each Defendant named in this litigation, any corporate predecessor, any joint venture to which it is or was a party, any past or present division, department, parent, subsidiary, affiliate, director, officer, principal, agent, employee, consultant, representative, or other person acting on its behalf or under its control.

5.    **"ISP"** means Internet Service Provider.

6.    **"End User"** means a person who subscribes to DSL services in order to be able to access the internet or other online services or to send or receive information using the worldwide web.

7.    **"Moving OTCs"** means any one or more, or all of Defendants that have moved to dismiss this action for lack of personal jurisdiction.

8.    **"Wholesale Services"** means any Accused Services sold, leased, licensed and/or provided through tariff and/or agreement to another service provider, including ISPs, ILECs (incumbent local exchange carriers), or CLECs (competitive local exchange carriers), and which is not directly sold to End Users of the Accused Services.

9.    **"Retail Services"** means any Accused Services sold and/or provided directly to End Users, including support, software, self-installation kits, and ISP services.

-5-

10.    "**DSL Self-Install Kits**" means all versions of any products, devices, packages, components, or kits that are installed within the premises of an End User of Accused Services that are intended to be used in connection with or to connect an End User with Accused Services, including but not limited to ATU-Rs, DSL modems, microfilters, modems, and installation guides, which are, by or on behalf of You, made (in whole or in part), assembled, sold, or offered for sale in the United States, imported into the United States, or provided, required, or caused to be provided to a user of Accused Services in the United States.

11.    "**Accused Equipment**" means all products, devices, or equipment, including modems, gateways, and/or DSL Self-Install Kits, that are, by or on behalf of You, made (in whole or in part), sold, or offered for sale in the United States, imported into the United States, or provided, required, or caused to be provided to a user in connection with Accused Services in the United States.

12.    "**DSLAM**" means a digital subscriber line access multiplexer and connected ATU-Cs, modems, and/or splitters that transmit and/or enable transmission of DSL signals (signals above the telephone voice band) over telephone wiring to or from corresponding DSL modems at subscribers' premises, whether or not the DSLAM functionality is included within or separate from hardware associated with digital loop carrier systems.

13.    "**Remote Location DSLAM**" means a DSLAM or an equivalent device that is located outside of the immediate vicinity of the telephone company central office (where the central office contains a telephone voice switch), including but not limited to at a remote terminal or apartment building

14.    **"Relate To"** or **"Relating To"** means referring to, mentioning, commenting on, reflecting, pertaining to, evidencing, showing, involving, describing, discussing, responding to, supporting, contradicting, rebutting, constituting in whole or in part, consisting of, addressing the subject matter of, or being a draft, copy or summary of, in whole or in part.

15.    **"Person"** refers to any natural person, firm, association, organization, partnership, business, trust, corporation or public entity.

## REQUESTS FOR PRODUCTION

**Request for Production 1**

All Agreements executed on behalf of all or some of the Moving OTCs by Verizon Services Corporation or Verizon Avenue Corp.

**Request for Production 2**

All Agreements executed between any Moving OTC and one of the following Defendants:  Verizon Services Corp.; GTE Net LLC; Verizon Internet Services, Inc.; Verizon Corporate Services Group, Inc.; Verizon Advanced Data Inc. and Verizon Avenue Corp.

**Request for Production 3**

Documents sufficient to show the nature and type of services provided to any or all of the Moving OTCs by any direct or indirect affiliate corporation with an office in Virginia, or with an officer, director or employee with a business office address in Virginia.

**Request for Production 4**

All Agreements, other than the terms of service between Verizon Internet, Inc. or GTE.Net LLC and an End User, executed by or on behalf of a Moving OTC that contains a Virginia choice of law provision, or a Virginia choice of forum provision.

**Request for Production 5**

All Agreements executed by or on behalf of any Moving OTC, and American Online, Inc. or any other ISP with a business address in Virginia.

**Request for Production 6**

Documents sufficient to identify each officer, director, or employee with a business address in Virginia that is an officer, director, or employee of a Moving OTC, and also an officer, director, or employee of another Defendant in this litigation

**Request for Production 7**

The Joint Operating Agreement dated January 1, 1995, (referenced in Exhibit 9 to the Donovan Declaration filed in support of Plaintiffs' Response to Certain Defendant Operation Telephone Companies Motion to Dismiss for Lack of Personal Jurisdiction), all amendments thereto, and all similar Agreements.

