# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

INLINE CONNECTION CORPORATION )
4017 Davis PL NW #1 )
Washington, D.C. 20007, )
       )
         Plaintiff, )
       )
         v. ) CIVIL ACTION NO. _2:05CV205_
       )         HCM/
VERIZON INTERNET SERVICES, INC. )
1880 Campus Commons Drive )
Reston, VA 20191; )
       )
GTE.NET LLC, d/b/a VERIZON )
    INTERNET SOLUTIONS )
600 Hidden Ridge )
Irving, TX 75038; )
       )
VERIZON SERVICES CORP. )
1310 N. Court House Road )
Arlington, VA 22201; )
       )
TELESECTOR RESOURCES GROUP, INC. )
    d/b/a VERIZON SERVICES GROUP )
1095 Avenue of the Americas )
New York, NY 10036; )
       )
VERIZON CORPORATE SERVICES )
    GROUP INC. d/b/a VERIZON SERVICES )
    GROUP )
750 Canyon Drive )
Coppell, TX 75019; )
       )
VERIZON ADVANCED DATA INC. )
1320 N. Court House Road )
Arlington, VA 22201; )
       )
VERIZON AVENUE CORP. )
12901 Worldgate Drive )
Herndon, VA 20170; )
       )

FILED

DEC 14 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

VERIZON CALIFORNIA INC.                )
750 Canyon Drive                       )
Coppell, TX 75019;                     )
                                       )
VERIZON FLORIDA INC.                   )
201 N. Franklin Street                 )
Tampa, FL 33602;                       )
                                       )
VERIZON HAWAII INC.                    )
1095 Avenue of the Americas            )
Room 3868                              )
New York, NY 10036;                    )
                                       )
VERIZON NORTH INC.                     )
8001 W. Jefferson Boulevard            )
Fort Wayne, IN 46804;                  )
                                       )
VERIZON NORTHWEST INC.                 )
1800 41st Street                       )
Everett, WA 98201;                     )
                                       )
VERIZON SOUTH INC.                     )
600 Hidden Ridge                       )
Irving, TX 75038;                      )
                                       )
VERIZON WEST COAST INC.                )
750 Canyon Drive                       )
Coppell, TX 75019;                     )
                                       )
GTE SOUTHWEST INC. d/b/a               )
    VERIZON SOUTHWEST                  )
600 Hidden Ridge                       )
Irving, TX 75038;                      )
                                       )
CONTEL OF THE SOUTH INC. d/b/a         )
    VERIZON MID-STATES                 )
750 Canyon Drive                       )
Income Tax Dept                        )
Coppell, TX 75019-3834;                )
                                       )
VERIZON DELAWARE INC.                  )
901 Tatnall Street                     )
Wilmington, DE 19801;                  )
                                       )

| | |
|---|---|
| **VERIZON MARYLAND INC.**<br>**One E. Pratt Street**<br>**Baltimore, MD 21202;** | ) <br> ) <br> ) <br> ) |
| **VERIZON NEW ENGLAND INC.**<br>**185 Franklin Street**<br>**Boston, MA 02110;** | ) <br> ) <br> ) <br> ) |
| **VERIZON NEW JERSEY INC.**<br>**540 Broad Street**<br>**Newark, NJ 07102-3178;** | ) <br> ) <br> ) <br> ) |
| **VERIZON NEW YORK INC.**<br>**1095 Avenue of the Americas**<br>**New York, NY 10036;** | ) <br> ) <br> ) <br> ) |
| **VERIZON PENNSYLVANIA INC.**<br>**1717 Arch Street**<br>**Philadelphia, PA 19103;** | ) <br> ) <br> ) <br> ) |
| **VERIZON VIRGINIA INC.**<br>**600 E. Main Street**<br>**Richmond, VA 23219;** | ) <br> ) <br> ) <br> ) |
| **VERIZON WASHINGTON, D.C. INC.**<br>**1710 H Street, NW**<br>**Washington, DC 20006; and** | ) <br> ) <br> ) <br> ) |
| **VERIZON WEST VIRGINIA INC.**<br>**1500 MacCorkle Avenue, SE**<br>**Charleston, WV 25314,** | ) <br> ) <br> ) <br> ) |
| **Defendants.** | ) |

