IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

Inline Connection Corporation,

    Plaintiff,

v.

Verizon Internet Services, Inc., et al.,

    Defendants.

Civil Action No. 2:05CV205
(HCM)

### JOINT ANSWER OF CERTAIN VERIZON DEFENDANTS

Verizon Internet Services, Inc. ("VIS"), GTE.Net LLC d/b/a Verizon Internet Solutions ("GTE.Net"), Verizon Services Corp. ("Verizon Services"), Telesector Resources Group, Inc. ("TRG"), Verizon Corporate Services Group Inc. ("Verizon Corporate Services"), Verizon Advanced Data Inc. ("Verizon Advanced Data"), Verizon Avenue Corp. ("Verizon Avenue"), Verizon South Inc. ("Verizon South") and Verizon Virginia Inc. ("Verizon Virginia") named as Defendants in the above-captioned suit (hereinafter referred to collectively as "Answering Defendants"), answer the Complaint as follows:[1]

### THE PARTIES

1. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore deny same.

2. Answering Defendants admit that VIS is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1880 Campus

---

[1] For purposes of judicial economy and for the parties' convenience, Answering Defendants submit their answer jointly.

1

Commons Dr., Reston, Virginia and that it conducts business in Virginia. Answering Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

3. Answering Defendants admit that GTE.Net is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 600 Hidden Ridge, Irving, Texas, and that it conducts business in Virginia. Answering Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4. Answering Defendants admit that Verizon Services is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1310 N. Court House Road, Arlington, Virginia, and that it conducts business in Virginia. Answering Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5. Answering Defendants admit that TRG is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1095 Avenue of the Americas, New York, New York and that prior to 2005 it conducted business in Virginia. Answering Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6. Answering Defendants admit that Verizon Corporate Services is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 750 Canyon Drive, Coppell, Texas, and that it conducts business in Virginia. Answering Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7. Answering Defendants admit that Verizon Advanced Data is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1320 N. Court House Road, Arlington, Virginia, and that it conducts business in Virginia. Answering Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

8.  Answering Defendants admit that Verizon Avenue is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 12901 Worldgate Drive, Herndon, Virginia, and that it conducts business in Virginia. Answering Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

9.  a.  Answering Defendants admit that Verizon California Inc. is a corporation organized and existing under the laws of the State of California. Answering Defendants deny the remaining allegations in Paragraph 9a of the Complaint.

   b.  Answering Defendants admit that Verizon Florida Inc. is a corporation organized and existing under the laws of the State of Florida with a principal place of business at 201 N. Franklin St., Tampa, Florida. Answering Defendants deny the remaining allegations in Paragraph 9b of the Complaint.

   c.  Answering Defendants deny the allegations in Paragraph 9c of the Complaint.

   d.  Answering Defendants admit that Verizon North Inc. is a corporation organized and existing under the laws of the State of Wisconsin with a principal place of business at 8001 W. Jefferson Blvd., Fort Wayne, Indiana. Answering Defendants deny the remaining allegations in Paragraph 9d of the Complaint.

   e.  Answering Defendants admit that Verizon Northwest Inc. is a corporation organized and existing under the laws of the State of Washington with a principal place of business at 1800 41st Street, Everett, Washington. Answering Defendants deny the remaining allegations in Paragraph 9e of the Complaint.

   f.  Answering Defendants admit that Verizon South Inc. is a corporation organized and existing under the laws of the Commonwealth of Virginia. Answering Defendants

admit that Verizon South conducts business in Virginia, but deny the remaining allegations in Paragraph 9f of the Complaint.

      g.    Answering Defendants admit that Verizon West Coast Inc. is a corporation organized and existing under the laws of the State of California. Answering Defendants deny the remaining allegations in Paragraph 9g of the Complaint.

      h.    Answering Defendants admit that GTE Southwest Inc. is a corporation organized and existing under the laws of the State of Delaware. Answering Defendants deny the remaining allegations in Paragraph 9h of the Complaint.

      i.    Answering Defendants admit that Contel of the South Inc. is a corporation organized and existing under the laws of the State of Georgia. Answering Defendants deny the remaining allegations in Paragraph 9i of the Complaint.

      j.    Answering Defendants admit the allegations in the first sentence of Paragraph 9j of the Complaint. Answering Defendants deny the remaining allegations in Paragraph 9j of the Complaint.

      k.    Answering Defendants admit the allegations in the first sentence of Paragraph 9k of the Complaint. Answering Defendants deny the remaining allegations in Paragraph 9k of the Complaint.

      l.    Answering Defendants admit the allegations in the first sentence of Paragraph 9l of the Complaint. Answering Defendants deny the remaining allegations in Paragraph 9l of the Complaint.

      m.    Answering Defendants admit the allegations in the first sentence of Paragraph 9m of the Complaint. Answering Defendants deny the remaining allegations in Paragraph 9m of the Complaint.

