

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

Inline Connection Corporation,

Plaintiff,

v.

Verizon Internet Services, Inc., et al.,

Defendants.

Civil Action No. 2:05CV205
(HCM)

0 5 -    8 6 6

## DECLARATION OF WILLIAM R. ALLAN IN SUPPORT OF VERIZON DELAWARE INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

FILED

DEC 1 4 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

I, William R. Allan, declare as follows:

1.    I am State President of Verizon Delaware Inc. ("Verizon DE") and have held that position since March 14, 2005. I am neither an officer, director nor an employee of any other defendant in this litigation.

2.    I submit this declaration in support of Verizon DE's Motion to Dismiss For Lack of Personal Jurisdiction in the above-captioned litigation.

**Verizon DE Provides Local Telecommunications Services Pursuant to Federal and State Regulations**

3.    Verizon DE is a local telephone company that provides local, exchange access, and intrastate toll telephone services only to customers within portions of Delaware.

4.    Verizon DE is regulated by the Federal Communications Commission ("FCC") as well as various the Delaware Public Service Commission (the "DE PSC"). Verizon DE provides

services in accordance with rates, terms, and conditions set forth in tariffs filed with the FCC and the DE PSC.

5.      In providing local, exchange access, and intrastate toll telephone services, Verizon Delaware does not conduct operations or business outside of Delaware.

6.      Verizon DE also provides Digital Subscriber Line ("DSL") services within, and only within, certain portions of Delaware.  DSL services are provided pursuant to and solely in accordance with published tariffs on file with the Federal Communications Commission ("FCC").  Verizon DE does not provide any DSL equipment directly to end users.  Verizon DE acts as a local voice and data signal transfer point for DSL services in Delaware.  Verizon DE provides DSL services in Delaware irrespective of the particular Internet Service Provider ("ISP") pursuant to FCC tariffs.

**Verizon DE Is A Separate And Legally Distinct Entity From Other Verizon Entities**

7.      Verizon DE is **a wholly owned subsidiary of VCI**.  Verizon DE has no ownership interest in any of the other defendants in this litigation, and no other defendant in this litigation has any ownership interest in Verizon DE.  Verizon DE operates as a separate corporate entity that is legally distinct from Verizon Communications Inc. ("VCI") or the other defendants in this litigation.

8.      Verizon DE is incorporated in Delaware, and is qualified to do business only in Delaware.  Verizon DE is not qualified to do business in Virginia.

9.      Verizon DE has its own separate group of officers and directors, although some of its officers may also be officers of, and some of its directors may also be directors of, one or more of the other defendants.

10.     Verizon DE is capitalized independent of VCI and the other defendants in this litigation.  Verizon DE owns assets independent of VCI. and the other defendants in this litigation.  Neither VCI nor any of the other defendants in this litigation provide financing for Verizon DE.  Verizon DE has issued its own long-term debt, and does not obtain any short-term funding from any of the other defendants in this litigation.

11.     Verizon DE keeps its own books and records independent of Verizon Communications Inc. or the defendants in this litigation.  It also makes financial and regulatory filings separate from those of VCI or the other defendants in this litigation.

**Verizon DE Has No Contacts With Virginia**

12.     Verizon DE does not provide any DSL services in Virginia.

13.     Verizon DE does not provide telecommunications services of any type, tariffed or untariffed, in Virginia.

14.     Verizon DE does not have any offices in Virginia, does not own real estate in Virginia, does not manufacture goods in Virginia, does not offer any products or services in Virginia, and does not own or operate any switches or landlines in Virginia.

15.     Verizon DE does not have any assets in Virginia.

16.     Verizon DE does not direct its activities towards residents of Virginia.

17.     Verizon DE does not have employees in Virginia.

18.     Verizon DE does not have a registered agent for the service of process in Virginia.

19.     Verizon DE does not pay taxes in Virginia.

20.     It is not possible to purchase from Verizon DE services that would be provided within Virginia.

**The Website www.verizon.com Is Not Owned Or Operated By Verizon DE**

21.     The www.verizon.com website is not owned or operated by Verizon DE.

22.     Verizon DE relies on the www.verizon.com website only to communicate with its customers and potential customers within its own operating territory.

23.     Verizon DE does not sell or derive any revenue from the sale of products (*e.g.*, cordless telephones, caller ID boxes, answering machines) on the www.verizon.com website.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on 27 May, 2005.

_William R. Allan_

William R. Allan

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| Inline Connection Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Verizon Internet Services, Inc., et al.,<br><br>Defendants. | Civil Action No. 2:05CV205 (HCM) |

**DECLARATION OF JAMES V. O'ROURKE IN SUPPORT OF**
**VERIZON PENNYSLVANIA INC.'S MOTION TO DISMISS**
**FOR LACK OF PERSONAL JURISDICTION**

I, James V. O'Rourke, declare as follows:

1.    I am President of Verizon Pennsylvania Inc. ("Verizon PA") and have held that position since 2003.

2.    I submit this declaration in support of Verizon PA's Motion to Dismiss For Lack of Personal Jurisdiction in the above-captioned litigation.

**Verizon PA Provides Local Telecommunications Services Pursuant to Federal and State Regulations**

3.    Verizon PA is a local telephone company that provides local, exchange access, and intrastate toll telephone services to customers within the Commonwealth of Pennsylvania.

4.    Verizon PA is regulated by the Federal Communications Commission ("FCC") as well as various state regulatory agencies for the Commonwealth of Pennsylvania. Verizon PA provides services in accordance with rates, terms, and conditions set forth in tariffs filed with the FCC and these state agencies.

1

5.    In providing local, exchange access, and intrastate toll telephone services, Verizon Pennsylvania does not conduct operations or business outside of Pennsylvania.

