# SWIDLER BERLIN LLP

C. Joel Van Over
Phone  202.424.7581
Fax  202.424.7643
cjvanover@swidlaw.com

The Washington Harbour
3000 K Street, N.W., Suite 300
Washington, D.C. 20007-5116
Phone  202.424.7500
Fax  202.424.7647
www.swidlaw.com

**BY ELECTRONIC MAIL**

August 5, 2005

Kurt M. Rogers, Esq.
Latham & Watkin
885 Third Avenue, Suite 1000
New York, NY  10022-4802

Frederick L. Cottrell, III, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

    Re: *Inline Connection Corp. v. AOL Time Warner, Inc., et al.*
       *Inline Connection Corp. v. Verizon Internet Services, Inc., et al.*

Dear Kurt and Fred:

  I spoke today with John Wyss, counsel to the Verizon defendants in the Inline suit referenced above, concerning his desire to obtain depositions, interrogatories, and potentially other materials from AOL, outside of the discovery schedule in that case. Mr. Wyss informs me that AOL is willing to cooperate with the Verizon defendants by providing him with certain confidential and highly confidential information from Inline's litigation against AOL. Based upon earlier correspondence it was my understanding that AOL would not agree to sharing its own information with Verizon. To the extent that AOL decides to share AOL's confidential or highly confidential information, we also address such documents below.

  As to Inline's confidential and highly confidential information, I am writing to authorize you on behalf of Inline to provide to Mr. Wyss: a) all deposition transcripts of those depositions taken by AOL counsel; and b) all Inline answers to interrogatories, including supplementary answers, served on AOL. However, this authorization is subject to your written notification to us concerning the specific items being provided to Mr. Wyss. Further, I note that you should review these depositions and interrogatory answers to determine whether they contain or reveal any confidential or highly confidential information belonging to AOL. If they do, please advise me whether AOL agrees to provide this information to Mr. Wyss, and under what conditions, if any.

**SWIDLER BERLIN** LLP

Kurt M. Rogers, Esq.
Frederick L. Cottrell, III, Esq.
August 5, 2005
Page 2

    As there is not yet a protective order entered in Inline's case against the Verizon defendants, Mr. Wyss has agreed to treat all transcripts and Inline interrogatory answers from the AOL litigation as "Attorney's Eyes Only." To the extent that such information is used in Inline's case against the Verizon defendants, this information may be subject to any future protective order entered in that case.

    To the extent that AOL provides any AOL confidential or highly confidential information to Mr. Wyss, other Verizon defense counsel, or to any Verizon defendant, we will request that Mr. Wyss provide us the bates number of the documents he has received that were previously produced in the Delaware case, or with a copy of documents not previous produced. We also request that you authorize Heller Ehrman and Kaufman & Canoles, counsel to Inline in the Verizon matter, to receive all such information. Counsel in the Virginia case will treat all such information as confidential information and designate it as such once a protective order has been entered.

    I appreciate your copying me on all transmittal letters or other correspondence with the Verizon defendants or their counsel concerning the matters addressed herein.

    Please let me know if you would like to discuss any aspect of this letter.

Very truly yours,

C. Joel Van Over

cc: (via electronic mail)
    Michael K. Plimack, Esq.
    Carl S. Nadler, Esq.
    John B. Wyss, Esq.
    Robert McFarland, Esq.
    Brian C. Rioppelle, Esq.
    Stephen E. Noona, Esq.

9238893v1