# EXHIBIT B

**Verizon Defendants' First Set of Interrogatories**　　　　　　　　(Served October 6, 2005)

2.　Describe in detail the conception and reduction to practice of each invention claimed in each [asserted claim], including but not limited to specific identification of the date on which the invention was first conceived, each document evidencing and/or corroborating the conception, each person involved in the conception, the specific contribution to the invention supplied by each such person, the date of reduction to practice, whether the reduction to practice was actual or constructive, each document evidencing and/or corroborating the reduction to practice, each person involved in the reduction to practice, and the specific contribution of each such person to the reduction to practice.

3.　Describe in detail for each named Defendant the factual basis for Inline's good faith belief at the time it filed its Complaint in this action that each such Defendant has infringed or is infringing one or more claims of the Patents-In-Suit, including but not limited to identification of each claim allegedly infringed and, for each such claim, identification of the specific product or service that is accused of infringement and a detailed claim chart showing how each individual claim element is satisfied by the accused product or service.

4.　For each [asserted claim], identify with specificity the language in the claim preamble that Inline asserts to be limiting with respect to infringement and/or anticipation, as well as any such preamble language that Inline asserts to be non-limiting with respect to infringement and/or anticipation.

5.　Describe in detail how the disclosure of the transmission of video signals at a frequency of 6 MHz or higher in the specification and drawings of the U.S. Patent No. 6,236,718 would enable one of skill in the art to transmit digital signals at lower frequencies between roughly 10 KHz and 1 MHz such as those utilized by commercial ADSL systems.

6.　Identify each meeting, telephone conversation or other communication, written or oral, between David D. Goodman and any member of the T1E1.4 Committee since January 1, 1992 [to December 1, 1998], including but not limited to Tom Starr and David Waring.

7.　Identify each communication, written or oral, between any representative of Inline (including but limited to David D. Goodman or Edward Kahn) and any representative of Bell Atlantic (including but not limited to Brian Williams, Art Bushkin, Anthony Capuano, Tim Eggleston, Randy Lewis, David Daley, Bill Lawrence, Wendell Simms or John Funk) during the period January 1, 1991 to [December 1, 1998].

9.　Identify each communication, written or oral, from Inline or any Inline representative (including but not limited to David D. Goodman and Edward Kahn) to any representative of a Regional Bell Operating Company (or any affiliate or subsidiary thereof) concerning any type of ADSL service during the period January 1, 1991 to [December 1, 1998].

**Verizon Defendants' Second Set of Interrogatories**           (Served December 16, 2005)

13.  Identify all existing, proposed, and expired assignments, covenants not to sue, and/or license agreements to which Inline is/was a party that include or relate to the Relevant Patents.

14.  Set forth all facts regarding sales, offers for sale, disclosure and/or discussion, written or oral, of the purported inventions claimed in each claim of the Asserted Patents to any person or entity prior to December 5, 1991, including, but not limited to, the names of all persons or entities to whom such sale, offer for sale or disclosure was made, or with whom discussions were had, the date of such sale, offer for sale or disclosure and/or discussions, the substance of the sale, offer for sale, disclosure and/or discussions, and all documents constituting or concerning such sale, offer for sale, disclosure and/or discussions.

**Verizon Defendants' Second Set of Document Requests**         (Served December 16, 2005)

15.  Copies of the complete prosecution files, as maintained by or on behalf of Inline, for each of the Relevant Patents and all related applications (including, but not limited to Serial No. 10/401,785), domestic or foreign, including, but not limited to, all patents and publications, applications, correspondence, responses, and any drafts thereof.

16.  Documents sufficient to identify each and every patent application, foreign or domestic, filed on behalf of Inline, David D. Goodman, or any listed inventor of the Relevant Patents.

17.  All communications between Inline and/or David D. Goodman and any individual or entity involved with the prosecution of any of the Relevant Patents, including, but not limited to, communications with Bell, Boyd & Lloyd LLP; Fish & Richardson, P.C.; Sughrue Mion PLLC; Staas & Halsey LLP; Hale & Dorr LLP; and any individuals associated with any of these entities.

19.  All documents that refer or relate to any telephone or personal (face to face) interviews with the Examiner(s) during the prosecution of each of the Relevant Patents and any related patent applications, foreign or domestic.

23.  All documents and things that refer or relate to the conception of the alleged inventions claimed in each claim of the Asserted Patents.

24.  All documents and things that refer or relate to the reduction to practice of the alleged inventions claimed in each claim of the Asserted Patents.

