Exhibit C

# SWIDLER BERLIN LLP

C. Joel Van Over
Phone 202.424.7581
Fax 202.424.7643
cjvanover@swidlaw.com

The Washington Harbour
3000 K Street, N.W., Suite 300
Washington, D.C. 20007-5116
Phone 202.424.7500
Fax 202.424.7647

www.swidlaw.com

**VIA E-MAIL AND FIRST-CLASS MAIL**

January 30, 2006

John B. Wyss
Wiley Rein & Fielding LLP
1776 K Street NW
Washington, DC 20006

      Re:   *Inline Connection Corp. v. Verizon Internet Services, Inc. et al.*
             Case No. 1:05-cv-866-JJF (D. Del.)

Dear John:

    I am responding to your December 29, 2005 letter concerning Inline's claim for infringement of certain '718 patent claims. Let me assure you that Inline has a good faith basis for asserting infringement.

    First, as you know, Inline conceded noninfringement of the asserted '718 claims in its suit against AOL and EarthLink based solely on Judge Thynge's construction of the high frequency claim terms in the asserted '718 claims. No final judgment has been entered in that case, but when such a judgment is entered, that claim construction will be ripe for appeal. As you also know, Inline believes that the high frequency claim construction adopted is not supported by intrinsic or extrinsic evidence.

    To preserve Inline's rights, Inline has asserted infringement of certain '718 claims against Verizon. However, Inline will agree to dismiss those claims against Verizon, without prejudice, if Verizon agrees to be bound by any ultimate decision by the Federal Circuit, or Supreme Court, on the construction of the high frequency claim terms. If Inline does not prevail in reversing this claim construction, then the '718 patent would not be asserted against Verizon. If Inline settles both the AOL and EarthLink litigations, prior to an ultimate decision on this claim construction, then Inline may assert the '718 patent against Verizon. In short, whatever the ultimate ruling on the claim construction, the parties would be bound by this ruling. As a practical matter, all parties would likely be bound by the ultimate construction of the high frequency claim terms after appeal rights are exhausted. Thus, it would be in our mutual interest to agree to this proposal.

    Additionally, as part of any agreement to dismiss the '718 claims without prejudice, Inline would require a stipulation that no Verizon party would assert that the passage of time following the filing of the instant complaints against the Verizon companies would be asserted in support of any claim or defense in litigation concerning the '718 patent. Further, a stipulation

John B. Wyss
January 30, 2006
Page 2

would acknowledge that in the event Inline asserts the '718 patent in the future, either by amending the instant complaints or by the filing of new complaints, Verizon would assert no claims or defenses, nor move to dismiss the '718 claims, on the ground that such claims may not be asserted because the parties agreed to a stipulated dismissal, without prejudice, as proposed herein. In sum, any stipulation must acknowledge Inline's right to pursue its '718 claims, under the conditions described herein, even if the remaining claims against the Verizon companies are reduced to final judgment prior to a suit on the '718 claims. We are happy to draft a stipulation of dismissal, without prejudice, along these lines, for your review.

Finally, we are also willing to defer the '718 issue until the court rules on the motion to stay filed by Inline on Friday, January 27, 2006.

Please advise either Mike Plimack or me of your views.

Very truly yours,

C. Joel Van Over

cc:    Michael K. Plimack

9267302v1