EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

INLINE CONNECTION
CORPORATION,

              Plaintiff,

        v.

EARTHLINK, INC.,

              Defendant.

C.A. No. 02-477(MPT)

## SECOND AMENDED ANSWER AND COUNTERCLAIMS

Defendant, EarthLink, Inc. ("EarthLink"), through its undersigned counsel, for its Second Amended Answer to the Amended Complaint ("Complaint") of Plaintiff, Inline Connection Corporation ("Plaintiff"), responds as follows to the allegations of the Complaint:

1.     EarthLink denies the allegations of paragraph 1 of the Complaint, except EarthLink admits that Plaintiff purports to allege an action for patent infringement under the Patent Laws of the United States, Title 35, United States Code, and that Plaintiff alleges this action involves transmission of data and voice communications via digital subscriber line ("DSL") technology using conventional telephone subscriber loops serving residential customers.

2.     EarthLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, and therefore the allegations are deemed denied, except EarthLink admits that Exhibits "A-D" to the Complaint are United States Letters Patent No. 6,243,446 ("the '446 patent"), United States Letters Patent No. 6,236,718 ("the '718 patent"), United States Letters Patent No. 5,844,596 ("the '596 patent"), and United States Letters Patent No. 6,542,585 ("the '585 patent") and that the content of these patents speak for themselves in all respects. The '446 patent, '718 patent, '596 patent, and '585 patent are collectively referred to herein as "the patents-in-suit."

3.     EarthLink denies the allegations of paragraph 3 of the Complaint, except Earthlink admits it is a Delaware corporation with a principal place of business at 1375 Peachtree St., Atlanta, Georgia, offers internet access and web hosting services, is an Internet Service Provider and a provider of broadband service, and provides certain services within this judicial district and elsewhere in the United States.

4.     EarthLink denies the allegations of paragraph 4 of the Complaint, except EarthLink admits (a) Plaintiff purports to allege an action arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281 *et seq.*, for infringement of United States Patent Nos. 6,243,446, 6,236,718, and 5,844,596, which Plaintiff alleges

are owned by Plaintiff, and (b) Plaintiff purports to invoke subject matter jurisdiction under 28 U.S.C. § 1338(a).

5.     EarthLink denies the allegations of paragraph 5 of the Complaint, except EarthLink admits it is a Delaware corporation, that EarthLink offers for sale certain products and/or services including dial-up internet access services in this judicial district, and that venue is proper in this district pursuant to 28 U.S.C. § 1400(b).

6.     EarthLink admits paragraph 6 is a part of the Complaint's purported summary of the history of various types of technology and related topics, including telephone subscriber loops, public demand for communications links, the Internet, Internet Service Providers, telecommunications industry research, and digital subscriber lines. EarthLink further admits the Complaint purports to concern high speed Internet communications services provided to residential users over telephone subscriber loops. As to the specific allegations of the purported historical overview contained in paragraph 6, EarthLink lacks sufficient knowledge or information to form a specific belief as to the truth of these overbroad and generalized allegations and therefore they are deemed denied.

7.     EarthLink admits paragraph 7 is a part of the Complaint's purported summary of the history of various types of technology and related topics, including telephone subscriber loops, public demand for communications links, the Internet,

- 3 -

Internet Service Providers, telecommunications industry research, and digital subscriber lines. As to the specific allegations of the purported historical overview contained in paragraph 7, EarthLink lacks sufficient knowledge or information to form a specific belief as to the truth of these allegations and therefore they are deemed denied.

8.    EarthLink admits paragraph 8 is a part of the Complaint's purported summary of the history of various types of technology and related topics, including telephone subscriber loops, public demand for communications links, the Internet, Internet Service Providers, telecommunications industry research, and digital subscriber lines. As to the specific allegations of the purported historical overview contained in paragraph 8, EarthLink lacks sufficient knowledge or information to form a specific belief as to the truth of these allegations and therefore they are deemed denied.

