# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INLINE CONNECTION CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 02-272-MPT |
| | ) | |
| AOL TIME WARNER INCORPORATED | ) | **JURY TRIAL DEMAND** |
| | ) | |
| and | ) | |
| | ) | |
| AMERICA ONLINE, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED ANSWER AND COUNTERCLAIMS OF
## DEFENDANTS AOL TIME WARNER INC. AND AMERICA ONLINE, INC.

Defendants AOL Time Warner Inc., ("AOL/TW") and America Online, Inc. ("AOL," and collectively, "AOL/TW"), through their undersigned counsel, for their Answer to the Complaint herein (the "Complaint") of plaintiff Inline Connection Corporation ("Plaintiff"), respond as follows to the factual allegations of the Complaint:

1.      AOL/TW denies the allegations of paragraph 1 of the Complaint, except admits that Plaintiff purports to allege an action for patent infringement under the Patent Laws of the United States, Title 35, United States Code, and that Plaintiff alleges that this action involves transmission of data and voice communications via digital subscriber line ("DSL") technology using conventional telephone subscriber loops serving residential customers.

2.      AOL/TW is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, and therefore denies the allegations, except that AOL/TW admits that (1) the face of the document attached as Exhibit A to the

Complaint indicates that United States Letters Patent No. 6,243,446 ("the '446 patent") names David D. Goodman ("Goodman") as inventor, was issued on June 5, 2001, and that the patent is titled "DISTRIBUTED SPLITTER FOR DATA TRANSMISSION OVER TWISTED WIRE PAIRS;" (2) the face of the document attached as Exhibit B to the Complaint indicates that United States Letters Patent No. 6,236,718 ("the '718 patent") names Goodman as inventor, was issued on May 22, 2001, and that the patent is titled "VIDEO TRANSMISSION AND CONTROL SYSTEM UTILIZING INTERNAL TELEPHONE LINES;" (3) the face of the document attached as Exhibit C to the Complaint indicates that United States Letters Patent No. 5,844,596 ("the '596 patent") names Goodman as inventor, was issued on December 1, 1998, and that the patent is entitled "TWO-WAY RF COMMUNICATION AT POINTS OF CONVERGENCE OF WIRE PAIRS FROM SEPARATE INTERNAL TELEPHONE NETWORKS;" and (4) the face of the document attached as Exhibit D to the Complaint indicates that United States Letters Patent No. 6,542,585 ("the '585 patent") names Goodman as inventor, was issued on April 1, 2003, and that the patent is entitled "DISTRIBUTED SPLITTER FOR DATA TRANSMISSION OVER TWISTED WIRE PAIRS." The '446 patent, '718 patent, '596 patent and '585 patent are collectively referred to herein as "the patents-in-suit."

3.    AOL/TW denies the allegations of paragraph 3 of the Complaint, except admits that it is a Delaware Corporation, has a place of business at 75 Rockefeller Plaza, New York, New York, that the subsidiaries of AOL/TW offer a wide variety of media products and distribution channels, including the Internet, and that on January 11, 2001, America Online, Inc. and Time Warner Inc. consummated their merger to create AOL Time Warner Inc.

2

4.      America Online denies the allegations of paragraph 4 of the Complaint, except admits that it is a Delaware Corporation, has a place of business at 22000 AOL Way, Dulles, Virginia 20166, is a wholly-owned subsidiary of AOL/TW, and is the largest Internet access service provider in the United States.

5.      AOL/TW denies the allegations of paragraph 5 of the Complaint, except admits that Plaintiff purports to allege an action arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281 *et seq.* for infringement of United States Patent Nos. 6,243,446, 6,236,718 and 5,844,596, which Plaintiff alleges are owned by Plaintiff.  AOL/TW admits that Plaintiff purports to invoke subject matter jurisdiction under 28 U.S.C. § 1338(a).

6.      AOL/TW denies the allegations of paragraph 6 of the Complaint, except admits that AOL/TW and AOL are Delaware Corporations, that AOL/TW and AOL offer for sale products and/or services in this judicial district, that AOL's DSL service is offered for sale in this judicial district, and that Plaintiff purports to allege that venue is proper in this district pursuant to 28 U.S.C. § 1400(b).

