IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Inline Connection Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>Verizon Internet Services, Inc., et al.,<br><br>    Defendants. | Civil Action No. 05-866 (JJF) |

**MOTION TO COMPEL DISCOVERY REGARDING
THRESHOLD JURISDICTIONAL "OWNERSHIP" ISSUE**

Pursuant to Rule 37, Fed. R. Civ. P., Local Rule 37.1 and Paragraph 4 of this Court's form Rule 16 Scheduling Order, the Verizon defendants[1] respectfully move for an order compelling plaintiff Inline Connection Corporation ("Inline") to provide full and complete interrogatory answers and document production regarding the threshold jurisdictional issue of Inline's standing to file this lawsuit. This jurisdictional issue must be addressed before the Court can take any further action in this proceeding.

**I.    The Threshold Jurisdictional Issue.**

This patent infringement action was originally filed by Inline against the Verizon defendants on April 6, 2005 in the Eastern District of Virginia and then subsequently transferred to this Court. As Federal Circuit decisions make clear:

- The issue of standing to sue in a patent infringement action is "jurisdictional."

- Standing must be present at the time the suit is brought.

- The party bringing suit, *i.e.*, Inline, bears the burden of establishing that it has standing.

---

[1] The Verizon defendants are Verizon Internet Services, Inc., GTE.Net LLC, Verizon Services Corp., Telesector Resources Group, Inc., Verizon Corporate Services Group, Inc., Verizon Advanced Data, Inc., Verizon Avenue Corp., Verizon Delaware, Inc., and GTE Southwest, Inc. *d/b/a* Verizon Southwest.

- Under the Patent Act, a "patentee" and "the successors in title to the patentee" can bring suit. 35 U.S.C. §§ 100, 281.

- "[I]f the patentee transfers all substantial rights under the patent, it amounts to an assignment" and the transferee will be deemed the "effective patentee" for purposes of jurisdictional standing.

*Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1339-40 (Fed. Cir. 2006); *Sicom Systems Ltd. v. Agilent Technologies, Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005).

Where the plaintiff in a patent infringement suit cannot prove that it owned the patents-in-suit when it filed the complaint, "<u>the district court lacks subject-matter jurisdiction</u>." *E.g.*, *Pinpoint, Inc. v. Amazon.com, Inc.*, 347 F. Supp. 2d 579, 581 (N. D. Ill. 2004) (Posner, C. J., sitting by designation) (emphasis added); *Depuy, Inc. v. Zimmer Holdings, Inc.*, 384 F. Supp. 2d 1237 (N.D. Ill. 2005) (Posner, C. J., sitting by designation).

## II. Inline's Refusal To Provide Relevant "Ownership" Discovery.

In paragraph 24 of its April 6, 2005 complaint, Inline alleged that: "Inline is the owner of all right, title and interest in and to the '596, '718, '446, and '585, patents" (the "patents-in-suit"). The Verizon defendants duly served interrogatories and document requests directed to the threshold ownership issue, including discovery concerning assignments, license agreements, current ownership, and any actual or potential financial interest in the patents-in-suit and/or related patent infringement litigation. The pertinent discovery requests and Inline's responses thereto are attached as Exhibit 1. Inline's responses fail to identify any ownership interests in the patents-in-suit, including those held by Mercury Communications LLC ("Mercury"), Pie Squared LLC ("Pie Squared") or Broadband Technology Innovations, LLC ("BBTI").

At a recent hearing held on February 28, 2006 in the co-pending litigation brought by Inline against AOL and Earthlink before Magistrate Judge Thynge,[2] AOL's counsel stated that

---

[2] *Inline Connection Corporation v. AOL Time Warner, Inc., et al.*, Civil Action No. 02-272-MPT and *Inline Connection Corporation v. Earthlink, Inc., et al.*, Civil Action No. 02-477-MPT.

2

Inline had just recently produced certain agreements executed in March of 2004, including "an exclusive license agreement between Inline, Goodman, who was the named inventor, and a company called Mercury Communications" which transferred "all substantial rights in the patents-in-suit, as well as some other patent rights from Inline to Mercury." (Exhibit 2, Tr. 44-46). AOL's counsel also noted that there were other associated ownership-related agreements in March 2004 with Pie Squared, a company affiliated with Mercury. (*Id.*, Tr. 46-48; *accord* Tr. 61-64 ("we have now learned that there is a web, an absolute web of agreements between Inline, on the one hand, and Goodman, the inventor, and [Mercury/Pie Squared]")).

