Exhibit 1

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| INLINE CONNECTION CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05CV205 HCM |
| | ) |
| VERIZON INTERNET SERVICES, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

## INLINE CONNECTION CORPORATION'S OBJECTIONS
## TO GTE.NET LLC AND VERIZON INTERNET SERVICES, INC.'S
## FIRST SET OF INTERROGATORIES (NOS. 1-9)

Pursuant to Local Civil Rule 26(C) and Federal Rule of Civil Procedure 33(b), Inline

Connection Corporation ("Inline") proffers the following objections to GTE.NET LLC and

Verizon Internet Services, Inc.'s (collectively, "Defendants") First Set of Interrogatories.

## GENERAL OBJECTIONS

1.      Inline objects to these interrogatories, and to the definitions and instructions

incorporated therein, to the extent they purport to require Inline to provide information that is not

within Inline's personal knowledge, or is not obtainable by Inline through a reasonable and good

faith effort.

2.      Inline objects to these interrogatories and to the definitions and instructions

incorporated therein, to the extent they seek to impose discovery obligations that are inconsistent

with or exceed those required by the Eastern District of Virginia and the Federal Rules of Civil

Procedure.

3.      Inline objects to these interrogatories as premature, excessively broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent they seek production of (a) information not retained in the ordinary course of business; and/or (b) information concerning Inline's business that is not directly at issue in this litigation.

4.      Inline objects to these interrogatories as premature to the extent that they seek detailed information regarding Inline's contentions.  In addition, discovery in this matter and Inline's investigation of the subject matter of this litigation, including expert investigation and third party discovery, is in its preliminary stages.

5.      Inline objects to these interrogatories insofar as they purport to request information protected by the attorney/client privilege, the work product rule, confidentiality agreements, or other applicable privilege or immunity.  Inadvertent disclosure by Inline of information that is protected as an attorney/client communication or as work product or is otherwise immune from discovery shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, or any other information, or the subject matter, or the information contained herein, or of Inline's rights to object to the use of any such information contained therein during this litigation or otherwise.

6.      Inline objects to these interrogatories insofar as Defendants have failed to provide any substantive response to Inline's First Set of Interrogatories, which were served June 17, 2005.

7.      Inline objects to these interrogatories as overbroad, unduly burdensome and oppressive to the extent they are not limited by a reasonable time period.

2

8.   Inline objects to these interrogatories to the extent they call for information that is confidential, proprietary, commercially sensitive, or otherwise entitled to protection from public disclosure. Inline will produce such information only following the entry of an appropriate protective order in this case.

9.   Inline objects to the definitions of "Patents-In-Suit" and "CLAIM" as overbroad, unduly burdensome and seeking information that is irrelevant and not reasonably calculated to the discovery of admissible evidence to the extent that they purports to require Inline to provide information regarding patents and claims that Inline has not asserted in the litigation.

10.   Inline objects to the definition of "Identify" as overbroad and unduly burdensome.

11.   Inline incorporates the foregoing General Objections into each and every Specific Objection below.

## SPECIFIC OBJECTIONS

### Interrogatory No. 1:

For each claim element in each CLAIM, identify with specificity (*e.g.*, by specification column and line number, by individual reference numbers in specified patent figures) the words, structures, figures, diagrams and/or formulas that constitute the alleged Section 112(1) "written description" support for each such claim element.

### Objections To Interrogatory No. 1:

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline objects to this interrogatory as overbroad and unduly burdensome, including but not limited to because the term "CLAIM" is overbroad, unduly burdensome and seeks information that is irrelevant and not reasonably calculated to the

3

oppressive and overbroad, insofar as the request seeks every communication between any representative of Inline and any representative of Bell Atlantic during a period of more than eleven years, with no limitation as to content. Moreover, Inline objects to this interrogatory to the extent that it requires Inline to determine who was a representative of Bell Atlantic during that period. Inline objects to this interrogatory to the extent that it requests information that is not within Inline's personal knowledge, or is not obtainable by Inline through a reasonable and good faith effort. Inline further objects to this request to the extent that it seeks confidential and proprietary information, and that there is no protective order in this matter.

**Interrogatory No. 8:**

Identify each person or entity (including but not limited to employees, directors, shareholders, law firms, investors, consultants, advisors, agents, licensees or co-venturers) that has any actual or potential financial interest (contingency, options or otherwise) in Inline Connection Corporation, in the Patents-In-Suit, or in any patent infringement litigation brought or to be brought concerning any of the Patents-In-Suit; and, for each such persons or entity, describe in detail the nature, amount and full circumstances concerning that financial interest.

**Objections To Interrogatory No. 8:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline objects to this interrogatory, including the terms "potential," "nature," and "full circumstances" as vague and ambiguous. Inline further objects to this interrogatory as unduly burdensome and oppressive, to the extent that it calls for the identification of individuals and information that are neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Inline

further objects to this request to the extent that it seeks confidential and proprietary information, and that there is no protective order in this matter.

