IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INLINE CONNECTION CORP.,<br><br>                Plaintiff,<br>    v.<br><br>VERIZON INTERNET SERVICES,<br>   INC., et al.,<br>                Defendants. | )<br>)<br>)<br>)<br>)   C.A. No. 05-866 (JJF)<br>)<br>)<br>)<br>) |

**INLINE'S OPPOSITION TO VERIZON'S MOTION TO
COMPEL DISCOVERY REGARDING "OWNERSHIP"**

Verizon's motion to compel "ownership" discovery (D.I. 88) is actually part and parcel of the case management issue already before the Court and fully briefed in connection with Inline's Motion To Stay pending resolution of the *AOL* and *Earthlink* cases (D.I. 81). As noted in our motion, the parties have been operating under a *de facto* stay of discovery in this case - which began when Verizon itself filed a motion for a stay of all merits discovery and continued with Verizon's refusal to provide basic discovery.[1] Inline's Motion to Stay would formalize that stay for both parties as a two-way street, which would be fair and efficient. Verizon offers no legitimate reason for carving out an exception for ownership discovery.

Notably, Verizon recognizes that the outcome of *AOL* and *Earthlink* will impact this case and therefore endorses generally the concept of a stay (which indeed it began, as noted above). But its answering brief on Inline's motion does seek to give Verizon a tactical advantage by having certain discovery proceed (i.e. on issues it favors) while discovery is on hold on issues

---

[1] This case was transferred from Virginia on December 14, 2005. Prior to transfer, Verizon moved for a stay of discovery shortly after the Virginia court entered a scheduling order in June 2005. The scheduling order called for the completion of fact and expert discovery by December 20, 2005 and trial in January 2006. Almost no discovery has occurred, and no trial was held. For example, as described in more detail below, Verizon has refused to produce documents responsive to 77 of Inline's 84 documents requests and to answer 15 of Inline's 20 interrogatories.

important to Inline. Ownership is simply one instance of Verizon's favored issues. Thus, its current motion is nothing more than a backdoor effort to have special treatment while the scope of the discovery stay is pending before the Court and while Verizon provides no discovery.

For the reasons set forth in Inline's briefing (D.I. 81, 83), a complete stay of discovery – equally applicable to both parties – makes sense; those reasons apply in full to ownership discovery. Indeed, the issue of ownership is already being litigated in the *AOL* and *Earthlink* cases.[2] In the meet and confer that preceded this motion, Verizon offered no explanation, in response to Inline's specific request, why the Court and the parties could not address "ownership," if still necessary, after *AOL* and *Earthlink*. Exhibits A, B.[3]

### A. Verizon's Requested Discovery Should Be Stayed Along With All Other Issues In This Case.

Inline's pending motion to stay (D.I. 81) identifies the factors relevant to whether a case should be stayed pending related litigation: (a) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; (b) whether a stay will simplify the issues and trial of the case; (c) whether discovery is completed; and (d) whether a trial date has been set. *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991). These factors, addressed in more detail in Inline's briefing, confirm that ownership discovery should be stayed, along with the rest of the case, pending resolution of *AOL* and *Earthlink*.

*1. No Prejudice*. Verizon has identified no reason "ownership" discovery cannot be completed after a stay expires. As Verizon concedes, the relevant question is whether Inline

---

[2] Verizon suggested in its brief on the stay that it needed certain discovery because otherwise important evidence might be lost. Inline cannot and does not suggest that this purported reason applies to ownership, which relates to events of recent vintage.

[3] In addition, Inline requested a brief extension of time to file this opposition brief to further meet and confer on the issue of ownership and related discovery. Verizon, however, refused this request, forcing Inline to file this opposition brief at this time.

"owned" the patents at the filing of this suit. *See* D.I. 88, at 1. The facts of that ownership will not change while *AOL* and *Earthlink* are litigated. To the extent ownership is still an issue after the *AOL* and *Earthlink* litigation and requires additional discovery, Verizon will have every opportunity to secure appropriate discovery and to present any defenses it believes appropriate.

> **2. The Issue Will be Simplified.** In *AOL/Earthlink*, the parties there are actively litigating ownership and whether Inline is the proper plaintiff for the same patents. *See* D.I. 88, Exhibit 2, at 44-49. While Verizon argues that the issues may be slightly different in this case (D.I. 88, at 4), it is apparent that the *AOL/Earthlink* litigation will fully develop the record on these issues and will likely result in fact-findings on closely related questions of ownership. This is exactly the situation where a stay will allow the parties to address these questions on a simplified and streamlined basis after resolution of the *AOL/Earthlink* matter.

> **3. The Procedural Posture of This Case Favors a Stay.** Very little discovery has taken place and there is a *de facto* stay of discovery that has continued for several months. There in no trial date. Under these circumstances, staying the "ownership" discovery makes sense.

**B.     Simple Fairness Demands That Verizon's Requested "Ownership" Discovery Proceed Only As Part of Full Bilateral Discovery After *AOL/Earthlink*.**

Inline filed a motion to compel responses to Inline's document requests and interrogatories last August, which has long been fully briefed. In the meantime, Verizon has refused to produce documents responsive to 77 of Inline's 84 requests and has offered no response to 15 of Inline's 20 interrogatories.[4] Yet it unabashedly asks the Court to order Inline to answer discovery that was filed months after Inline's requests.[5] Verizon should not be able to

---

[4]   *See generally* Inline's Memorandum in Support of Motion to Compel (filed Aug. 1, 2005) (D.I. 64).

[5]   The Inline discovery Verizon continues to ignore was filed June 17, 2005. The Verizon discovery requests at issue in this motion were filed in October 2005 and January, 2006.

treat this case as stayed *except* for discovery on a select few issues it deems beneficial.

To be clear, Inline believes that all discovery – Verizon's and Inline's – should be stayed pending resolution of the *AOL* and *Earthlink* suits. It bears noting, however, that the fair alternative is not to allow Verizon to develop the issues it cares about in isolation from full discovery. Discovery should either be stayed or should proceed on a full bi-lateral basis.

### C. Verizon's Requested Discovery is Unfairly Overbroad

Even a casual review shows that Verizon is seeking discovery on issues far broader than the "threshold jurisdictional issue of Inline's standing to file this lawsuit." *Id., at 1*. For example, Interrogatory No. 8 requests broad information on ownership of *plaintiff Inline* itself as well as on contingent or other interests in the outcome of this or other lawsuits. This information is not relevant to the question of *patent* ownership that Verizon claims to be pursuing.

This case should be stayed – in full – pending resolution of the *AOL* and *Earthlink* matters. The Court should not permit Verizon to exempt from that stay particular issues that it would like to litigate in advance of the rest of the case.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Alexander L. Brainerd
Michael K. Plimack
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878

John R. Ferguson
C. Joël Van Over
SWIDLER BERLIN LLP
3000 K Street, N.W., Suite 300
Washington, DC 20007

Dated: April 6, 2006.
514651

*/s/ Mary B. Graham (#2256)*
_____
Mary B. Graham (#2256)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

*Attorneys for Plaintiff
Inline Connection Corporation*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on April 6, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Jeffrey B. Bove
> Kevin M. Baird
> Connolly Bove Lodge & Hutz LLP

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

Jeffrey B. Bove
Kevin M. Baird
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19801

### BY FEDERAL EXPRESS

John B. Wyss
Wiley Rein & Fielding LLP
1776 K Street, N.W.
Washington, DC  20006

*/s/ Mary B. Graham (#2256)*
Mary B. Graham (#2256)