IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INLINE CONNECTION                :
CORPORATION,                     :
                                 :
        Plaintiff,                :
                                 :
    v.                            :    Civil Action No. 05-866-JJF
                                 :
VERIZON INTERNET SERVICES,       :
INC., et al.,                    :
                                 :
        Defendants.               :

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Inline's Motion To Stay (D.I. 81). For the reasons discussed, the Motion will be granted in part.

### I. BACKGROUND

Plaintiff filed its Complaint in the United States District Court for the Eastern District of Virginia in April 2005. Plaintiff's Complaint alleges that Defendants infringe United States Patent Nos. 5,844,596, 6,236,718, 6,243,446, and 6,542,585 through the use and sale of Digital Subscriber Line ("DSL") Services. On December 14, 2005, several Defendants were severed and the case as it pertained to those Defendants was transferred to this Court. Plaintiff subsequently filed its Motion To Stay (D.I. 81), requesting that the Court stay the action pending resolution of two related actions also in the District of Delaware.

## II. PARTIES' CONTENTIONS

The parties agree that a stay is warranted in this case because of the advanced nature of two other actions pending in the District of Delaware, see 02-272-MPT and 02-477-MPT ("the AOL/Earthlink cases"), which involve the same patents. It is the scope of the stay that is contested. Defendants propose that they be allowed to litigate their invalidity and unenforceability defenses and claim construction for terms and claims not involved in the AOL/Earthlink cases, despite the stay. Plaintiff contends that Defendants' proposal is unfair because it allows Defendants to litigate the issues most favorable to them and further because the issues are complicated and will require extensive discovery.

## III. DISCUSSION

The decision to grant or deny a stay is within the court's broad discretion. Bechtel Corp. v. Laborers' Int'l Union, 544 F.2d 1207, 1215 (3d Cir. 1976). In determining whether a stay is appropriate, a court should "weigh the competing interests of the parties and attempt to maintain an even balance." Dentsply Int'l Inc. v. Kerr Mfg. Co., 734 F.Supp. 656, 658 (D. Del. 1990). In weighing the interests involved, courts are generally guided by such factors as (1) whether a stay will simplify the issues raised by the parties; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice the non-movant. Gioello Enters. Ltd. v. Mattel, Inc.,

2

2001 WL 125340 (D. Del. Jan. 29, 2001); <u>United Sweetener USA, Inc. v. Nutrasweet Co.</u>, 766 F.Supp. 212, 217 (D. Del. 1991). In balancing these factors, courts must be particularly mindful of the consequences of the stay on the other parties. <u>Dentsply Int'l Inc.</u>, 734 F.Supp. at 658.

    The Court concludes that a stay is appropriate in this case. First, discovery is in the beginning stages and a date for trial has not yet been set. Second, a stay will simplify the issues raised by the parties. The patents-at-issue in this case are the same patents-at-issue in the AOL/Earthlink cases, and Judge Thynge has already construed many of the claims and terms of the patents. Because many of the same claims and terms are disputed, the jury's verdict on infringement may help determine whether there is infringement in this case. Finally, Defendants will not be prejudiced by the stay; rather, Defendants support the stay and recognize that time and resources can be saved by allowing the AOL/Earthlink cases to go forward. Accordingly, the Court will stay the case, pending an outcome in the two related cases in the District of Delaware.

    While the Court will grant Plaintiff's motion to stay, the Court will limit the scope of the stay. Defendants contend that they should be permitted to proceed with their invalidity and unenforceability defenses and construction of certain claims and terms not involved in the AOL/Earthlink cases. Defendants'

primary concern with the invalidity and unenforceability defenses is that many of the events pertaining to the defenses occurred close to twenty years ago, and as a result, witnesses are forgetting or dying and evidence is being lost or destroyed. Defendants contend that if the Court stays the case entirely, Defendants will continue to lose evidence and witnesses.

    The Court agrees with Defendants, particularly in light of the events leading to the filing of this action. Plaintiff first accused Defendants' predecessors of infringing its patents in 1993. Plaintiff did not file a complaint until 2002, at which time it filed against three defendants in the District of Delaware. When Plaintiff discovered that it had improperly filed against Defendants' holding company, Plaintiff dismissed the case against that defendant. The cases against the other two defendants are the AOL/Earthlink cases. Plaintiff instituted the instant action in Virginia on the "rocket docket" in 2005, allegedly following unfavorable decisions in the AOL/Earthlink cases. Plaintiff now seeks a stay in this case, where it was opposed to one when the case was pending in Virginia, while it litigates to conclusion the AOL/Earthlink cases. The Court cannot allow Defendants' evidence to continue to deteriorate while Plaintiff chooses what it will litigate and when.

    Defendants also contend that they should be permitted to proceed with claim construction on certain terms and claims not

at issue in the AOL/Earthlink cases. The Court concludes, however, that a stay as to claim construction of these other terms and claims is warranted in light of the Court's stay of related issues in this case. Accordingly, the Court will grant Inline's Motion To Stay (D.I. 81), but will permit the Defendants to proceed with discovery as to their unenforceability and invalidity defenses.

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that Inline's Motion To Stay (D.I. 81) is **GRANTED IN PART**.

April 13, 2006

_____
UNITED STATES DISTRICT JUDGE