IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
INLINE CONNECTION           :
CORPORATION,                :
                            :
        Plaintiff,          :
                            :
    v.                      :    Civil Action No. 05-866-JJF
                            :
VERIZON INTERNET SERVICES,  :
INC., et al.,               :
                            :
        Defendants.         :
```

## MEMORANDUM ORDER

Pending before the Court is Defendants' Motion To Compel Discovery Regarding Threshold Jurisdictional "Ownership" Issue (D.I. 88). For the reasons discussed, the Motion will be granted.

## I.   PARTIES' CONTENTIONS

By their Motion, Defendants contend that Plaintiff should be ordered to produce all discovery related to ownership. Defendants believe, based on hearings conducted in two related cases currently before Magistrate Judge Thynge ("the AOL/Earthlink cases"), see 02-272-MPT and 02-477-MPT, that all substantial rights to the patents-in-suit were transferred to Mercury Communications LLC, Pie Squared LLC, and/or Broadband Technology Innovations, LLC in March 2004. Defendants further contend that Plaintiff's contention that the ownership issue will be decided in the AOL/Earthlink cases is wrong, because Defendants contend ownership changed after the filing of those cases but before the filing of the instant action.

In response, Plaintiff contends that the case should be entirely stayed pending resolution of the AOL/Earthlink cases and that allowing Defendants to obtain discovery on select issues is prejudicial to Plaintiff.[1]  Plaintiff also contends that Defendants' discovery request is unfairly overbroad because it seeks discovery on issues such as ownership of Plaintiff itself and other contingent issues.

## II.  DISCUSSION

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  A court may limit discovery "if the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).

The Court concludes that the evidence sought by Defendants is relevant to Defendants' claim that the Court lacks jurisdiction.  Ownership is a threshold issue, and the Court may lack jurisdiction if, as Defendants contend, Plaintiff assigned all substantial rights to a non-party.  Aspex Eyewear, Inc. v. Miracle Optics, Inc., 434 F.3d 1336, 1339-40 (Fed. Cir. 2006). In the Court's view, the outcome of the AOL/Earthlink cases is

---

[1]The Court granted Plaintiff's motion to stay in part after the instant Motion was filed.  Despite the stay, Defendants were permitted to proceed with their unenforceability and invalidity defenses.  (D.I. 92).

irrelevant to the ownership issue because those cases were filed in 2002, and the rights allegedly were not transferred until March 2004.

The Court stayed the instant case as to all issues except Defendants' unenforceability and invalidity defenses. The Court concludes that Defendants' claim that Inline may lack standing falls within Defendants' unenforceability defenses. Accordingly, Plaintiff is ordered to respond to discovery requests relevant to the ownership defense.

**ORDER**

NOW THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion To Compel Discovery Regarding Threshold Jurisdictional "Ownership" Issue (D.I. 88) is **GRANTED**.

April __24__, 2006

UNITED STATES DISTRICT COURT