**Exhibit 1**

## Wyss, John

| | |
|---|---|
| **From:** | Wyss, John |
| **Sent:** | Tuesday, April 25, 2006 5:25 PM |
| **To:** | 'Plimack, Michael K.'; 'Nadler, Carl S.'; 'Van Over, C. Joel' |
| **Cc:** | 'jheaney@mnat.com'; Jeff Bove |
| **Subject:** | Ownership Discovery |

Mike, Carl and Joel:

In light of the Court's Memorandum Order (D.I. 97), we request that Inline immediately respond -- on a rolling basis -- to all of the discovery requests relevant to the ownership defense that we have previously identified and discussed. These requests are: Interrogatory Nos. 8 and 13, and Document Request Nos. 33, 36, 46 and 57-59.

We ask that you produce by tomorrow all of the responsive ownership-related documents that have been previously produced by Inline to AOL and/or EarthLink. These documents should be immediately available from Joel's files and already marked with production numbers. There is no excuse for any further delay in producing copies of these documents which were turned over to AOL/EarthLink weeks ago, but withheld from the Verizon defendants.

Because, as the Court recognized, the ownership discovery is relevant to the threshold issue of lack of standing for Inline's original complaint, we request that you answer the interrogatories and produce the additional documents required by Judge Farnan's order no later than May 4, 2006.

We look forward to receiving the initial documents previously produced to AOL and EarthLink tomorrow, as well as confirmation that the remaining ownership-related interrogatory answers and documents will follow on a rolling basis and be completed next week.

Thank you for your anticipated cooperation in this matter.


John B. Wyss
Wiley Rein & Fielding LLP
1776 K Street, NW
Washington, DC 20006
Phone:  202.719.7038
Fax:     202.719.7049
Email:   jwyss@wrf.com

**Exhibit 2**

## Wyss, John

| | |
|---|---|
| **From:** | Plimack, Michael K. [Michael.Plimack@hellerehrman.com] |
| **Sent:** | Wednesday, April 26, 2006 8:39 PM |
| **To:** | Wyss, John; Nadler, Carl S.; Van Over, C. Joel |
| **Cc:** | jheaney@mnat.com; Jeff Bove; Mary Graham (E-mail) |
| **Subject:** | RE: Ownership Discovery |

John - we accept your proposal to produce "ownership" documents on a rolling basis. We are gathering the agreements relating to this issue and expect to be able to produce them next week. Some of the discovery requests you have identified call for information beyond the ownership issue. In any event, any remaining relevant, responsive documents will be produced in the time frame that we discuss and agree to, as discussed in my letter to you of today.

-----Original Message-----
**From:** Wyss, John [mailto:JWyss@wrf.com]
**Sent:** Tuesday, April 25, 2006 2:25 PM
**To:** Plimack, Michael K.; Nadler, Carl S.; Van Over, C. Joel
**Cc:** jheaney@mnat.com; Jeff Bove
**Subject:** Ownership Discovery

Mike, Carl and Joel:

In light of the Court's Memorandum Order (D.I. 97), we request that Inline immediately respond -- on a rolling basis -- to all of the discovery requests relevant to the ownership defense that we have previously identified and discussed. These requests are: Interrogatory Nos. 8 and 13, and Document Request Nos. 33, 36, 46 and 57-59.

We ask that you produce by tomorrow all of the responsive ownership-related documents that have been previously produced by Inline to AOL and/or EarthLink. These documents should be immediately available from Joel's files and already marked with production numbers. There is no excuse for any further delay in producing copies of these documents which were turned over to AOL/EarthLink weeks ago, but withheld from the Verizon defendants.

Because, as the Court recognized, the ownership discovery is relevant to the threshold issue of lack of standing for Inline's original complaint, we request that you answer the interrogatories and produce the additional documents required by Judge Farnan's order no later than May 4, 2006.

We look forward to receiving the initial documents previously produced to AOL and EarthLink tomorrow, as well as confirmation that the remaining ownership-related interrogatory answers and documents will follow on a rolling basis and be completed next week.

Thank you for your anticipated cooperation in this matter.


John B. Wyss
Wiley Rein & Fielding LLP
1776 K Street, NW
Washington, DC 20006
Phone: 202.719.7038
Fax:    202.719.7049
Email:  jwyss@wrf.com

**Exhibit 3**

April 18, 2006

Michael K. Plimack
michael.plimack@hellerehrman.com
Direct +1.415.772.6821
Direct Fax +1.415.772.2021
Main +1.415.772.6000
Fax +1.415.772.6268

42102.0001

*Via E-mail*

John B. Wyss, Esq.
Wiley Rein & Fielding LLP
1776 K Street NW
Washington, DC 20006

**Re:**    ***Inline Connection Corp. v. Verizon Internet Services, Inc. et al.***
            **Case No. 05-866 (D. Del.)**

Dear John:

I have your letter of April 25, 2006, which states that Verizon will consider, on a "case-by-case" basis, whether it is willing to respond to Inline's discovery relating to validity and enforceability. As you know from our meet and confer, Inline does not believe this is what the Court ordered and does not believe it is fair or reasonable. Discovery on any issue that is not stayed must be fully bilateral. Indeed, the Court's April 24, 2005 Order (D.I. 95), expressly allows Inline to renew its motion to compel on relevant issues in light of the Court's stay Order.

