IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Inline Connection Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>Verizon Internet Services, Inc., et al.,<br><br>    Defendants. | Civil Action No. 05-866 (JJF) |

**MOTION TO COMPEL INVALIDITY DISCOVERY**

Pursuant to Rule 37, Fed. R. Civ. P., Local Rule 37.1, Paragraph 4 of this Court's form Rule 16 Scheduling Order and the Court's Memorandum Order (D.I. 92), the Verizon defendants[1] respectfully move for an order compelling plaintiff Inline Connection Corporation ("Inline") to provide full and complete answers to Interrogatory Nos. 1 and 5, both of which concern the invalidity of the patents-in-suit.

The text of the specific discovery requests addressed by this motion, and Inline's responses thereto, are reproduced as Exhibits 1 and 2, respectively. The parties' counsel met and conferred telephonically on April 24, 2006, but were unable to resolve the dispute concerning these requests (*see* Exhibit 3).

**I.    Interrogatory No. 1: Invalidity For Lack Of Written Description/Priority**

The Court's April 13, 2006 Memorandum Order (D.I. 92) granted Inline's Motion to Stay (D.I. 81), but at the same time "permit[ed] the Defendants to proceed with discovery as to their unenforceability and invalidity defenses." One of the Verizon defendants' invalidity defenses is

---

[1]    The Verizon defendants are Verizon Internet Services, Inc., GTE.Net LLC, Verizon Services Corp., Telesector Resources Group, Inc., Verizon Corporate Services Group, Inc., Verizon Advanced Data, Inc., Verizon Avenue Corp., Verizon Delaware, Inc., and GTE Southwest, Inc. *d/b/a* Verizon Southwest.

that Inline's asserted patents fail to contain a proper "written description of the invention" as required under 35 U.S.C. § 112, paragraph 1. *See, e.g., University Of Rochester v. G.D. Searle & Co.*, 358 F.3d 916, 919-20 (Fed. Cir. 2004) (affirming summary judgment of invalidity for lack of § 112(1) "written description"). In order to satisfy the "written description" requirement, the patent specification must include "such descriptive means as words, structures, figures, diagrams, formulas, etc., that fully set forth the claimed invention." *Lockwood v. American Airlines*, 107 F.3d 1565, 1571-72 (Fed. Cir. 1997).[2]

Consistent with § 112(1) and the Federal Circuit's *Lockwood* opinion, Interrogatory No. 1 requires Inline to "identify with specificity (*e.g.*, by specification column and line number, by individual reference numbers in specified patent figures) the 'written description' support" for each claim element in each of the asserted claims. This information is critical to the Verizon defendants' ability to develop a number of their invalidity defenses. It goes not only to the statutory "written description" requirement itself, but is also critical to priority date determination – *i.e.*, December 1991 versus July 1989 – for the vast majority of the patents-in-suit. 35 U.S.C. § 120 (earlier priority date available only if "invention disclosed in the manner provided by the first paragraph of section 112 of this title" in previous application). *See, e.g., Chiron Corp. v. Genetech, Inc.*, 363 F.3d 1247, 1253 (Fed. Cir. 2004); *Tronzo v. Biomet, Inc.*, 156 F.3d 1154, 1158-60 (Fed. Cir. 1998). The Verizon defendants must have Inline's full and complete answer to Interrogatory No. 1 before they can meaningfully depose Mr. Goodman and

---

[2] "The purpose of the 'written description' requirement is broader than to merely explain how to 'make and use'; the applicant must also convey with reasonable clarity to those skilled in the art that, <u>as of the filing date sought</u>, he or she was in possession of *the invention*." *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563-64 (Fed. Cir. 1991) (underscored emphasis added). "Put another way, one skilled in the art, reading the original disclosure, must immediately discern the limitation at issue in the claims." *Purdue Pharma LP. V. Faulting Inc.*, 230 F.3d 1320, 1323 (Fed. Cir. 2001). "The disclosure must allow one skilled in the art to visualize or recognize the identity of the subject matter purportedly described." *Enzo Biochem, Inc. v. Gen-Probe, Inc.*, 323 F.3d 956, 968 (Fed. Cir. 2002).

2

other named inventors about specific activities and events during the crucial 1989-91 time period relevant to the priority issue.

The priority date determination, in turn, controls whether particular references and/or public uses from the 1989-91 time period constitute prior art. Accordingly, Interrogatory No. 1 goes directly to the Verizon defendants' invalidity defenses regarding lack of written description, priority date and prior art anticipation and/or obviousness, and will provide the necessary predicate for additional factual follow up discovery concerning events and knowledge during the 1989-91 time period.

