Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| INLINE CONNECTION CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05CV205 HCM |
| | ) |
| VERIZON INTERNET SERVICES, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

**INLINE CONNECTION CORPORATION'S OBJECTIONS
TO GTE.NET LLC AND VERIZON INTERNET SERVICES, INC.'S
FIRST SET OF INTERROGATORIES (NOS. 1-9)**

Pursuant to Local Civil Rule 26(C) and Federal Rule of Civil Procedure 33(b), Inline Connection Corporation ("Inline") proffers the following objections to GTE.NET LLC and Verizon Internet Services, Inc.'s (collectively, "Defendants") First Set of Interrogatories.

## GENERAL OBJECTIONS

1. Inline objects to these interrogatories, and to the definitions and instructions incorporated therein, to the extent they purport to require Inline to provide information that is not within Inline's personal knowledge, or is not obtainable by Inline through a reasonable and good faith effort.

2. Inline objects to these interrogatories and to the definitions and instructions incorporated therein, to the extent they seek to impose discovery obligations that are inconsistent with or exceed those required by the Eastern District of Virginia and the Federal Rules of Civil Procedure.

3. Inline objects to these interrogatories as premature, excessively broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent they seek production of (a) information not retained in the ordinary course of business; and/or (b) information concerning Inline's business that is not directly at issue in this litigation.

4. Inline objects to these interrogatories as premature to the extent that they seek detailed information regarding Inline's contentions. In addition, discovery in this matter and Inline's investigation of the subject matter of this litigation, including expert investigation and third party discovery, is in its preliminary stages.

5. Inline objects to these interrogatories insofar as they purport to request information protected by the attorney/client privilege, the work product rule, confidentiality agreements, or other applicable privilege or immunity. Inadvertent disclosure by Inline of information that is protected as an attorney/client communication or as work product or is otherwise immune from discovery shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, or any other information, or the subject matter, or the information contained herein, or of Inline's rights to object to the use of any such information contained therein during this litigation or otherwise.

6. Inline objects to these interrogatories insofar as Defendants have failed to provide any substantive response to Inline's First Set of Interrogatories, which were served June 17, 2005.

7. Inline objects to these interrogatories as overbroad, unduly burdensome and oppressive to the extent they are not limited by a reasonable time period.

8. Inline objects to these interrogatories to the extent they call for information that is confidential, proprietary, commercially sensitive, or otherwise entitled to protection from public disclosure. Inline will produce such information only following the entry of an appropriate protective order in this case.

9. Inline objects to the definitions of "Patents-In-Suit" and "CLAIM" as overbroad, unduly burdensome and seeking information that is irrelevant and not reasonably calculated to the discovery of admissible evidence to the extent that they purports to require Inline to provide information regarding patents and claims that Inline has not asserted in the litigation.

10. Inline objects to the definition of "Identify" as overbroad and unduly burdensome.

11. Inline incorporates the foregoing General Objections into each and every Specific Objection below.

## SPECIFIC OBJECTIONS

### Interrogatory No. 1:

For each claim element in each CLAIM, identify with specificity (*e.g.*, by specification column and line number, by individual reference numbers in specified patent figures) the words, structures, figures, diagrams and/or formulas that constitute the alleged Section 112(1) "written description" support for each such claim element.

### Objections To Interrogatory No. 1:

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline objects to this interrogatory as overbroad and unduly burdensome, including but not limited to because the term "CLAIM" is overbroad, unduly burdensome and seeks information that is irrelevant and not reasonably calculated to the

discovery of admissible evidence, as stated in General Objection 9. Inline further objects to this interrogatory as premature, overbroad and unduly burdensome insofar as it calls for Inline's contentions regarding validity, on which Defendants have the burden of proof.

**Interrogatory No. 2:**

Describe in detail the conception and reduction to practice of each invention claimed in each CLAIM, including but not limited to specific identification of the date on which the invention was first conceived, each document evidencing and/or corroborating the conception, each person involved in the conception, the specific contribution to the invention supplied by each such person, the date of reduction to practice, whether the reduction to practice was actual or constructive, each document evidencing and/or corroborating the reduction to practice, each person involved in the reduction to practice, and the specific contribution of each such person to the reduction to practice.

**Objections To Interrogatory No. 2:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline objects to this interrogatory, including but not limited to the term "involved," as vague and ambiguous. Inline further objects to this interrogatory as unduly burdensome and oppressive, to the extent that it calls for the "detailed description" of numerous documents and/or persons, including those that may be either redundant or not relevant to matters at issue in this litigation. Inline further objects to this request as seeking confidential and proprietary information, and that there is no protective order in this matter.

as it calls for Inline's contentions regarding claim construction; neither the transferor nor transferee court has set a date for the exchange of claim construction positions.

**Interrogatory No. 5:**

Describe in detail how the disclosure of the transmissions of video signals at a frequency of 6 MHz or higher in the specification and drawings of the U.S. Patent No. 6,236,718 would enable one of skill in the art of transmit digital signals at lower frequencies between roughly 10 KHz and 1 MHz such as those utilized by commercial ADSL systems.

**Objections To Interrogatory No. 5:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline objects to this interrogatory as vague, ambiguous, unduly burdensome and oppressive in that it calls for a "detailed description" of the enablement of a certain application of the invention. Inline further objects to this interrogatory as premature insofar as it calls for Inline's contentions regarding infringement and enablement. Inline further objects to this interrogatory insofar as it purports to state facts that are not in evidence in this case.

**Interrogatory No. 6:**

Identify each meeting, telephone conversation or other communication, written or oral, between David D. Goodman and any member of the T1E1.4 Committee since January 1, 1992, including but not limited to Tom Starr and David Waring.

**Objections To Interrogatory No. 6:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline further objects to this interrogatory as

Dated: October 21, 2005

Respectfully Submitted,

By: _____
Stephen E. Noona
Va. Bar No. 25367
Kaufman & Canoles, P.C.
150 West Main Street
Norfolk, Virginia 23514-3037
Telephone: 757.624.3239
Facsimile: 757.624.3169

Carl S. Nadler
Heller Ehrman LLP
1717 Rhode Island Avenue, NW
Washington, DC 20036
Telephone: 202.912.2000
Facsimile: 202.912.2020

Alexander L. Brainerd
Michael K. Plimack
Andrew C. Byrnes
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: 415.772.6000
Facsimile: 415.772.6268

Robert C. Bertin
Va. Bar No. 41278
C. Joël Van Over
Swidler Berlin LLP
3000 K Street, NW, Suite 300
Washington, DC 20007-5116
Telephone: 202.424.7581
Facsimile: 202.424.7643

Attorneys for Inline Connection Corporation

10