## Wyss, John

| | |
|---|---|
| **From:** | Plimack, Michael K. [Michael.Plimack@hellerehrman.com] |
| **Sent:** | Thursday, April 27, 2006 2:27 PM |
| **To:** | Wyss, John; Nadler, Carl S.; Van Over, C. Joel |
| **Cc:** | jheaney@mnat.com; Jeff Bove |
| **Subject:** | RE: Interrogatories 1 and 5 |

John - We have reviewed the Court's orders received yesterday. Those orders relate to ownership, Inline's motion to compel of Verizon and a now moot motion to dismiss for lack of jurisdiction. I do not see how these orders could possibly relate to Interrogatories 1 and 5, which concern (unasserted defenses of) written description or enablement. Since you apparently believe these orders relate to these interrogatories, please explain the grounds for this position.

Moreover, as you and I discussed, we do not believe the Court's stay order requires Inline to answer these interrogatories. Nothing about these interrogatories implicates Verizon's purported need to preserve evidence before December 1998, which was the basis for Verizon's motion and, we believe, the Court's order. Indeed, Interrogatory 1 is typically the type of information exchanged in connection with claim construction discovery, which the Court has expressly placed off limits at this time.

Second, even if such interrogatories were as a general matter within the scope of possible validity discovery that could proceed, lack of written description and enablement are affirmative defenses that Verizon would have to raise and frame in order for them to become validity issues in the case, and if it did, prove by clear and convincing evidence. For ten months, Verizon has refused to answer our discovery requests asking Verizon to set forth its contentions, if any, on these issues. Yet Verizon now asks for *Inline's* contentions on these same issues. Surely, this is not a fair and reasonable way to approach discovery in this case. Indeed, until Verizon would assert and frame any such defenses, Inline need have no contentions on those subjects.

Finally, if Verizon were at this time to raise defenses of lack of written description and enablement, Inline's responsive contentions would likely need to be informed by experts in view of whatever specific contentions Verizon would make. Such discovery would be premature at this stage, particularly in view of Judge Farnan's stay order.

> -----Original Message-----
> **From:** Wyss, John [mailto:JWyss@wrf.com]
> **Sent:** Wednesday, April 26, 2006 7:50 AM
> **To:** Plimack, Michael K.; Nadler, Carl S.; Van Over, C. Joel
> **Cc:** jheaney@mnat.com; Jeff Bove
> **Subject:** Interrogatories 1 and 5
>
> Mike -- during our meet and confer discussions on Monday afternoon, we reached impasse regarding Inline's answers to Interrogatory Nos. 1 and 5. You took the position that Inline would not respond to either of those two interrogatories.
>
> We request that you reconsider your position regarding these two interrogatories in light of Judge Farnan's orders that we received yesterday.

5/1/2006

Please advise me by noon your time tomorrow (i.e., April 27) whether Inline will provide full and complete answers to Interrogatory Nos. 1 and 5 on or before May 12, 2006, or whether we will be required to seek the assistance of the Court.

Thank you for your prompt attention and response.

John B. Wyss
Wiley Rein & Fielding LLP
1776 K Street, NW
Washington, DC  20006
Phone:  202.719.7038
Fax:     202.719.7049
Email:   jwyss@wrf.com

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the email and notify us immediately.