IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INLINE CONNECTION CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-866 (JJF) |
| | ) | |
| VERIZON INTERNET SERVICES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION TO COMPEL VERIZON TO PROVIDE
DISCOVERY ON INVALIDITY AND UNENFORCEABILITY**

Inline hereby moves for an order compelling Verizon to provide forthwith documents and interrogatory answers relating to the issues of invalidity and unenforceability that were excepted by the Court from its stay of this proceeding (D.I. 92). This basic discovery is essential to ensure a meaningful framework and defined boundaries for discovery on those issues, to help the parties comply with the Court's orders (and, correspondingly, to limit disputes necessitating the Court's intervention) and to give Inline the discovery it needs to be able to defend against Verizon's claims. Verizon's position that it should not have to provide this discovery until it gets additional information from *AOL/Earthlink* is flatly inconsistent with its position, accepted by the Court in carving out the stay exception, that discovery on invalidity and unenforceability should <u>not</u> await that case.

**BACKGROUND**

1.    On April 13, 2006, this Court stayed this proceeding but, in recognition of concerns voiced by Verizon that evidence from before 1998 on issues of invalidity and unenforceability raised by Verizon might become stale or lost, excepted from the stay discovery relating to defendants' defenses of invalidity and unenforceability of the patents in suit (D.I. 92). Thus, the issue is presented as to what discovery comes within the scope of the exception.

2.    Verizon has pled invalidity only at a general level with reference to every possible statutory section that might lead to an invalidity defense: "The [patents in suit] are invalid

and/or unenforceable under one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112." D.I. 94, ¶ 3. This broadbrush pleading does nothing to flesh out specific invalidity defenses or to provide meaningful definition for discovery. Verizon's pleading of unenforceability (based on prosecution laches, laches, estoppel and unclean hands) is better defined in its second counterclaim (D.I. 94, ¶¶ 16-49), but discovery is needed of relevant documents and to confirm Verizon's contentions.

3.      Inline sought to flesh out these defenses by way of discovery served almost a year ago on June 17, 2005. When Verizon refused to give the discovery in Virginia, Inline moved to compel. Following its order on the motion to stay, this Court on April 24 denied Inline's motion to compel with leave to renew the motion and to clarify the dispute in light of the Court's order on the motion to stay (D.I. 95).

4.      As the Court knows, "invalidity" is a catchall that encompasses numerous possible defenses, and Verizon has the affirmative burden to frame particular invalidity defenses in order for them to be considered in issue. The only step Verizon has taken to put particular invalidity defenses at issue is in brief argument on the motion to stay.[1] Accordingly, in view of the Court's stay order, Inline asked Verizon to confirm that it would respond to Inline's invalidity and unenforceability discovery (Exhibit A). Verizon said that it would only consider responding on a "case-by-case basis" (Exhibit B). Inline therefore on April 28 identified specific discovery (Exhibit C, p.1 identifying requests (in Exhibits D and E) and narrowing to invalidity and unenforceability).

5.      Verizon then said that it would not provide invalidity and unenforceability discovery until 28 days after receiving all pleadings and expert reports from *AOL/Earthlink* (Exhibit F). Not only does Verizon ignore its burden, but it ignores that Inline has already produced to

---

[1]    Those issues on validity are ownership, inventorship and "prior art," and on unenforceability, "prosecution laches."

Verizon the documents it produced to AOL and Earthlink and that the other information it seeks goes well beyond the stay exception. The expert reports relate to the full range of issues in *AOL/Earthlink*, including claim construction, infringement and damages (and some expert reports will not be completed until at least May 15, but Verizon insists on waiting even for these). Additionally, many of these papers of both sides are confidential under the *AOL* protective order because they contain AOL or Earthlink confidential information, so that Inline would be faced with the considerable burden of going through line by line to segregate out that confidential information. While Verizon says that it can procure those defendants' agreement for it to view their confidential information, no such agreement has yet surfaced. And, Verizon would need to secure agreement that Inline's lead counsel here, who are not under the AOL protective order, may also have access.

## ARGUMENT

Invalidity and unenforceability are affirmative defenses that Verizon must raise and prove by clear and convincing evidence. *See Merck & Co., Inc. v. Danbury Pharmaceutical, Inc.*, 694 F. Supp.1, 28 (D.Del. 1988). It has long been the law and practice in this district and elsewhere that a defendant must identify specifically, and elaborate on, its defenses of invalidity in response to contention interrogatories and must produce related discovery. Thus, given the Court's order to proceed on these issues, there can be no legitimate reason for Verizon's refusal. This is particularly important because Verizon is taking the position that Inline must provide all discovery Verizon seeks on "validity," even hypothetical contentions that could be relevant only to invalidity defenses (such as lack of enablement or indefiniteness) that Verizon has not asserted. Inline should not have to operate in the dark, while Verizon roams without reins.

