# EXHIBIT A

# HellerEhrman LLP

April 20, 2006

Michael K. Plimack
michael.plimack@hellerehrman.com
Direct +1.415.772.6821
Direct Fax +1.415.772.2021
Main +1.415.772.6000
Fax +1.415.772.6268

42102.0001

*Via E-mail*

John B. Wyss, Esq.
Wiley Rein & Fielding LLP
1776 K Street NW
Washington, DC 20006

**Re:**   *Inline Connection Corp. v. Verizon Internet Services, Inc. et al.*
        **Case No. 05-866 (D. Del.)**

Dear John:

This is letter is to memorialize yesterday's meet and confer call about discovery.

I asked you to confirm that Verizon will provide discovery on the issues permitted in the Court's stay order -- i.e., that discovery will be a "two-way street" on these issues.

You stated that you do not have a position on this and would have to get back to me. I request that you do so by Monday, April 24.

Sincerely,

Michael K. Plimack

cc:   Carl S. Nadler
      Joël Van Over
      Julie Heaney
      Jeffrey B. Bove

Heller Ehrman LLP   333 Bush Street   San Francisco, CA  94104-2878   www.hellerehrman.com

Anchorage     Beijing     Hong Kong     Los Angeles     Madison, WI     New York     San Diego     San Francisco     Seattle
Silicon Valley          Singapore          Washington, D.C.

EXHIBIT B

# wrf   Wiley Rein & Fielding LLP

1776 K STREET NW
WASHINGTON, DC 20006
PHONE    202.719.7000
FAX      202.719.7049

Virginia Office
7925 JONES BRANCH DRIVE
SUITE 6200
McLEAN, VA 22102
PHONE    703.905.2800
FAX      703.905.2820

www.wrf.com

April 25, 2006

John B. Wyss
202.719.7038
jwyss@wrf.com

*Via E-Mail*

Michael K. Plimack, Esq.
HellerEhrman LLP
333 Bush Street
San Francisco, California 94104-2878

Re:    *Inline Connection Corp. v. Verizon Internet Services, Inc. et al.*
       Case No. 1:05-cv-866(JJF)(D.Del.)

Dear Mike:

Thank you for your April 20 letter regarding the scope of permissible discovery under Judge Farnan's April 13, 2006 Memorandum Order (D.I. 92).

In moving to stay all proceedings in this matter until final conclusion of the *AOL Case*, Inline argued to the Court that there was no issue, as far as Inline was concerned, that could not be "fairly and fully developed and litigated, if necessary, *after* full resolution of the *AOL* litigation" (emphasis in original). Judge Farnan accepted your representation and granted your motion, but modified the scope of the stay to "permit the Defendants to proceed with discovery as to their unenforceability and invalidity defenses." In this connection, he acknowledge Defendants' legitimate concern that "many of the events pertaining to the [invalidity and unenforceability] defenses occurred close to twenty years ago, and as a result, witnesses are forgetting or dying and evidence is being lost or destroyed." *See* Mem. Order at 2 ("The Court cannot allow Defendants' evidence to continue to deteriorate while Plaintiff chooses what it will litigate and when.").

Although Inline's arguments in support of the stay and the language of the Court's Memorandum Order are clear, the Verizon defendants are nonetheless willing to work with Inline and to respond to reasonable and focused invalidity/unenforceability discovery requests. We are happy to discuss any such requests that you may serve on an individual case-by-case basis, although the Verizon defendants reserve the right to object if you go beyond the spirit of Judge Farnan's order, attempt to impose unreasonable burdens on defendants and/or strain the limits of relevancy.

Wiley Rein & Fielding LLP
Michael K. Plimack, Esq.
April 25, 2006
Page 2

Please call me if you have any further questions.

Sincerely yours,

John B. Wyss

cc:     Carl Nadler (via email)
        Joël Van Over (via email)
        Julia Heaney, Esq. (via email)
        Jeffrey B. Bove, Esq. (via email)

EXHIBIT C

April 18, 2006

Michael K. Plimack
michael.plimack@hellerehrman.com
Direct +1.415.772.6821
Direct Fax +1.415.772.2021
Main +1.415.772.6000
Fax +1.415.772.6268

42102.0001

*Via E-mail*

John B. Wyss, Esq.
Wiley Rein & Fielding LLP
1776 K Street NW
Washington, DC 20006

**Re:**    ***Inline Connection Corp. v. Verizon Internet Services, Inc. et al.***
       **Case No. 05-866 (D. Del.)**

Dear John:

I have your letter of April 25, 2006, which states that Verizon will consider, on a "case-by-case" basis, whether it is willing to respond to Inline's discovery relating to validity and enforceability. As you know from our meet and confer, Inline does not believe this is what the Court ordered and does not believe it is fair or reasonable. Discovery on any issue that is not stayed must be fully bilateral. Indeed, the Court's April 24, 2005 Order (D.I. 95), expressly allows Inline to renew its motion to compel on relevant issues in light of the Court's stay Order.

