IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INLINE CONNECTION CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-866 (JJF) |
| ) | |
| VERIZON INTERNET SERVICES, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**INLINE'S OPPOSITION TO VERIZON'S MOTION (D.I. 99)
TO ENFORCE COURT'S PRIOR DISCOVERY ORDER (D.I. 97)**

Verizon filed this unwarranted motion (D.I. 99) without due consideration and a proper meet and confer. In fact, the parties have now resolved virtually all the issues originally raised. Remaining for the Court's consideration are only two issues as to which Verizon's position lacks any merit: (a) Verizon's demand that Inline produce all the requested discovery within 15 days (instead of the 30 days Inline requested and genuinely needs); and (b) Verizon's demand for discovery that is entirely unrelated to the "threshold jurisdictional" ownership that was addressed in Verizon's motion to compel (D.I. 88) and this Court's prior discovery Order (D.I. 97). On these two issues, Verizon's position is entirely unreasonable and Inline asks that the Court deny the motion.

    **A.    Because of Verizon's Failure to Meet and Confer Before
Filing This Motion, Most of the Issues have Been Resolved.**

The Court issued its Order compelling Inline to proceed with "threshold ownership discovery" on April 24, 2006. Verizon's counsel sent an immediate e-mail demanding that Inline produce most of the ownership discovery *the next day* and provide the remainder within nine days. (D.I. 99, Exhibit 1). On April 26, the very next day, Inline responded that it would produce the ownership discovery promptly, but asked to meet and confer concerning: (a) certain discovery requests that were outside the scope of the Court's Order; and (b) the time it would reasonably take Inline to complete this discovery. (D.I. 99, Exhibit 2). When Inline called Verizon's counsel Mr. Wyss on April 27, he advised that he was unable to meet and confer that day.

The next day, April 28, Verizon filed its Motion to Enforce without further effort to discuss the issues on which Inline had requested a meet and confer. (*See* D.I. 99 and D.I. 99, Exhibit 2). Inline accordingly requested that Verizon withdraw its motion for failure to adhere to Local Rule 7.1.1. *See* Letter from Plimack to Wyss (Apr. 28, 2006) (attached as Exhibit A). In the days since, the parties have met and conferred and have narrowed the issues in dispute to the two addressed below. The parties did not complete this meet and confer process until May 3, 2006. *See* Letters between Messrs. Plimack and Wyss dated May 2 and 3, 2006) (attached as Exhibits B and C)

### B.    Verizon's Demand That This Discovery Be Completed in 15 Days – Instead of the 30 Days Inline Requested – Is Unnecessary and Oppressive.

Inline began working to produce "ownership" discovery the day it received the Court's Order. It has committed to produce the discovery as quickly as reasonably possible, on a rolling basis, and to complete all the ordered discovery within 30 days. Indeed, Inline has already produced to Verizon the legal agreements that govern ownership of the patents in suit.

Verizon asks this Court, however, to order production of this material on a hugely accelerated schedule, with most of the discovery due within 24 hours, additional materials due on May 5, 2006, and the remainder due by May 15, 2006. *See* D.I. 99, at 3. As a practical matter, Inline cannot meet this schedule. Determining what "ownership" discovery was produced in the *AOL* case takes time. Conducting a reasonable search to identify, review and produce additional requested materials takes further time, as does drafting and verifying the accuracy of the interrogatory answers.

Nor is there any reason for the breakneck discovery schedule Verizon demands. This case is mainly stayed, and there is no trial schedule. There is no deadline for Verizon to make any ownership-related motion it may choose to make. Aside from imposing undue burden on Inline, there is no reason Verizon needs this discovery on a schedule more quickly than the 30 days rolling schedule Inline has proposed.

## C. The Court Should Deny Discovery That Goes Beyond Ownership of the Patents in Suit.

Verizon's original motion to compel sought discovery related to the jurisdictional issue of Inline's ownership of the patents in suit. (D.I. 88). In granting the motion, the Court noted that Inline's ownership of those patents is "relevant to Defendant's claim that the Court lacks jurisdiction." (D.I. 97, at 2). Accordingly, Inline has agreed to respond fully to all of Verizon's discovery directed to ownership of the patents-in-suit. *See* Exhibit B to this Opposition.

Verizon asks the Court, however, to go further and order Inline to produce documents related to: (a) ownership of Inline itself; and (b) financial interests in the outcome of this litigation. *Id.*[1] This discovery, however, is completely unrelated to the "threshold jurisdictional" ownership issue addressed in Verizon's motion (D.I. 88) and this Court's Order (D.I. 97). Inline's standing to sue – as explained in Verizon's original motion – is dependent solely on its ownership of the patents at the time suit was filed. *See, e.g.*, D.I. 88, at 1-2; *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1339-40 (Fed. Cir. 2006); *Sicon Systems Ltd. V. Agilent Technologies, Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005).

The discovery remaining in dispute does not address Inline's ownership of the patents-in-suit. It relates to: (a) the individual owners of Inline itself; and (b) whether any entity other than Inline has a financial interest in the outcome of this suit. These issues might at some point be relevant to settlement discussions or to potential bias by trial witnesses. But they are completely irrelevant to the threshold jurisdictional issue of standing the Court addressed in D.I. 97.

---

[1] *See, i.e.*, Interrogatory Nos. 8 and 46, and Document Request Nos. 57-59.

## CONCLUSION

For all these reasons, the Court should deny Verizon's Motion to Enforce Prior Discovery Order (D.I. 97) in its entirety.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

_____
Mary B. Graham (#2256)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
jheaney@mnat.com

*Attorneys for Plaintiff
Inline Connection Corporation*

OF COUNSEL:

Alexander L. Brainerd
Michael K. Plimack
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
(415) 772-6000

John R. Ferguson
C. Joël Van Over
SWIDLER BERLIN LLP
3000 K Street, N.W., Suite 300
Washington, DC 20007
(202) 424-7500

Dated: May 5, 2006.
519006

- 4 -

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on May 5, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Jeffrey B. Bove
>Kevin M. Baird
>Connolly Bove Lodge & Hutz LLP

and that I caused copies to be served on May 5, 2006 upon the following in the manner indicated:

>**BY HAND**
>
>Jeffrey B. Bove
>Kevin M. Baird
>Connolly Bove Lodge & Hutz LLP
>1007 N. Orange Street
>Wilmington, DE 19801
>
>**BY EMAIL & FEDERAL EXPRESS**
>
>John B. Wyss
>Kevin Anderson
>Wiley Rein & Fielding LLP
>1776 K Street, N.W.
>Washington, DC  20006
>jwyss@wrf.com
>kanderson@wrf.com

*/s/ Mary B. Graham*
_____
Mary B. Graham (#2256)