# EXHIBIT A

April 28, 2006

Michael K. Plimack
michael.plimack@hellerehrman.com
Direct +1.415.772.6821
Direct Fax +1.415.772.2021
Main +1.415.772.6000
Fax +1.415.772.6268

42102.0001

*Via E-mail*

John B. Wyss, Esq.
Wiley Rein & Fielding LLP
1776 K Street NW
Washington, DC 20006

Re:   *Inline Connection Corp. v. Verizon Internet Services, Inc. et al.*
      **Case No. 05-866 (D. Del.)**

Dear John:

  We received today service of a Motion To Enforce Court's Prior Discovery Order (D.I. 97). This precipitously filed motion should not have been filed. As we have told you repeatedly, we will be producing <u>all</u> "ownership" agreements next week, and any remaining ownership documents as soon as we can reasonably do so. Moreover, you have failed to meet and confer with us about the specific discovery requests that are the subject of your motion and therefore have not complied with Local Rule 7.1.1. Therefore, we request that you withdraw the motion.

  First, it is absolutely false, as you state in your motion, that we stated we would "make a <u>selective production</u> of certain unspecified 'agreements' relating to the ownership issue sometime next week." (Emphasis in original.) In contrast, we committed to produce <u>all</u> agreements relating to the ownership issue by next week, and we will do so. Your demand for an "immediate" production was unreasonable. There is simply no reason why we should not have a few additional business days to gather this information and to produce it. Indeed, from our meet and confer discussions you know that we have committed to produce these agreements <u>before</u> the May 5 deadline you ask the Court to impose on us.

  Second, we believe we can complete production of "ownership" documents by May 31, as we have already indicated. This is also an appropriate target for Verizon to produce its documents concerning validity, unenforceability and ownership to Inline. We respectfully suggest that you reconsider burdening the court with a motion simply to speed up production by two weeks, given that there is no case schedule in this matter nor any impending deadlines for which you need a more accelerated production of documents.

Heller Ehrman LLP   333 Bush Street   San Francisco, CA  94104-2878   www.hellerehrman.com

Anchorage      Beijing      Hong Kong      Los Angeles      Madison, WI      New York      San Diego      **San Francisco**      Seattle
Silicon Valley      Singapore      Washington, D.C.

HellerEhrman LLP

John B. Wyss, Esq.
April 28, 2006
Page 2

    Finally, the scope of the specific discovery requests that are the subject of your motion plainly exceeds the issue of ownership of the patents in suit. Yesterday, I attempted to meet and confer with you about these requests but you stated that you were unavailable to do so. You had no business moving to compel answers to these requests after refusing to discuss them with me. We insist that you meet and confer with us about these particular requests on Monday, May 1 at 9:30 a.m. when we are already scheduled to speak about Inline's discovery requests to Verizon.

    Sincerely,

    Michael K. Plimack

cc:    Joel Van Over
       Mary Graham
       Julie Heaney
       Jeffrey B. Bove

SF 1262248 v1