# EXHIBIT B

Case 1:05-cv-00866-JJF   Document 105-3   Filed 05/05/2006   Page 1 of 4

# HellerEhrman LLP

May 2, 2006

Michael K. Plimack
michael.plimack@hellerehrman.com
Direct +1.415.772.6821
Direct Fax +1.415.772.2021
Main +1.415.772.6000
Fax +1.415.772.6268

42102.0001

*Via E-mail*

John B. Wyss, Esq.
Wiley Rein & Fielding LLP
1776 K Street NW
Washington, DC 20006

Re:  *Inline Connection Corp. v. Verizon Internet Services, Inc. et al.*
     Case No. 05-866 (D. Del.)

Dear John:

This letter is to confirm our discussions yesterday about Verizon's Motion To Enforce Court's Prior Discovery Order (D.I. 97). Now that we have conferred about the particular requests at issue in the motion, I believe we have narrowed the areas of disagreement, as set forth below.

I confirmed that we intend to produce all agreements relating to the issue of ownership by the end of this week. Therefore, we believe this aspect of Verizon's motion is moot.

With respect to the particular requests that are at issue in the motion, we object to certain of these requests because they go beyond the issue of ownership of the patents-in-suit. For example, you have requested information about ownership interests in plaintiff Inline. You also ask about entities that may have a financial stake in this and other lawsuits involving the patents. These issues do not relate to ownership of the patents. Therefore, these other subjects are beyond the scope of the Court's order requiring Inline to produce information ownership of the patents.

The following confirms our discussions about particular discovery requests:

Interrogatory No. 8: "Identify each person or entity (including but not limited to employees, directors, shareholders, law firms, investors, consultants, advisors, agents, licensees or co-venturers) that has any actual or potential financial interest (contingency, options or otherwise) in Inline Connection Corporation, in the Patents-in-Suit, or in any patent infringement litigation brought or to be brought concerning any of the Patents-In-Suit;

Heller Ehrman LLP   333 Bush Street   San Francisco, CA 94104-2878   www.hellerehrman.com

Anchorage   Beijing   Hong Kong   Los Angeles   Madison, WI   New York   San Diego   **San Francisco**   Seattle
Silicon Valley   Singapore   Washington, D.C.

**HellerEhrman**LLP

John B. Wyss, Esq.
May 2, 2006
Page 2

and, for each such person or entity, describe in detail the nature, amount and full circumstances concerning that financial interest."

Discussion of Interrogatory No. 8: We will identify persons or entities that have any actual or potential financial interest in the patents-in-suit, but not an interest in Inline or in any patent infringement litigation brought, or to be brought, concerning the patents-in-suit. The latter categories are not related to ownership of the patents.

Interrogatory No. 13: "Identify all existing, proposed, and expired assignments.[sic] covenants not to sue, and/or license agreements to which Inline is/was a party that include or relate to the Relevant Patents."

Discussion of Interrogatory No. 13: We will respond to this interrogatory. We therefore believe that the motion with respect to this interrogatory is moot.

Document Request No. 36: "All documents that refer to possible, or actual, licensing, sale, or assignment of any one of, or any combination of, the Relevant Patents or of any interest therein."

Discussion of Document Request No. 36: You agreed to eliminate "possible," as opposed to "actual," transactions. Subject to this limitation, we will produce responsive documents. We believe that the motion with respect to this document request is moot.

Document Request No. 37: "All documents that refer or relate to Inline's licensing and/or patent enforcement policies."

Discussion of Document Request No. 37: You agreed to limit this document request to Inline's licensing, as opposed to patent enforcement policies. Subject to this limitation, we will provide responsive documents. We believe the motion with respect to this document request is moot.

Document Request No. 46: "All documents evidencing or concerning communications between Inline and/or David D. Goodman and any shareholder, or potential investor, of Inline, or any other individual or entity having a financial interest in the Delaware Actions, the Virginia Action, and/or the Relevant Patents."

Discussion of Document Request No. 46: I pointed out that this request calls for the production of communications on any subject — whether or not relevant to the lawsuit — between the identified persons, and is thus overbroad. To the extent documents relate to assignment or licensing, we agreed to produce responsive documents. However, you indicated that this request also relates to financial investments in the litigation and the

**HellerEhrman**LLP

John B. Wyss, Esq.
May 2, 2006
Page 3

investment in, and exploitation of, the patents. Because these latter issues go beyond ownership of the patents, we will not provide documents responsive to this aspect of the request.

Document Request No. 57: "All documents that refer or relate to the financing of this action, the Virginia Action, and/or the Delaware Actions and/or any financial interests in this action, the Virginia Action, and/or the Delaware Actions."

Discussion of Document Request No. 57: Because "financing of this action" is not related to ownership of the patents-in-suit, we will not provide responsive documents.

Document Request No. 58: "All documents that refer or relate to the current ownership interest of all persons and/or entities in Inline and/or the Relevant Patents."

Discussion of Document Request No. 58: We agreed to produce documents concerning ownership of the relevant patents, but not ownership of Inline.

Document Request No. 59: "All documents that refer or relate to Inline's corporate history, including the existence of any relationship with any other individuals, corporations, partnerships, companies, investors, and/or shareholders."

Discussion of Document Request No. 59: We will not produce information about Inline's corporate history because it is irrelevant to the issue of ownership of the patents-in-suit.

Finally, we have stated that we intend to complete the production of ownership-related documents and to respond to ownership-related interrogatories by May 31. Although you have demanded that we respond by May 15, there is no scheduling order in this case (which is stayed but for certain enumerated subjects) and there is no need for you to deprive Inline of the approximately two extra weeks it has requested.

Sincerely,

Michael K. Plimack

cc:  Joel Van Over
     Mary Graham
     Julie Heaney
     Jeffrey B. Bove