# EXHIBIT C

wrf Wiley Rein & Fielding LLP

1776 K STREET NW
WASHINGTON, DC 20006
PHONE 202.719.7000
FAX 202.719.7049

Virginia Office
7925 JONES BRANCH DRIVE
SUITE 6200
McLEAN, VA 22102
PHONE 703.905.2800
FAX 703.905.2820

www.wrf.com

May 3, 2006

John B. Wyss
202.719.7038
jwyss@wrf.com

***Via E-Mail***

Michael K. Plimack, Esq.
HellerEhrman LLP
333 Bush Street
San Francisco, California 94104-2878

Re: *Inline Connection Corp. v. Verizon Internet Services, Inc. et al.*
Case No. 1:05-cv-866(JJF)(D.Del.)

Dear Mike:

Your May 2 letter regarding our discussions about the Verizon defendants' pending Motion To Enforce Court's Prior Discovery Order (D.I. 97) requires correction and clarification. We still have a fundamental dispute regarding Inline's unwillingness to provide full and complete "ownership" discovery.

We have serious questions concerning Inline's consistent efforts to delay this discovery and to withhold from Defendants and the Court the full scope of the relationships between Inline, BBTI, Pie Squared and the other entities that own and control the Inline patents and related litigation. For example:

- Why has Inline delayed for months production of the BBTI and Pie Squared documents produced to AOL and Earthlink back in February? (*See* attached February 28, 2006 letter from J. Wyss to M. Plimack and C.J. Van Over).

- Why does Inline refuse to produce any documents relating to BBTI's and Pie Squared's interests in and control over the pending litigations against AOL, Earthlink and the Verizon defendants?

- Why does Inline flatly refuse even to identify the ownership interests held in Inline by BBTI, Pie Squared and other individuals and entities who may be directly involved in various assignments, licenses and/or litigation, as well as key factual events that occurred during the late 1980s and 1990s?

Federal Circuit law is clear that the "ownership" issue does not depend upon the particular name of a document (*e.g.*, "assignment" or "license"), but rather must be determined based upon full consideration of all of the "surrounding circumstances" regarding transfer of rights. *E.g.*, *Aspex Eyewear, Inc. v. Miracle Optics Inc.*, 434 F.3d 1336, 1340 (Fed. Cir. 2006) (citing Federal Circuit and Supreme Court precedent). Critical factual circumstances include: who has the rights to make, sell

or use; who has the rights to sue for past, present and/or future infringement; who controls licensing and sublicensing; who controls assignments; who has the right to determine a "reasonable royalty," whether in settlement of court litigation or license negotiations; etc.?

In our view, all documents concerning agreements and understandings among Inline, BBTI, Pie Squared and other individuals and entities regarding the patents-in-suit and litigations brought or to be brought with respect thereto are clearly within the scope of the Court's prior discovery order (D.I. 97). In addition, we are entitled to know what ownership interests BBTI, Pie Squared and other individuals and entities hold in Inline in order to have a complete picture of all the surrounding circumstances and interlocking web of financial interests.

Interrogatory No. 8. Based on our discussions and your letter, Inline will limit its answer to individuals/entities that Inline unilaterally deems relevant to "financial interests in the patents in suit." Inline will not answer regarding financial interests in the other Relevant Patents or in litigations related to the patents-in-suit. Nor will Inline provide any information regarding ownership by BBTI, Pie Squared and others in Inline itself. There is clearly a fundamental dispute in this regard.

With respect to persons and entities that hold an actual or potential financial interest in Inline, we agreed to limit and simplify your response at this time. All we currently request is a complete list of such interests as of: (1) today, (2) April 6, 2005, when Inline filed suit against Verizon in the Eastern District of Virginia, and (3) June 12, 2002, when Inline first sued Verizon in the District of Delaware. In addition to these three lists, we request a narrative explanation of the changes in Inline's ownership between each of the three dates. This basic information regarding the ownership of Inline is essential to flesh out the circumstances regarding the BBTI/Pie Squared relationships. It is also important to identify potential owners of Inline who were directly involved in key factual events during the 1980s and 1990s relating to invalidity and unenforceability (*e.g.*, Messrs. Goodman, Kanyuck, Mahn, Savage, Domnitz, Kahn, various BBN employees, etc.).

