IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Inline Connection Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Verizon Internet Services, Inc., et al.,<br><br>Defendants. | Civil Action No. 05-866 (JJF) |

**MOTION TO COMPEL PRODUCTION OF SPECIFIED *AOL* CASE MATERIALS**

Pursuant to Rule 37, Fed. R. Civ. P., Local Rule 37.1 and Paragraph 4 of this Court's form Rule 16 Scheduling Order, the Verizon defendants[1] respectfully move for an order compelling plaintiff Inline Connection Corporation ("Inline") to produce the following materials from the co-pending *AOL* case[2] on an attorneys-eyes-only basis:

1. Expert reports and expert depositions;[3]

2. Updated discovery responses served by the parties since January 1, 2006; and

3. Pleadings (including exhibits) filed in connection with previous Markman and summary judgment proceedings that are not available from the public record.

This is a narrow subset of materials from the *AOL* case which are available to Inline's counsel at Bingham McCutchen and the Morris Nichols firm, but which are not available to counsel for the Verizon defendants because they have been designated as confidential. Counsel for Defendants in the *AOL* case (*i.e.*, AOL and EarthLink) have no objection to Inline producing these specified

---

[1] The Verizon defendants are Verizon Internet Services, Inc., GTE.Net LLC, Verizon Services Corp., Telesector Resources Group, Inc., Verizon Corporate Services Group, Inc., Verizon Advanced Data, Inc., Verizon Avenue Corp., Verizon Delaware, Inc., and GTE Southwest, Inc. *d/b/a* Verizon Southwest.

[2] *Inline Connection Corporation v. AOL Time Warner, Inc., et al.*, Civil Action No. 02-272-MPT and *Inline Connection Corporation v. EarthLink, Inc., et al.*, Civil Action No. 02-477-MPT.

[3] Opening expert reports were scheduled to be filed on March 3, 2006. Rebuttal expert reports will be filed in mid-June with expert depositions to be concluded by mid-July.

materials, which may contain confidential AOL or EarthLink information, to counsel for the Verizon defendants on an attorneys-eyes-only basis (*see* Exhibit 1).

The present motion to compel should be granted for the following reasons:

1. <u>Fundamental Fairness</u>. Inline sued AOL, EarthLink and Verizon in April and June of 2002, but then promptly abandoned its claims against Verizon. Inline has continued to litigate the exact same patents against AOL and EarthLink in the *AOL* case. As a result, Inline now has a <u>four year head start</u> over the Verizon defendants.

This Court granted in part Inline's motion to stay the present case pending resolution of the *AOL* action (D.I. 92). The Court found that the *AOL* case proceedings could well simplify the issues in this case and that Defendants would not be prejudiced by the stay (*id.* at 3). These findings, however, were necessarily premised on the Verizon defendants' counsel having fair access to developments in the *AOL* case, and particularly to Inline's judicial admissions and statements of position before Magistrate Judge Thynge. Otherwise, Inline's multi-year head start will continue to grow while the Verizon defendants' counsel are kept in the dark.

In fact, Inline has broadly asserted confidentiality over most of its substantive briefs, arguments and supporting factual contentions in the *AOL* case. Indeed, many of the basic pleadings relating to Judge Thynge's four published opinions in *AOL* case are not publicly available. Likewise, Inline and AOL/EarthLink exchanged updated discovery responses earlier this year, all of which have been designated confidential, setting forth their factual positions. Most recently, the parties in the *AOL* case have submitted opening expert reports and will soon be filing rebuttal reports and taking expert depositions – once again subject to confidentiality designations.

AOL and EarthLink have agreed that the Verizon defendants' counsel can have attorneys-eyes-only access to any AOL or EarthLink confidential information contained in the specified

2

*AOL* case materials which are the subject of this motion. Inline, however, will not produce the materials, even though they are fully available to Inline's counsel in this case at Bingham McCutchen and the Morris Nichols firm (*see* Exhibits 2 and 3).

2. <u>Inline's Prior Judicial Representations</u>. When Inline initially filed this action in the Eastern District of Virginia, the Verizon defendants promptly filed formal discovery requests calling for production of all pleadings and discovery from the *AOL* case in order to ameliorate what at that time was Inline's three-year head start (*see* Exhibits 4 and 5). Inline told the Court that it would produce all of the *AOL* case documents that "it is able to produce under the Protective Order in Delaware" (D.I. 46 at 6). Inline further represented that:

> With respect to documents that Inline cannot now produce because they contain confidential information of entities other than Inline, Defendants claim that Inline has asserted "overbroad" claims of confidentiality that have delayed production of the Delaware documents. ... But <u>Inline has produced and will continue to produce responsive documents without regard to any *Inline* claim of confidentiality</u>. (*Id.*, underscoring added).