**Request for Production 8**

Documents sufficient to identify and describe communications between or among any Moving OTC, Verizon Services Corp., Verizon Avenue Corp., Verizon Advanced Data Inc., Verizon Internet Services, Inc., or GTE.NET LLC related to specifications, requirements, standards compliance, testing, approvals, recommendations, FCC waivers, changes or modifications for any Accused Equipment, DSLAMs, Remote Location DSLAMs, DSL Self-Install Kits or components thereof.

Robert Hansen
Va. Bar No. 44136
Heller Ehrman LLP
1717 Rhode Island Avenue, NW
Washington, DC 20036
Telephone: 202-912-2000
Facsimile: 202-912-2020

Alexander L. Brainerd
Michael K. Plimack
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: 415-772-6000
Facsimile: 415-772-6268

C. Joel Van Over
Robert C. Bertin
Va. Bar No. 41278
Swidler Berlin LLP
3000 K Street, NW, Suite 300
Washington, DC 20007-5116
Telephone: 202-424-7581
Facsimile: 202-424-7643

Steve Noona
Kaufman & Canoles
150 W. Main Street, Suite 2100
Norfolk, Virginia 23510
Telephone: (757) 624-3239
Facsimile: (757) 624-3169

Attorneys for Inline Connection Corporation

Dated: June 24, 2005

9230266v1

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

Inline Connection Corporation,

Plaintiff,

v.

Verizon Internet Services, Inc., et al.,

Defendants.

Civil Action No.  2:05CV205

### DEFENDANTS' OBJECTIONS TO
### PLAINTIFF INLINE CONNECTION CORPORATION'S
### SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Federal Rule of Civil Procedure 34, Defendants hereby object to Plaintiff

Inline Connection Corporation's Second Set Of Requests For Production Of Documents And

Things To Defendants, dated June 24, 2005, as follows:

### GENERAL OBJECTIONS

1.      Defendants object to these requests for production on grounds that they are

untimely and plaintiff Inline Connection Corporation ("Inline") has waived additional personal

jurisdiction discovery.  Certain Operating Telephone Company Defendants (the "OTC

Movants") filed their motion to dismiss for lack of personal jurisdiction on May 31, 2005.  Inline

filed its opposition to that motion on June 13, 2005.  Inline's opposition attached approximately

one inch of documentary exhibits.  In addition, Inline filed a "Declaration of John C. Donovan"

that included an additional three inches of documentary exhibits relating to the personal

jurisdiction motion.  Many of these documentary exhibits were obtained by Inline in November

of 2004, five months before the present lawsuit was filed.  Inline did not initiate any formal

discovery, but elected instead to rely upon the thousands of pages of documentary exhibits that it had already collected before the motion to dismiss was filed. The OTC Movants' motion to dismiss for lack of personal jurisdiction was fully briefed on June 16, 2005 and is now *sub judice*. Inline's election to proceed on the basis of the thousands of pages of documentary exhibits submitted with its June 13, 2005 opposition, rather than to initiate formal discovery, constitutes a waiver of further personal jurisdiction discovery. In addition, the service of additional discovery long after the motion to dismiss has been fully briefed and submitted to the Court for resolution is untimely and appears designed to burden defendants and disrupt orderly disposition of the pending threshold motions.

      2.      Defendants object to the definitions and instructions to the extent they seek to impose burdens or obligations different from or in addition to those required by the Federal Rules of Civil Procedure ("Federal Rules") or the Local Rules of the Eastern District of Virginia ("Local Rules"). While Defendants may choose to use Inline's definitions and instructions as a guide in some cases, Defendants do not concede or stipulate to their validity or appropriate usage in these proceedings.

      3.      Defendants object to these Requests to the extent they seek information or documents protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Nothing contained in these objections or responses, and any privileged document that is inadvertently produced, are intended to be, or in any way may be deemed, a waiver of any such available privilege or doctrine. Defendants object to identification of documents generated after filing of the action against Verizon Communications Inc. in the District of Delaware, as such identification is likely to reveal work-product and/or attorney-client privileged information and would be unreasonably burdensome.

2

4.      Defendants object to these Requests to the extent they seek confidential information, highly sensitive business information, and/or the confidential information of third parties. Defendants will provide responsive documents and/or information only after the entry by the Court of an appropriate Protective Order, that adequately protects Defendants confidential and/or highly sensitive business information and the confidential information of third parties, and provides Defendants with full access to all the materials from the actions in Delaware against America Online Inc. and Earthlink, Inc. ("the Delaware Actions") as previously requested by Defendants on June 10, 2005.

5.      Defendants object to the identification or production of any documents or things prior to receipt of Inline's commitment to pay copying costs, calculated at a reasonable rate for complex litigation copying at $0.20/page.