## COMPLAINT FOR PATENT INFRINGEMENT AND
## DEMAND FOR JURY TRIAL

Plaintiff Inline Connection Corporation ("Inline" or "Plaintiff") demands a jury trial, and

complains against Verizon Internet Services, Inc., GTE.Net LLC d/b/a Verizon Internet

Solutions, Verizon Services Corp., Telesector Resources Group, Inc. d/b/a Verizon Services

Group, Verizon Corporate Services Group Inc. d/b/a Verizon Services Group, Verizon Advanced

Data, Inc., Verizon Avenue Corp., and Verizon Operating Telephone Companies as defined

herein (collectively "Defendants") as follows:

## THE PARTIES

1.    Inline is a corporation organized and existing under the laws of the Commonwealth of
      Virginia, with its principal place of business at 4017 Davis Pl., NW #1, Washington D.C.
      20007.

2.    On information and belief, Verizon Internet Services, Inc. ("Verizon Internet") is a
      corporation organized and existing under the laws of the State of Delaware, with a
      principal place of business at 1880 Campus Commons Drive, Reston, Virginia. Upon
      information and belief, Verizon Internet conducts substantial business in Virginia, and
      throughout the United States, and acts as an agent for Verizon affiliates, including certain
      Defendants herein.

3.    On information and belief, GTE.Net LLC d/b/a Verizon Internet Solutions ("Verizon
      Internet Solutions") is a corporation organized and existing under the laws of the State of
      Delaware, with a principal place of business at 600 Hidden Ridge, Irving, Texas, and
      offices at 1880 Campus Commons Drive, Reston, Virginia and 1320 N. Court House
      Road, 8th Floor, Arlington, Virginia. Upon information and belief, Verizon Internet
      Solutions conducts substantial business in Virginia, and throughout the United States, and
      acts as an agent for Verizon affiliates, including certain Defendants herein.

4.    On information and belief, Verizon Services Corp. ("Verizon Services") is a corporation
      organized and existing under the laws of the State of Delaware, with a principal place of

business at 1310 N. Court House Road, Arlington, Virginia. Upon information and belief, Verizon Services conducts substantial business in Virginia, and throughout many states within the United States, and acts as the agent for Verizon affiliates, including certain Defendants herein.

5.     On information and belief, Telesector Resources Group, Inc. d/b/a Verizon Services Group ("Verizon Services Group") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1095 Avenue of the Americas, New York, New York, and offices in Reston, Virginia. Upon information and belief, Verizon Services Group conducts substantial business in Virginia, and throughout many states within the United States, and acts as an agent for Verizon affiliates, including certain Defendants herein.

6.     On information and belief, Verizon Corporate Services Group Inc. d/b/a Verizon Services Group ("Verizon Corporate Services Group") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 750 Canyon Drive, Coppell, Texas. Upon information and belief, Verizon Corporate Services Group conducts substantial business in Virginia, and throughout many states within the United States, and acts as an agent for Verizon affiliates, including certain Defendants herein.

7.     On information and belief, Verizon Advanced Data, Inc. ("VADI") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1320 N. Court House Road, Arlington, Virginia. Upon information and belief, VADI conducts substantial business in Virginia, and throughout many states

within the United States, and acts and has acted as an agent for Verizon affiliates, including certain Defendants herein..

8.    On information and belief, Verizon Avenue Corp. ("Verizon Avenue") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 12901 Worldgate Drive, Herndon, Virginia. Upon information and belief, Verizon Avenue conducts substantial business in Virginia, and throughout many states within the United States, and acts as the agent for Verizon affiliates, including certain Defendants herein.

9.    Upon information and belief, Verizon Operating Telephone Companies are:

a.    Verizon California Inc. ("Verizon California") is a corporation organized and existing under the laws of the State of California, with a principal place of business at 750 Canyon Drive, Coppell, Texas. Upon information and belief, Verizon California conducts substantial business, through its affiliates and agents, including certain Defendants herein, in Virginia and throughout many states within the United States.

b.    Verizon Florida Inc. ("Verizon Florida") is a corporation organized and existing under the laws of the State of Florida, with a principal place of business at 201 N. Franklin Street, Tampa, Florida (with a business address at 1095 Avenue of The Americas, New York, New York). Upon information and belief, Verizon Florida conducts substantial business, through its affiliates and agents, including certain Defendants herein, in Virginia and throughout many states within the United States.