n.  Answering Defendants admit the allegations in the first sentence of Paragraph 9n of the Complaint. Answering Defendants deny the remaining allegations in Paragraph 9n of the Complaint.

o.  Answering Defendants admit the allegations in the first sentence of Paragraph 9o of the Complaint. Answering Defendants deny the remaining allegations in Paragraph 9o of the Complaint.

p.  Answering Defendants admit the allegations in the first sentence of Paragraph 9p of the Complaint. Answering Defendants admit that Verizon Virginia conducts business in Virginia, but deny the remaining allegations in Paragraph 9p of the Complaint.

q.  Answering Defendants admit that Verizon Washington, D.C. Inc. is a corporation organized and existing under the laws of the State of New York. Answering Defendants deny the remaining allegations in Paragraph 9q of the Complaint.

r.  Answering Defendants admit the allegations in the first sentence of Paragraph 9r of the Complaint. Answering Defendants deny the remaining allegations in Paragraph 9r of the Complaint.

## JURISDICTION AND VENUE

10. Answering Defendants admit that the causes of action alleged in the Complaint arise under the patent laws of the United States, and that for that reason, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Answering Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Answering Defendants admit that VIS is subject to personal jurisdiction in this judicial district. Answering Defendants deny the remaining allegations of Paragraph 12 of the Complaint.

13. Answering Defendants admit that GTE.Net is subject to personal jurisdiction in this judicial district. Answering Defendants deny the remaining allegations of Paragraph 13 of the Complaint.

14. Answering Defendants admit that Verizon Services is subject to personal jurisdiction in this judicial district. Answering Defendants deny the remaining allegations of Paragraph 14 of the Complaint.

15. Answering Defendants admit that TRG is subject to personal jurisdiction in this judicial district. Answering Defendants deny the remaining allegations of Paragraph 15 of the Complaint.

16. Answering Defendants admit that Verizon Corporate Services is subject to personal jurisdiction in this judicial district. Answering Defendants deny the remaining allegations of Paragraph 16 of the Complaint.

17. Answering Defendants admit that Verizon Advanced Data is subject to personal jurisdiction in this judicial district. Answering Defendants deny the remaining allegations of Paragraph 17 of the Complaint.

18. Answering Defendants admit that Verizon Avenue is subject to personal jurisdiction in this judicial district. Answering Defendants deny the remaining allegations of Paragraph 18 of the Complaint.

19. Answering Defendants admit that Verizon South and Verizon Virginia are subject to personal jurisdiction in this judicial district. Answering Defendants deny the remaining allegations of Paragraph 19 of the Complaint.

## BACKGROUND

20.     Answering Defendants admit that on its face U.S. Patent No. 5,844,596 ("the '596 patent") issued on December 1, 1998 listing David D. Goodman as the inventor and that Robert Domnitz was later added as a co-inventor. Answering Defendants admit that a copy of the '596 patent was attached to the Complaint as Exhibit A. Answering Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

21.     Answering Defendants admit that on its face U.S. Patent No. 6,236,718 ("the '718 patent") issued on May 22, 2001 listing David D. Goodman as the inventor and that Robert Domnitz was later added as a co-inventor. Answering Defendants admit that a copy of the '718 patent was attached to the Complaint as Exhibit B. Answering Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

22.     Answering Defendants admit that on its face U.S. Patent No. 6,243,446 ("the '446 patent") issued on June 5, 2001 listing David D. Goodman as the inventor and that Robert Domnitz was later added as a co-inventor. Answering Defendants admit that a copy of the '446 patent was attached to the Complaint as Exhibit C. Answering Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

23.     Answering Defendants admit that on its face U.S. Patent No. 6,542,585 ("the '585 patent) issued on April 1, 2003 listing David D. Goodman as the inventor and that Robert Domnitz was later added as a co-inventor. Answering Defendants admit that a copy of the '585 patent was attached to the Complaint as Exhibit D. Answering Defendants deny the remaining allegations in Paragraph 23 of the Complaint.

24.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and therefore deny them.

### COUNT ONE: INFRINGEMENT OF THE '596 PATENT

25. Answering Defendants repeat and incorporate herein the entirety of their responses contained in Paragraphs 1 through 24 above in response to Paragraph 25 of the Complaint.

26. Answering Defendants deny the allegations of Paragraph 26 of the Complaint.

27. Answering Defendants deny the allegations of Paragraph 27 of the Complaint.

28. Answering Defendants deny the allegations of Paragraph 28 of the Complaint.

29. Answering Defendants deny the allegations of Paragraph 29 of the Complaint.

30. Answering Defendants deny the allegations of Paragraph 30 of the Complaint.

### COUNT TWO: INFRINGEMENT OF THE '718 PATENT

31. Answering Defendants repeat and incorporate herein the entirety of their responses contained in Paragraphs 1 through 24 above in response to Paragraph 31 of the Complaint.