6.    Verizon PA also provides Digital Subscriber Line ("DSL") services within, and only within, certain portions of the above described territory. DSL services are provided pursuant to and solely in accordance with published tariffs on file with the Federal Communications Commission ("FCC"). Verizon PA does not provide any DSL equipment directly to end users. Verizon PA acts as a local voice and data signal transfer point for DSL services in the above states. Verizon PA provides DSL services in these states irrespective of the particular Internet Service Provider ("ISP") pursuant to FCC tariffs.

**Verizon PA Is A Separate And Legally Distinct Entity From Other Verizon Entities**

7.    Verizon PA is a wholly owned subsidiary of Verizon Communications Inc. ("VCI"). Verizon PA has no ownership interest in any of the other defendants in this litigation, and no other defendant in this litigation has any ownership interest in Verizon PA. Verizon PA operates as a separate corporate entity that is legally distinct from VCI or the other defendants in this litigation.

8.    Verizon PA is incorporated in Pennsylvania, and is qualified to do business only in Pennsylvania. Verizon PA is not qualified to do business in Virginia.

9.    Verizon PA has its own separate group of officers and directors, although some of its officers may also be officers of, and some of its directors may also be directors of, one or more of the other defendants.

10.    Verizon PA is capitalized independent of VCI and the other defendants in this litigation. Verizon PA owns assets independent of VCI. and the other defendants in this

2

litigation.  Neither VCI nor any of the other defendants in this litigation provide financing for Verizon PA.  Verizon PA has issued its own long-term debt, and does not obtain any short-term funding from any of the other defendants in this litigation.

 11. Verizon PA's books and records are kept independent of VCI or the other defendants in this litigation.  Verizon PA also makes financial and regulatory filings separate from those of VCI or the other defendants in this litigation.


**Verizon PA Has No Contacts With Virginia**

 12. Verizon PA does not provide any DSL services in Virginia.

 13. Verizon PA does not provide telecommunications services of any type, tariffed or untariffed, in Virginia.

 14. Verizon PA does not have any offices in Virginia, does not own real estate in Virginia, does not manufacture goods in Virginia, does not offer any products or services in Virginia, and does not own or operate any switches or landlines in Virginia.

 15. Verizon PA does not have any assets in Virginia.

 16. Verizon PA does not direct its activities towards residents of Virginia.

 17. Verizon PA does not have employees in Virginia.

 18. Verizon PA does not have a registered agent for the service of process in Virginia.

 19. Verizon PA does not pay taxes in Virginia.

 20. It is not possible to purchase from Verizon PA services that would be provided within Virginia.


**The Website www.verizon.com Is Not Owned Or Operated By Verizon PA**

 21. The www.verizon.com website is not owned or operated by Verizon PA.

22.     Verizon PA relies on the www.verizon.com website only to communicate with its customers and potential customers within its own operating territory.

23.     Verizon PA does not sell or derive any revenue from the sale of products (*e.g.*, cordless telephones, caller ID boxes, answering machines) on the www.verizon.com website.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **31** May, 2005.

JAMES V. O'ROURKE

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

Inline Connection Corporation,

        Plaintiff,

        v.

Verizon Internet Services, Inc., et al.,

        Defendants.

Civil Action No.  2:05CV205
(HCM)

## DECLARATION OF DONNA C. CUPELO IN SUPPORT OF VERIZON NEW ENGLAND INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, Donna C. Cupelo, declare as follows:

    1.    I am Region President - Massachusetts and Rhode Island for Verizon New England Inc. ("Verizon NE") and have held that position since November, 2000.

    2.    I submit this declaration in support of Verizon NE's Motion to Dismiss For Lack of Personal Jurisdiction in the above-captioned litigation.

**Verizon NE Provides Local Telecommunications Services Pursuant to Federal and State Regulations**

    3.    Verizon NE is a local telephone company that provides local, exchange access, and intrastate toll telephone services only to customers within portions of Maine, Massachusetts, New Hampshire, Rhode Island, and Vermont.

    4.    Verizon NE is regulated by the Federal Communications Commission ("FCC") as well as various state regulatory agencies for the above states.  Verizon NE provides services in

accordance with rates, terms, and conditions set forth in tariffs filed with the FCC and these state agencies.

5.      Verizon NE provides the following principal types of telecommunications services to its retail and wholesale customers: (1) local telephone services, (2) intrastate toll service, (3) exchange access services. None of these services involve operations or business outside of the states listed above.

6.      Verizon NE also provides Digital Subscriber Line ("DSL") services within, and only within, certain portions of the above described territory. DSL services are provided pursuant to and solely in accordance with published tariffs on file with the Federal Communications Commission ("FCC"). Verizon NE does not provide any DSL equipment directly to end users. Verizon NE acts as a local voice and data signal transfer point for DSL services in the above states. Verizon NE provides DSL services in these states irrespective of the particular Internet Service Provider ("ISP") pursuant to FCC tariffs.

**Verizon NE Is A Separate And Legally Distinct Entity From Other Verizon Entities**

7.      Verizon NE is a wholly owned subsidiary of NYNEX Corporation, which is a wholly owned subsidiary of Verizon Communications Inc. ("VCI"). Verizon NE has no ownership interest in any of the other defendants in this litigation, and no other defendant in this litigation has any ownership interest in Verizon NE. Verizon NE operates as a separate corporate entity that is legally distinct from VCI or the other defendants in this litigation.

8.      Verizon NE is incorporated in the State of New York, and is qualified to do business only in Maine, Massachusetts, New Hampshire, Rhode Island, and Vermont. Verizon NE is not qualified to do business in Virginia.

9.      Verizon NE has its own separate group of officers and directors, although some of its officers may also be officers of, and some of its directors may also be directors of, one or more of the other defendants.