26.  All claim charts comparing the Relevant Patents to any DSL-related services, products or processes.

31.  All documents [prior to December 1, 1998] that refer or relate to any investigation, analysis, opinion or advice, written or oral, concerning infringement or potential infringement of any claim of the Relevant Patents by Defendants, or any predecessor in interest to Defendants, including, but not limited to Bell Atlantic, GTE and NYNEX.

32.     All documents that refer or relate to the addition, possible addition, deletion, or possible deletion of any inventor other than David D. Goodman to any of the Relevant Patents.

33.     All documents that refer or relate to assignment and/or ownership of any of the Relevant Patents.

34.     All documents [prior to December 1, 1998] that refer or relate to your knowledge of ADSL services offered for sale, sold, or manufactured by any of the Defendants, or any predecessor in interest to Defendants (including, but not limited to Bell Atlantic, GTE and NYNEX), including documents reflecting when Inline became aware that any of the Defendants, or any predecessor in interest to Defendants (including, but not limited to Bell Atlantic, GTE and NYNEX), were offering ADSL services, and the nature of the ADSL services being offered.

36.     All documents [prior to December 1, 1998] that refer or relate to possible, or actual, licensing, sale, or assignment of any one of, or any combination of, the Relevant Patents or of any interest therein.

39.     All documents that refer or relate to CAIS, Inc., including, but not limited to, documents evidencing, referring or relating to communications, correspondence, agreements, licenses and/or assignments, purported or actual, between CAIS, Inc. and Inline and/or David D. Goodman.

40.     All documents that refer or relate to Terk Technologies, including, but not limited to, documents evidencing, referring or relating to communications, correspondence, agreements, licenses and/or assignments, purported or actual, between Terk Technologies and Inline and/or David D. Goodman.

41.     All documents [prior to December 1, 1998] evidencing or concerning any meeting, telephone conversation or other communication, written or oral, between David D. Goodman and any member of the T1E1.4 Committee since January 1, 1992, including but not limited to Tom Starr and David Waring.

42.     All documents evidencing or concerning any communication, written or oral, between any representative of Inline (including but limited to David D. Goodman, Edward Kahn, and Chris Savage) and any representative of Bell Atlantic (including but not limited to Brian Williams, Art Bushkin, Anthony Capuano, Tim Eggleston, Randy Lewis, David Daley, Bill Lawrence, Wendell Simms or John Funk) during the period January 1, 1991 to [December 1, 1998].

43.     All documents evidencing or concerning communications, written or oral, from Inline or any Inline representative (including but not limited to David D. Goodman, Edward Kahn and Chris Savage) to any representative of a Regional Bell Operating Company (or any affiliate or subsidiary thereof) concerning any type of ADSL service during the period January 1, 1991 to [December 1, 1998].

44.     All documents [prior to December 1, 1998] evidencing or concerning agreements, written or oral, between BBN (including its predecessor(s) and/or related companies) and David D. Goodman, including, but not limited to, employment agreements, confidentiality agreements, agreements related to intellectual property, and non-compete agreements.

3

45. All documents [prior to December 1, 1998] evidencing or concerning communications, written or oral, between Inline and/or David D. Goodman and Bob Kanyuck, including, but not limited to, communications that refer or relate to the transfer of electronic signals over telephone lines.

47. All documents [prior to December 1, 1998] evidencing or concerning communications, written or oral, between Inline, David D. Goodman, and/or any representative of Inline (including, but not limited to Edward Kahn and Chris Savage) and Bell Atlantic, Nynex or GTE.

48. All documents and communications [prior to December 1, 1998] relating to Inline's and/or David D. Goodman's participation in, or knowledge of, ADSL industry standard and/or development activities, including, but not limited to, T1E1.4 committee, ADSL Forum, DSL Forum, Universal ADSL Working Group, and International Telecommunications Union (ITU) Study Group 15.

49. All documents and communications in the possession of David D. Goodman and/or Inline prior to January 1, 1998 that refer or relate to ADSL industry standards, including, but not limited to, T1.413, T1.413 Issue 2, T1.421, T1.424-2004, T1.424-TrialUse, T1.418-2002, T1.413a-2001, DSL Forum TR-048, ITU-T G.992.1, ITU-T G.992.2, ITU-T 992.3, ITU-T G.992.4, and ITU-T G.992.5.

55. Documents sufficient to identify the first public disclosure of any products, processes, services or methods by Inline and/or David D. Goodman that Inline contends embody any claim of one or more of the Relevant Patents.

60. Documents sufficient to show Inline's corporate organization, including, but not limited to, documents showing officers, directors, and employees, and/or organizational structure by function or otherwise, from January 1, 1988 to [December 1, 1998].