9.    EarthLink admits paragraph 9 is a part of the Complaint's purported summary of the history of various types of technology and related topics, including telephone subscriber loops, public demand for communications links, the Internet, Internet Service Providers, telecommunications industry research, and digital subscriber lines. As to the specific allegations of the purported historical overview contained in paragraph 9, EarthLink lacks sufficient knowledge or information to

form a specific belief as to the truth of these allegations and therefore they are deemed denied.

10. EarthLink admits paragraph 10 is a part of the Complaint's purported summary of the history of various types of technology and related topics, including telephone subscriber loops, public demand for communications links, the Internet, Internet Service Providers, telecommunications industry research, and digital subscriber lines. As to the specific allegations of the purported historical overview contained in paragraph 10, EarthLink lacks sufficient knowledge or information to form a specific belief as to the truth of these allegations and therefore they are deemed denied.

11. EarthLink admits paragraph 11 is a part of the Complaint's purported summary of the history of various types of technology and related topics, including telephone subscriber loops, public demand for communications links, the Internet, Internet Service Providers, telecommunications industry research, and digital subscriber lines. As to the specific allegations of the purported historical overview contained in paragraph 11, EarthLink lacks sufficient knowledge or information to form a specific belief as to the truth of these allegations and therefore they are deemed denied.

12.    EarthLink admits paragraph 12 is a part of the Complaint's purported summary of the history of various types of technology and related topics, including telephone subscriber loops, public demand for communications links, the Internet, Internet Service Providers, telecommunications industry research, and digital subscriber lines.  As to the specific allegations of the purported historical overview contained in paragraph 12, EarthLink lacks sufficient knowledge or information to form a specific belief as to the truth of these allegations and therefore they are deemed denied.

13.    EarthLink admits paragraph 13 is a part of the Complaint's purported summary of the history of various types of technology and related topics, including telephone subscriber loops, public demand for communications links, the Internet, Internet Service Providers, telecommunications industry research, and digital subscriber lines.  As to the specific allegations of the purported historical overview contained in paragraph 13, EarthLink lacks sufficient knowledge or information to form a specific belief as to the truth of these allegations and therefore they are deemed denied.

14.    EarthLink admits paragraph 14 is a part of the Complaint's purported summary of the history of various types of technology and related topics, including telephone subscriber loops, public demand for communications links, the Internet, Internet Service Providers, telecommunications industry research, and digital

subscriber lines. As to the specific allegations of the purported historical overview contained in paragraph 14, EarthLink lacks sufficient knowledge or information to form a specific belief as to the truth of these allegations and therefore they are deemed denied.

15. EarthLink admits paragraph 15 is a part of the Complaint's purported summary of the history of various types of technology and related topics, including telephone subscriber loops, public demand for communications links, the Internet, Internet Service Providers, telecommunications industry research, and digital subscriber lines. EarthLink further admits that an Exhibit "D" was attached to the Complaint and that the content of this Exhibit speaks for itself in all respects. As to the specific allegations of the purported historical overview contained in paragraph 15, EarthLink lacks sufficient knowledge or information to form a specific belief as to the truth of these allegations and therefore they are deemed denied.

16. EarthLink admits paragraph 16 is a part of the Complaint's purported summary of the history of various types of technology and related topics, including telephone subscriber loops, public demand for communications links, the Internet, Internet Service Providers, telecommunications industry research, and digital subscriber lines. As to the specific allegations of the purported historical overview contained in paragraph 16, EarthLink lacks sufficient knowledge or information to

form a specific belief as to the truth of these allegations and therefore they are deemed denied.

17.     EarthLink admits paragraph 17 is a part of the Complaint's purported summary of the history of various types of technology and related topics, including telephone subscriber loops, public demand for communications links, the Internet, Internet Service Providers, telecommunications industry research, and digital subscriber lines.  As to the specific allegations of the purported historical overview contained in paragraph 17, EarthLink lacks sufficient knowledge or information to form a specific belief as to the truth of these allegations and therefore they are deemed denied.