7.      Paragraph 7 of the complaint is offered as part of a purported historical "Brief Background Regarding The Technology Related To This Complaint" and is not directed to the patents-in-suit or any AOL/TW product or service, and therefore no response is required to paragraph 7 of the Complaint.  For this reason, AOL/TW neither admits nor denies the allegations of paragraph 7 of the Complaint.

8.      Paragraph 8 of the complaint is offered as part of a purported historical "Brief Background Regarding The Technology Related To This Complaint" and is not directed to the patents-in-suit or any AOL/TW product or service, and therefore no response is required to

NY:780624.1

paragraph 8 of the Complaint. For this reason, AOL/TW neither admits nor denies the allegations of paragraph 8 of the Complaint.

9.    Paragraph 9 of the complaint is offered as part of a purported historical "Brief Background Regarding The Technology Related To This Complaint" and is not directed to the patents-in-suit or any AOL/TW product or service, and therefore no response is required to paragraph 9 of the Complaint. For this reason, AOL/TW neither admits nor denies the allegations of paragraph 9 of the Complaint.

10.    Paragraph 10 of the complaint is offered as part of a purported historical "Brief Background Regarding The Technology Related To This Complaint" and is not directed to the patents-in-suit or any AOL/TW product or service, and therefore no response is required to paragraph 10 of the Complaint. For this reason, AOL/TW neither admits nor denies the allegations of paragraph 10 of the Complaint.

11.    Paragraph 11 of the complaint is offered as part of a purported historical "Brief Background Regarding The Technology Related To This Complaint" and is not directed to the patents-in-suit or any AOL/TW product or service, and therefore no response is required to paragraph 11 of the Complaint. For this reason, AOL/TW neither admits nor denies the allegations of paragraph 11 of the Complaint.

12.    Paragraph 12 of the complaint is offered as part of a purported historical "Brief Background Regarding The Technology Related To This Complaint" and is not directed to the patents-in-suit or any AOL/TW product or service, and therefore no response is required to paragraph 12 of the Complaint. For this reason, AOL/TW neither admits nor denies the allegations of paragraph 12 of the Complaint.

NY\780624.1

13.     Paragraph 13 of the complaint is offered as part of a purported historical "Brief Background Regarding The Technology Related To This Complaint" and is not directed to the patents-in-suit or any AOL/TW product or service, and therefore no response is required to paragraph 13 of the Complaint.  For this reason, AOL/TW neither admits nor denies the allegations of paragraph 13 of the Complaint.

14.     Paragraph 14 of the complaint is offered as part of a purported historical "Brief Background Regarding The Technology Related To This Complaint" and is not directed to the patents-in-suit or any AOL/TW product or service, and therefore no response is required to paragraph 14 of the Complaint.  For this reason, AOL/TW neither admits nor denies the allegations of paragraph 14 of the Complaint.

15.     Paragraph 15 of the complaint is offered as part of a purported historical "Brief Background Regarding The Technology Related To This Complaint" and is not directed to the patents-in-suit or any AOL/TW product or service, and therefore no response is required to paragraph 15 of the Complaint.  For this reason, AOL/TW neither admits nor denies the allegations of paragraph 15 of the Complaint.

16.     Paragraph 16 of the complaint is offered as part of a purported historical "Brief Background Regarding The Technology Related To This Complaint" and is not directed to the patents-in-suit or any AOL/TW product or service, and therefore no response is required to paragraph 16 of the Complaint.  For this reason, AOL/TW neither admits nor denies the allegations of paragraph 16 of the Complaint.

17.     Paragraph 17 of the complaint is offered as part of a purported historical "Brief Background Regarding The Technology Related To This Complaint" and is not directed to the patents-in-suit or any AOL/TW product or service, and therefore no response is required to

NY\780624.1

paragraph 17 of the Complaint. For this reason, AOL/TW neither admits nor denies the allegations of paragraph 17 of the Complaint.

18.    Paragraph 18 of the complaint is offered as part of a purported historical "Brief Background Regarding The Technology Related To This Complaint" and is not directed to the patents-in-suit or any AOL/TW product or service, and therefore no response is required to paragraph 18 of the Complaint. For this reason, AOL/TW neither admits nor denies the allegations of paragraph 18 of the Complaint.