Moreover, recently obtained documents identify BBTI as the company that currently owns all four of the patents-in-suit. (Exhibit 3, at pp. 2-7, 3-8 through 3-13). The precise relationship between BBTI and Mercury/Pie Squared is not disclosed on the BBTI website.

Following the February 28 hearing in the *AOL/Earthlink* case, the Verizon defendants contacted Inline's counsel and requested all of the Mercury/Pie Squared related documents (Exhibit 4). Inline counsel, however, refused to produce any discovery relating to the ownership issue until "*after* the *AOL* and *Earthlink* cases have been resolved" (Exhibit 5). Verizon defendants' counsel met and conferred telephonically with Inline's counsel on March 27, 2006 regarding the interrogatories and document requests addressed by the present motion, but were unable to resolve the dispute.

### III. The Court Should Order Inline To Provide Complete "Ownership" Discovery.

The ownership issue, and Inline's standing to sue, are threshold "jurisdictional" issues that must be addressed at the outset. Based on the filing of its recent stay motion, Inline refuses to respond to the Verizon defendants' outstanding ownership discovery until after the co-pending *AOL/Earthlink* case is resolved. *See* Exhibit 5 ("it seems likely that any ownership issue will be litigated in *AOL/Earthlink*, which may allow Inline and Verizon to address that issue in a

streamlined fashion). Inline's argument is wrong. The *AOL* and *Earthlink* cases were filed in April and June of 2002, when Inline may well have owned the patents-in-suit. The transfer of all substantial rights in the patents-in-suit to Mercury, Pie Squared and/or BBTI apparently occurred in March 2004, more than a year prior to the filing of the present action.

The Verizon defendants and the Court are entitled to full disclosure of all facts and documents bearing upon the ownership issue at this time. Until the threshold standing issue is resolved, the Court should take no further action on Inline's motion to stay. Moreover, if Inline, Mercury or Pie Squared subsequently transferred the patents-in-suit to BBTI – as the BBTI website represents – then BBTI must be joined as an indispensable party.

In sum, the Court should order Inline to provide full and complete answers to Interrogatory Nos. 8 and 13, and production of all documents responsive to Document Request Nos. 36, 37, 46 and 57-59, without further delay.

Respectfully submitted,

By: /s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street, Suite 878
Wilmington, DE 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

John B. Wyss
Kevin P. Anderson
WILEY REIN & FIELDING LLP
1776 K Street NW
Washington, DC 20006
Telephone: 202.719.7000
Facsimile: 202.719.7049

Dated: March 28, 2006

Counsel for Verizon Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Inline Connection Corporation,

    Plaintiff,

    v.

Verizon Internet Services, Inc., et al.,

    Defendants.

Civil Action No. 05-866 (JJF)

**O R D E R**

At Wilmington, this _____ day of _____, 2006, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that: Defendants' Motion to Compel Discovery Regarding the Threshold Jurisdictional "Ownership" Issue is **GRANTED**.

_____
UNITED STATES DISTRICT JUDGE

## STATEMENT PURSUANT TO D. DEL. LR 7.1.1

I, Jeffrey B. Bove, Esq., counsel for the Verizon defendants, hereby state that prior to filing the present motion, the parties have attempted to reach an agreement on the matters set forth in Defendants' Motion to Compel Discovery Regarding the Threshold Jurisdictional "Ownership" Issue but have been unable to do so.


Date:   March 28, 2006                     /s/ Jeffrey B. Bove
                                           Jeffrey B. Bove (#998)

# CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2006, a true copy of the foregoing *Motion To Compel Discovery Regarding Threshold Jurisdictional "Ownership" Issue* was sent to plaintiff's counsel, in the manner indicated, upon:

Michael K. Plimack, Esq.     (Served electronically and by overnight delivery)
Alexander L. Brainerd, Esq.
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104
Alexander.Brianerd@hellerehrman.com
Michael.Plimack@hellerhrman.com

C. Joël Van Over, Esq.     (Served electronically and by overnight delivery)
Robert C. Bertin, Esq.
BINGHAM MCCUTCHEN LLP
3000 K Street, NW
Suite 300
Washington, DC 20007-5116
joël.vanover@bingham.com
r.bertin@bingham.com

Julia Heaney, Esq.     (Served by hand delivery)
Morris Nichols Arsht & Tunnell LLP
1201 N. Market Street
Post Office Box 1347
Wilmington, Delaware 19899-1347
jheaney@mnat.com

/s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorney for the Defendants*