**Interrogatory No. 9:**

Identify each communication, written or oral, from Inline or any Inline representative (including but not limited to David D. Goodman and Edward Kahn) to any representative of a Regional Bell Operating Company (or any affiliate or subsidiary thereof) concerning any type of ADSL service during the period January 1, 1991 to date.

**Objections To Interrogatory No. 9:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline further objects to this interrogatory as burdensome and oppressive, to the extent that it calls for the identification of communications that are neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Inline further objects to this request as unduly burdensome, oppressive and overbroad insofar as it calls for the identification of communications between Inline or any Inline representative and any representative of a Regional Bell Operating Company (or affiliate or subsidiary) over a thirteen year period. Moreover, Inline objects to this interrogatory to the extent that it requires Inline to determine who was a representative of a Regional Bell Operating Company during that period. Inline objects to this interrogatory to the extent that it requests information that is not within Inline's personal knowledge, or is not obtainable by Inline through a reasonable and good faith effort. Inline further objects to this request to the extent that it seeks confidential and proprietary information, and that there is no protective order in this matter.

9

Dated: *Octbr 21, 2005*

Respectfully Submitted,

By: _____
Stephen E. Noona
Va. Bar No. 25367
Kaufman & Canoles, P.C.
150 West Main Street
Norfolk, Virginia 23514-3037
Telephone: 757.624.3239
Facsimile: 757.624.3169

Carl S. Nadler
Heller Ehrman LLP
1717 Rhode Island Avenue, NW
Washington, DC 20036
Telephone: 202.912.2000
Facsimile: 202.912.2020

Alexander L. Brainerd
Michael K. Plimack
Andrew C. Byrnes
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: 415.772.6000
Facsimile: 415.772.6268

Robert C. Bertin
Va. Bar No. 41278
C. Joël Van Over
Swidler Berlin LLP
3000 K Street, NW, Suite 300
Washington, DC 20007-5116
Telephone: 202.424.7581
Facsimile: 202.424.7643

Attorneys for Inline Connection Corporation

10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INLINE CONNECTION CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:05-cv-00866-UNA |
| | ) |
| VERIZON INTERNET SERVICES, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

### INLINE'S RESPONSE TO GTE.NET LLC AND VERIZON INTERNET SERVICES, INC.'S SECOND SET OF INTERROGATORIES (NOS. 10-14)

#### GENERAL OBJECTIONS

1.     Plaintiff Inline Connection Corporation ("Inline") objects to these interrogatories, and to the definitions and instructions incorporated therein, to the extent they purport to require Inline to provide information that is not within Inline's personal knowledge, or is not obtainable by Inline through a reasonable and good faith effort.

2.     Inline objects to these interrogatories to the extent they seek to impose discovery obligations that are inconsistent with or exceed those required by the District of Delaware and the Federal Rules of Evidence.

3.     Inline objects to these requests as premature, excessively broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent they seek production of (a) information not retained in the ordinary course of business; and/or (b) information concerning Inline's business that is not directly at issue in this litigation

4.      Inline objects to these interrogatories as premature to the extent that they seek detailed information regarding Inline's contentions. In addition, discovery in this matter and Inline's investigation of the subject matter of this litigation, including expert investigation and third party discovery, is in its preliminary stages, particularly in light of the fact that Defendants have yet to provide meaningful responses to Inline's interrogatories and requests for the production of documents and things.

5.      Inline objects to these interrogatories insofar as they purport to request information protected by the attorney/client privilege, the work product rule, confidentiality agreements, or other applicable privilege or immunity. Inadvertent disclosure by Inline of information that is protected as an attorney/client communication or as work product or is otherwise immune from discovery shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, or any other information, or the subject matter, or the information contained herein, or of Inline's rights to object to the use of any such information contained therein during this litigation or otherwise.

6.      Inline objects to these interrogatories insofar as Defendants have failed to provide any substantive response to Inline's First Set of Interrogatories, which were served June 17, 2005.

7.      Inline objects to these interrogatories as overbroad, unduly burdensome and oppressive to the extent they are not limited by a reasonable time period.

8.      Inline objects to these interrogatories to the extent they call for information that is confidential, proprietary, commercially sensitive, or otherwise entitled to protection form public disclosure. Inline will produce such information only following the entry of an appropriate protective order in this case.

2

9.      Inline objects to the definition of "Relevant Patents" as overbroad, unduly

burdensome and seeking information that is irrelevant and not reasonably calculated to the

discovery of admissible evidence to the extent that they purport to require Inline to provide

information regarding patents that Inline has not asserted in the litigation.