In an effort to move forward, however, on discovery of Verizon on validity and enforceability, Inline asks Verizon to indicate whether it will respond to Interrogatory Nos. 9-11 from Plaintiff Inline's First Set of Interrogatories to Defendants and Requests for Production 1, 6, 10, (prior art only), 11 (limited to validity, enforceability, ownership and inventorship issues), 13, 15-17 (limited to validity, enforceability, ownership and inventorship), 18-20, 23, 26 from Plaintiff Inline's First Set of Requests for Production of Documents and Things to Defendants, both served on June 17, 2005.

Your other April 25, 2006 letter misstates our discussion of the timing of responses to discovery. During our call, I stated that before Inline commits to a date certain by which it will provide discovery relevant to issues of validity and enforceability as covered by the Court's order, we need to know to what extent and when Verizon will be providing discovery on the same subjects. As you know, our discovery requests, including on contentions, were propounded in June, 2005. Yet for ten months, Verizon has refused to provide any meaningful responses. Verizon carries the burden of proof (by clear and convincing

| Anchorage | Beijing | Hong Kong | Los Angeles | Madison, WI | New York | San Diego | **San Francisco** | Seattle |
| Silicon Valley | Singapore | Washington, D.C. | | | | | | |

# HellerEhrman LLP

evidence) on the affirmative defenses of invalidity and unenforceability and it is therefore imperative that Verizon provide its contentions with respect to those subjects so that the we can consider the boundaries of proper discovery and provide informed responses. My statement of a 30 day response time was clearly communicated to you as the timeframe in which we believe both parties could provide appropriate discovery.

If Verizon is unwilling to provide "two-way discovery," as set forth above, we will be forced to bring this matter to the Court's attention, as set forth in the Court's April 24 Order. I am available to meet and confer with you about the subjects set forth above today or at 9:30 a.m. PDT on April 27.

Sincerely,

Michael K. Plimack

cc:    Joel Van Over
       Mary B. Graham
       Julie Heaney
       Jeffrey B. Bove

**Exhibit 4**

## wrf  Wiley Rein & Fielding LLP

1776 K STREET NW
WASHINGTON, DC 20006
PHONE   202.719.7000
FAX     202.719.7049

Virginia Office
7925 JONES BRANCH DRIVE
SUITE 6200
McLEAN, VA 22102
PHONE   703.905.2800
FAX     703.905.2820

www.wrf.com

April 27, 2006

John B. Wyss
202.719.7038
jwyss@wrf.com

*Via E-Mail*

Michael K. Plimack, Esq.
HellerEhrman LLP
333 Bush Street
San Francisco, California  94104-2878

Re:   *Inline Connection Corp. v. Verizon Internet Services, Inc. et al.*
      Case No. 1:05-cv-866(JJF)(D.Del.)

Dear Mike:

This will confirm our telephone conversation this afternoon, as well as respond to your letter which, although dated April 18, was sent by email on April 26 (hereinafter "April 18/26 letter").

As I indicated, we believe that Inline should produce the Inline/BBTI/Pie Squared ownership-related documents previously produced in the *AOL* case immediately, with any additional ownership-related "agreements" to follow by the end of next week (*i.e.*, May 5). We further believe that full compliance with Judge Farnan's ownership discovery order (D.I. 97) should be completed by a date certain, such as May 15. In response, you reiterated the position stated in your April 26 email regarding "ownership discovery" that Inline would not produce the documents previously produced in the *AOL* case until sometime next week, and that Inline would not commit to a date certain for full compliance with Judge Farnan's ownership discovery order until after Inline obtains discovery from the Verizon defendants regarding certain open-ended discovery requests identified in your April 18/26 letter. Given your position, we will need to seek the Court's assistance in setting a firm time schedule for Inline's compliance with the Court's D.I. 97 Order.

With respect to the Inline discovery requests identified in your April 18/26 letter, I know that most, if not all, of those requests were discussed and negotiated at great length between myself and your partner, Carl Nadler, last year. In order to discuss these requests with you again, I will need to dig out of the files all of the related letters and pleadings in order to refresh my memory concerning agreements previously reached and the substantial number of responsive documents that have

Wiley Rein & Fielding LLP
Michael K. Plimack, Esq.
April 27, 2006
Page 2

already been produced. As we discussed, I will try to complete that review over the weekend and we will talk again on Monday at 9:30 am PDT (12:30 pm EDT).

Finally, we briefly discussed the issue of attorneys-eyes-only access by Wiley Rein & Fielding and Connolly Bove to various pleadings, reports and documents that Inline has marked as "Confidential" or "Highly Confidential" in its co-pending actions against AOL and Earthlink. I pointed out that your co-counsel, Joël Van Over with Bingham McCutchen and Julia Heaney with Morris Nichols, are also counsel of record in the *AOL* case and have full access to these materials, while counsel for the Verizon defendants are denied access. You stated that you would consult with Ms. Van Over and be ready to discuss this issue further when we talk on Monday.

Sincerely yours,

John B. Wyss

cc:    Carl Nadler (via email)
       Joël Van Over (via email)
       Julia Heaney, Esq. (via email)
       Jeffrey B. Bove, Esq. (via email)