## II. Interrogatory No. 5: Invalidity For Lack Of Enablement

In addition to "written description," Section 112, paragraph 1 also contains an independent "enablement" requirement. In particular, the patent specification must contain a description of

> the manner and process of making and using [the invention], in such clear concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same …

35 U.S.C. § 112(1). In order to be enabling, the specification of a patent must teach those skilled in the art how to make and use <u>the full scope of the claimed invention</u>. *E.g., Genetech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1365 (Fed. Cir. 1997); *In re Goodman*, 11 F.3d 1046, 1050 (Fed. Cir. 1993) ("Naturally, the specification must teach those of skill in the art 'how to make and how to use the invention <u>as broadly as it is claimed</u>'") (emphasis added).

In this case, Inline asserts, *inter alia*, that the accused Verizon products and services infringe the claims of U.S. Patent No. 6,236,718 (the "'718 patent"). The specification of the '718 patent only describes the transmission of video signals at a frequency of 6 MHz or higher. *See Inline Connection Corp. v. AOL Time Warner Inc.*, 347 F. Supp. 56, 77-80 (D. Del. 2004) (M. J. Thynge). Accordingly, in order to develop their invalidity defenses, the Verizon

3

defendants served Inline with Interrogatory No. 5, which is narrowly and precisely focused on the issue of enablement of the '718 patent.

Moreover, it is black letter law that enablement must be established as of the time the original application was filed – *i.e.*, July 14, 1989 for the '718 patent. Inline's full and complete answer to Interrogatory No. 5 is therefore essential so that Defendants can conduct follow up discovery regarding events and knowledge that existed in mid-1989 in order to fully develop their non-enablement invalidity defense.

## CONCLUSION

For the foregoing reasons, the Court should order Inline to provide full and complete answers to Interrogatory Nos. 1 and 5, which are directly relevant to Defendants' invalidity defenses.

Respectfully submitted,

OF COUNSEL:
John B. Wyss
Kevin P. Anderson
WILEY REIN & FIELDING LLP
1776 K Street NW
Washington, DC 20006
Telephone: 202.719.7000
Facsimile: 202.719.7049

Dated: May 1, 2006

By: /s/ Jeffrey B. Bove
    Jeffrey B. Bove (#998)
    Kevin M. Baird (#4219)
    CONNOLLY BOVE LODGE & HUTZ LLP
    The Nemours Building
    1007 North Orange Street, Suite 878
    Wilmington, DE 19801
    Telephone: 302.658.9141
    Facsimile: 302.658.5614

Counsel for Verizon Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Inline Connection Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Verizon Internet Services, Inc., et al.,<br><br>Defendants. | Civil Action No. 05-866 (JJF) |

### ORDER

At Wilmington, this _____ day of _____, 2006, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that: Defendants' Motion To Compel Invalidity Discovery concerning Interrogatory Nos. 1 and 5 is **GRANTED**.

_____
UNITED STATES DISTRICT JUDGE

5

## STATEMENT PURSUANT TO D. DEL. LR 7.1.1

I, Jeffrey B. Bove, Esq., counsel for the Verizon defendants, hereby state that prior to filing the present motion, the parties have attempted to reach an agreement on the matters set forth in Defendants' Motion to Compel Discovery but have been unable to do so.

Dated:   May 1, 2006                                    /s/ Jeffrey B. Bove
                                                        Jeffrey B. Bove (#998)

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of May, 2006 a true copy of the *Motion To Compel Invalidity Discovery* was sent to plaintiff's counsel and counsel for the counter-claim defendants, in the manner indicated, upon:

| | |
|---|---|
| Michael K. Plimack, Esq.<br>Alexander L. Brainerd, Esq.<br>HELLER EHRMAN LLP<br>333 Bush Street<br>San Francisco, California 94104<br>Alexander.Brainerd@hellerehrman.com<br>Michael.Plimack@hellerehrman.com | (Served electronically & by overnight delivery) |
| C. Joël Van Over, Esq.<br>BINGHAM MCCUTCHEN LLP<br>3000 K Street, NW, Suite 300<br>Washington, DC 20007-5116<br>joel.vanover@bingham.com | (Served electronically & by overnight delivery) |
| Julia Heaney, Esq.<br>MORRIS NICHOLS ARSHT & TUNNELL LLP<br>1201 N. Market Street<br>Post Office Box 1347<br>Wilmington, Delaware 19899-1347<br>jheaney@mnat.com | (Served by hand delivery) |

/s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)
jbove@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street, Suite 878
Wilmington, DE 19801
Telephone: 302.658.9141

462000_1.DOC