Equally importantly, the same concerns expressed by Verizon for potential loss of evidence (e.g. on prior art) that underlay the Court's exception, apply equally to Inline's discovery. In Verizon's words, "With each day that passes, documents relating to [validity] become lost or destroyed, witnesses die or can no longer be located, and memories fade." (D.I. 82, p. 2). Having

prevailed on its position that, because of this concern, discovery on those defenses should not await *AOL/Earthlink,* Verizon should not be allowed to obstruct discovery relying on the contrary position.

Verizon cannot need discovery from *AOL/Verizon* to provide contentions, prior art and other discovery underlying its defenses.[2]  Nor is Verizon entitled to refuse this discovery on the ground that it may later refine its defenses after seeing additional papers from *AOL/Earthlink*. Verizon is required to answer Inline's discovery based on its current understanding and knowledge, but will be able to update as allowed by the federal rules.  *See* Fed. R. Civ. P. 26(e).[3]  Moreover, whether or not Verizon would be held to be entitled at this time (and on an ongoing basis) to pleadings and expert reports from *AOL/Earthlink* is not before the Court.  If it were, however, Inline would oppose vigorously Verizon's securing discovery on a wide range of issues the Court stayed in D.I. 92 – including claim construction, infringement, and damages – given that the stay prevents Inline from pursuing such discovery.  But whatever the merits of that dispute, it is separate from the discovery Inline seeks, and Verizon should not be allowed to hold Inline's legitimate discovery requests hostage as an indirect way to secure the *AOL/Earthlink* pleadings and reports.

For these reasons, the Court should order Verizon by May 31 to provide the discovery requested in Exhibit C (and provided in full in Exhibits D and E).

---

[2]    Apart from the incontestable notion that a defendant must have a basis for its defenses, Verizon has a joint defense agreement with AOL and Earthlink, as Inline learned this week (Exhibit H). Thus, Verizon undoubtedly is already well informed as to their defenses.

[3]    Verizon in a letter yesterday asserted (without citation) that Verizon is not attempting an "end run" of this Court's stay order because Inline allegedly represented in Virginia that it "would provide full and complete access to all Inline confidential material in the AOL case" (Exhibit G). Presumably Verizon is referring to statements of Inline made in its Virginia motion to compel when arguing that Verizon should not be allowed to hold up its discovery waiting for Inline's documents produced in *AOL*.  Notably, counsel's letter makes a sleight of hand.  Statements about production of Inline confidential information have no bearing on production of information designated by defendants as confidential, which his letter was requesting.  Moreover, the suggestion that Inline has not produced materials as represented to the Virginia court is not correct (Exhibit H).  Inline produced to Verizon the same Inline documents produced to AOL and Earthlink (with the exception of recent supplementation).  This substantial production of historical documents stands in stark contrast to Verizon's refusal to produce even the most basic of discovery and contentions.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

_____

Mary B. Graham (#2256)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
jheaney@mnat.com

*Attorneys for Plaintiff*
*Inline Connection Corporation*

OF COUNSEL:

Alexander L. Brainerd
Michael K. Plimack
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
(415) 772-6000

John R. Ferguson
C. Joël Van Over
SWIDLER BERLIN LLP
3000 K Street, N.W., Suite 300
Washington, DC  20007
(202) 424-7500

Dated:  May 5, 2006.
518854

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 5, 2006, I caused the foregoing to

be electronically filed with the Clerk of the Court using CM/ECF which will send notification of

such filing to the following:

> Jeffrey B. Bove
> Kevin M. Baird
> Connolly Bove Lodge & Hutz LLP

and that I caused copies to be served on May 5, 2006 upon the following in the manner

indicated:

**BY HAND**

> Jeffrey B. Bove
> Kevin M. Baird
> Connolly Bove Lodge & Hutz LLP
> 1007 N. Orange Street
> Wilmington, DE 19801

**BY EMAIL & FEDERAL EXPRESS**

> John B. Wyss
> Kevin Anderson
> Wiley Rein & Fielding LLP
> 1776 K Street, N.W.
> Washington, DC  20006
> jwyss@wrf.com
> kanderson@wrf.com

*/s/ Mary B. Graham*

_____
Mary B. Graham (#2256)