In an effort to move forward, however, on discovery of Verizon on validity and enforceability, Inline asks Verizon to indicate whether it will respond to Interrogatory Nos. 9-11 from Plaintiff Inline's First Set of Interrogatories to Defendants and Requests for Production 1, 6, 10, (prior art only), 11 (limited to validity, enforceability, ownership and inventorship issues), 13, 15-17 (limited to validity, enforceability, ownership and inventorship), 18-20, 23, 26 from Plaintiff Inline's First Set of Requests for Production of Documents and Things to Defendants, both served on June 17, 2005.

Your other April 25, 2006 letter misstates our discussion of the timing of responses to discovery. During our call, I stated that before Inline commits to a date certain by which it will provide discovery relevant to issues of validity and enforceability as covered by the Court's order, we need to know to what extent and when Verizon will be providing discovery on the same subjects. As you know, our discovery requests, including on contentions, were propounded in June, 2005. Yet for ten months, Verizon has refused to provide any meaningful responses. Verizon carries the burden of proof (by clear and convincing

Heller Ehrman LLP   333 Bush Street   San Francisco, CA  94104-2878   www.hellerehrman.com

Anchorage     Beijing     Hong Kong     Los Angeles     Madison, WI     New York     San Diego     **San Francisco**     Seattle
Silicon Valley        Singapore        Washington, D.C.

HellerEhrman LLP

evidence) on the affirmative defenses of invalidity and unenforceability and it is therefore imperative that Verizon provide its contentions with respect to those subjects so that the we can consider the boundaries of proper discovery and provide informed responses.  My statement of a 30 day response time was clearly communicated to you as the timeframe in which we believe both parties could provide appropriate discovery.

If Verizon is unwilling to provide "two-way discovery," as set forth above, we will be forced to bring this matter to the Court's attention, as set forth in the Court's April 24 Order.  I am available to meet and confer with you about the subjects set forth above today or at 9:30 a.m. PDT on April 27.

Sincerely,

Michael K. Plimack

cc:    Joel Van Over
       Mary B. Graham
       Julie Heaney
       Jeffrey B. Bove

EXHIBIT D

VERIZON MARYLAND INC.                    )
One E. Pratt Street                      )
Baltimore, MD 21202;                     )
                                         )
VERIZON NEW ENGLAND INC.                 )
185 Franklin Street                      )
Boston, MA 02110;                        )
                                         )
VERIZON NEW JERSEY INC.                  )
540 Broad Street                         )
Newark, NJ 07102-3178;                   )
                                         )
VERIZON NEW YORK INC.                    )
1095 Avenue of the Americas              )
New York, NY 10036;                      )
                                         )
VERIZON PENNSYLVANIA INC.                )
1717 Arch Street                         )
Philadelphia, PA 19103;                  )
                                         )
VERIZON VIRGINIA INC.                    )
600 E. Main Street                       )
Richmond, VA 23219;                      )
                                         )
VERIZON WASHINGTON, D.C. INC.            )
1710 H Street, NW                        )
Washington, DC 20006; and                )
                                         )
VERIZON WEST VIRGINIA INC.               )
1500 MacCorkle Avenue, SE                )
Charleston, WV 25314,                    )
                                         )
                    **Defendants.**      )

## PLAINTIFF INLINE CONNECTION CORPORATION'S FIRST SET OF INTERROGATORIES TO DEFENDANT VERIZON NORTH INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Inline Connection

Corporation ("Inline"), hereby requests that Defendant Verizon North Inc. ("Defendant")

respond to Plaintiff's First Set of Interrogatories within thirty (30) days, subject to the following

- 3 -

**Interrogatory No. 9:**

To the extent that You contend that the claims of the Inline Patents are invalid and/or unenforceable, Describe With Particularity the basis of Your contention, including Identifying all prior art references or documents that support Your contention.

**Interrogatory No. 10:**

To the extent that You contend that Inline's claims of the infringement of the Inline Patents are barred by the doctrines of estoppel, laches, and/or waiver, Describe With Particularity the basis of Your contention.

**Interrogatory No. 11:**

To the extent that You contend that Inline's Complaint fails to join indispensable parties, Describe With Particularity the basis of Your contention.