Interrogatory No. 13. You have agreed to provide a full and compete response to this Interrogatory on or before May 31, 2006.

Document Request No. 36. We agreed to defer production regarding "possible," as opposed to "actual," transactions until after the stay that Inline requested is lifted. You have agreed to make a full and complete production of all responsive documents concerning "actual" transactions on or before May 31, 2006.

Document Request No. 37. We agreed to limit this request to "licensing" policies until after the stay is lifted. You have agreed to make a full and complete production of all documents that refer or relate to Inline's licensing policies on or before May 31, 2006.

Document Request No. 46. Defendants agreed to narrow the scope of this request at this time in the same way as discussed above in connection with Interrogatory No. 8. Inline, however, insists upon its narrow and selective interpretation of "ownership" discovery, and we have the same fundamental dispute as discussed previously.

Document Request No. 57. As discussed above, Defendants believe that documents relating to the control and financing of this case and the *AOL/Earthlink* actions are essential to understand the interlocking web of interrelationships between Inline, BBTI, Pie Squared and other entities regarding ownership of the patents-in-suit.

Document Request Nos. 58 and 59. Defendants agreed to narrow these requests concerning Inline ownership at this time as set forth above in connection with Interrogatory No. 8. Inline, however, refuses to provide the requested information.

We look forward to receiving tomorrow the documents that you previously committed to produce by May 4. To the extent you seek to characterize our discussions in your opposition to the Motion To Enforce Court's Prior Discovery Order (D.I. 97), we request that you accurately describe Defendants' position as set forth above and attach a copy of this letter.

Sincerely yours,

John B. Wyss

cc: Carl Nadler (via email)
Joël Van Over (via email)
Julia Heaney, Esq. (via email)
Jeffrey B. Bove, Esq. (via email)

wrf Wiley Rein & Fielding LLP

1776 K STREET NW
WASHINGTON, DC 20006
PHONE 202.719.7000
FAX 202.719.7049

Virginia Office
7925 JONES BRANCH DRIVE
SUITE 6200
McLEAN, VA 22102
PHONE 703.905.2800
FAX 703.905.2820

www.wrf.com

February 28, 2006

John B. Wyss
202.719.7038
jwyss@wrf.com

***Via Email***

Michael K. Plimack, Esq.
HellerEhrman LLP
333 Bush Street
San Francisco, California 94104-2878

C. Joël Van Over, Esq.
Swidler Berlin LLP
The Washington Harbour
3000 K Street, NW, Suite 300
Washington, DC 20007-5116

Re: *Inline Connection Corp. v. Verizon Internet Services, Inc. et al.*
Case No. 1:05-cv-866-JJF (D. Del.)

Dear Mike and Joël:

During the telephonic hearing this morning before Judge Thynge in the *AOL/Earthlink* litigation, counsel for AOL and Earthlink referred to documents relating to certain entities, "Mercury Communication" and "Pi-Squared," that have recently been produced by Inline to defendants in the *AOL/Earthlink* case. In addition, Judge Thynge ordered Inline to produce all other non-privileged documents that refer or relate to the Mercury Communications and Pi-Squared entities.

We have not received any of the referenced documents previously produced to AOL and Earthlink. We specifically request that:

1. You produce to us by fax or email all of the Mercury Communication/Pi-Squared related documents previously produced to AOL and Earthlink; and

2. You produce to us all additional Mercury Communication/Pi-Squared related documents at the same time that they are produced to AOL and Earthlink in the future.

Please confirm that you will produce the Mercury Communication/Pi-Squared related documents as requested above.

Sincerely yours,

John B. Wyss

cc: Carl S. Nadler, Esq., Esq. (via email)
Julia Heaney , Esq. (via email)
Jeffrey B. Bove, Esq. (via email)