AOL and EarthLink now agree that the Verizon defendants' counsel can have attorneys-eyes-only access to their respective confidential information in the limited set of *AOL* case materials here at issue. Despite its prior representations to the Court, Inline has not produced any documents from the *AOL* case since August of last year, and refuses to produce the specific documents addressed in this motion.

3. <u>Memorandum Order (D.I. 92)</u>. The Verizon defendants believe that production of the limited *AOL* case materials specified in this motion would be consistent with the spirit of the Court's April 13, 2006 Memorandum Order (D.I. 92), granting Inline's motion to stay but permitting Defendants to proceed with discovery as to their unenforceability and invalidity defenses. Production of *AOL* case materials that are already available to Inline's counsel in this action does not impose any new substantive discovery burdens on Inline. It merely achieves a

3

level playing field so that counsel for both parties have access to ongoing developments in the *AOL* case. The *AOL* case proceedings cannot simplify the issues in this case, as the Court's Memorandum Order contemplates, if Inline's counsel has one-sided, unfair access to the *AOL* case briefs and materials.

In addition, Inline's judicial admissions and statements in the *AOL* case are binding on Inline and its privies, and will necessarily narrow and focus Defendants' permitted discovery regarding the unenforceability and invalidity issues. For example, the Inline experts' discussion of the prior art and admissions as to the scope of the claims will narrow Defendants' focus for additional invalidity prior art and help limit discovery from the inventors, prosecuting attorneys and other witnesses with personal knowledge of events during the late 1980s and early 1990s regarding a variety of invalidity/unenforceability issues (*e.g.*, priority data, conception, reduction to practice, prosecution laches, estoppel, enablement, written description, etc.).

## CONCLUSION

For the foregoing reasons, the Court should order Inline to produce without further delay the narrow subset of *AOL* case materials specified on the first page of this motion.

Respectfully submitted,

OF COUNSEL:
John B. Wyss
Kevin P. Anderson
WILEY REIN & FIELDING LLP
1776 K Street NW
Washington, DC 20006
Telephone: 202.719.7000
Facsimile: 202.719.7049

Dated: May 12, 2006

By: /s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)
Kevin M. Baird (#4219)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street, Suite 878
Wilmington, DE 19801
Telephone: 302.658.9141
Facsimile: 302.658.5614

Counsel for Verizon Defendants

4

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Inline Connection Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Verizon Internet Services, Inc., et al.,<br><br>Defendants. | Civil Action No. 05-866 (JJF) |

### ORDER

At Wilmington, this _____ day of May, 2006, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that: Motion To Compel Production Of Specified *AOL* Case Materials is **GRANTED**.

_____<br>UNITED STATES DISTRICT JUDGE

## STATEMENT PURSUANT TO D. DEL. LR 7.1.1

I, Jeffrey B. Bove, Esq., counsel for the Verizon defendants, hereby state that prior to filing the present motion, the parties have attempted to reach an agreement on the matters set forth in Defendants' Motion To Compel Production Of Specified *AOL* Case Materials but have been unable to do so.

Dated:   May 12, 2006

/s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of May, 2006 a true copy of the **Motion To Compel Production Of Specified *AOL* Case Materials** was sent to plaintiff's counsel, in the manner indicated, upon:

| | |
|---|---|
| Michael K. Plimack, Esq.<br>Alexander L. Brainerd, Esq.<br>HELLER EHRMAN LLP<br>333 Bush Street<br>San Francisco, California 94104<br>Alexander.Brainerd@hellerehrman.com<br>Michael.Plimack@hellerehrman.com | (Served electronically & by overnight delivery) |
| C. Joël Van Over, Esq.<br>BINGHAM MCCUTCHEN LLP<br>3000 K Street, NW, Suite 300<br>Washington, DC 20007-5116<br>joel.vanover@bingham.com | (Served electronically & by overnight delivery) |
| Julia Heaney, Esq.<br>MORRIS NICHOLS ARSHT & TUNNELL LLP<br>1201 N. Market Street<br>Post Office Box 1347<br>Wilmington, Delaware 19899-1347<br>jheaney@mnat.com | (Served by hand delivery) |

/s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)