6.      Defendants object to the Requests to the extent they seek information that Defendants cannot reasonably identify, compile, prepare, and/or produce within prescribed time limits.

7.      Defendants object to Inline's Requests to the extent they mischaracterize Defendants or any fact alleged by Defendants. By responding to Inline's Requests, Defendants do not admit that Inline's characterizations are accurate or correct.

8.      Defendants object to each Request to the extent it seeks information that is publicly accessible because it is equally convenient for Inline to obtain such information.

9.      Defendants object to the definition of "You," "Your," and "Defendant" to the extent that it attempts to include persons and/or entities not employed by or within the control of Defendants and includes persons and/or entities not known to Defendants.

3

10.     Defendants object to the definition of "Inline," and "Plaintiff" to the extent that it attempts to include persons and/or entities whose relationship to Inline is not known or is unavailable.  It is unreasonable to expect Defendants to have complete knowledge of all of Inline's "corporate predecessor[s], and any past or present division, department, parent, subsidiary, affiliate, director, officer, principal, agent, employee, consultant, representative, or other person acting on its behalf or under its control."

11.     Defendants object to the these Requests as well as to the definitions of the "'596 patent," the "'718 patent," the "'446 patent," and the "'585 patent," as Inline has repeatedly refused to identify or delineate which claims of the foregoing patents are at issue in this case, and therefore any Requests related to, bearing upon, describing or discussing any of these patents is premature and over-inclusive.  The patents-in-suit contain 139 claims.  In the Delaware Actions, Inline limited its allegations of infringement to only 16 claims.  Inline has no good faith basis for asserting that every claim of the patents-in-suit is infringed.

12.     Defendants object to the definition of "Accused Services" to the extent that Inline has repeatedly refused to identify or delineate which of the services offered by Verizon are specifically at issue in this case.  Inline, in the Delaware Actions, only alleged infringement of splitterless ADSL services.  Inline further admitted that other types of ADSL services do not infringe.  Inline is bound by these judicial representations in Delaware.  Defendants object to the definitions of "Wholesale Services" and "Retail Services" on the same basis, as subsets of the "Accused Services."

13.     Defendants object to the definition of "Accused Equipment" to the extent that Inline has refused to identify or delineate what equipment is at issue in this case.  Moreover, all the claims of the patents-in-suit are system or method claims.  Inline, in the Delaware Actions,

only alleged infringement of splitterless ADSL services. Inline further admitted that other types of ADSL services do not infringe. Inline is bound by these judicial representations in Delaware. Defendants object to any definition of "Accused Equipment" that extends beyond equipment relating to splitterless ADSL services utilizing a remote location DSLAM. *See Inline Connection Corp. v. AOL Time Warner Inc., et al.*, 302 F.Supp.2d 307 (D. Del. 2004); *Inline Connection Corp. v. AOL Time Warner Inc., et al.*, 2005 U.S. Dist Lexis 6252 (D. Del. 2005).

14.    Defendants object to Inline's Requests to the extent they seek to circumvent any dates that has been or will be established by the Court's Scheduling Order, any other order, statute, and/or by agreement of the parties. To the extent that Inline's Requests conflict with the Scheduling Order, Defendants will follow the dates set by the Court.

15.    Defendants object to each Request to the extent it seeks documents relating to expert discovery prior to the expert discovery period. Defendants will not provide information in response to any Request to the extent such information is covered or protected by Fed. R. Civ. P. 26(b) or the work product doctrine as applied to non-testifying experts or to testifying experts prior to the expert discovery phase.

16.    Any objection or lack of objection to a Request is not to be deemed an admission by Defendants that it is aware of any document and/or information that is called for by the Request.

17.    Defendants' investigation of matters relevant to these Requests is ongoing. Defendants reserve the right to supplement their responses as appropriate. Defendants also reserve the right to supplement their responses up to and including the time of trial in the event that they discover additional documents and/or information responsive to Inline's Requests, and

further reserve the right to supplement any objections based on such newly discovered documents and/or information.

18.    These general objections are applicable to and are incorporated into each specific response, with or without further reference. Express insertion of any of the foregoing objections into the response and/or objections to any particular interrogatory shall not be construed as a waiver of any such general objection in that or any other response.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**Request for Production No. 1**: All Agreements executed on behalf of all or some of the Moving OTCs by Verizon Services Corporation or Verizon Avenue Corp.