c.    Verizon Hawaii Inc. ("Verizon Hawaii") is a corporation organized and existing
under the laws of the State of Hawaii, with a principal place of business at 1095
Avenue of the Americas, New York, New York.  Upon information and belief,
Verizon Hawaii conducts substantial business, through its affiliates and agents,
including certain Defendants herein, in Virginia and throughout many states
within the United States.

d.    Verizon North Inc. ("Verizon North") is a corporation organized and existing
under the laws of the State of Wisconsin, with a principal place of business at
8001 W. Jefferson Boulevard, Fort Wayne, Indiana (with a business address at
1095 Avenue of The Americas, New York, New York).  Upon information and
belief, Verizon North conducts substantial business, through its affiliates and
agents, including certain Defendants herein, in Virginia and throughout many
states within the United States.

e.    Verizon Northwest Inc. ("Verizon Northwest") is a corporation organized and
existing under the laws of the State of Washington, with a principal place of
business at 1800 41st Street, Everett, Washington (with a business address at 1095
Avenue of the Americas, New York, New York).  Upon information and belief,
Verizon Northwest conducts substantial business, through its affiliates and agents,
including certain Defendants herein, in Virginia and throughout many states
within the United States.

f.    Verizon South Inc. ("Verizon South") is a corporation organized and existing
under the laws of the Commonwealth of Virginia, with a principal place of

business at 600 Hidden Ridge, Irving, Texas. Upon information and belief, Verizon South conducts substantial business in Virginia and throughout many states within the United States through its affiliates and agents, including certain Defendants herein.

g.    Verizon West Coast Inc. ("Verizon West Coast") is a corporation organized and existing under the laws of the State of California, with a principal place of business at 750 Canyon Drive, Coppell, Texas. Upon information and belief, Verizon West Coast conducts substantial business, through its affiliates and agents, including certain Defendants herein, in Virginia and throughout many states within the United States.

h.    GTE Southwest Inc. d/b/a Verizon Southwest ("Verizon Southwest") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 600 Hidden Ridge, Irving, Texas (with a business address at 1095 Avenue of the Americas, New York, New York). Upon information and belief, Verizon Southwest conducts substantial business, through its affiliates and agents, including certain Defendants herein, in Virginia and throughout many states within the United States.

i.    Contel Of The South Inc. d/b/a Verizon Mid-States ("Verizon Mid-States") is a corporation organized and existing under the laws of the State of Georgia, with a principal place of business at 750 Canyon Drive, Coppell, Texas. Upon information and belief, Verizon Mid-States conducts substantial business, through

its affiliates and agents, including certain Defendants herein, in Virginia and throughout many states within the United States.

j.      Verizon Delaware Inc. ("Verizon Delaware") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 901 Tatnall Street, Wilmington, Delaware. Upon information and belief, Verizon Delaware conducts substantial business, through its affiliates and agents, including certain Defendants herein, in Virginia and throughout many states within the United States.

k.      Verizon Maryland Inc. ("Verizon Maryland") is a corporation organized and existing under the laws of the State of Maryland, with a principal place of business at One E. Pratt Street, Baltimore, Maryland. Upon information and belief, Verizon Maryland conducts substantial business, through its affiliates and agents, including certain Defendants herein, in Virginia and throughout many states within the United States.

l.      Verizon New England Inc. ("Verizon New England") is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 185 Franklin Street, Boston, Massachusetts. Upon information and belief, Verizon New England conducts substantial business, through its affiliates and agents, including certain Defendants herein, in Virginia and throughout many states within the United States.

m.      Verizon New Jersey, Inc. ("Verizon New Jersey") is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of

business at 540 Broad Street, Newark, New Jersey. Upon information and belief, Verizon New Jersey conducts substantial business, through its affiliates and agents, including certain Defendants herein, in Virginia and throughout many states within the United States.

n.    Verizon New York Inc. ("Verizon New York") is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 1095 Avenue of the Americas, New York, New York. Upon information and belief, Verizon New York conducts substantial business, through its affiliates and agents, including certain Defendants herein, in Virginia and throughout many states within the United States.