32. Answering Defendants deny the allegations of Paragraph 32 of the Complaint.

33. Answering Defendants deny the allegations of Paragraph 33 of the Complaint.

34. Answering Defendants deny the allegations of Paragraph 34 of the Complaint.

35. Answering Defendants deny the allegations of Paragraph 35 of the Complaint.

36. Answering Defendants deny the allegations of Paragraph 36 of the Complaint.

### COUNT THREE: INFRINGEMENT OF THE '446 PATENT

37. Answering Defendants repeat and incorporate herein the entirety of their responses contained in Paragraphs 1 through 24 above in response to Paragraph 37 of the Complaint.

38. Answering Defendants deny the allegations of Paragraph 38 of the Complaint.

39. Answering Defendants deny the allegations of Paragraph 39 of the Complaint.

40. Answering Defendants deny the allegations of Paragraph 40 of the Complaint.

41. Answering Defendants deny the allegations of Paragraph 41 of the Complaint.

42. Answering Defendants deny the allegations of Paragraph 42 of the Complaint.

### COUNT FOUR: INFRINGEMENT OF THE '585 PATENT

43. Answering Defendants repeat and incorporate herein the entirety of their responses contained in Paragraphs 1 through 24 above in response to Paragraph 43 of the Complaint.

44. Answering Defendants deny the allegations of Paragraph 44 of the Complaint.

45. Answering Defendants deny the allegations of Paragraph 45 of the Complaint.

46. Answering Defendants deny the allegations of Paragraph 46 of the Complaint.

47. Answering Defendants deny the allegations of Paragraph 47 of the Complaint.

48. Answering Defendants deny the allegations of Paragraph 48 of the Complaint.

\*   \*   \*

Answering Defendants hereby deny each and every allegation of the Complaint not specifically admitted herein.

### PRAYER FOR RELIEF

Answering Defendants deny that Plaintiff is entitled to the relief sought, or any other relief.

### AFFIRMATIVE DEFENSES

1. The proper venue for Plaintiff's causes of action is the United States District Court for the District of Delaware.

2. The Complaint fails to state a claim upon which relief can be granted.

3.   The '596, '718, '446, and '585 patents are invalid and/or unenforceable under one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 102, 103 and 112.

4.   Answering Defendants' actions with respect to the use, sale or offer for sale of services relating to DSL Internet access do not infringe any properly construed, valid and/or enforceable claims of the '596, '718, '446, and '585 patents.

5.   Some or all of Plaintiff's claims for damages are barred under the doctrines of estoppel, laches, and/or waiver.

6.   Plaintiff's Complaint fails to join indispensable parties.

7.   Answering Defendants reserve the right to assert affirmatively any other matter that constitutes an affirmative defense under applicable law and rules.

WHEREFORE, Answering Defendants pray this Court enter judgment:

A.   dismissing the Complaint with prejudice and denying each and every prayer for relief contained therein;

B.   declaring that the '596, '718, '446, and '585 patents are not infringed by the use, sale or offer for sale of any of the Answering Defendants' services relating to DSL Internet access, either literally or under the doctrine of equivalents;

C.   declaring that the '596, '718, '446, and '585 patents are invalid and/or unenforceable;

D.   declaring that this case is "exceptional" within the meaning of 35 U.S.C. § 285, and that all costs and expenses of this action, including reasonable attorneys' fees, be awarded to Answering Defendants; and

E.   granting Answering Defendants such further relief as this Court may deem necessary, just or proper.

05 MAY 31 P 4:02

DISTRICT COURT
NORFOLK, VIRGINIA

Respectfully submitted,

By: _/s/ Robert W. McFarland_
Robert W. McFarland
MCGUIRE WOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510
Telephone: 757.640.3716
Facsimile: 757.640.3966

Brian C. Riopelle
MCGUIRE WOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
Telephone: 804.775.1084
Facsimile: 804.698.2150

Andrew G. McBride
John B. Wyss
Kevin P. Anderson
WILEY REIN & FIELDING LLP
1776 K Street NW
Washington, DC 20006
Telephone: 202.719.7000
Facsimile : 202.719.7049

Dated: May 31, 2005            Counsel for Verizon Defendants

CERTIFICATE OF SERVICE

I hereby certify that on the ⟨21⟩ of May, 2005, a true copy of the foregoing was sent to plaintiff's counsel, in the manner indicated, upon:

2005 MAY 31  P 4: 02

Michael K. Plimack, Esq.         (served by e-mail and overnight delivery)
Heller Ehrman, LLP
333 Bush Street
San Francisco, CA 94104

C. Joel Van Over, Esq.           (served by e-mail and overnight delivery)
Swidler Berlin LLP
3000 K. Street, NW, #300
Washington, DC 20007 5116

Stephen E. Noona, Esq.           (served by hand delivery)
Kaufman & Canoles, PC
150 West Main Street #2100
Norfolk, VA 23510

_____
Robert W. McFarland