10.     Verizon NE is capitalized independent of VCI and the other defendants in this litigation. Verizon NE owns assets independent of VCI and the defendants in this litigation. Neither VCI nor any of the other defendants in this litigation provide financing for Verizon NE. Verizon NE issued its own long-term debt, and does not obtain any short-term funding from any of the other defendants in this litigation.

11.     Verizon NE's books and records are kept independent of VCI or the other defendants in this litigation. Verizon NE also makes financial and regulatory filings separate from those of VCI or the defendants in this litigation.

**Verizon NE Has No Contacts With Virginia**

12.     Verizon NE does not provide any DSL services in Virginia.

13.     Verizon NE does not provide telecommunications services of any type, tariffed or untariffed, in Virginia.

14.     Verizon NE does not have any offices in Virginia, does not own real estate in Virginia, does not manufacture goods in Virginia, does not offer any products or services in Virginia, and does not own or operate any switches or landlines in Virginia.

15.     Verizon NE does not have any assets in Virginia.

16.     Verizon NE does not direct its activities towards residents of Virginia.

17.     Verizon NE does not have employees in Virginia.

18.     Verizon NE does not have a registered agent for service of process in Virginia.

19.     Verizon NE does not pay taxes in Virginia

20.     It is not possible to purchase from Verizon NE services that would be provided within Virginia.

**The Website www.verizon.com Is Not Owned Or Operated By Verizon NE**

21.     The www.verizon.com website is not owned or operated by Verizon NE

22.     Verizon NE relies on the www.verizon.com website only to communicate with its customers and potential customers within its own operating territory.

23.     Verizon NE does not sell or derive any revenue from the sale of products (*e.g.*, cordless telephones, caller ID boxes, answering machines) on the www.verizon.com website.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 31 May, 2005.

Donna C. Cupelo

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

Inline Connection Corporation,

Plaintiff,

v.

Verizon Internet Services, Inc., et al.,

Defendants.

Civil Action No. 2:05CV205
(HCM)

DECLARATION OF PAUL A. CROTTY IN SUPPORT OF
VERIZON NEW YORK INC.'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION

I, Paul A. Crotty, declare as follows:

1.      I am Group Vice President New York/Connecticut of Verizon New York Inc.

("Verizon NY") and have held that position since November, 1997.

2.      I submit this declaration in support of Verizon NY's Motion to Dismiss for Lack

of Personal Jurisdiction in the above-captioned litigation.

**Verizon NY Provides Local Telecommunications Services Pursuant to Federal and State
Regulations**

3.      Verizon NY is a local telephone company that provides local, exchange access,

intrastate toll telephone services, and limited interstate toll services only to customers within

portions of New York and Connecticut.

4.      Verizon NY is regulated by the Federal Communications Commission ("FCC") as

well as various state regulatory agencies for the above states.  Verizon NY provides services in

1

accordance with rates, terms, and conditions set forth in tariffs filed with the FCC and these state agencies.

5.     Verizon NY provides the following principal types of telecommunications services to its retail and wholesale customers:  (1) local telephone services, (2) intrastate toll service, (3) exchange access services, and (4) limited interstate toll services involving calls placed from a limited area of New York to a limited area of New Jersey, and calls between limited areas of Connecticut and New York.  None of these services involve operations or business outside of the states listed above.

6.     Verizon NY also provides Digital Subscriber Line ("DSL") services within, and only within, certain portions of the above described territory.  DSL services are provided pursuant to and solely in accordance with published tariffs on file with the FCC.  Verizon NY does not provide any DSL equipment directly to end users.  Verizon NY acts as a local voice and data signal transfer point for DSL services in the above states.  Verizon NY provides DSL services in these states irrespective of the particular Internet Service Provider ("ISP") pursuant to FCC tariffs.

**Verizon NY Is A Separate And Legally Distinct Entity From Other Verizon Entities**

7.     Verizon NY is a wholly owned subsidiary of NYNEX Corporation, which is a wholly owned subsidiary of Verizon Communications Inc. ("VCI").  Verizon NY has no ownership interest in any of the other defendants in this litigation, and no defendant in this litigation has any ownership interest in Verizon NY.  Verizon NY operates as a separate corporate entity that is legally distinct from VCI or the other defendants in this litigation.

2

8.    Verizon NY is incorporated in New York, and is qualified to do business only in New York and Connecticut. Verizon NY is not qualified to do business in Virginia.

9.    Verizon NY has its own separate group of officers and directors, although some of its officers may also be officers of, and some of its directors may also be directors of, one or more of the other defendants.

10.    Verizon NY is capitalized independent of VCI and the other defendants in this litigation. Verizon NY owns assets independent of VCI and the other defendants in this litigation. Neither VCI nor any of the other defendants in this litigation provide financing for Verizon NY. Verizon NY issues its own long-term debt, and does not obtain any short-term funding from any of the other defendants in this litigation.

11.    Verizon NY's books and records are kept independent of VCI or the other defendants in this litigation. Verizon NY also makes financial and regulatory filings separate from those of VCI or the defendants in this litigation.

**Verizon NY Has No Contacts With Virginia**

12.    Verizon NY does not provide any DSL services in Virginia.

13.    Verizon NY does not provide telecommunications services of any type, tariffed or untariffed, in Virginia.

14.    Verizon NY does not have any offices in Virginia, does not own real estate in Virginia, does not manufacture goods in Virginia, does not offer any products or services in Virginia, and does not own or operate any switches or landlines in Virginia.

15.    Verizon NY does not have any assets in Virginia.

16.    Verizon NY does not direct its activities towards residents of Virginia.

3

17.     Verizon NY does not have employees in Virginia.

18.     Verizon NY does not have a registered agent for service of process in Virginia.

19.     Verizon NY does not pay taxes in Virginia.

20.     It is not possible to purchase from Verizon NY services that would be provided within Virginia.


**The Website www.verizon.com Is Not Owned Or Operated By Verizon NY**

21.     The www.verizon.com website is not owned or operated by Verizon NY

22.     Verizon NY relies on the www.verizon.com website only to communicate with its customers and potential customers within its own operating territory.