18.     EarthLink lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and therefore these allegations are deemed denied.

19.     EarthLink lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore these allegations are deemed denied.

20.     EarthLink admits that paragraph 20 of the Complaint includes language that purports to quote from United States Patent No. 5,929,896.  EarthLink lacks sufficient knowledge or information to form a belief as to the remaining allegations in

paragraph 20 of the Complaint, and therefore the remaining allegations are deemed denied.

21.    EarthLink admits that a DSL may require the use of a modem to encode and decode digital data. EarthLink specifically denies that lower frequencies in the voiceband interfere with data signals. EarthLink lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 21 of the Complaint, and therefore the remaining allegations are deemed denied.

22.    EarthLink denies the allegations of paragraph 22 of the Complaint.

23.    EarthLink admits paragraph 23 is a part of the Complaint's purported summary of the history of various types of technology and related topics, including telephone subscriber loops, public demand for communications links, the Internet, Internet Service Providers, telecommunications industry research, and digital subscriber lines. As to the specific allegations of the purported historical overview contained in paragraph 23, EarthLink lacks sufficient knowledge or information to form a specific belief as to the truth of these allegations and therefore they are deemed denied

24.    EarthLink admits paragraph 24 is a part of the Complaint's purported summary of the history of various types of technology and related topics, including telephone subscriber loops, public demand for communications links, the Internet, Internet Service Providers, telecommunications industry research, and digital

subscriber lines. As to the specific allegations of the purported historical overview contained in paragraph 24, EarthLink lacks sufficient knowledge or information to form a specific belief as to the truth of these allegations and therefore they are deemed denied.

25.    EarthLink lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 25 of the Complaint, and therefore these allegations are deemed denied. To the extent the allegations of paragraph 25 relate to the contents of the patents-in-suit, these patents speak for themselves in all respects.

26.    EarthLink lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 26 of the Complaint, and therefore these allegations are deemed denied. To the extent the allegations of paragraph 26 relate to the contents of the patents-in-suit, these patents speak for themselves in all respects.

27.    EarthLink admits that the patents-in-suit are attached to the Complaint as Exhibits "A-D" and that the patents speak for themselves in all respects. EarthLink denies the remaining allegations of paragraph 27 of the Complaint.

28.    EarthLink denies the allegations of paragraph 28 of the Complaint.

29.    EarthLink denies the allegations of paragraph 29 of the Complaint, except EarthLink admits that it has acted as an Internet Service Provider for customers in the State of Delaware.

- 10 -

30.    EarthLink denies the allegations of paragraph 30 of the Complaint, except EarthLink admits that self-installation kits currently provided to EarthLink DSL subscribers generally contain a CD, Installation Guide, Installation Quickstart Guide, microfilters, a DSL modem, a telephone cord, a power cord, and an ethernet cable.

31.    EarthLink denies the allegations of paragraph 31 of the Complaint at least on the basis that paragraph 31 of the Complaint refers to and is based on an inaccurate schematic representation of a DSL system prepared by Plaintiff.

32.    EarthLink denies the allegations of paragraph 32 of the Complaint, except EarthLink admits subscribers that utilize EarthLink's DSL service can use traditional telephone service for voice communications and DSL service at the same time and that EarthLink's DSL subscribers may transmit and receive information via the Internet at speeds faster than the speeds provided by 56k dial-up connections.

33.    EarthLink denies the allegations of paragraph 33 of the Complaint at least on the basis that paragraph 33 of the Complaint refers to and is based on an inaccurate schematic representation of a DSL system prepared by Plaintiff.

34.    EarthLink denies the allegations of paragraph 34 of the Complaint at least on the basis that paragraph 34 of the Complaint refers to and is based on an inaccurate schematic representation of a DSL system prepared by Plaintiff.