19.    Paragraph 19 of the complaint is offered as part of a purported historical "Brief Background Regarding The Technology Related To This Complaint" and is not directed to the patents-in-suit or any AOL/TW product or service, and therefore no response is required to paragraph 19 of the Complaint. For this reason, AOL/TW neither admits nor denies the allegations of paragraph 19 of the Complaint.

20.    Paragraph 20 of the complaint is offered as part of a purported historical "Brief Background Regarding The Technology Related To This Complaint" and is not directed to the patents-in-suit or any AOL/TW product or service, and therefore no response is required to paragraph 20 of the Complaint. For this reason, AOL/TW neither admits nor denies the allegations of paragraph 20 of the Complaint.

21.    AOL/TW is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 21 of the Complaint, and therefore denies the allegations in the first sentence of paragraph 21 of the Complaint. With respect to the remainder of paragraph 20 of the Complaint, it is offered as part of a purported historical "Brief Background Regarding The Technology Related To This Complaint" and is not directed to the patents-in-suit or any AOL/TW product or service, and therefore no response is required

6

to the remainder of paragraph 21 of the Complaint. For this reason, AOL/TW neither admits nor denies the remainder of the allegations of paragraph 21 of the Complaint.

22.    AOL/TW denies the allegations of paragraph 22 of the Complaint, except that AOL/TW admits that, upon information and belief, Goodman submitted three United States utility patent applications to the United States Patent and Trademark Office in 1991.

23.    AOL/TW denies the allegations of paragraph 23 of the Complaint and refers to the patents-in-suit for their contents.

24.    AOL/TW denies the allegations of paragraph 24 of the Complaint, except that AOL/TW admits that paragraph 24 of the Complaint includes language quoted from United States Patent No. 5,929,896 and refers to the patents-in-suit for their contents.

25.    AOL/TW denies the allegations of paragraph 25 of the Complaint, except AOL admits that ADSL requires the use of a modem to encode and decode digital data, and that the modem used in connection with ADSL may incorporate a high pass filter.

26.    AOL/TW denies the allegations of paragraph 26 of the Complaint.

27.    Paragraph 27 of the complaint is offered as part of a purported historical "Brief Background Regarding The Technology Related To This Complaint" and is not directed to the patents-in-suit or any AOL/TW product or service, and therefore no response is required to paragraph 27 of the Complaint. For this reason, AOL/TW neither admits nor denies the allegations of paragraph 27 of the Complaint.

28.    Paragraph 28 of the complaint is offered as part of a purported historical "Brief Background Regarding The Technology Related To This Complaint" and is not directed to the patents-in-suit or any AOL/TW product or service, and therefore no response is required to

NY:780624.1

paragraph 28 of the Complaint. For this reason, AOL/TW neither admits nor denies the allegations of paragraph 28 of the Complaint.

29.    AOL/TW denies the allegations of paragraph 29 of the Complaint and refers to the patents-in-suit for their contents.

30.    AOL/TW denies the allegations of paragraph 30 of the Complaint and refers to the patents-in-suit for their contents.

31.    AOL/TW denies the allegations of paragraph 31 of the Complaint and refers to the patents-in-suit for their contents.

32.    AOL/TW denies the allegations of paragraph 32 of the Complaint.

33.    AOL/TW denies the allegations of paragraph 33 of the Complaint, except that AOL admits that it recently has begun offering a high speed internet access service known as AOL Plus DSL, that AOL Plus DSL subscribers may be provided a self-installation kit, and that AOL Plus DSL service can provide faster Internet access than standard dial-up service.

34.    AOL/TW denies the allegations of paragraph 34 of the Complaint, except AOL admits that self-installation kits currently provided to AOL Plus DSL subscribers generally contain a DSL modem, Quick Start Guide, USB cable, power cord, four microfilters, one or more computer disks containing software, and instructions for installing DSL equipment provided to AOL Plus DSL subscribers.

35.    AOL/TW denies the allegations of paragraph 35 of the Complaint, except AOL admits that Exhibit H to the Complaint is titled AOL High Speed DSL Actiontec DSL USB Modem Quick Start Guide. AOL refers to the document for its contents.

36.    AOL/TW denies the allegations of paragraph 36 of the Complaint.

8

37.     AOL/TW denies the allegations of paragraph 37 of the Complaint, except AOL admits that subscribers that utilize AOL's DSL service can use traditional telephone service for voice communications and DSL service at the same time and that AOL's DSL subscribers may transmit and receive information via the Internet at speeds faster than the speeds provided by 56k dial-up connections.