10.      Inline objects to the definition of "Identify" as overbroad and unduly burdensome.

11.      Inline incorporates the foregoing General Objections into each and every Specific

Objection below.


## SPECIFIC OBJECTIONS

### Interrogatory No. 10:

Identify all persons with knowledge of the facts and contentions contained in the

Complaint, including, but not limited to, the persons that Inline intends to call as witnesses, fact

and/or expert, at trial to support such contentions and a description of the testimony that Inline

intends to proffer through each such witness.

### Response To Interrogatory No. 10:

Inline refers to and incorporates by reference each of the foregoing general objections as

though they were herein set forth in full.  Inline particularly objects to this interrogatory on the

basis of General Objection 6.  The responses to Inline's interrogatories are now more than six

months over-due.  Despite repeated efforts and numerous hours of meet and confer meetings

with Defendants' counsel to overcome discovery disputes, Defendants still refuse to respond to

Inline's interrogatories.

As offered in the attached October 26, 2005 letter from Michael K. Plimack to John B.

Wyss, Inline will agree to provide substantive responses to Defendants' interrogatories thirty

Warner (Civil Action No. 02-272-MPT) and Earthlink, Inc. (Civil Action No. 02-477-MPT). Inline, therefore, objects to this interrogatory as premature.

<u>Interrogatory No. 12</u>:

Describe in detail the factual basis for Inline's assertion that Defendants' alleged infringement was willful, including a description of all facts (including any acts or omissions) that support or tend to support any alleged willfulness on the part of Defendants.

<u>Response To Interrogatory No. 12</u>:

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline particularly objects to this interrogatory on the basis of General Objection 6. The responses to Inline's interrogatories are now more than six months over-due. Despite repeated efforts and numerous hours of meet and confer meetings with Defendants' counsel to overcome discovery disputes, Defendants still refuse to respond to Inline's interrogatories.

As offered in the attached October 26, 2005 letter from Michael K. Plimack to John B. Wyss, Inline will agree to provide substantive responses to Defendants' interrogatories thirty days after Defendants provide complete responses to Inline's interrogatories and document requests. However, Inline also notes that despite Defendants' refusal to stipulate, Inline intends to move the Court to stay this litigation pending the outcome of the litigations against AOL Time Warner (Civil Action No. 02-272-MPT) and Earthlink, Inc. (Civil Action No. 02-477-MPT). Inline, therefore, objects to this interrogatory as premature.

<u>Interrogatory No. 13</u>:

Identify all existing, proposed, and expired assignments, covenants not to sue, and/or license agreements to which Inline is/was a party that include or relate to the Relevant Patents.

**Response To Interrogatory No. 13:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline particularly objects to this interrogatory on the basis of General Objection 6. The responses to Inline's interrogatories are now more than six months over-due. Despite repeated efforts and numerous hours of meet and confer meetings with Defendants' counsel to overcome discovery disputes, Defendants still refuse to respond to Inline's interrogatories.

As offered in the attached October 26, 2005 letter from Michael K. Plimack to John B. Wyss, Inline will agree to provide substantive responses to Defendants' interrogatories thirty days after Defendants provide complete responses to Inline's interrogatories and document requests. However, Inline also notes that despite Defendants' refusal to stipulate, Inline intends to move the Court to stay this litigation pending the outcome of the litigations against AOL Time Warner (Civil Action No. 02-272-MPT) and Earthlink, Inc. (Civil Action No. 02-477-MPT). Inline, therefore, objects to this interrogatory as premature.

**Interrogatory No. 14:**

Set forth all facts regarding sales, offers for sale, disclosure and/or discussion, written or oral, of the purported inventions claimed in each claim of the Asserted Patents to any person or entity prior to December 5, 1991, including, but not limited to, the names of all persons or entities to whom such sale, offer for sale or disclosure was made, or with whom discussions were had, the date of such sale, offer for sale or disclosure and/or discussions, the substance of the sale, offer for sale, disclosure and/or discussions, and all documents constituting or concerning such sale, offer for sale, disclosure and/or discussions.

<u>Response To Interrogatory No. 14</u>:

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline particularly objects to this interrogatory on the basis of General Objection 6. The responses to Inline's interrogatories are now more than six months over-due. Despite repeated efforts and numerous hours of meet and confer meetings with Defendants' counsel to overcome discovery disputes, Defendants still refuse to respond to Inline's interrogatories.

As offered in the attached October 26, 2005 letter from Michael K. Plimack to John B. Wyss, Inline will agree to provide substantive responses to Defendants' interrogatories thirty days after Defendants provide complete responses to Inline's interrogatories and document requests. However, Inline also notes that despite Defendants' refusal to stipulate, Inline intends to move the Court to stay this litigation pending the outcome of the litigations against AOL Time Warner (Civil Action No. 02-272-MPT) and Earthlink, Inc. (Civil Action No. 02-477-MPT). Inline, therefore, objects to this interrogatory as premature.