**Interrogatory No. 12:**

Identify each of Your employees, directors, or officers who attended, were members of, presented recommendations at, or authored or co-authored papers presented at any committees or meetings Relating To DSL technology and/or the development of DSL industry standards, including, but not limited to, T1E1.4 committee, ADSL Forum, DSL Forum, Universal ADSL Working Group, or International Telecommunications Union (ITU) Study Group 15.

Dated:  June 17, 2005                    Respectfully Submitted,

Robert Hansen
Va. Bar No. 44136
Heller Ehrman LLP

EXHIBIT E

**VERIZON MARYLAND INC.**                    )
**One E. Pratt Street**                       )
**Baltimore, MD 21202;**                      )
                                              )
**VERIZON NEW ENGLAND INC.**                  )
**185 Franklin Street**                       )
**Boston, MA 02110;**                         )
                                              )
**VERIZON NEW JERSEY INC.**                   )
**540 Broad Street**                          )
**Newark, NJ 07102-3178;**                    )
                                              )
**VERIZON NEW YORK INC.**                     )
**1095 Avenue of the Americas**               )
**New York, NY 10036;**                       )
                                              )
**VERIZON PENNSYLVANIA INC.**                 )
**1717 Arch Street**                          )
**Philadelphia, PA 19103;**                   )
                                              )
**VERIZON VIRGINIA INC.**                     )
**600 E. Main Street**                        )
**Richmond, VA 23219;**                       )
                                              )
**VERIZON WASHINGTON, D.C. INC.**             )
**1710 H Street, NW**                         )
**Washington, DC 20006; and**                 )
                                              )
**VERIZON WEST VIRGINIA INC.**                )
**1500 MacCorkle Avenue, SE**                 )
**Charleston, WV 25314,**                     )
                                              )
                        **Defendants.**       )


### PLAINTIFF INLINE CONNECTION CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT VERIZON INTERNET SERVICES, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Inline Connection

Corporation ("Inline"), hereby requests that defendant Verizon Internet Services, Inc.

("Defendant") produce for inspection and copying the documents described below within thirty

interrogatory, and to Identify all persons who were involved in and/or have knowledge of the specified subject matter or event and All Documents that Relate To the specified subject matter or event in any way.

## REQUESTS FOR PRODUCTION

### Request for Production No. 1:

All Documents identified in response to Plaintiff's First Set of Interrogatories, all Documents that were relied upon to prepare such answers, all Documents that were reviewed in preparing such answers, and all Documents that are relevant to the interrogatories or responses thereto.

### Request for Production No. 2:

Your corporate organizational charts, including but not limited to all such charts showing officers, directors, and employees, and/or organizational structure by function or otherwise.

### Request for Production No. 3:

Documents sufficient to show Your internal organization and the relationship between You and Verizon Communications, Inc. and/or any other subsidiaries or affiliates of Verizon Communications, Inc.

### Request for Production No. 4:

Documents sufficient to show Your corporate history, including the existence of any corporate predecessor, any joint venture to which You are or were a party, any past or present division, department, parent, subsidiary, or affiliate.

### Request for Production No. 5:

All of Your audited financial statements, annual reports, and Securities and Exchange Commission 10-Q and 10-K Forms, including any drafts.

- 11 -

**Request for Production No. 6:**

All Documents Relating To Your Document retention, management, and/or destruction policies.

**Request for Production No. 7:**

All Documents Relating To Your policies with respect to the intellectual property rights of other companies.

**Request for Production No. 8:**

All Documents Relating To any indemnification and/or insurance provided to or received by You against liability for infringement of any of the Inline Patents.

**Request for Production No. 9:**

All Documents related to any indemnification provided by You to any third party for infringement or a claim of infringement, of any of the Inline Patents.

**Request for Production No. 10:**

All Documents Relating To the Inline Patents, including, without limitation, Documents Relating To any infringement analysis or prior art analysis, whether prepared by You or any third party.

**Request for Production No. 11:**

All Documents Relating To or constituting Communications with third parties regarding any lawsuit by Inline Relating To any of the Inline Patents, including but not limited to Communications between or among Defendants or their counsel, on the one hand, and AOL/Earthlink or their counsel, on the other hand, concerning the lawsuits filed by Inline against AOL and Earthlink in the District of Delaware, or concerning the instant lawsuit.

- 12 -

**Request for Production No. 12:**

All Documents Relating To or constituting payments between You and third parties, including but not limited to AOL, Earthlink, or any other Defendant named in the instant lawsuit, Relating To any of the Inline Patents or any lawsuit filed by Inline.