**Objection to Request for Production No. 1**: Defendants object to this request for production on grounds that it is untimely, overbroad and not reasonably calculated to lead to the discovery of admissible evidence concerning the personal jurisdiction issues. For matters of administrative convenience, each individual Verizon-affiliated operating telephone company has, from time to time, authorized other Verizon-affiliated corporate entities to execute certain agreements on its behalf. To the extent such agreements concern the provision of services by an individual operating telephone company to another party, such services are generally provided within the geographic areas in which the individual telephone operating company has been authorized by pertinent state regulatory commissions to provide telecommunications services. None of the Moving OTCs provides or is authorized to provide telecommunications services in the Commonwealth of Virginia. Agreements relating to the provision of services by one of the non-resident moving OTCs in its authorized geographic service areas (which do not include Virginia), irrespective of whether or not the agreement was executed directly by that Moving OTC or on its behalf by some other entity, does not subject the Moving OTC to general personal

6

jurisdiction in Virginia. Nor does such an agreement support the exercise of special personal

jurisdiction in Virginia with respect to services provided by a Moving OTC that are performed

outside of Virginia in that Moving OTC's authorized geographic service areas.

**Request for Production No. 2**: All Agreements executed between any Moving OTC and one of
the following Defendants:    Verizon Services Corp.; GTE Net LLC; Verizon Internet Services,
Inc.; Verizon Corporate Services Group, Inc.; Verizon Advanced Data Inc. and Verizon Avenue
Corp.

     **Objection to Request for Production No. 2**: Defendants object to this request for

production on grounds that it is untimely, overbroad and not reasonably calculated to lead to the

discovery of admissible evidence concerning the personal jurisdiction issues. None of the

Moving OTCs either provides or is authorized to provide telecommunications services in the

Commonwealth of Virginia. Agreements relating to the provision of services by one of the

Moving OTCs in its respective authorized service areas (which do not include Virginia),

including agreements with one of the specified Defendants, cannot give rise to either general

personal jurisdiction or special jurisdiction over that non-resident Moving OTC with respect to

Inline's claims that certain types of splitterless ADSL service provided over remote terminal

DSLAMs infringe its patents.

**Request for Production No. 3**: Documents sufficient to show the nature and type of services
provided to any or all of the Moving OTCs by any direct or indirect affiliate corporation with an
office in Virginia, or with an officer, director or employee with a business office address in
Virginia.

     **Objection to Request for Production No. 3**: Defendants object to this request for

production on grounds that it is untimely, overbroad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence concerning the personal jurisdiction

issues. Inline's cause of action is one for patent infringement relating to the sale and offer for

sale of certain limited types of splitterless ADSL service provided over remote terminal DSLAMs; it does not concern any alleged breach of a services contract between one of the Moving OTCs and any other party. None of the Moving OTCs provides or is authorized to provide any telecommunications services in the Commonwealth of Virginia. The fact that a particular Moving OTC may, from time to time, contract for services with other entities located in other states, including Virginia, does not subject that Moving OTC to general personal jurisdiction in Virginia. Nor do such contracts support the exercise of special personal jurisdiction in Virginia, except possibly for potential breach of contract causes of action directly related to contracts executed and/or performed in Virginia. Such contracts cannot give rise to either general personal jurisdiction or special personal jurisdiction over one of the non-resident Moving OTCs with respect to Inline's claims that certain types of splitterless ADSL service provided over remote terminal DSLAMs infringe its patents.

**Request for Production No. 4**: All Agreements, other than the terms of service between Verizon Internet, Inc. or GTE.Net LLC and an End User, executed by or on behalf of a Moving OTC that contains a Virginia choice of law provision, or a Virginia choice of forum provision.

**Objection to Request for Production No. 4**: Defendants object to this request for production on the grounds that it is untimely, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence concerning the personal jurisdiction issues and incorrectly asserts that the terms of service agreements between Verizon Internet, Inc. or GTE.net LLC and their respective end user customers are executed by or on behalf of any of the Moving OTCs. Agreements entered by or on behalf of each individual Moving OTC are not indexed according to their choice of law provisions. A typical choice of law provision in an agreement involving multiple OTCs would specify that: "As to each OTC, this Agreement shall

be governed and construed in accordance with the laws of the state where such OTC is authorized to provide service."

**Request for Production No. 5**:  All Agreements executed by or on behalf of any Moving OTC, and American Online, Inc. or any other ISP with a business address in Virginia.