o.    Verizon Pennsylvania Inc. ("Verizon Pennsylvania") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 1717 Arch Street, Philadelphia, Pennsylvania. Upon information and belief, Verizon Pennsylvania conducts substantial business, through its affiliates and agents, including certain Defendants herein, in Virginia and throughout many states within the United States.

p.    Verizon Virginia Inc. ("Verizon Virginia") is a corporation organized and existing under the laws of the Commonwealth of Virginia, with a principal place of business at 600 E. Main Street, Richmond, Virginia. Upon information and belief, Verizon Virginia conducts substantial business in Virginia and throughout many states within the United States through its affiliates and agents, including certain Defendants herein.

q.    Verizon Washington, D.C. Inc. ("Verizon D.C.") is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 1710 H Street, NW, Washington, D.C.  Upon information and belief, Verizon D.C. conducts substantial business, through its affiliates and agents, including certain Defendants herein, in Virginia and throughout many states within the United States.

r.    Verizon West Virginia Inc. ("Verizon West Virginia") is a corporation organized and existing under the laws of the State of West Virginia, with a principal place of business at 1500 MacCorkle Avenue, SE, Charleston, West Virginia.  Upon information and belief, Verizon West Virginia conducts substantial business, through its affiliates and agents, including certain Defendants herein, in Virginia and throughout many states within the United States.

These operating telephone companies are referred to herein collectively as the "Verizon Operating Telephone Companies."

## JURISDICTION AND VENUE

10.   This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

11.   Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1400(b).  Each Defendant resides and/or conducts substantial business in this judicial district and/or has committed acts of infringement in this judicial district and such acts are continuing.  Those Defendants with a business location in Virginia, or that use a business location of an

affiliate in Virginia, also have a regular and established place of business in Virginia. Venue is also proper in the judicial division of Alexandria. Those defendants with a business location in Virginia, or that use a business location of an affiliate in Virginia, have a business location within the division of Alexandria, including Verizon Internet, Verizon Internet Solutions, Verizon Services, Verizon Services Group, VADI, and Verizon Avenue Corp., which have business locations in Reston, Arlington, and/or Herndon, Virginia.

12.     On information and belief, Verizon Internet resides in this judicial district and is doing substantial business and committing infringement in this judicial district, and is subject to personal jurisdiction in this judicial district.

13.     On information and belief, Verizon Internet Solutions resides in this judicial district and is doing substantial business in this judicial district, is committing infringement in this judicial district, and is subject to personal jurisdiction in this judicial district.

14.     On information and belief, Verizon Services resides in this judicial district and is doing substantial business in this judicial district, is committing infringement in this judicial district, and is subject to personal jurisdiction in this judicial district.

15.     On information and belief, Verizon Services Group resides and/or conducts substantial business in this judicial district, is committing infringement in this judicial district, and is subject to personal jurisdiction in this judicial district.

16.     On information and belief, Verizon Corporate Services Group resides and/or conducts substantial business in this judicial district, is committing infringement in this judicial district, and is subject to personal jurisdiction in this judicial district.

17.     On information and belief, VADI resides in this judicial district and conducts substantial business and is committing or has committed infringement in this judicial district, and is subject to personal jurisdiction in this judicial district.

18.     On information and belief, Verizon Avenue resides in this judicial district and is doing substantial business in this judicial district, is committing infringement in this judicial district, and is subject to personal jurisdiction in this judicial district.

19.     On information and belief, each of the Verizon Operating Telephone Companies resides and/or does substantial business in this judicial district directly or through their authorized Verizon affiliates and agents, are committing infringement in this judicial district, and are subject to personal jurisdiction in this judicial district.  On information and belief, each Verizon Operating Telephone Company authorizes other defendants, including Verizon Internet, Verizon Internet Solutions, Verizon Services, Verizon Services Group, and/or Verizon Corporate Services Group, to perform substantial business and/or acts of infringement within this judicial district on behalf of each Verizon Operating Telephone Company, including marketing, sales, accounting, finance, corporate governance, media relations, and corporate advertising.

## BACKGROUND

20.     On December 1, 1998, U.S. Patent No. 5,844,596 (the "'596 Patent") was duly and

legally issued for an invention entitled "Two-way RF Communication at Points of

Convergence of Wire Pairs from Separate Internal Telephone Networks," listing David

D. Goodman as the inventor. Robert Domnitz was later duly and lawfully added as a co-

inventor. A copy of the '596 patent is attached hereto as Exhibit A.