23.     Verizon NY does not sell or derive any revenue from the sale of products (*e.g.*, cordless telephones, caller ID boxes, answering machines) on the www.verizon.com website.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on 31st May, 2005.

Paul A. Crotty

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

Inline Connection Corporation,

       Plaintiff,

       v.

Verizon Internet Services, Inc., et al.,

       Defendants.

Civil Action No.  2:05CV205
(HCM)

**DECLARATION OF BRUCE D. COHEN  IN SUPPORT OF
VERIZON NEW JERESY INC.'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

I, Bruce D. Cohen, declare as follows:

       1.      I am Vice President, General Counsel and Corporate Secretary of Verizon New

Jersey Inc. ("Verizon NJ") and have held that position since June 1, 2001.

       2.      I submit this declaration in support of Verizon NJ's Motion to Dismiss For Lack

of Personal Jurisdiction in the above-captioned litigation.

**Verizon NJ  Provides Local Telecommunications Services Pursuant to Federal and State
Regulations**

       3.      Verizon NJ is a local telephone company that provides local, exchange access,

and intrastate toll telephone services only to customers within portions of New Jersey.

       4.      Verizon NJ is regulated by the Federal Communications Commission ("FCC") as

well as various state regulatory agencies for the state of New Jersey.  Verizon NJ provides

services in accordance with rates, terms, and conditions set forth in tariffs filed with the FCC and

the New Jersey Board of Public Utilities.

5.      Verizon New Jersey provides the following principal types of telecommunications services to its retail and wholesale customers: (1) local telephone services, (2) intrastate toll service, (3) exchange access services, and (4) limited interstate interexchange service for certain New Jersey customers through a judicially created interstate corridor to the New York City and Philadelphia areas. None of these services involves operations or business outside of New Jersey.

6.      Verizon NJ also provides Digital Subscriber Line ("DSL") services within, and only within, certain portions of the above described territory. DSL services are provided pursuant to and solely in accordance with published tariffs on file with the Federal Communications Commission ("FCC"). Verizon NJ does not provide any DSL equipment directly to end users. Verizon NJ acts as a local voice and data signal transfer point for DSL services in the above states. Verizon NJ provides DSL services in these states irrespective of the particular Internet Service Provider ("ISP") pursuant to FCC tariffs.

**Verizon NJ Is A Separate And Legally Distinct Entity From Other Verizon Entities**

7.      Verizon NJ is a wholly owned subsidiary of Verizon Communications Inc. ("VCI"). Verizon NJ has no ownership interest in any of the other defendants in this litigation, and no other defendant in this litigation has any ownership interest in Verizon NJ. Verizon NJ operates as a separate corporate entity that is legally distinct from VCI or the other defendants in this litigation.

8.      Verizon NJ is incorporated in New Jersey and is qualified to do business only in New Jersey. Verizon NJ is not qualified to do business in Virginia.

2

9.     Verizon NJ has its own separate group of officers and directors, although some of its officers may also be officers of, and some of its directors may also be directors of, one or more of the other defendants.

10.    Verizon NJ is capitalized independent of VCI and the other defendants in this litigation. Verizon NJ owns assets independent of VCI and the other defendants in this litigation. Neither VCI nor any of the other defendants in this litigation provide financing for Verizon NJ. Verizon NJ has issued its own long-term debt, and does not obtain any short-term funding from any of the other defendants in this litigation.

11.    Verizon NJ's books and records are kept independent of VCI or the defendants in this litigation. Verizon NJ also makes financial and regulatory filings separate from those of VCI or the defendants in this litigation.

**Verizon NJ Has No Contacts With Virginia**

12.    Verizon NJ does not provide any DSL services in Virginia.

13.    Verizon NJ does not provide telecommunications services of any type, tariffed or untariffed, in Virginia.

14.    Verizon NJ does not have any offices in Virginia, does not own real estate in Virginia, does not manufacture goods in Virginia, does not offer any products or services in Virginia, and does not own or operate any switches or landlines in Virginia.

15.    Verizon NJ does not have any assets in Virginia.

16.    Verizon NJ does not direct its activities towards residents of Virginia.

17.    Verizon NJ does not have employees in Virginia.

18.    Verizon NJ does not have a registered agent for the service of process in Virginia.

19.    Verizon NJ does not pay taxes in Virginia.

20.     It is not possible to purchase from Verizon NJ services that would be provided within Virginia.

**The Website www.verizon.com Is Not Owned Or Operated By Verizon NJ**

21.     The www.verizon.com website is not owned or operated by **Verizon NJ**.

22.     Verizon NJ relies on the www.verizon.com website only to communicate with its customers and potential customers within its own operating territory.

23.     Verizon NJ does not sell or derive any revenue from the sale of products (*e.g.*, cordless telephones, caller ID boxes, answering machines) on the www.verizon.com website.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 27 May, 2005.

Bruce D. Cohen

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| Inline Connection Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Verizon Internet Services, Inc., et al.,<br><br>Defendants. | Civil Action No.  2:05CV205<br>(HCM) |

## DECLARATION OF ALAN F. CIAMPORCERO IN SUPPORT OF VERIZON FLORIDA INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, Alan F. Ciamporcero, declare as follows:

1.      I am President of Verizon Florida Inc. ("Verizon Florida") and have held that position since January 2003.

2.      I submit this declaration in support of Verizon Florida's Motion to Dismiss For Lack of Personal Jurisdiction in the above-captioned litigation.