35.    EarthLink denies the allegations of paragraph 35 of the Complaint at least on the basis that paragraph 35 of the Complaint refers to and is based on an inaccurate schematic representation of a DSL system prepared by Plaintiff.

36.    EarthLink denies the allegations of paragraph 36 of the Complaint at least on the basis that paragraph 36 of the Complaint refers to and is based on an inaccurate schematic representation of a DSL system prepared by Plaintiff.

37.    EarthLink denies the allegations of paragraph 37 of the Complaint at least on the basis that paragraph 37 of the Complaint refers to and is based on an inaccurate schematic representation of a DSL system prepared by Plaintiff.

38.    EarthLink denies the allegations of paragraph 38 of the Complaint at least on the basis that paragraph 38 of the Complaint refers to and is based on an inaccurate schematic representation of a DSL system prepared by Plaintiff.

39.    EarthLink denies the allegations of paragraph 39 of the Complaint, except EarthLink admits subscribers that utilize EarthLink's DSL service can use traditional telephone service for voice communications and DSL service at the same time.

40.    In response to paragraph 40 of the Complaint, EarthLink incorporates by reference its responses to paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41.    EarthLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint, and therefore the allegations are deemed denied.

42.    EarthLink denies the allegations of paragraph 42 of the Complaint.

43.    EarthLink denies the allegations of paragraph 43 of the Complaint.

44.    In response to paragraph 44 of the Complaint, EarthLink incorporates by reference its responses to paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45.    EarthLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint, and therefore the allegations are deemed denied.

46.    EarthLink denies the allegations of paragraph 46 of the Complaint.

47.    EarthLink denies the allegations of paragraph 47 of the Complaint.

48.    In response to paragraph 48 of the Complaint, EarthLink incorporates by reference its responses to paragraphs 1 through 47 of the Complaint as if fully set forth herein

49.    EarthLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint, and therefore the allegations are deemed denied.

50.    EarthLink denies the allegations of paragraph 50 of the Complaint.

51.    EarthLink denies the allegations of paragraph 51 of the Complaint.

52.    In response to paragraph 52 of the Complaint, EarthLink incorporates by reference its responses to paragraphs 1-51 of the Complaint as if fully set forth herein.

53.    EarthLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Complaint, and therefore the allegations are deemed denied.

54.    EarthLink denies the allegations of paragraph 54 of the Complaint.

55.    EarthLink denies the allegations of paragraph 55 of the Complaint.

56.    EarthLink denies the allegations of paragraph 56 of the Complaint.

57.    EarthLink denies the allegations, if any, contained in the Prayer for Relief on page 21 of the Complaint, and denies that Plaintiff is entitled to any relief whatsoever from EarthLink.

58.    Except as expressly admitted above, each and every allegation contained in the Complaint is denied.

**WHEREFORE**, having fully answered, EarthLink prays that Plaintiff's Complaint be fully and finally dismissed with prejudice, at Plaintiff's cost. EarthLink further prays that the Court grant such other and further relief to EarthLink as is just and equitable.

- 14 -

## AFFIRMATIVE DEFENSES

For its affirmative defenses to the Complaint, EarthLink alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because EarthLink does not infringe any of the claims of the patents-in-suit.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the patents-in-suit are invalid pursuant to 35 U.S.C. §§ 101, 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by prosecution history estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff dedicated to the public all methods, systems and products disclosed in the patents-in-suit but not literally claimed therein.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands and for reasons of public policy.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of prosecution laches.

## NINTH AFFIRMATIVE DEFENSE

EarthLink is presently investigating the facts relating to the procurement of the patents-in-suit and the assertion of infringement against EarthLink. To the extent this investigation reveals any improprieties in connection with such matters, EarthLink reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon as may be appropriate.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of inequitable conduct, as set forth in EarthLink's counterclaims.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the failure to name a co-inventor, in violation of 35 U.S.C. §§ 102(f) and 282.