38.     Paragraph 38 of the complaint is offered as part of a purported historical "Brief Background Regarding The Technology Related To This Complaint" and is not directed to the patents-in-suit or any AOL/TW product or service, and therefore no response is required to paragraph 38 of the Complaint. For this reason, AOL/TW neither admits nor denies the allegations of paragraph 38 of the Complaint.

39.     AOL/TW denies the allegations of paragraph 39 of the Complaint, except AOL admits that at an AOL DSL subscriber's residence, the subscriber may install equipment to permit the subscriber to access AOL's DSL service, that an AOL DSL subscriber's residence may have telephone wiring, and that, as part of the subscriber's installation, the subscriber may place a filter that attenuates signals above the telephone voice band frequency between a telephone wall jack and a telephone device.

40.     AOL/TW denies the allegations of paragraph 40 of the Complaint, except AOL admits that a subscriber of AOL's DSL service may install a DSL modem by plugging it into a wall jack, that the modem contains a filter that attenuates signals within the telephone voice band frequency, and that the modem, among other things, modulates digital data from a computer onto a telephone line, and performs functions necessary to permit the AOL DSL subscriber to utilize AOL's DSL service.

9

41.     AOL/TW denies the allegations of paragraph 41 of the Complaint on the basis that paragraph 41 of the Complaint refers to and is based on a simplistic schematic representation of a DSL system prepared by Plaintiff.

42.     AOL/TW denies the allegations of paragraph 42 of the Complaint on the basis that paragraph 42 of the Complaint refers to and is based on a simplistic schematic representation of a DSL system prepared by Plaintiff.

43.     AOL/TW denies the allegations of paragraph 43 of the Complaint on the basis that paragraph 43 of the Complaint refers to and is based on a simplistic schematic representation of a DSL system prepared by Plaintiff.

44.     AOL/TW denies the allegations of paragraph 44 of the Complaint, except AOL admits that subscribers that utilize AOL's DSL service can use traditional telephone service for voice communications and DSL service at the same time.

<u>Count I: Infringement of the '446 Patent</u>

45.     In response to paragraph 45 of the Complaint, AOL/TW incorporates by reference its responses to paragraphs 1-44 of the Complaint.

46.     AOL/TW denies the allegations of paragraph 46 of the Complaint, except admits that Plaintiff purports to be the owner by assignment of the '446 patent.

47.     AOL/TW denies the allegations of paragraph 47 of the Complaint.

48.     AOL/TW denies the allegations of paragraph 48 of the Complaint.

<u>Count II: Infringement of the '718 Patent</u>

49.     In response to paragraph 49 of the Complaint, AOL/TW incorporates by reference its responses to paragraphs 1-44 of the Complaint.

10

50.    AOL/TW denies the allegations of paragraph 46 of the Complaint, except admits that Plaintiff purports to be the owner by assignment of the '718 patent.

51.    AOL/TW denies the allegations of paragraph 47 of the Complaint.

52.    AOL/TW denies the allegations of paragraph 48 of the Complaint.

Count III: Infringement of the '596 Patent

53.    In response to paragraph 53 of the Complaint, AOL/TW incorporates by reference its responses to paragraphs 1-44 of the Complaint.

54.    AOL/TW denies the allegations of paragraph 54 of the Complaint, except admits that Plaintiff purports to be the owner by assignment of the '596 patent.

55.    AOL/TW denies the allegations of paragraph 55 of the Complaint.

56.    AOL/TW denies the allegations of paragraph 56 of the Complaint.

Count IV: Infringement of the '585 Patent

57.    In response to paragraph 57 of the Complaint, AOL/TW incorporates by reference its responses to paragraphs 1-44 of the Complaint.

58.    AOL/TW denies the allegations of paragraph 58 of the Complaint, except admits that Plaintiff purports to be the owner by assignment of the '585 patent.