Respectfully Submitted,

By: _____

Carl S. Nadler
Heller Ehrman LLP
1717 Rhode Island Avenue, NW
Washington, DC 20036
Telephone: 202.912.2000
Facsimile: 202.912.2020

Alexander L. Brainerd
Michael K. Plimack
Heller Ehrman LLP

7

333 Bush Street
San Francisco, CA 94104-2878
Telephone: 415.772.6000
Facsimile: 415.772.6268

Robert C. Bertin
C. Joël Van Over
Swidler Berlin LLP
3000 K Street, NW, Suite 300
Washington, DC 20007-5116
Telephone: 202.424.7581
Facsimile: 202.424.7643

Julia Heaney
Del. Bar No. 3052
Morris, Nichols, Arsht & Tunnell LLP
Chase Manhattan Centre, 18th Floor
1201 North Market Street
Wilmington, DE 19899-1347
Telephone: 302.575.7221
Facsimile: 302.658.3989

Attorneys for Inline Connection Corporation

Dated: 1-29-06

8

# HellerEhrman LLP

October 26, 2005

Michael K. Plimack
michael.plimack@hellerehrman.com
Direct +1.415.772.6821
Direct Fax +1.415.772.2021
Main +1.415.772.6000
Fax +1.415.772.6268

42102.0001

*Via E-mail*

John B. Wyss, Esq.
Wiley Rein & Fielding LLP
1776 K Street NW
Washington, DC 20006

**Re:**   *Inline Connection Corp. v. Verizon Internet Services, Inc. et al.*
    **Case No. 2:05CV205 HCM (E.D. Va., transferring to D. Del.)**

Dear John:

   I write following our telephone conversation of earlier today regarding discovery.

   I am tremendously concerned that Defendants are continuing to stonewall regarding their obligations to produce documents and interrogatory responses to Inline. Contrary to your apparent belief, discovery is not a one-way street by which documents and information travel from Inline to Defendants and precious little of substance makes its way from Defendants to Inline.

   Inline propounded its first set of RFPs and interrogatories on June 17, 2005. Defendants' responses were due roughly 3-1/2 months ago. Nonetheless, Defendants have yet to provide either meaningful production of documents, including any documents regarding the design, development and operation of any of Defendants' DSL services, or substantive interrogatory responses.

   As I stated on our call, Defendants' primary objections to responding in full to Inline's discovery were

   (1)   Discovery should not proceed in the case until Defendants' threshold
       motions to dismiss or transfer were resolved,

   (2)   Inline had not identified its asserted claims,

   (3)   Inline should first produce the documents produced in the Delaware case
       against AOL and Earthlink, and

Heller Ehrman LLP  333 Bush Street  San Francisco, CA  94104-2878  www.hellerehrman.com

Anchorage     Beijing     Hong Kong     Los Angeles     Madison, WI     New York     San Diego     San Francisco     Seattle
Silicon Valley     Singapore     Washington, D.C.

HellerEhrman<sub>LLP</sub>

John B. Wyss, Esq.
October 26, 3005
Page 2

(4)    Inline had not identified the accused services and, in any event, only splitterless ADSL utilizing remote terminal DSLAMs could infringe under the Delaware court's rulings and were therefore the only DSL services regarding which discovery was proper.

Over the intervening four months, objections (1), (2) and (3) above were mooted:

(1)    The Virginia court granted Defendants' motion to transfer and the parties agreed that the litigation as to the remainder of the Defendants should be stayed.

(2)    Inline provided its preliminary list of asserted claims in a July 15, 2005 letter to you from Carl Nadler.

(3)    Inline produced the Delaware documents.

As to objection (4), I proposed today that Defendants produce on a date certain in the near future responsive documents and information regarding their splitterless ADSL services utilizing remote terminal DSLAMs, leaving for a later day discussion of discovery regarding other types of DSL services. Despite your having emphasized repeatedly to Inline and the Virginia court that splitterless ADSL was not only relevant but should be the focus of the case, you refuse to provide any documents and information regarding that service unless Inline waives its right to seek discovery regarding other of Defendants' DSL services.

Not only will Inline not waive that right, neither the Delaware court's rulings to date nor the Federal Rules of Civil Procedure permit Defendants to refuse to produce relevant and responsive materials that address other DSL services. Such materials could include, for example, documents reflecting Defendants' or their predecessors' consideration and testing of a variety of non-splitterless DSL implementations, which could bear on validity and damages issues. Your assertion today that the case will never get far enough to address those issues is not a proper basis for refusing discovery.