**Request for Production No. 13:**

All Documents Relating To Your knowledge of David Goodman or any of the Inline Patents, including Documents reflecting when You became aware of David Goodman or any of the Inline Patents.

**Request for Production No. 14:**

All Documents concerning any attempt, plan, or decision to design or redesign any Accused Services so as to avoid infringing any Inline Patent.

**Request for Production No. 15:**

All Documents Relating To the patentability, validity, enforceability, infringement, ownership, inventorship, or the scope of the claims of any Inline Patent, including, but not limited to, any and all prior art or prior art search reviewed or considered at any time by You or Your counsel.

**Request for Production No. 16:**

All Documents Relating To any investigation or consideration by You or on Your behalf of the patentability, validity, enforceability, infringement, ownership, inventorship, or the scope of the claims of any Inline Patent, including, but not limited to, any and all prior art or prior art search reviewed or considered at any time by You or Your counsel in connection with any such investigation or consideration.

**Request for Production No. 17:**

All Documents Relating To any opinion of legal counsel Relating To the Inline Patents, including but not limited to the Inline Patents' patentability, validity, enforceability,

- 13 -

infringement, ownership, or inventorship, the scope of the claims of any Inline Patent, and/or the infringement or noninfringement of any Inline Patent by You.

**Request for Production No. 18:**

All Documents Relating To any patent search conducted by You or on Your behalf that identifies or lists any of the Inline Patents or any patent that lists David Goodman as an inventor.

**Request for Production No. 19:**

All Documents and Things which, alone or in combination, You contend render any of the Inline Patents invalid.

**Request for Production No. 20:**

All Documents and Things that You contend render any of the Inline Patents unenforceable.

**Request for Production No. 21:**

All Documents and Things Relating To any contention that You do not infringe any of the Inline Patents.

**Request for Production No. 22:**

All Documents on which You rely or intend to rely on to assert or establish that Your infringement of the Inline Patents was not willful.

**Request for Production No. 23:**

All Documents Relating To any contention that Inline is estopped from enforcing any of the claims of the Inline Patents.

**Request for Production No. 24:**

All Documents Relating To any contention that the doctrine of laches bars Inline's claims of the infringement of the Inline Patents.

- 14 -

**Request for Production No. 25:**

All Documents Relating To any contention that the doctrine of waiver bars Inline's claims of the infringement of the Inline Patents.

**Request for Production No. 26:**

All Documents Relating To any contention that Inline's Complaint in this matter fails to join indispensable parties.

**Request for Production No. 27:**

All Documents Relating To Inline or David Goodman.

**Request for Production No. 28:**

All Documents evidencing or reflecting any Communications between You and Inline.

**Request for Production No. 29:**

All Documents Relating To the design, development, or network configuration of each Accused Service.

**Request for Production No. 30:**

All Documents Relating To the provisioning, installation, or implementation of each Accused Service.

**Request for Production No. 31:**

All Documents Relating To the operation of each Accused Service.

**Request for Production No. 32:**

All Documents Relating To the functionality of each Accused Service.

**Request for Production No. 33:**

All Documents Relating To the marketing of each Accused Service.

EXHIBIT F

# HellerEhrman LLP

May 3, 2006

Michael K. Plimack
michael.plimack@hellerehrman.com
Direct +1.415.772.6821
Direct Fax +1.415.772.2021
Main +1.415.772.6000
Fax +1.415.772.6268

42102.0001

*Via E-mail*

John B. Wyss, Esq.
Wiley Rein & Fielding LLP
1776 K Street NW
Washington, DC 20006

**Re:     *Inline Connection Corp. v. Verizon Internet Services, Inc. et al.*
          Case No. 05-866 (D. Del.)**

Dear John:

    This letter is to memorialize our May 1, 2006 "meet and confer" with respect to Inline's discovery requests to Verizon on the subjects of validity, enforceability and ownership of the patents-in-suit.[1] Although this case is nearly a year old, Verizon continues to evade its obligations to provide relevant discovery.

    You stated that Verizon refuses to provide *any* further discovery responses on the issues of validity and enforceability until you have had access to all pleadings and expert reports from the *Inline v. AOL* and *Inline v. Earthlink* cases (hereinafter "AOL/Earthlink cases"). You noted that expert reports will not be completed in that case until May 15 and would need to await such completion. Moreover, you have asked us to produce these materials to you notwithstanding that they have been designated confidential and subject to protective orders in the AOL/Earthlink cases. You stated that once you receive all such materials, Verizon will respond to discovery requests concerning validity and enforceability issues within 28 days.