**Objection to Request for Production No. 5**:  Defendants object to this request for production on grounds that it is untimely, overbroad and not reasonably calculated to lead to the discovery of admissible evidence on the personal jurisdiction issues.  To the extent the Moving OTCs have contractual agreements with an ISP with a business address in Virginia, those agreements typically concern the provision of services by the individual Moving OTCs within the geographic areas in which each Moving OTC has been authorized by pertinent state regulatory commissions to provide telecommunications services.  None of the Moving OTCs either provides or is authorized to provide telecommunications services in the Commonwealth of Virginia.  Agreements relating to the provision of services by one of the Moving OTCs in its respective authorized service areas (which do not include Virginia), including agreements with ISPs having business addresses in Virginia, cannot give rise to either general personal jurisdiction or special jurisdiction over that non-resident Moving OTCs with respect to Inline's claims that certain types of splitterless ADSL service infringe its patents.

**Request for Production No. 6**:  Documents sufficient to identify each officer, director, or employee with a business address in Virginia that is an officer, director, or employee of a Moving OTC, and also an officer, director, or employee of another Defendant in this litigation

**Objection to Request for Production No. 6**:  Defendants object to this request for production on grounds that it is untimely, overbroad and not reasonably calculated to lead to discovery of admissible evidence on the personal jurisdiction issues.  Subject to, and without

9

waiver of the general and specific objections, Defendants will produce the names and business addresses of their respective current directors and officers.

**Request for Production No. 7**: The Joint Operating Agreement dated January 1, 1995, (referenced in Exhibit 9 to the Donovan Declaration filed in support of Plaintiffs' Response to Certain Defendant Operation Telephone Companies Motion to Dismiss for Lack of Personal Jurisdiction), all amendments thereto, and all similar Agreements.

**Objection to Request for Production No. 7**: Defendants object to this request for production on grounds that it is untimely, overbroad and not reasonably calculated to lead to the discovery of admissible evidence concerning the personal jurisdiction issues. Exhibit 9 to the Donovan Declaration is 129 pages long and there is no immediately apparent reference to any "Joint Operating Agreement." Subject to, and without waiver of, the general and specific objections, Defendants will search for and produce documents, if any, entitled "Joint Operating Agreement" (or something similar) dated January 1, 1995 as to which two or more Moving OTCs are parties.

**Request for Production No. 8**: Documents sufficient to identify and describe communications between or among any Moving OTC, Verizon Services Corp., Verizon Avenue Corp., Verizon Advanced Data Inc., Verizon Internet Services, Inc., or GTE.NET LLC related to specifications, requirements, standards compliance, testing, approvals, recommendations, FCC waivers, changes or modifications for any Accused Equipment, DSLAMs, Remote Location DSLAMs, DSL Self-Install Kits or components thereof.

**Objection to Request for Production No. 8**: Defendants object to this request for production on grounds that it is untimely, overbroad, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence regarding the personal jurisdiction issues.

10

Respectfully submitted,

By: _____
    Andrew G. McBride
    John B. Wyss
    Kevin P. Anderson
    WILEY REIN & FIELDING LLP
    1776 K Street NW
    Washington, DC 20006
    Telephone: 202.719.7000
    Facsimile : 202.719.7049

    Robert W. McFarland
    MCGUIRE WOODS LLP
    World Trade Center
    101 West main Street, Suite 9000
    Norfolk, Virginia 23510
    Telephone: 757.640.3716
    Facsimile: 757.640.3966

    Brian C. Riopelle
    MCGUIRE WOODS LLP
    One James Center
    901 E. Cary Street
    Richmond, Virginia 23219
    Telephone: 804.775.1084
    Facsimile: 804.698.2150

Dated: July 11, 2005          Counsel for Verizon Defendants

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2005, a true copy of the foregoing

Defendants' Objections To Plaintiff Inline Connection Corporation's Second Request For

Production Of Documents And Things was sent to plaintiff's counsel, in the manner indicated,

upon:

Michael K. Plimack, Esq.    (Served electronically and by overnight delivery)
Alexander L. Brainerd, Esq.
Alyssa T. Koo
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104
Alexander.Brianerd@hellerehrman.com
Michael.Plimack@hellerhrman.com
Alyssa.Koo@hellerehrman.com

C. Joël Van Over, Esq.    (Served via hand delivery)
Robert C. Bertin, Esq.
SWIDLER BERLIN LLP
3000 K Street, NW
Suite 300
Washington, DC 20007-5116
cjvanover@swidlaw.com
rcbertin@swidlaw.com

Stephen E. Noona, Esq.    (Served electronically and by overnight delivery)
Kaufman & Canoles, PC
150 W. Main Street
Suite 2100
Norfolk, Virginia 23510
senoona@kaufcan.com

John B. Wyss