21.     On May 22, 2001, U.S. Patent No. 6,236,718 (the "'718 Patent") was duly and legally

issued for an invention entitled "Video Transmission and Control System Utilizing

Internal Telephone Lines," listing David D. Goodman as the inventor. Robert Domnitz

was later duly and lawfully added as a co-inventor. A copy of the '718 Patent is attached

hereto as Exhibit B.

22.     On June 5, 2001, U.S. Patent No. 6,243,446 (the "'446 Patent") was duly and legally

issued for an invention entitled "Distributed Splitter for Data Transmission Over Twisted

Pairs," listing David D. Goodman as the inventor. Robert Domnitz was later added duly

and lawfully as a co-inventor. A copy of the '446 patent is attached hereto as Exhibit C.

23.     On April 1, 2003, U.S. Patent No. 6,542,585 (the "'585 Patent") was duly and legally

issued for an invention entitled "Distributed Splitter For Data Transmission Over Twisted

Wire Pairs," listing David D. Goodman as the inventor. Robert Domnitz was later added

duly and lawfully as a co-inventor. A copy of the '585 Patent is attached hereto as

Exhibit D.

24.    Inline is the owner of all right, title and interest in and to the '596, '718, '446, and '585, Patents (the "Inline Patents").

## COUNT ONE
## INFRINGEMENT OF THE '596 PATENT
## (35 U.S.C. §§ 271 ET SEQ.)

25.    Inline repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 24 above.

26.    Defendants have used, sold and/or offered to sell and, unless enjoined, will continue to use, sell and/or offer to sell, Digital Subscriber Line ("DSL") Service that infringes one or more claims of the '596 Patent without license from Inline.

27.    By using, selling and/or offering for sale DSL Service, Defendants have directly and/or indirectly infringed, and, unless enjoined, will continue to directly and/or indirectly infringe, one or more claims of the '596 Patent under 35 U.S.C. § 271 (a), (b) (c), and/or (f), literally and/or under the doctrine of equivalents.

28.    On information and belief, Defendants have had notice of the '596 Patent. Defendants' infringement of the '596 Patent under 35 U.S.C. § 271(a), (b), (c), and/or (f) has been and continues to be willful and deliberate.

29.    As a direct and proximate consequence of the acts and practices of Defendants, Inline has been, is being, and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

30.    As a direct and proximate consequence of the acts and practices of Defendants, Defendants have also caused, are causing, and unless such acts and practices are enjoined

by the Court, will continue to cause irreparable harm to Inline for which there is no adequate remedy at law, and for which Inline is entitled to permanent injunctive relief under 35 U.S.C. § 283.

### COUNT TWO
### INFRINGEMENT OF THE '718 PATENT
### (35 U.S.C. §§ 271 ET SEQ.)

31.    Inline repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 24 above.

32.    Defendants have used, sold and/or offered to sell and, unless enjoined, will continue to use, sell and/or offer to sell, DSL Service that infringes one or more claims of the '718 Patent without license from Inline.

33.    By using, selling and/or offering for sale DSL Service, Defendants have directly and/or indirectly infringed, and, unless enjoined, will continue to directly and/or indirectly infringe, one or more claims of the '718 Patent under 35 U.S.C. § 271 (a), (b) (c), and/or (f), literally and/or under the doctrine of equivalents.

34.    On information and belief, Defendants have had notice of the '718 Patent.  Defendants' infringement of the '718 Patent under 35 U.S.C. § 271(a), (b), (c), and/or (f) has been and continues to be willful and deliberate.

35.    As a direct and proximate consequence of the acts and practices of Defendants, Inline has been, is being, and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

36.    As a direct and proximate consequence of the acts and practices of Defendants, Defendants have also caused, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to Inline for which there is no adequate remedy at law, and for which Inline is entitled to permanent injunctive relief under 35 U.S.C. § 283.

**COUNT THREE**
**INFRINGEMENT OF THE '446 PATENT**
**(35 U.S.C. §§ 271 ET SEQ.)**

37.    Inline repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 24 above.

38.    Defendants have used, sold and/or offered to sell and, unless enjoined, will continue to use, sell and/or offer to sell, DSL Service that infringes one or more claims of the '446 Patent without license from Inline.