**Verizon Florida Provides Local Telecommunications Services Pursuant to Federal and State Regulations**

3.      Verizon Florida is a local telephone company that provides local, exchange access, and intrastate toll telephone services only to customers within portions of Florida.

4.      Verizon Florida is regulated by the Federal Communications Commission ("FCC") as well as various Florida state regulatory agencies.  Verizon Florida provides services in accordance with rates, terms, and conditions set forth in tariffs filed with the FCC and the Florida Public Service Commission.

1

5.      Verizon Florida provides the following principal types of telecommunications services to its retail and wholesale customers: (1) local telephone services, (2) intrastate toll service, and (3) exchange access services. None of these services involve operations or business outside of the states listed above.

6.      Verizon Florida also provides Digital Subscriber Line ("DSL") services within, and only within, certain portions of the above described territory. DSL services are provided pursuant to and solely in accordance with published tariffs on file with the Federal Communications Commission ("FCC"). Verizon Florida does not provide any DSL equipment directly to end users. Verizon Florida acts as a local voice and data signal transfer point for DSL services in the above states. Verizon Florida provides DSL services in these states irrespective of the particular Internet Service Provider ("ISP") pursuant to FCC tariffs.

**Verizon Florida Is A Separate And Legally Distinct Entity From Other Verizon Entities**

7.      Verizon Florida is a wholly owned subsidiary of GTE Corporation, which is 95.24% owned by Verizon Communications Inc. ("VCI") and 4.74% owned by NYNEX Corporation. NYNEX Corporation is a wholly owned subsidiary of VCI. Verizon Florida has no ownership interest in any of the other defendants in this litigation, and no other defendant in this litigation has any ownership interest in Verizon Florida. Verizon Florida operates as a separate corporate entity that is legally distinct from VCI or the other defendants in this litigation.

8.      Verizon Florida is incorporated in Florida, and is qualified to do business only in Florida. Verizon Florida is not qualified to do business in Virginia.

2

9.      Florida has its own separate group of officers and directors, although some of its officers may also be officers of, and some of its directors may also be directors of, one or more of the other defendants.

10.     Verizon Florida is capitalized independent of VCI and the other defendants in this litigation.  Verizon Florida owns assets independent of VCI. and the other defendants in this litigation.  Neither VCI nor any of the other defendants in this litigation provide financing for Verizon Florida.  Verizon Florida has issued its own long-term debt, and does not obtain any short-term funding from any of the other defendants in this litigation.

11.     Verizon Florida's books and records are kept independent of VCI's or the other defendants in this litigation.  Verizon Florida also makes financial and regulatory filings separate from those of VCI or the other defendants in this litigation.


**Verizon Florida Has No Contacts With Virginia**

12.     Verizon Florida does not provide any DSL services in Virginia.

13.     Verizon Florida does not provide telecommunications services of any type, tariffed or untariffed, in Virginia.

14.     Verizon Florida does not have any offices in Virginia, does not own real estate in Virginia, does not manufacture goods in Virginia, does not offer any products or services in Virginia, and does not own or operate any switches or landlines in Virginia.

15.     Verizon Florida does not have any assets in Virginia.

16.     Verizon Florida does not direct its activities towards residents of Virginia.

17.     Verizon Florida does not have employees in Virginia.

3

18.     Verizon Florida does not have a registered agent for the service of process in Virginia.

19.     Verizon Florida does not pay taxes in Virginia.

20.     It is not possible to purchase from Verizon Florida services that would be provided within Virginia.

**The Website www.verizon.com Is Not Owned Or Operated By Verizon Florida**

21.     The www.verizon.com website is not owned or operated by Verizon Florida.

22.     Verizon Florida relies on the www.verizon.com website only to communicate with its customers and potential customers within its own operating territory.

23.     Verizon Florida does not sell or derive any revenue from the sale of products (*e.g.*, cordless telephones, caller ID boxes, answering machines) on the www.verizon.com website.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on 31 May, 2005.

Alan F. Ciamporcero

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| Inline Connection Corporation,<br><br>   Plaintiff,<br><br>  v.<br><br>Verizon Internet Services, Inc., et al.,<br><br>   Defendants. | Civil Action No. 2:05CV205<br>(HCM) |

**DECLARATION OF GALE Y. GIVEN IN SUPPORT OF**
**VERIZON NORTH INC.'S MOTION TO DISMISS**
**FOR LACK OF PERSONAL JURISDICTION**

I, Gale Y. Given, declare as follows:

  1. I am President of Verizon North Inc. ("Verizon North") and have held that

position since November 2003.

  2. I submit this declaration in support of Verizon North's Motion to Dismiss For

Lack of Personal Jurisdiction in the above-captioned litigation.

**Verizon North Provides Local Telecommunications Services Pursuant to Federal and State**
**Regulations**

  3. Verizon North is a local telephone company that provides local, exchange access,

and intrastate toll telephone services only to customers within portions of Wisconsin, Illinois,

Michigan, Indiana, Ohio & Pennsylvania.

  4. Verizon North is regulated by the Federal Communications Commission ("FCC")

as well as various state regulatory agencies for the above states.  Verizon North provides services

1

in accordance with rates, terms, and conditions set forth in tariffs filed with the FCC and these state agencies.

5.    Verizon North provides the following principal types of telecommunications services to its retail and wholesale customers:  (1) local telephone services, (2) intrastate toll service, (3) exchange access services.  None of these services involve operations or business outside of the states listed above.

6.    Verizon North also provides Digital Subscriber Line ("DSL") services within, and only within, certain portions of the above described territory.  DSL services are provided pursuant to and solely in accordance with published tariffs on file with the Federal Communications Commission ("FCC").  Verizon North does not provide any DSL equipment directly to end users.  Verizon North acts as a local voice and data signal transfer point for DSL services in the above states.  Verizon North provides DSL services in these states irrespective of the particular Internet Service Provider ("ISP") pursuant to FCC tariffs.