## COUNTERCLAIMS

For its Counterclaims against Plaintiff, Counterclaimant EarthLink alleges as follows:

1.    This is an action for Declaratory Relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338 and 2201.    This Court has personal jurisdiction over Plaintiff.  Plaintiff has consented to venue in this Court by bringing this action.

2.    EarthLink is a corporation organized and existing under the laws of the State of Delaware, with its headquarters in Atlanta, Georgia.

3.    Upon information and belief, Plaintiff is a Virginia corporation with a place of business in Arlington, Virginia.

4.    By its Complaint, Plaintiff purports to be the owner of the '446 patent, the '718 patent, the '596 patent, and the '585 patent and to assert claims against EarthLink for infringement of the '446 patent, '718 patent, '596 patent, and '585 patent (collectively, the "patents-in-suit").

5.    EarthLink has denied Plaintiff's claims of infringement of the patents-in-suit and contends that each of the patents-in-suit is invalid, under Title 35 of the United States Code, and each is unenforceable.

6.  An actual controversy has arisen and now exists between EarthLink and Plaintiff as to the non-infringement, invalidity, and unenforceability of each of the patents-in-suit.

7.  David Goodman is named as the sole inventor of the patents-in-suit.

8.  Upon information and belief, Robert Domnitz is a co-inventor of the patents-in-suit.

9.  U.S. Patent No. 5,010,399 (the "'399 Patent") is the parent of the patents-in-suit, and it lists Mr. Goodman and Mr. Domnitz as co-inventors. The patents-in-suit are continuations or continuations-in-part of the '399 Patent (*i.e.*, the '718 Patent is a continuation, and the '596, '446, and '585 Patents are continuations-in-part).

10.  As a continuation of the '399 Patent, the '718 Patent necessarily contains the same specification as the '399 Patent. The '596, '446, and '585 Patents expressly incorporate by reference the '399 Patent.

11.  Mr. Domnitz testified during his deposition that he contributed to the subject matter of the patents-in-suit by designing the circuitry depicted in figures 6, 7, 8, and 9 of the '399 Patent, which were also included in the '718 Patent as a continuation of the '399 Patent and were incorporated by reference in the '599, '446, and '585 Patents.

12.     Mr. Goodman confirmed during his deposition that Mr. Domnitz contributed at least figures 7, 8, and 9 and the corresponding text in the specification.

13.     Mr. Goodman admitted, during his deposition, that Mr. Domnitz "shares authorship" on applications relating to the patents-in-suit.

14.     Mr. Goodman admitted, during his deposition, that his alleged invention "really came together" as a result of Mr. Domnitz's contributions regarding low pass filters.

15.     Prior to filing the applications for the '399 patent and the patents-in-suit, Mr. Goodman recognized that Mr. Domnitz is a co-inventor of the subject matter of the patents-in-suit.

16.     Mr. Goodman admitted, during his deposition, that Mr. Domnitz contributed the "concept of putting the low pass filters" between the telephone jacks and the telephone devices, for the purpose of "improv[ing] the transmission characteristics of the signal along the wire" within the systems described in the patents-in-suit.

17.     Mr. Domnitz and Mr. Goodman unequivocally testified that Mr. Domnitz was responsible for contributing the circuitry designs and the concept of filters to the patents-in-suit.

18.     At least one claim in each of the patents-in-suit – and, indeed, each of the claims asserted by Plaintiff in this litigation – recites circuitry and filters, and Plaintiff asserts that such circuitry and filters are critical to the alleged inventions and its claims in this litigation.

19.     Despite admitting and recognizing Mr. Domnitz's contribution to the subject matter of the patents-in-suit, Mr. Goodman has signed and submitted to the USPTO two sworn statements declaring that he is "the original, first and sole inventor of the subject matter which is claimed" in the applications related to the '596 and '446 Patents. (Combined Declaration and Power of Attorney, signed October 29, 1999, concerning Application No. 09/362,180); (Combined Declaration and Power of Attorney, signed January 29, 1992, concerning Application No. 07/802,738).