59.    AOL/TW denies the allegations of paragraph 59 of the Complaint.

60.    AOL/TW denies the allegations of paragraph 60 of the Complaint.

61.    AOL/TW denies the allegations of paragraph 61 of the Complaint.

**AFFIRMATIVE DEFENSES**

For its affirmative defenses to the Complaint, AOL/TW alleges as follows:

NY\780624.1

FIRST AFFIRMATIVE DEFENSE

62.    Plaintiff's claims against AOL Time Warner Inc. apparently are based solely upon the fact that AOL Time Warner Inc. is the parent company of America Online, Inc., and, accordingly, the Complaint fails to state a claim against AOL Time Warner Inc. upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

63.    Plaintiff's claims are barred because AOL/TW does not infringe the claims of the patents-in-suit.

THIRD AFFIRMATIVE DEFENSE

64.    Plaintiff's claims are barred because the patents-in-suit are invalid pursuant to 35 U.S.C. §§ 101, 102, 103 and/or 112.

FOURTH AFFIRMATIVE DEFENSE

65.    Plaintiff's claims are barred by prosecution history estoppel.

FIFTH AFFIRMATIVE DEFENSE

66.    Plaintiff's claims are barred because Plaintiff dedicated to the public all methods, systems and products disclosed in the patents-in-suit but not literally claimed therein.

SIXTH AFFIRMATIVE DEFENSE

67.    Plaintiff's claims are barred by the doctrine of equitable estoppel.

SEVENTH AFFIRMATIVE DEFENSE

68.    Plaintiff's claims are barred by the doctrine of laches.

EIGHTH AFFIRMATIVE DEFENSE

69.    Plaintiff's claims are barred by the doctrine of unclean hands and for reasons of public policy.

12

### NINTH AFFIRMATIVE DEFENSE

70.    Plaintiff's claims are barred by the doctrine of prosecution laches.

### TENTH AFFIRMATIVE DEFENSE

71.    Plaintiff's claims are barred by the doctrine of inequitable conduct, as set forth in AOL's counterclaims.

### ELEVENTH AFFIRMATIVE DEFENSE

72.    Plaintiff's claims are barred by the failure to name a co-inventor, in violation of 35 U.S.C. §§ 102(f) and 282.

### **COUNTERCLAIMS**

For its counterclaim against Plaintiff, defendant and counterclaimant AOL alleges as follows:

1.    This is an action for Declaratory Relief for which this Court has jurisdiction under 15 U.S.C. §§ 1331, 1338 and 2201.

2.    AOL is a corporation organized and existing under the laws of the State of Delaware, with a place of business in Dulles, Virginia.

3.    Upon information and belief, Plaintiff is a Virginia corporation with a place of business in Arlington, Virginia.

4.    By its Amended Complaint, Plaintiff purports to assert claims against AOL for infringement of the '446 patent, '718 patent, '596 patent and '585 patent (collectively, the "patents-in-suit").

5.    AOL has denied Plaintiff's claims of infringement of the '446 patent, '718 patent, '596 patent and '585 patent, and contends that the '446 patent, '718 patent '596 patent and '585 patent each are invalid pursuant to 35 U.S.C. §§ 101, 102, 103 and/or 112 and each are unenforceable.

13

6.    An actual controversy has arisen and now exists between AOL and Plaintiff as to the non-infringement of the '446 patent, '718 patent, '596 patent and '585 patent, the invalidity of the '446 patent, '718 patent, '596 patent and '585 patent, and the unenforceability of the '446 patent, '718 patent, '596 patent and '585 patent.

7.    David Goodman is named as the sole inventor of the patents-in-suit.

8.    Robert Domnitz is a co-inventor of the patents-in-suit.

9.    U.S. Patent No. 5,010,399 (the "'399 patent") is the parent of the patents-in-suit, and it lists Mr. Goodman and Mr. Domnitz as co-inventors. The patents-in-suit are continuations or continuations-in-part of the '399 patent (*i.e.*, the '718 patent is a continuation, and the '596, '446 and '585 patents are continuations-in-part).

10.    As a continuation of the '399 Patent, the '718 patent necessarily contains the same specification as the '399 patent. The '596, '446 and '585 patents expressly incorporate by reference the '399 Patent.

11.    Mr. Domnitz testified during his deposition that he contributed to the subject matter of the patents-in-suit by designing the circuitry depicted in figures 6, 7, 8, and 9 of the '399 patent, which were also included in the '718 patent as a continuation of the '399 patent and were incorporated by reference in the '596, '446 and '585 patents.