To reiterate my comments on our call, Inline proposes that the parties agree on a date certain by which Defendants will provide complete responses to Inline's interrogatories and a complete document production, thirty days after which Inline will respond substantively to Defendants' interrogatories. Your commitment only to supplement Defendants' interrogatory responses "in the next several weeks" falls far short of fully satisfying Defendants' long overdue discovery obligations under the Federal Rules. If you do not agree in full to our proposal, please at least be clear regarding what, if anything, Defendants are willing to

HellerEhrman LLP

produce in terms of documents or information that they were not willing to produce at the time that Inline brought its motion to compel.

As I noted above, discovery is not the one-way street Defendants perceive it to be. Absent an agreement by which Defendants will provide complete discovery in response to Inline's first set of RFPs and interrogatories no later than a date certain, and which accounts for at least a portion of the 3 1/2 month priority of discovery to which Inline should be entitled, Inline will raise Defendants' intransigence at its first opportunity before the Delaware court.

Finally, after further thought, I do not believe that it would be efficient for us to speak tomorrow afternoon regarding the draft protective order. We prefer to discuss the protective order at the same time that we further discuss the matters set forth in this letter, as we attempted to do today.

Sincerely,

Michael K. Plimack

cc:    C. Joel Van Over, Esq.
       Steve E. Noona, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **INLINE CONNECTION CORPORATION,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CIVIL ACTION NO. 1:05-cv-00866-UNA** |
| | ) |
| **VERIZON INTERNET SERVICES,** | ) |
| **INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### INLINE'S RESPONSE TO GTE.NET LLC AND VERIZON INTERNET SERVICES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 15-70)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Inline Connection Corporation ("Inline"), through its counsel, hereby objects and responds to the Second Set of Document Requests propounded by GTE.Net LLC and Verizon Internet Services, Inc.

### GENERAL OBJECTIONS

1.  Inline objects to these documents requests to the extent they seek production of documents subject to the attorney-client privilege, attorney work-product immunity, any protective order, confidentiality agreement or any other applicable confidentiality agreement, doctrine, privilege or immunity. Inadvertent disclosure of any confidential information shall not operate as a waiver of any applicable confidentiality protections or obligations. To the extent Inline is obligated under any such agreements with third parties or court orders to maintain the confidentiality of documents or information that would otherwise be responsive to these requests, Inline will either seek a

waiver from such third parties or provide GTE.net LLC and Verizon Internet Services, Inc. with sufficient information to identify the party or parties to whom Inline owes such an obligation.

2.    The production of any document in response to these document requests shall not be deemed to result in a waiver, as to the document produced or any other documents not produced or any other information, of any: (a) applicable privilege, immunity, doctrine or claim of confidentiality; (b) designation of the document as confidential or any similar designation pursuant to any confidentiality agreement, stipulation or order; (c) objection stated herein; or (d) objection to the relevance or admissibility of the document.  By agreeing to produce documents in response to these document requests, Inline does not represent that any responsive documents exist or are within its possession, custody or control.  "Inline will produce nonprivileged documents in its custody that are responsive to this request" means that Inline will produce all nonprivileged responsive documents, if any such documents exist, that are not subject to any objection, are within Inline's possession, custody or control, and have been located after a reasonably diligent search.

3.    Inline objects to these documents requests to the extent they request production of documents, contain definitions and instructions, or purport to impose obligations inconsistent with the Federal Rules of Civil Procedure or the Local Rules of the District Court for the District of Delaware.

4.    Inline objects to these documents requests as overbroad and unduly burdensome to the extent they purport to require Inline to produce documents not within Inline's possession, custody or control and/or to the extent they purport to require Inline

2

to produce documents that cannot be located or identified after a reasonably diligent search.

5.    Inline objects to these requests as overly broad, unduly burdensome and not relevant or reasonably calculated to lead to the discovery of admissible evidence to the extent they call for documents or things relating exclusively to separate litigation proceeding in Delaware that do not relate to the claims at issue in this case.

6.    Inline continues to develop information that may be responsive to these document requests. Inline reserves the right to amend or supplement its responses to these requests should such amendments appear appropriate or necessary.

7.    Inline objects to these interrogatories insofar as Defendants have failed to provide any substantive response to, or document production pursuant to, Inline's First Set of Document Requests, which were served June 17, 2005.

8.    Inline objects to these document requests as overbroad, unduly burdensome and oppressive to the extent they are not limited by a reasonable time period.

9.    Inline objects to these requests to the extent they call for information and documents that are confidential, proprietary, commercially sensitive or otherwise entitled to protection from public disclosure. Inline will produce such documents only following the entry of an appropriate protective order and/or confidentiality agreement in this case.

10.    Inline objects to these requests to the extent that it is impossible for Inline to determine which documents were produced in the Delaware actions. Despite

3

reasonable efforts to ascertain the body of documents that was produced in the Delaware actions, Inline may not be able to identify these documents with complete accuracy.