    Verizon's refusal to provide discovery at this time is unacceptable for several reasons:

---

[1] The specific requests that we discussed were Interrogatories Nos. 9-11 from plaintiff Inline's First Set of Interrogatories to Defendants and Requests for Production Nos. 1, 6, 10 (prior art only), 11 (limited to validity, enforceability, ownership and inventorship issues), 13, 15-17 (limited to validity, enforceability, ownership and inventorship), 18-20, 23, 26 from plaintiff's Inline First Set of Requests for Production of Documents and Things to Defendants, both served on June 17, 2005.

# HellerEhrman LLP

John B. Wyss, Esq.
May 3, 2006
Page 2

- Verizon carries the burden of proof on invalidity and unenforceability issues. Because the Court granted Verizon's request to go forward with discovery on these issues, it is incumbent upon Verizon to provide invalidity and unenforceability contentions at this time, as well as to provide all relevant, responsive documents upon these issues.

- Verizon's refusal to provide discovery responses is inconsistent with its objection to a stay on validity and enforceability issues. When Inline suggested that the parties in this case await proceedings in the AOL/Earthlink cases, Verizon stressed the need to move forward with discovery at this time. Yet, Verizon now takes the position that it cannot provide discovery on these same issues until further proceedings take place in the AOL/Earthlink cases. Verizon cannot have it both ways.

- Verizon is attempting an "end run" around the Court's stay by seeking materials from the AOL/Earthlink cases that relate to issues beyond validity and enforceability. For example, you state that you will not respond to any discovery request concerning validity and enforceability until you have had expert reports that relate to infringement and damages issues. Verizon consented to a stay of these issues and cannot use the AOL/Earthlink cases to renege on its agreement.

- Much of the material under protective in the AOL/Earthlink cases is the confidential information of AOL and Earthlink. Moreover, such confidential information appears in the pleadings and expert reports of both plaintiff and defendants. You stated that you do not have the permission of AOL and Earthlink to receive this information, and of course, Inline cannot give such permission.

The following reflects our discussion of particular discovery requests.

Interrogatory No. 9: "To the extent that You contend that the claims of the Inline Patents are invalid and/or unenforceable, Describe With Particularity the basis of Your contention, including Identifying all prior art references or documents that support Your contention."

Discussion of Interrogatory No. 9: You stated that Verizon will not provide information until after receiving confidential information from the AOL/Earthlink cases, as set forth above.

Interrogatory No. 10: "To the extent that You contend that Inline's claims of the infringement of the Inline Patents are barred by the doctrines of estoppel, laches, and/or waiver, Describe With Particularity the basis of Your contention."

# HellerEhrman LLP

John B. Wyss, Esq.
May 3, 2006
Page 3

Discussion of Interrogatory No. 10:  You stated that Verizon will not provide information until after receiving confidential information from the AOL/Earthlink cases, as set forth above.

Interrogatory No. 11:  "To the extent that You contend that Inline's complaints fails to join indispensable parties, Describe With Particularity the basis of Your contention."

Discussion of Interrogatory No. 11:  You stated that Verizon will provide an answer to this interrogatory within 21 days after you receive production of Inline's ownership discovery, including the materials that were provided by Inline on the issue of ownership in the AOL/Earthlink cases.

Request for Production No. 1:  "All Documents identified in response to Plaintiff's First Set of Interrogatories, all Documents that were relied upon to prepare such answers, all Documents that were reviewed in preparing such answers, and all Documents that are relevant to the interrogatories or responses thereto."

Discussion of Request for Production No. 1:  You stated that you will produce documents specifically identified in the interrogatory responses, but you will not produce documents that are relied upon to prepare interrogatory responses or documents reviewed in preparing interrogatory answers.

Request for Production No. 6:  "All Documents Relating To Your Document retention, and/or destruction policies."

Discussion of Request for Production No. 6:  You confirmed that you have produced Verizon's current document retention policy.  I stated that we would review this policy before pursuing this document request further.

Request for Production No. 10:  "All Documents Relating To the Inline Patents, including, without limitation, Documents Relating To any infringement analysis or prior art analysis, whether prepared by You or any third party."

Discussion of Request for Production No. 10:  You stated that you have produced or provided a privilege log for documents in the 1992-1994 timeframe.  You stated that there were no other non-privileged documents responsive to this request.

Request for Production No. 11:  "All Documents Relating To or constituting Communications with third parties regarding any lawsuit by Inline Relating To any of the Inline Patents, including but not limited to Communications between or among Defendants or their counsel, on the one hand, and AOL/Earthlink or their counsel, on the other hand,

# HellerEhrman LLP

John B. Wyss, Esq.
May 3, 2006
Page 4

concerning the lawsuits filed by Inline against AOL and Earthlink in the District of Delaware, or concerning the instant lawsuit."