39.    By using, selling and/or offering for sale DSL Service, Defendants have directly and/or indirectly infringed, and, unless enjoined, will continue to directly and/or indirectly infringe, one or more claims of the '446 Patent under 35 U.S.C. § 271 (a), (b) (c), and/or (f), literally and/or under the doctrine of equivalents.

40.    On information and belief, Defendants have had notice of the '446 Patent. Defendants' infringement of the '446 Patent under 35 U.S.C. § 271(a), (b), (c), and/or (f) has been and continues to be willful and deliberate.

41.    As a direct and proximate consequence of the acts and practices of Defendants, Inline has been, is being, and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering

and will continue to suffer injury and damages for which it is entitled to relief under 35

U.S.C. § 284.

42.    As a direct and proximate consequence of the acts and practices of Defendants,

Defendants have also caused, are causing, and unless such acts and practices are enjoined

by the Court, will continue to cause irreparable harm to Inline for which there is no

adequate remedy at law, and for which Inline is entitled to permanent injunctive relief

under 35 U.S.C. § 283.

## COUNT FOUR
## INFRINGEMENT OF THE '585 PATENT
## (35 U.S.C. §§ 271 ET SEQ.)

43.    Inline repeats and incorporates herein the entirety of the allegations contained in

paragraphs 1 through 24 above.

44.    Defendants have used, sold and/or offered to sell and, unless enjoined, will continue to

use, sell and/or offer to sell, DSL Service that infringes one or more claims of the '585

Patent without license from Inline.

45.    By using, selling and/or offering for sale DSL Service, Defendants have directly and/or

indirectly infringed, and, unless enjoined, will continue to directly and/or indirectly

infringe, one or more claims of the '585 Patent under 35 U.S.C. § 271 (a), (b) (c), and/or

(f), literally and/or under the doctrine of equivalents.

46.    On information and belief, Defendants have had notice of the '585 Patent. Defendants'

infringement of the '585 Patent under 35 U.S.C. § 271(a), (b), (c), and/or (f) has been and

continues to be willful and deliberate.

47.    As a direct and proximate consequence of the acts and practices of Defendants, Inline has

been, is being, and, unless such acts and practices are enjoined by the Court, will

continue to be injured in its business and property rights, and has suffered, is suffering and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

48.   As a direct and proximate consequence of the acts and practices of Defendants, Defendants have also caused, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to Inline for which there is no adequate remedy at law, and for which Inline is entitled to permanent injunctive relief under 35 U.S.C. § 283.

## DEMAND FOR TRIAL BY JURY

Inline hereby demands a jury trial for all issues deemed to be triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Inline prays for the entry of a judgment from this Court:

a.   Declaring that the '596, '446, '585, and '718 Patents were duly and legally issued, and are valid and enforceable;

b.   Declaring that each Defendant has directly and/or indirectly infringed one or more claims of each of the '596, '446, '585, and '718 Patents;

c.   Awarding Inline damages including a reasonable royalty in accordance with 35 U.S.C. § 284;

d.   Declaring that Defendants have willfully infringed one or more claims of each of the '596, '446, '585, and '718 Patents and awarding Inline treble damages therefor;

e.    Deeming this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling Inline to an award of its reasonable attorneys' fees, expenses, and costs in this action;

f.    Enjoining Defendants, and their respective officers, agents, servants, representatives, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement under 35 U.S.C. § 271 of any one or more claims of each of the '596, '446, '585, and '718 Patents, pursuant to 35 U.S.C. § 283;

g.    Awarding Inline its costs in connection with this action; and

h.    Awarding Inline such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Ralph A. Mittelberger
Va. Bar No. 15098
Heller Ehrman White & McAuliffe LLP
1717 Rhode Island Avenue, NW
Washington, DC  20036
Telephone:  202-912-2000
Facsimile:  202-912-2020

Alexander L. Brainerd
Michael K. Plimack
Heller Ehrman White & McAuliffe LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone:  415-772-6000
Facsimile:  415-772-6268

Robert C. Bertin
Va. Bar No. 41278
C. Joël Van Over
Swidler Berlin LLP
3000 K Street, NW, Suite 300
Washington, DC  20007-5116
Telephone:  202-424-7581
Facsimile:  202-424-7643

Attorneys for Inline Connection Corporation

Dated:  April 6, 2005