**Verizon North Is A Separate And Legally Distinct Entity From Other Verizon Entities**

7.    Verizon North is a wholly owned subsidiary of GTE Corporation, which is 95.24% owned by Verizon Communications Inc. ("VCI") and 4.74% owned by NYNEX Corporation.  NYNEX Corporation is a wholly owned subsidiary of VCI.  Verizon North has no ownership interest in any of the other defendants in this litigation, and no other defendant in this litigation has any ownership interest in Verizon North.  Verizon North operates as a separate corporate entity that is legally distinct from VCI or the other defendants in this litigation.

8.      Verizon North is incorporated in Wisconsin, and is qualified to do business only in Alabama, Illinois, Indiana, Michigan, Missouri, Ohio, Pennsylvania, Texas & Wisconsin. Verizon North is not qualified to do business in Virginia.

9.      Verizon North has its own separate group of officers and directors, although some of its officers may also be officers of, and some of its directors may also be directors of, one or more of the other defendants.

10.     Verizon North is capitalized independent of VCI and the other defendants in this litigation. Verizon North owns assets independent of VCI. and the other defendants in this litigation. Neither VCI nor any of the other defendants in this litigation provide financing for Verizon North. Verizon North has issued its own long-term debt, and does not obtain any short-term funding from any of the other defendants in this litigation.

11.     Verizon North keeps its own books and records independent of Verizon Communications Inc. or the defendants in this litigation. It also makes financial and regulatory filings separate from those of VCI or the other defendants in this litigation.

**Verizon North Has No Contacts With Virginia**

12.     Verizon North does not provide any DSL services in Virginia.

13.     Verizon North does not provide telecommunications services of any type, tariffed or untariffed, in Virginia.

14.     Verizon North does not have any offices in Virginia, does not own real estate in Virginia, does not manufacture goods in Virginia, does not offer any products or services in Virginia, and does not own or operate any switches or landlines in Virginia.

15.     Verizon North does not have any assets in Virginia.

3

16.     Verizon North does not direct its activities towards residents of Virginia.

17.     Verizon North does not have employees in Virginia.

18.     Verizon North does not have a registered agent for the service of process in Virginia.

19.     Verizon North does not pay taxes in Virginia.

20.     It is not possible to purchase from Verizon North services that would be provided within Virginia.

**The Website www.verizon.com Is Not Owned Or Operated By Verizon North**

21.     The www.verizon.com website is not owned or operated by Verizon North

22.     Verizon North relies on the www.verizon.com website only to communicate with its customers and potential customers within its own operating territory.

23.     Verizon North does not sell or derive any revenue from the sale of products (*e.g.*, cordless telephones, caller ID boxes, answering machines) on the www.verizon.com website.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 3*l* May, 2005.

_____
Gale Y. Given

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| Inline Connection Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Verizon Internet Services, Inc., et al.,<br><br>Defendants. | Civil Action No.  2:05CV205<br>(HCM) |

DECLARATION OF NARASIMHAN SURINDER IN SUPPORT OF
CONTEL OF THE SOUTH INC.'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION

I, Narasimhan Surinder, declare as follows:

1.      I am Vice President – Great Lakes Operation, for Contel of the South Inc., d/b/a

Verizon Mid-States("Contel of the South") and have held that position since September, 2003.

2.      I submit this declaration in support of Contel of the South's Motion to Dismiss

For Lack of Personal Jurisdiction in the above-captioned litigation.

**Contel of the South Provides Local Telecommunications Services Pursuant to Federal and
State Regulations**

3.      Contel of the South is a local telephone company that provides local, exchange

access, and intrastate toll telephone services only to customers within portions of Indiana and

Michigan.

4.      Contel of the South is regulated by the Federal Communications Commission

("FCC") as well as various state regulatory agencies for the above states.  Contel of the South

1

provides services in accordance with rates, terms, and conditions set forth in tariffs filed with the FCC and these state agencies.

5.     Contel of the South provides the following principal types of telecommunications services to its retail and wholesale customers: (1) local telephone services, (2) intrastate toll service, (3) exchange access services.  None of these services involve operations or business outside of the states listed above.

6.     Contel of the South also provides Digital Subscriber Line ("DSL") services within, and only within, certain portions of the above described territory.  DSL services are provided pursuant to and solely in accordance with published tariffs on file with the Federal Communications Commission ("FCC").  Contel of the South does not provide any DSL equipment directly to end users.  Contel of the South acts as a local voice and data signal transfer point for DSL services in the above states.  Contel of the South provides DSL services in these states irrespective of the particular Internet Service Provider ("ISP") pursuant to FCC tariffs.

**Contel of the South Is A Separate And Legally Distinct Entity From Other Verizon Entities**

7.     Contel of the South is a wholly owned subsdiary of GTE Corporation, which is 95.24% owned by Verizon Communications Inc. ("VCI") and 4.74% owned by NYNEX Corporation.  NYNEX Corporation is is a wholly owned subsidiary of VCI.  Contel of the South has no ownership interest in any of the other defendants in this litigation, and no other defendant in this litigation has any ownership interest in Contel of the South.  Contel of the South operates as a separate corporate entity that is legally distinct fromVCI or the other defendants in this litigation.

8.    Contel of the South is incorporated in Georgia, and is qualified to do business only in Alabama, Georgia, Indiana & Michigan. Contel of the South is not qualified to do business in Virginia.

9.    Contel of the South has its own separate group of officers and directors, although some of its officers may also be officers of, and some of its directors may also be directors of, one or more of the other defendants.