20.     Mr. Goodman, through his agents, also induced Mr. Domnitz to sign and submit to the USPTO two false declarations stating that Mr. Goodman is the "only" inventor of the subject matter of the patents-in-suit. (TCI 001702-001703, Declaration of Robert Domnitz under 37 C.F.R. § 1.48(a) concerning Application No. 08/819,120, which is a continuation application in the chain of the '718 Patent); (TCI 001704-001705, Declaration of Robert Domnitz under 37 C.F.R. § 1.48(a) concerning Application No. 08/670,216, which is a continuation application that is expressly incorporated by reference in the '596 and '446 Patents).

21.    These false declarations, submitted to the USPTO by Mr. Goodman's agents in connection with two patent applications relating to the patents-in-suit, sought removal of Mr. Domnitz's name as a joint inventor and ultimately left Mr. Goodman as the sole named inventor on the patents-in-suit.

22.    Mr. Goodman admitted, during his deposition, that he discussed the inventorship issue with respect to Mr. Domnitz with the attorney representing him in this litigation about "half a year ago," yet he had failed to make any filings with the USPTO to correct the inventorship of any of the patents-in-suit.

## COUNT I – DECLARATION OF NONINFRINGEMENT

23.    EarthLink restates and incorporates by reference each of the allegations of Counterclaim paragraphs 1-22.

24.    Plaintiff claims to be the owner by assignment of all legal rights, title and interests in the '446 patent, '718 patent, '596 patent, and '585 patent, including the right to enforce the '446 patent, '718 patent, '596 patent, and '585 patent.

25.    Plaintiff in this action has asserted that EarthLink is infringing Plaintiff's '446 patent, '718 patent, '596 patent, and '585 patent by making, using, selling or offering to sell products related to establishing a DSL link with a customer.

26.    EarthLink seeks a declaration that it does not directly infringe, has not induced the infringement of, and has not contributed to the infringement of the '446 patent, '718 patent, '596 patent, or '585 patent, either literally or under the doctrine of equivalents.

## COUNT II – DECLARATION OF PATENT INVALIDITY

27.    EarthLink restates and incorporates by reference each of the allegations of Counterclaim paragraphs 1-26.

28.    EarthLink seeks a declaration that each of the '446 patent, '718 patent, '596 patent, and '585 patent is invalid pursuant to Title 35 of the United States Code.

## COUNT III – DECLARATION OF UNENFORCEABILITY

29.    EarthLink restates and incorporates by reference each of the allegations of Counterclaim paragraphs 1-28.

30.    By reason of Plaintiff's unreasonable delay in prosecuting and/or seeking the issuance of the '446 patent, '718 patent, '596 patent, and '585 patent, including Plaintiff's scheme of repeatedly delaying and then abandoning the same patent applications, with the same patent claims, during the course of patent prosecution, the '446 patent, '718 patent, '596 patent, and '585 patent each should be declared unenforceable.

## COUNT IV – DECLARATION OF PATENT INVALIDITY
## FOR FAILURE TO NAME A CO-INVENTOR

31.    EarthLink restates and incorporates by reference each of the allegations of Counterclaim paragraphs 1-30.

32.    EarthLink seeks a declaration that each of the '446 patent, '718 patent, '596 patent, and '585 patent is invalid pursuant to 35 U.S.C. §§ 102(f) and 282, for failure to name a co-inventor.