12.    Mr. Goodman confirmed during his deposition that Mr. Domnitz contributed at least figures 7, 8, and 9 and the corresponding text in the specification.

13.    Mr. Goodman admitted, during his deposition, that Mr. Domnitz "shares authorship" on applications relating to the patents-in-suit.

14.    Mr. Goodman admitted, during his deposition, that his alleged invention "really came together" as a result of Mr. Domnitz's contributions regarding low pass filters.

14

15.    Prior to filing the applications for the '399 and '718 Patents, Mr. Goodman recognized that Mr. Domnitz is a co-inventor of the subject matter of the patents-in-suit.

16.    Mr. Goodman admitted, during his deposition, that Mr. Domnitz contributed the "concept of putting the low pass filters" between the telephone jacks and the telephone devices, for the purpose of "improv[ing] the transmission characteristics of the signal along the wire" within the systems described in the patents-in-suit.

17.    Mr. Domnitz and Mr. Goodman unequivocally testified that Mr. Domnitz was responsible for contributing the circuitry designs and the concept of filters to the patents-in-suit.

18.    At least one claim in each of the patents-in-suit—and, indeed, each of the claims asserted by Plaintiff in this litigation—recites circuitry and filters, and Plaintiff asserts that such circuitry and filters are critical to the alleged inventions and its claims in this litigation.

19.    Despite admitting and recognizing Mr. Domnitz's contribution to the subject matter of the patents-in-suit, Mr. Goodman has signed and submitted to the USPTO two sworn statements declaring that he is "the original, first and sole inventor of the subject matter which is claimed" in the applications related to the '596, '446 and '585 patents. (Combined Declaration and Power of Attorney, signed October 29, 1999, concerning Application No. 09/362,180); (Combined Declaration and Power of Attorney, signed January 29, 1992, concerning Application No. 07/802,738).

20.    Mr. Goodman, through his agents, also induced Mr. Domnitz to sign and submit to the USPTO two false declarations stating that Mr. Goodman is the "only" inventor of the subject matter of the patents-in-suit. (TCI 001702-001703, Declaration of Robert Domnitz under 37 C.F.R. § 1.48(a) concerning Application No. 08/819,120, which is a continuation application in the chain of the '718 Patent); (TCI 001704-001705, Declaration of Robert Domnitz under 37

15

C.F.R. § 1.48(a) concerning Application No. 08/670,216, which is a continuation application that is expressly incorporated by reference in the '596 and '446 Patents).

21.    These false declarations, submitted to the USPTO by Mr. Goodman's agents in connection with two patent applications relating to the patents-in-suit, sought removal of Mr. Domnitz's name as a joint inventor and left Mr. Goodman as the sole named inventor on the patents-in-suit.

22.    Mr. Goodman admitted, during his deposition, that he discussed the inventorship issue with respect to Mr. Domnitz with the attorney representing him in this litigation about a "half a year ago," yet he has failed to make any filings with the USPTO to correct the inventorship of any of the patents-in-suit.

COUNT I: DECLARATION OF NONINFRINGEMENT

23.    AOL restates and incorporates by reference each of the allegations of Counterclaim paragraphs 1-22.

24.    Plaintiff claims to be the owner by assignment of all legal rights, title and interests in the '446 patent, '718 patent, '596 patent and '585 patent, including the right to enforce the '446 patent, '718 patent, '596 patent and the '585 patent.

25.    Plaintiff in this action has asserted that AOL is infringing Plaintiff's '446 patent, '718 patent, '596 patent and '585 patent by making, using, selling or offering to sell products for establishing a DSL link with a customer.

26.    AOL seeks a declaration that it does not infringe the '446 patent, '718 patent, '596 patent or '585 patent.

NY\780624.1

## COUNT II: DECLARATION OF PATENT INVALIDITY

27.    AOL restates and incorporates by reference each of the allegations of Counterclaim paragraphs 1-10.

28.    AOL seeks a declaration that the '446 patent, '718 patent, '596 and '585 patent each are invalid pursuant to United States patent law, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNT III: DECLARATION OF UNENFORCEABILITY

29.    AOL restates and incorporates by reference each of the allegations of Counterclaim paragraphs 1-12.

30.    By reason of Plaintiff's unreasonable delay in prosecuting and/or seeking the issuance of the '446 patent, '718 patent, '596 patent and '585 patent, including Plaintiff's scheme of repeatedly delaying and then abandoning the same patent applications, with the same patent claims, during the course of patent prosecution, the '446 patent, '718 patent, '596 patent and '585 patent each should be declared unenforceable.