11.    Defendants have demanded that Inline reimburse them for the cost of gathering and copying documents for production.  Inline is currently attempting to resolve this issue with Defendants.  Inline reserves the right to produce documents only upon payment of reasonable costs consistent with those it pays defendants for their document production efforts.

12.    Inline objects to the definition of "Relevant Patents" as overbroad, unduly burdensome and seeking information that is irrelevant and not reasonably calculated to the discovery of admissible evidence to the extent that they purport to require Inline to provide information regarding patents that Inline has not asserted in the litigation.

13.    Inline objects to the definition of "Identify" as overbroad and unduly burdensome.

14.    These general objections shall be incorporated into each of the following individual responses as if fully set forth therein.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 15:

Copies of the complete prosecution files, as maintained by or on behalf of Inline, for each of the Relevant Patents and all related applications (including, but not limited to Serial No.

4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline particularly objects to this document request on the basis of General Objection 7. The responses to Inline's document requests are now more than six months over due. Despite repeated efforts and numerous hours of meet and confer meetings with Defendants' counsel to overcome discovery disputes, Defendants still refuse to respond to Inline's document requests.

As Inline offered to respond to Defendants' interrogatories in the attached October 26, 2005 letter from Michael K. Plimack to John B. Wyss, Inline will agree to provide substantive responses to Defendants' document requests thirty days after Defendants provide complete responses to Inline's interrogatories and document requests. However, Inline also notes that despite Defendants' refusal to stipulate, Inline intends to move the Court to stay this litigation pending the outcome of the litigations against AOL Time Warner (Civil Action No. 02-272-MPT) and Earthlink, Inc. (Civil Action No. 02-477-MPT). Inline, therefore, objects to this document request as premature.

**REQUEST FOR PRODUCTION NO. 36:**

All documents that refer or relate to possible, or actual, licensing, sale, or assignment of any one of, or any combination of, the Relevant Patents or of any interest therein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline particularly objects to this document request on the basis of General Objection 7. The responses to Inline's document requests are now more than six months over-due. Despite repeated efforts and numerous hours of meet and confer

meetings with Defendants' counsel to overcome discovery disputes, Defendants still refuse to respond to Inline's document requests.

As Inline offered to respond to Defendants' interrogatories in the attached October 26, 2005 letter from Michael K. Plimack to John B. Wyss, Inline will agree to provide substantive responses to Defendants' document requests thirty days after Defendants provide complete responses to Inline's interrogatories and document requests. However, Inline also notes that despite Defendants' refusal to stipulate, Inline intends to move the Court to stay this litigation pending the outcome of the litigations against AOL Time Warner (Civil Action No. 02-272-MPT) and Earthlink, Inc. (Civil Action No. 02-477-MPT). Inline, therefore, objects to this document request as premature.

## REQUEST FOR PRODUCTION NO. 37:

All documents that refer or relate to Inline's licensing and/or patent enforcement policies.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline particularly objects to this document request on the basis of General Objection 7. The responses to Inline's document requests are now more than six months over-due. Despite repeated efforts and numerous hours of meet and confer meetings with Defendants' counsel to overcome discovery disputes, Defendants still refuse to respond to Inline's document requests.

As Inline offered to respond to Defendants' interrogatories in the attached October 26, 2005 letter from Michael K. Plimack to John B. Wyss, Inline will agree to provide substantive responses to Defendants' document requests thirty days after Defendants provide complete responses to Inline's interrogatories and document requests. However, Inline also notes that

despite Defendants' refusal to stipulate, Inline intends to move the Court to stay this litigation pending the outcome of the litigations against AOL Time Warner (Civil Action No. 02-272-MPT) and Earthlink, Inc. (Civil Action No. 02-477-MPT). Inline, therefore, objects to this document request as premature.

## REQUEST FOR PRODUCTION NO. 38:

All documents that refer or relate to possible or actual royalties or royalty structures for any one of, or any combination of, the Relevant Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline particularly objects to this document request on the basis of General Objection 7. The responses to Inline's document requests are now more than six months over due. Despite repeated efforts and numerous hours of meet and confer meetings with Defendants' counsel to overcome discovery disputes, Defendants still refuse to respond to Inline's document requests.

As Inline offered to respond to Defendants' interrogatories in the attached October 26, 2005 letter from Michael K. Plimack to John B. Wyss, Inline will agree to provide substantive responses to Defendants' document requests thirty days after Defendants provide complete responses to Inline's interrogatories and document requests. However, Inline also notes that despite Defendants' refusal to stipulate, Inline intends to move the Court to stay this litigation pending the outcome of the litigations against AOL Time Warner (Civil Action No. 02-272-MPT) and Earthlink, Inc. (Civil Action No. 02-477-MPT). Inline, therefore, objects to this document request as premature.

than six months over-due. Despite repeated efforts and numerous hours of meet and confer meetings with Defendants' counsel to overcome discovery disputes, Defendants still refuse to respond to Inline's document requests.