<u>Discussion of Request for Production No. 11</u>:  You confirmed that there is a written joint defense agreement among Verizon, AOL, and Earthlink concerning the Inline patent litigation.  You agreed to provide a privilege log with respect to this agreement.  We would appreciate receiving this by May 10, 2006.  However, there appear to be other joint defense communications which have neither been produced nor which are reflected on any privilege log provided by Verizon.  Indeed, in our call, you refused to produce a privilege log for such communications.

<u>Request for Production No. 13</u>:  "All Documents Relating To Your knowledge of David Goodman or any of the Inline Patents, including Documents reflecting when You became aware of David Goodman or any of the Inline Patents."

<u>Discussion of Request for Production No. 13</u>:  You stated that you produced a document or documents concerning contact with David Goodman in the 1992 to 1994 timeframe.  In prior meet and confer sessions, you refused to perform a reasonable search for responsive documents.

<u>Request for Production No. 15</u>:  "All Documents Relating To the patentability, validity, enforceability, infringement, ownership, inventorship, or the scope of the claims of any Inline Patent, including, but not limited to, any and all prior art or prior art search reviewed or considered at any time by You or Your counsel."

<u>Discussion of Request for Production No. 15</u>:  You stated that Verizon will not provide information until after receiving confidential information from the AOL/Earthlink cases, as set forth above.  You also stated that you will not provide prior art until Inline takes a position on the scope of the claims at issue in this lawsuit.

<u>Request for Production No. 16</u>:  "All Documents Relating To any investigation or consideration by You or on Your behalf of the patentability, validity, enforceability, infringement, ownership, inventorship, or the scope of the claims of any Inline Patent, including, but not limited to, any and all prior art or prior art search reviewed or considered at any time by You or Your counsel in connection with any such investigation or consideration."

<u>Discussion of Request for Production No. 16</u>:  You stated that you have already produced a document or provided a privilege log concerning one contact with David Goodman in the 1992 to 1994 period.  Other than this, you stated that there are no responsive

HellerEhrman LLP

documents in the timeframe before the filing of the lawsuit. In the timeframe after the filing of the lawsuit, you stated that all responsive documents are privileged.

Request for Production No. 17: "All Documents Relating To any opinion of legal counsel Relating To the Inline Patents, including but not limited to the Inline Patents' patentability, validity, enforceability, infringement, ownership, or inventorship, the scope of the claims of any Inline Patent, and/or the infringement or noninfringement of any Inline Patent by You."

Discussion of Request for Production No. 17: You stated that you will not produce or provide a privilege log for any responsive documents created after the lawsuit was filed.

Request for Production No. 18: "All Documents Relating To any patent search conducted by You or on Your behalf that identifies or lists any of the Inline Patents or any patent that lists David Goodman as an inventor."

Discussion of Request for Production No. 18: You have refused to provide responsive documents, notwithstanding that discovery on validity is proceeding.

Request for Production No. 19: "All Documents and Things which alone or in combination, You contend render any of the Inline Patents invalid."

Discussion of Request for Production No. 19: You stated that Verizon will not provide information until after receiving confidential information from the AOL/Earthlink cases, as set forth above.

Request for Production No. 20: "All Documents and Things that You contend render any of the Inline Patents unenforceable."

Discussion of Request for Production No. 20: You stated that Verizon will not provide information until after receiving confidential information from the AOL/Earthlink cases, as set forth above.

Request for Production No. 23: "All Documents Relating To any contention that Inline is estopped from enforcing any of the claims on the Inline Patents."

Discussion of Request for Production No. 23: You stated that Verizon will not provide information until after receiving confidential information from the AOL/Earthlink cases, as set forth above.

HellerEhrman LLP

John B. Wyss, Esq.
May 3, 2006
Page 6

Request for Production No. 26: "All Documents Relating To any contention that Inline's Complaint in this matter fails to join indispensable parties."

Discussion of Request for Production No. 26: You stated that Verizon will produce responsive documents to this request for production within 21 days after you receive production of Inline's ownership discovery, including the materials that were provided by Inline on the issue of ownership in the AOL/Earthlink cases.