10.    Contel of the South is capitalized independent of VCI and the other defendants in this litigation. Contel of the South owns assets independent of VCI. and the other defendants in this litigation. Neither VCI nor any of the other defendants in this litigation provide financing for Contel of the South. Contel of the South has issued its own long-term debt, and does not obtain any short-term funding from any of the other defendants in this litigation.

11.    Contel of the South's books and records are kept independent of Verizon Communications Inc. or the defendants in this litigation. Contel of the South also makes financial and regulatory filings separate from those of VCI or the other defendants in this litigation.

**Contel of the South Has No Contacts With Virginia**

12.    Contel of the South does not provide any DSL services in Virginia.

13.    Contel of the South does not provide telecommunications services of any type, tariffed or untariffed, in Virginia.

14.    Contel of the South does not have any offices in Virginia, does not own real estate in Virginia, does not manufacture goods in Virginia, does not offer any products or services in Virginia, and does not own or operate any switches or landlines in Virginia.

3

15.    Contel of the South does not have any assets in Virginia.

16.    Contel of the South does not direct its activities towards residents of Virginia.

17.    Contel of the South does not have employees in Virginia.

18.    Contel of the South does not have a registered agent for the service of process in

Virginia.

19.    Contel of the South does not pay taxes in Virginia.

20.    It is not possible to purchase from Contel of the South services that would be

provided within Virginia.

**The Website www.verizon.com Is Not Owned Or Operated By Contel of the South**

21.    The www.verizon.com website is not owned or operated by Contel of the South.

22.    Contel of the South relies on the www.verizon.com website only to communicate

with its customers and potential customers within its own operating territory.

23.    Contel of the South does not sell or derive any revenue from the sale of products

(*e.g.*, cordless telephones, caller ID boxes, answering machines) on the www.verizon.com

website.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 3| May, 2005.

Narasimhan Surinder

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| Inline Connection Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>Verizon Internet Services, Inc., et al.,<br><br>        Defendants. | Civil Action No. 2:05CV205 (HCM) |

### DECLARATION OF WILLIAM R. ROBERTS IN SUPPORT OF VERIZON MARYLAND INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, William R. Roberts , declare as follows:

1.      I am President of Verizon Maryland Inc. ("Verizon MD") and have held that position since July, 2000.

2.      I submit this declaration in support of Verizon MD's Motion to Dismiss For Lack of Personal Jurisdiction in the above-captioned litigation.

**Verizon MD Provides Local Telecommunications Services Pursuant to Federal and State Regulations**

3.      Verizon MD is a local telephone company that provides local, exchange access, and intrastate toll telephone services only to customers within virtually all of Maryland.

4.      Verizon MD is regulated by the Federal Communications Commission ("FCC") as well as the Public Service Commission of Maryland. Verizon MD provides services in accordance with rates, terms, and conditions set forth in tariffs filed with the FCC and the state public service commission.

1

5.      Verizon MD provides the following principal types of telecommunications services to its retail and wholesale customers: (1) local telephone services, (2) intrastate toll service, and (3) exchange access services.

6.      Verizon MD also provides Digital Subscriber Line ("DSL") services within, and only within, certain portions of the above described territory.  DSL services are provided pursuant to and solely in accordance with published tariffs on file with the FCC.  Verizon MD does not provide any DSL equipment directly to end users.  Verizon MD acts as a local voice and data signal transfer point for DSL services in the above states.  Verizon MD provides DSL services in these states irrespective of the particular Internet Service Provider ("ISP") pursuant to FCC tariffs.

**Verizon MD Is A Separate And Legally Distinct Entity From Other Verizon Entities**

7.      Verizon MD is a wholly owned subsidiary of Verizon Communications Inc. ("VCI").  Verizon MD has no ownership interest in any of the other defendants in this litigation, and no other defendant in this litigation has any ownership interest in Verizon MD.  Verizon MD operates as a separate corporate entity that is legally distinct from VCI or the other defendants in this litigation.

8.      Verizon MD is incorporated in Maryland, and is qualified to do business only in Maryland.  Verizon MD is not qualified to do business in Virginia.

9.      Verizon MD has its own separate group of officers and directors, although some of its officers may also be officers of, and some of its directors may also be directors of, one or more of the other defendants.

10.     Verizon MD is capitalized independent of VCI and the other defendants in this litigation.  Verizon MD owns assets independent of VCI and the other defendants in this

2

litigation. Neither VCI nor any of the other defendants in this litigation provide financing for Verizon MD. Verizon MD has issued its own long-term debt, and does not obtain any short-term funding from any of the other defendants in this litigation.

11.     Verizon MD's books and records are kept independent of VCI or the other defendants in this litigation. Verizon MD also makes financial and regulatory filings separate from those of VCI or the other defendants in this litigation.

**Verizon MD Has No Contacts With Virginia**

12.     Verizon MD does not provide any DSL services in Virginia.

13.     Verizon MD does not provide telecommunications services of any type, tariffed or untariffed, in Virginia.

14.     Verizon MD does not have any offices in Virginia, does not own real estate in Virginia, does not manufacture goods in Virginia, does not offer any products or services in Virginia, and does not own or operate any switches or landlines in Virginia.

15.     Verizon MD does not have any assets in Virginia.

16.     Verizon MD does not direct its activities towards residents of Virginia.

17.     Verizon MD does not have employees in Virginia.

18.     Verizon MD does not have a registered agent for the service of process in Virginia.

19.     Verizon MD does not pay taxes in Virginia.

20.     It is not possible to purchase from Verizon MD services that would be provided within Virginia.

**The Website www.verizon.com Is Not Owned Or Operated By Verizon MD**

21.     The www.verizon.com website is not owned or operated by Verizon MD.

3

22.     Verizon MD relies on the www.verizon.com website only to communicate with its customers and potential customers within its own operating territory.