## COUNT V – DECLARATION OF UNENFORCEABILITY
## BASED ON INEQUITABLE CONDUCT

33.    EarthLink restates and incorporates by reference each of the allegations of Counterclaim paragraphs 1-32.

34.    Upon information and belief, the named inventor of the patents-in-suit, Mr. Goodman (a) induced Mr. Domnitz to remove his name from applications associated with the patents-in-suit and to swear falsely that Mr. Goodman is the "only" inventor of the patents-in-suit, (b) falsely swore to the United States Patent and Trademark Office ("USPTO") that he is the sole inventor of the patents-in-suit, and (c) failed to remedy his false oaths to the USPTO despite his admitted awareness of this inventorship issue.

35.    Mr. Goodman made affirmative misrepresentations of material fact to the USPTO, failed to disclose material information to the USPTO, and submitted false material information to the USPTO, all with the intent to deceive, as detailed above in Counterclaim paragraphs 7-22.

36.    Mr. Goodman's misrepresentations concerned the identity of the inventors of the Patents-in-Suit, which is a condition of patentability mandated by 35 U.S.C. § 102(f).

37.    As a matter of law, Mr. Goodman's false oaths regarding inventorship are material to patentability.

38.    By reason of the named inventor's inequitable conduct, as described above, the Patents-in-Suit should be declared unenforceable.

## PRAYER FOR RELIEF

**WHEREFORE**, EarthLink prays that this Honorable Court enter judgment with respect to its Counterclaims as follows:

  a.    Finding and declaring that EarthLink has not infringed, in any manner, any valid claim of the '446 patent, '718 patent, '596 patent, or '585 patent;

  b.    Finding and declaring that the '446 patent, '718 patent, '596 patent, and '585 patent are invalid pursuant to Title 35 of the United States Code;

  c.    Finding and declaring that the '446 patent, '718 patent, '596 patent, and '585 patent are unenforceable;

  d.    Awarding EarthLink all of its costs of this action;

e.    Finding that this is an exceptional case and awarding EarthLink its attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

f.    Granting EarthLink such other and further relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant EarthLink demands trial by jury on all issues so triable.

DATED:    May 15, 2003                     **DUANE MORRIS LLP**

John L. Reed (Del. I.D. No. 3023)
Timothy R. Dudderar (Del. I.D. No. 3890)
1100 North Market Street, 12th Floor
Wilmington, DE 19801
Tel:        302.657.4900
Fax:        302.657.4901
e-mail:    jlreed@duanemorris.com
            trdudderar@duanemorris.com

**OF COUNSEL:**

L. Norwood Jameson (*of the Georgia Bar*)
Matthew C. Gaudet (*of the Georgia Bar*)
C. Celeste Creswell (*of the Georgia Bar*)
**DUANE MORRIS LLP**
1180 West Peachtree St., Suite 700
Atlanta, GA  30309
Tel:    404.253.6900
Fax:    404.253.6901

L. Lawton Rogers, III (*of the District of Columbia Bar*)
Mark Comtois (*of the Virginia Bar*)
**DUANE MORRIS LLP**
1776 K Street, N.W., Suite 700
Washington, D.C.  20006
Tel:    202.776.7800
Fax:    202.776.7801                     Attorneys for Defendant Earthlink, Inc.

## CERTIFICATE OF SERVICE

I, John L. Reed, hereby certify that on May 15, 2003, true and correct copies of

the foregoing "Second Amended Answer and Counterclaim" were served upon the

following counsel in the manner indicated:

### BY HAND

Donald F. Parsons, Jr., Esq.
Julia Heaney, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Post Office Box 1347
Wilmington, DE  19899

Frederick L. Cottrell, III, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

### BY OVERNIGHT DELIVERY

Bradford E. Kile, Esq.
Charles D. Reed, Esq.
Robert J. McManus, Esq.
The Metropolitan Building
655 15th Street, N.W.
Washington, DC  20005

David A. Nelson, Esq.
Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL  60606-6401

Robert J. Gunther, Jr., Esq.
Kurt M. Rogers, Esq.
Latham & Watkins
885 Third Avenue, Suite 1000
New York, NY  10022-4802

John L. Reed

WLM\181657.1