## COUNT IV:   DECLARATION OF PATENT INVALIDITY FOR FAILURE TO NAME A CO-INVENTOR

31.    AOL restates and incorporates by reference each of the allegations of Counterclaim paragraphs 1-30

32.    AOL seeks a declaration that each of the '446 patent, '718 patent, '596 patent and '585 patent are invalid pursuant to 35 U.S.C. §§ 102(f) and 282, for failure to name a co-inventor.

## COUNT V:   DECLARATION OF UNENFORCEABILITY BASED ON INEQUITABLE CONDUCT

33.    AOL restates and incorporates by reference each of the allegations of Counterclaim paragraphs 1-32.

34.    The named inventor of the patents-in-suit, Mr. Goodman (a) induced Mr. Domnitz to remove his name from applications associated with the patents-in-suit and to swear falsely that Mr. Goodman is the "only" inventor of the patents-in-suit; (b) falsely swore to the United States Patent and Trademark Office ("USPTO") that he is the sole inventor of the patents-in-suit; and (c) failed to remedy his false oaths to the USPTO despite his admitted awareness of this inventorship issue.

35.    Mr. Goodman made affirmative misrepresentations of material fact to the USPTO, failed to disclose material information to the USPTO, and submitted false material information to the USPTO, all with the intent to deceive, as detailed above in counterclaim paragraphs 7-22.

36.    Mr. Goodman's misrepresentations concerned the identity of the inventors of the patents-in-suit, which is a condition of patentability mandated by 35 U.S.C. § 102(f).

37.    As a matter of law, Mr. Goodman's false oaths regarding inventorship are material to patentability.

38.    By reason of the named inventor's inequitable conduct, as described above, the patents-in-suit should be declared unenforceable.

WHEREFORE, AOL/TW prays for judgment with respect to Plaintiff's Complaint and AOL prays for judgment with respect to its Counterclaims as follows:

a.    Judgment be entered against Plaintiff and in favor of AOL/TW on the claims set forth in the Complaint filed by Plaintiff and that such claims be dismissed with prejduce;

NY\780624.1

b.    This Court find and declare that the '446 patent, '718 patent, '596 patent and '585 patent are not infringed by AOL/TW;

c.    This Court find and declare that the '446 patent, '718 patent, '596 patent and '585 patent are invalid pursuant to the United States Patent Law, including 35 U.S.C. §§ 101, 102, 103 and/or 112;

d.    This Court find and declare that that the '446 patent, '718 patent, '596 patent and '585 patent are unenforceable;

d.    This Court award AOL/TW all of its costs of this action;

e.    This Court find that is an exceptional case and award AOL/TW its attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

f.    This Court grant AOL/TW such other and further relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant AOL/TW demands trial by jury on all issues so triable.

19

Respectfully submitted,

OF COUNSEL:

Robert J. Gunther, Jr.
Kurt M. Rogers
Latham & Watkins
885 Third Avenue, Suite 1000
New York, New York 10022-4802
Phone: (212) 906-1200
Fax:    (212) 751-4864

David A. Nelson
Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606-6401
Phone: (312) 876-7700
Fax:    (312) 993-9767

May 16, 2003

_David A. Felice_

Frederick L. Cottrell, III (#2555)
David A. Felice (#4090)
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Phone: (302) 651-7700

*Attorneys for defendants AOL Time Warner Incorporated and America Online, Inc.*

20

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May 2003, a true and correct copy of the foregoing

was caused to be served on counsel of record at the following address as indicated:

**BY HAND DELIVERY**
Donald F. Parsons, Jr., Esq.
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE   19899-1347

John L. Reed, Esq.
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, Delaware   19801

**BY FEDERAL EXPRESS**
Bradford E. Kile, Esq.
Kile, Goekjiian, Lerner & Reed PLCC
The Evening Star Building, Suite 800
1101 Pennsylvania Ave., N.W.
Washington, D.C.  20004

Louis Jameson, Esq.
Duane Morris LLP
1180 West Peachtree St., Suite 700
Atlanta, GA  30309-3448

David A. Felice (#4090)