As Inline offered to respond to Defendants' interrogatories in the attached October 26, 2005 letter from Michael K. Plimack to John B. Wyss, Inline will agree to provide substantive responses to Defendants' document requests thirty days after Defendants provide complete responses to Inline's interrogatories and document requests. However, Inline also notes that despite Defendants' refusal to stipulate, Inline intends to move the Court to stay this litigation pending the outcome of the litigations against AOL Time Warner (Civil Action No. 02-272-MPT) and Earthlink, Inc. (Civil Action No. 02-477-MPT). Inline, therefore, objects to this document request as premature.

## REQUEST FOR PRODUCTION NO. 46:

All documents evidencing or concerning communications between Inline and/or David D. Goodman and any shareholder, or potential investor, of Inline, or any other individual or entity having a financial interest in the Delaware Actions, the Virginia Action, and/or the Relevant Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline particularly objects to this document request on the basis of General Objection 7. The responses to Inline's document requests are now more than six months over-due. Despite repeated efforts and numerous hours of meet and confer meetings with Defendants' counsel to overcome discovery disputes, Defendants still refuse to respond to Inline's document requests.

As Inline offered to respond to Defendants' interrogatories in the attached October 26, 2005 letter from Michael K. Plimack to John B. Wyss, Inline will agree to provide substantive responses to Defendants' document requests thirty days after Defendants provide complete responses to Inline's interrogatories and document requests. However, Inline also notes that despite Defendants' refusal to stipulate, Inline intends to move the Court to stay this litigation pending the outcome of the litigations against AOL Time Warner (Civil Action No. 02-272-MPT) and Earthlink, Inc. (Civil Action No. 02-477-MPT). Inline, therefore, objects to this document request as premature.

### REQUEST FOR PRODUCTION NO. 47:

All documents evidencing or concerning communications, written or oral, between Inline, David D. Goodman, and/or any representative of Inline (including, but not limited to Edward Kahn and Chris Savage) and Bell Atlantic, Nynex or GTE.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline particularly objects to this document request on the basis of General Objection 7. The responses to Inline's document requests are now more than six months over-due. Despite repeated efforts and numerous hours of meet and confer meetings with Defendants' counsel to overcome discovery disputes, Defendants still refuse to respond to Inline's document requests.

As Inline offered to respond to Defendants' interrogatories in the attached October 26, 2005 letter from Michael K. Plimack to John B. Wyss, Inline will agree to provide substantive responses to Defendants' document requests thirty days after Defendants provide complete responses to Inline's interrogatories and document requests. However, Inline also notes that

32

**REQUEST FOR PRODUCTION NO. 56:**

All documents that refer or relate to any and all products, processes, or services sold and/or supplied by any Third Party that Inline contends infringe any claim of one or more of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full.  Inline particularly objects to this document request on the basis of General Objection 7.  The responses to Inline's document requests are now more than six months over-due.  Despite repeated efforts and numerous hours of meet and confer meetings with Defendants' counsel to overcome discovery disputes, Defendants still refuse to respond to Inline's document requests.

As Inline offered to respond to Defendants' interrogatories in the attached October 26, 2005 letter from Michael K. Plimack to John B. Wyss, Inline will agree to provide substantive responses to Defendants' document requests thirty days after Defendants provide complete responses to Inline's interrogatories and document requests.  However, Inline also notes that despite Defendants' refusal to stipulate, Inline intends to move the Court to stay this litigation pending the outcome of the litigations against AOL Time Warner (Civil Action No. 02-272-MPT) and Earthlink, Inc. (Civil Action No. 02-477-MPT).  Inline, therefore, objects to this document request as premature.

**REQUEST FOR PRODUCTION NO. 57:**

All documents that refer or relate to the financing of this action, the Virginia Action, and/or the Delaware Actions and/or any financial interests in this action, the Virginia Action, and/or the Delaware Actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline particularly objects to this document request on the basis of General Objection 7. The responses to Inline's document requests are now more than six months over-due. Despite repeated efforts and numerous hours of meet and confer meetings with Defendants' counsel to overcome discovery disputes, Defendants still refuse to respond to Inline's document requests.

As Inline offered to respond to Defendants' interrogatories in the attached October 26, 2005 letter from Michael K. Plimack to John B. Wyss, Inline will agree to provide substantive responses to Defendants' document requests thirty days after Defendants provide complete responses to Inline's interrogatories and document requests. However, Inline also notes that despite Defendants' refusal to stipulate, Inline intends to move the Court to stay this litigation pending the outcome of the litigations against AOL Time Warner (Civil Action No. 02-272-MPT) and Earthlink, Inc. (Civil Action No. 02-477-MPT). Inline, therefore, objects to this document request as premature.