Sincerely,

Michael K. Plimack

cc:    Joël Van Over
       Mary Graham
       Julie Heaney
       Jeffrey B. Bove

# EXHIBIT G

# wrf | Wiley Rein & Fielding LLP

1776 K STREET NW
WASHINGTON, DC 20006
PHONE    202.719.7000
FAX       202.719.7049

Virginia Office
7925 JONES BRANCH DRIVE
SUITE 6200
McLEAN, VA 22102
PHONE    703.905.2800
FAX       703.905.2820

www.wrf.com

May 4, 2006

John B. Wyss
202.719.7038
jwyss@wrf.com

*Via E-Mail*

Michael K. Plimack, Esq.
HellerEhrman LLP
333 Bush Street
San Francisco, California 94104-2878

Re:  *Inline Connection Corp. v. Verizon Internet Services, Inc. et al.*
Case No. 1:05-cv-866(JJF)(D.Del.)

Dear Mike:

Your May 3 letter regarding our discussions on Monday about Inline's discovery requests to the Verizon defendants requires correction and clarification. I believe you have misunderstood, or else failed to reflect, the fundamental basis of Verizon's position.

Inline sued AOL, Earthlink and Verizon back in 2002, but then promptly abandoned its claims against Verizon. Inline continued to litigate against AOL and Earthlink in a proceeding that is now more than four years old. In the *AOL* case, Inline has broadly asserted confidentiality claims that preclude us from access to Inline's judicial admissions and the parties' statements of position.

From the start of the new suit that Inline filed against the Verizon defendants in the Eastern District of Virginia in April 2005, we have repeatedly requested attorneys-eyes-only access to all the materials from the *AOL* case. This is an issue of fundamental fairness. Inline has had a four year head start in the *AOL* case and has taken positions and made numerous admissions. Likewise, AOL and Earthlink have identified extensive factual information regarding the invalidity and unenforceability of the patents-in-suit. Virtually all of this information – which is fully available to Inline's counsel in this case at Bingham McCutchen and Morris Nichols – has been withheld from Defendants' counsel, despite Inline's express representations to the Virginia court that all Inline confidential information from the *AOL* case would be produced.

As I stated during our telephone conference on Monday, Inline's demands that the Verizon defendants respond to premature contention interrogatories and document requests at this time appears to be retaliatory, harassing and purposely burdensome. This is particularly true given Inline's position in its stay motion that the *AOL* case will likely simplify many issues. We understand that Inline and AOL/Earthlink

Wiley Rein & Fielding LLP

Michael K. Plimack, Esq.
May 4, 2006
Page 2

filed final updated discovery responses earlier this year, have already filed opening expert reports, and will soon file rebuttal expert reports on May 15. We have requested attorneys-eyes-only access to these specific materials, as well as to the substantive briefs and memoranda filed by Inline and the defendants in the *AOL* case that have been marked with a blanket confidentiality designation, but Inline has consistently refused to cooperate.

Although Defendants carry the burden of proof on validity and unenforceability, much of that proof will come from the *AOL* case materials to which we have been denied access. As I committed during our telephone conference, the Verizon defendants will promptly provide supplemental discovery responses regarding invalidity and unenforceability within 28 day of receiving attorneys-eyes-only access to the *AOL* case materials. We will identify the information already presented by AOL and Earthlink on which we are likely to rely, and will supplement if there are any additional factual points or legal arguments that have not already been covered.

Defendants' position is not inconsistent with their prior objections to a stay on validity and enforceability issues. We are not waiting "until further proceedings take place in the AOL/Earthlink cases," as you suggest, but merely seek fair and equal access to the materials that are already available to Inline's counsel.

Nor are we attempting an "end run" around the Court's stay order. Inline represented to Judge Morgan in the Eastern District of Virginia proceedings that it would provide full and complete access to all Inline confidential material in the *AOL* case. It appears that you have now disavowed those prior representations and are withholding all recent *AOL* case filings.

Finally, with respect to AOL and Earthlink confidential information, we have made initial contact with each of these parties concerning this matter. I am confident that they will agree that the Verizon defendants' counsel can have attorney-eyes-only access to the following groups of *AOL* case materials: (1) expert reports; (2) all final updated discovery responses from earlier this year; and (3) all substantive briefs and memoranda previously filed with Judge Thynge under a confidentiality designation. It is only Inline that refuses to cooperate in this regard.

With respect to the specific discovery requests referenced in your May 3 letter, I note the following:

Wiley Rein & Fielding LLP

Michael K. Plimack, Esq.
May 4, 2006
Page 3

Interrogatory Nos. 9-10 and Document Request Nos. 19, 20 and 23.  Each of these
discovery requests is effectively a "contention" interrogatory request and therefore
premature.  Moreover, detailed information responsive to these interrogatories is
already set forth in defendant VIS and Verizon Delaware's counterclaims.  Much of
the remaining information responsive to these requests is set forth in detail in the
*AOL* case materials that we have requested and which are already fully available to
Inline's counsel (Bingham McCutchen and Morris Nichols) in this action.  As I
committed, the Verizon defendants will promptly file supplemental "contention"
responses within 28 days of receiving access to the *AOL* case materials, which
responses will identify any additional contentions or documents not previously
identified or produced in the *AOL* case.