23.     Verizon MD does not sell or derive any revenue from the sale of products (*e.g.*, cordless telephones, caller ID boxes, answering machines) on the www.verizon.com website.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 31, 2005.

*William R. Roberts*

WILLIAM R. ROBERTS

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

Inline Connection Corporation,

      Plaintiff,

      v.

Verizon Internet Services, Inc., et al.,

      Defendants.

Civil Action No.  2:05CV205
(HCM)

## DECLARATION OF J. HENRY AMBROSE IN SUPPORT OF VERIZON DC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, J. Henry Ambrose, declare as follows:

    1.    I am Assistant Secretary of Verizon Washington, DC Inc. ("Verizon DC"), a position I have held since March, 2004.

    2.    I submit this declaration in support of Verizon DC's Motion to Dismiss For Lack of Personal Jurisdiction in the above-captioned litigation.

**Verizon DC Provides Local Telecommunications Services Pursuant to Federal and State Laws and Regulations**

    3.    Verizon DC is a local telephone company that provides local, exchange access, and intrastate toll telephone services only to customers within the District of Columbia.

    4.    Verizon DC is regulated by the Federal Communications Commission ("FCC") as well as the Public Service Commission of the District of Columbia ("Commission").  Verizon DC provides services in accordance with rates, terms, and conditions set forth in tariffs filed with the FCC and the Commission.

5.    Verizon DC provides the telecommunications services to its retail and wholesale customers, including local telephone services, intrastate toll service, and exchange access services. Verizon DC provides these services to customers located in the District of Columbia.

6.    Verizon DC also provides Digital Subscriber Line ("DSL") services within, and only within, the District of Columbia. DSL services are provided pursuant to published tariffs on file with the FCC. Verizon DC does not provide DSL equipment directly to end users. Verizon DC acts as a local voice and data signal transfer point for DSL services in the District of Columbia. Verizon DC does not restrict DSL services in the District of Columbia to any particular Internet Service Provider.

**Verizon DC Is A Separate Entity, Legally Distinct From Other Verizon Entities**

7.    Verizon DC is a wholly owned subsidiary of Verizon Communications Inc. ("VCI"). Verizon DC has no ownership interest in any of the other defendants in this litigation, and no defendant in this litigation has any ownership interest in Verizon DC. Verizon DC operates as a separate corporate entity that is legally distinct from Verizon Communications Inc. or the defendants in this litigation.

8.    Verizon DC is incorporated under the laws of the State of New York, and is qualified to do business only in New York, Washington, D.C., and Maryland. Verizon DC is not qualified to do business in Virginia.

9.    Verizon DC has its own separate group of officers and directors, although some of its officers may also be officers of, and some of its directors may also be directors of, one or more of the other defendants.

10.    Verizon DC is capitalized independent of VCI and the other defendants in this litigation. Verizon DC owns assets independent of VCI and the other defendants in this litigation. Neither VCI nor any of the other defendants in this litigation provide financing for Verizon DC.

11.    Verizon DC's books and records are kept independent of Verizon Communications Inc. or the defendants in this litigation. It also makes financial and regulatory filings separate from those of Verizon Communications Inc. or the defendants in this litigation.

**Verizon DC Has No Contacts With Virginia**

12.    Verizon DC does not provide DSL services in Virginia.

13.    Verizon DC does not provide telecommunications services of any type, tariffed or untariffed, in Virginia.

14.    Verizon DC does not have any offices in Virginia, does not own real estate in Virginia, does not manufacture goods in Virginia, does not offer any products or services in Virginia, and does not own or operate any switches or landlines in Virginia.

15.    Verizon DC does not have any assets in Virginia.

16.    Verizon DC does not direct its activities towards residents of Virginia.

17.    Verizon DC does not have employees in Virginia.

18.    Verizon DC does not have a registered agent for service of process in Virginia.

19.    Verizon DC does not pay taxes in Virginia.

20.    It is not possible to purchase from Verizon DC services that would be provided within Virginia.

**The Website www.verizon.com Is Not Owned Or Operated By Verizon DC**

21.    The www.verizon.com website is not owned or operated by Verizon DC.

22.    Verizon DC relies on the www.verizon.com website only to communicate with its customers and potential customers within its own operating territory.

23.    Verizon DC does not sell or derive any revenue from the sale of products (*e.g.*, cordless telephones, caller ID boxes, answering machines) on the www.verizon.com website.


I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.


Executed on 31 May, 2005.

J Henry Ambrose

4

**McGuireWoods LLP**
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510-1655
Phone: 757.640.3700
Fax: 757.640.3701
www.mcguirewoods.com

**Robert W. McFarland**
Direct: 757.640.3716



rmcfarland@mcguirewoods.com
Direct Fax: 757.640.3966

June 1, 2005

HAND DELIVERY

Elizabeth H. Paret, Clerk
United States District Court
600 Granby Street
Norfolk, VA 23510

> Inline Connection Corporation v. Verizon Internet Services, Inc., et al
> Civil Action No. 2:05cv205

Dear Ms. Paret:

On May 31, 2005, certain defendants filed a motion to dismiss for lack of personal jurisdiction. Enclosed please find originals of the declarations of the following named individuals, to be substituted for photo copies of the same contained with the original pleading.

William R. Allan, James V. O'Rourke, Donna C. Cupelo, Paul A. Crotty, Bruce D. Cohen, Alan F. Ciamporcero, Gale Y. Given, Narasimhan Surinder, William R. Roberts, and J. Henry Ambrose.

Thank you for your assistance. With best wishes, I am

Sincerely yours,

STEVEN R. ZAHN
Robert W. McFarland

RWM/j
Encl
CC:     Stephen E. Noona, Esq. (by hand)
        Michael K. Plimack, Esq. (by e-mail and Federal Express)
        C. Joel Van Over, Esq. (by e-mail and Federal Express)