**REQUEST FOR PRODUCTION NO. 58:**

All documents that refer or relate to the current ownership interest of all persons and/or entities in Inline and/or the Relevant Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline particularly objects to this document request on the basis of General Objection 7. The responses to Inline's document requests are now more than six months over-due. Despite repeated efforts and numerous hours of meet and confer

meetings with Defendants' counsel to overcome discovery disputes, Defendants still refuse to respond to Inline's document requests.

As Inline offered to respond to Defendants' interrogatories in the attached October 26, 2005 letter from Michael K. Plimack to John B. Wyss, Inline will agree to provide substantive responses to Defendants' document requests thirty days after Defendants provide complete responses to Inline's interrogatories and document requests. However, Inline also notes that despite Defendants' refusal to stipulate, Inline intends to move the Court to stay this litigation pending the outcome of the litigations against AOL Time Warner (Civil Action No. 02-272-MPT) and Earthlink, Inc. (Civil Action No. 02-477-MPT). Inline, therefore, objects to this document request as premature.

## REQUEST FOR PRODUCTION NO. 59:

All documents that refer or relate to Inline's corporate history, including the existence of any relationship with any other individuals, corporations, partnerships, companies, investors, and/or shareholders.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline particularly objects to this document request on the basis of General Objection 7. The responses to Inline's document requests are now more than six months over-due. Despite repeated efforts and numerous hours of meet and confer meetings with Defendants' counsel to overcome discovery disputes, Defendants still refuse to respond to Inline's document requests.

As Inline offered to respond to Defendants' interrogatories in the attached October 26, 2005 letter from Michael K. Plimack to John B. Wyss, Inline will agree to provide substantive

responses to Defendants' document requests thirty days after Defendants provide complete responses to Inline's interrogatories and document requests. However, Inline also notes that despite Defendants' refusal to stipulate, Inline intends to move the Court to stay this litigation pending the outcome of the litigations against AOL Time Warner (Civil Action No. 02-272-MPT) and Earthlink, Inc. (Civil Action No. 02-477-MPT). Inline, therefore, objects to this document request as premature.

**REQUEST FOR PRODUCTION NO. 60:**

Documents sufficient to show Inline's corporate organization, including, but not limited to, documents showing officers, directors, and employees, and/or organizational structure by function or otherwise, from January 1, 1988 to date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline particularly objects to this document request on the basis of General Objection 7. The responses to Inline's document requests are now more than six months over-due. Despite repeated efforts and numerous hours of meet and confer meetings with Defendants' counsel to overcome discovery disputes, Defendants still refuse to respond to Inline's document requests.

As Inline offered to respond to Defendants' interrogatories in the attached October 26, 2005 letter from Michael K. Plimack to John B. Wyss, Inline will agree to provide substantive responses to Defendants' document requests thirty days after Defendants provide complete responses to Inline's interrogatories and document requests. However, Inline also notes that despite Defendants' refusal to stipulate, Inline intends to move the Court to stay this litigation pending the outcome of the litigations against AOL Time Warner (Civil Action No. 02-272-

43

meetings with Defendants' counsel to overcome discovery disputes, Defendants still refuse to respond to Inline's document requests.

As Inline offered to respond to Defendants' interrogatories in the attached October 26, 2005 letter from Michael K. Plimack to John B. Wyss, Inline will agree to provide substantive responses to Defendants' document requests thirty days after Defendants provide complete responses to Inline's interrogatories and document requests.  However, Inline also notes that despite Defendants' refusal to stipulate, Inline intends to move the Court to stay this litigation pending the outcome of the litigations against AOL Time Warner (Civil Action No. 02-272-MPT) and Earthlink, Inc. (Civil Action No. 02-477-MPT).  Inline, therefore, objects to this document request as premature.

Respectfully Submitted,

By: _____
Carl S. Nadler
Heller Ehrman LLP
1717 Rhode Island Avenue, NW
Washington, DC  20036
Telephone:  202.912.2000
Facsimile:  202.912.2020

Alexander L. Brainerd
Michael K. Plimack
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone:  415.772.6000
Facsimile:  415.772.6268

Robert C. Bertin
C. Joël Van Over
Swidler Berlin LLP

52

3000 K Street, NW, Suite 300
Washington, DC 20007-5116
Telephone: 202.424.7581
Facsimile: 202.424.7643

Julia Heancy
Del. Bar No. 3052
Morris, Nichols, Arsht & Tunnell LLP
Chase Manhattan Centre, 18th Floor
1201 North Market Street
Wilmington, DE 19899-1347
Telephone: 302.575.7221
Facsimile: 302.658.3989


Attorneys for Inline Connection Corporation

Dated: _1 - 24 - 06_____