Document Request No. 1.  As stated in our written objection (which is incorporated
herein by reference), Defendants will produce all documents identified in any of
their interrogatory responses or which are referenced under Rule 33(d).  Your
request for documents "relevant to," "relied upon" or "reviewed in preparing"
interrogatory answers is vague, ambiguous, burdensome and harassing, and would
potentially encompass all of our privileged litigation files.

Document Request No. 10, 15, 16 and 17.  We have already logged or produced all
responsive documents that existed prior to Inline's lawsuit against Verizon.  Any
responsive documents generated after litigation began would be privileged.

Document Request No. 11.  All communications between or among counsel for
AOL, Earthlink and Verizon after Inline filed suit are privileged under a joint
defense agreement.  If HellerEhrman, Swidler Berlin, Bingham McCutchen, Kile
Goekjian Lerner & Reed, Morris Nichols and Kaufman & Canoles will agree to
provide logs of all of their post-suit communications, we would be willing to
discuss with you a possible further response.

Document Request Nos. 13 and 18.  We have conducted a good faith reasonable
search for documents generated prior to litigation.  All such documents have been
produced or logged, with the exception of Bell Atlantic patents that might cross-
reference one of the Inline patents.  As Carl Nadler and I discussed at some length
last summer, any such patents can be located from public sources and the burden
would be exactly the same for the Defendants as for Inline.

Wiley Rein & Fielding LLP
Michael K. Plimack, Esq.
May 4, 2006
Page 4

Please call me if you have any further questions.

Sincerely yours,

John B. Wyss

cc:     Carl Nadler (via email)
        Joël Van Over (via email)
        Julia Heaney, Esq. (via email)
        Jeffrey B. Bove, Esq. (via email)

EXHIBIT H

**From:**    Plimack, Michael K. [Michael.Plimack@hellerehrman.com]
**Sent:**    Thursday, May 04, 2006 9:59 PM
**To:**    Wyss, John; Nadler, Carl S.; Van Over, C. Joel
**Cc:**    Julie Heaney; Jeff Bove; Mary B. Graham
**Subject:** RE: 5/4/06 Letter to Plimack

John - there is one statement in your letter of today to which I must respond today.

You state:

"Likewise, AOL and Earthlink have identified extensive factual information regarding the invalidity and unenforceability of the patents-in-suit. Virtually all of this information - which is fully available to Inline's counsel in this case at Bingham McCutchen and Morris Nichols - has been withheld from Defendants' counsel, despite Inline's express representations to the Virginia court that all Inline confidential information from the AOL case would be produced."

I need to respond to your suggestion that Inline has not produced materials as represented to the Virginia court. Your statement is not correct. Your letter is talking about materials produced by <u>AOL and Earthlink</u> and designated by those defendants as confidential under the protective orders in their respective cases. Heller Ehrman has no access to such materials, let alone the ability to produce such materials to Verizon. Any statements about the production of <u>Inline</u> confidential information has no bearing on information designated by <u>defendants</u> as confidential.

In fact, Inline has produced to Verizon the same Inline documents that Inline produced to AOL and Earthlink. This substantial production of historical documents stands in stark contrast to Verizon's refusal to produce basic discovery and contentions on validity and enforceablity issues.

Moreover, this week, you disclosed for the first time that there is a written joint defense agreement among Verizon, AOL, and Earthlink. Presumably, AOL and Earthlink have shared with Verizon prior art and other information related to invalidity, as well as information related to Verizon's unenforceability defenses. Please immediately confirm whether this is the case. Given your claimed need to have access to the "extensive factual information regarding the invalidity and unenforceability of the patents-in-suit" provided by AOL and Earthlink, we believe the Court is entitled to know whether Verizon has already received that information by virtue of its joint defense arrangement. Indeed, we would expect Verizon to address this point in any motion practice raising the issue of Verizon's access to AOL/Earthlink case confidential information.

> -----Original Message-----
> **From:** Wyss, John [mailto:JWyss@wrf.com]
> **Sent:** Thursday, May 04, 2006 10:45 AM
> **To:** Plimack, Michael K.; Nadler, Carl S.; Van Over, C. Joel
> **Cc:** jheaney@mnat.com; Jeff Bove
> **Subject:** 5/4/06 Letter to Plimack
>
>
> Attached is a copy of a May 4, 2006 letter from J. Wyss to M. Plimack regarding discovery issues.

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the