# EXHIBIT 2


# Wiley Rein & Fielding LLP

1776 K STREET NW
WASHINGTON, DC 20006
PHONE    202.719.7000
FAX      202.719.7049

Virginia Office
7925 JONES BRANCH DRIVE
SUITE 6200
McLEAN, VA 22102
PHONE    703.905.2800
FAX      703.905.2820

www.wrf.com

May 4, 2006

John B. Wyss
202.719.7038
jwyss@wrf.com

*Via E-Mail*

Michael K. Plimack, Esq.
HellerEhrman LLP
333 Bush Street
San Francisco, California 94104-2878

Re:   *Inline Connection Corp. v. Verizon Internet Services, Inc. et al.*
      Case No. 1:05-cv-866(JJF)(D.Del.)

Dear Mike:

Your May 3 letter regarding our discussions on Monday about Inline's discovery requests to the Verizon defendants requires correction and clarification. I believe you have misunderstood, or else failed to reflect, the fundamental basis of Verizon's position.

Inline sued AOL, Earthlink and Verizon back in 2002, but then promptly abandoned its claims against Verizon. Inline continued to litigate against AOL and Earthlink in a proceeding that is now more than four years old. In the *AOL* case, Inline has broadly asserted confidentiality claims that preclude us from access to Inline's judicial admissions and the parties' statements of position.

From the start of the new suit that Inline filed against the Verizon defendants in the Eastern District of Virginia in April 2005, we have repeatedly requested attorneys-eyes-only access to all the materials from the *AOL* case. <u>This is an issue of fundamental fairness.</u> Inline has had a four year head start in the *AOL* case and has taken positions and made numerous admissions. Likewise, AOL and Earthlink have identified extensive factual information regarding the invalidity and unenforceability of the patents-in-suit. Virtually all of this information – which is fully available to Inline's counsel in this case at Bingham McCutchen and Morris Nichols – has been withheld from Defendants' counsel, despite Inline's express representations to the Virginia court that all Inline confidential information from the *AOL* case would be produced.

As I stated during our telephone conference on Monday, Inline's demands that the Verizon defendants respond to premature contention interrogatories and document requests at this time appears to be retaliatory, harassing and purposely burdensome. This is particularly true given Inline's position in its stay motion that the *AOL* case will likely simplify many issues. We understand that Inline and AOL/Earthlink

Wiley Rein & Fielding LLP
Michael K. Plimack, Esq.
May 4, 2006
Page 2

filed final updated discovery responses earlier this year, have already filed opening expert reports, and will soon file rebuttal expert reports on May 15. We have requested attorneys-eyes-only access to these specific materials, as well as to the substantive briefs and memoranda filed by Inline and the defendants in the *AOL* case that have been marked with a blanket confidentiality designation, but Inline has consistently refused to cooperate.

Although Defendants carry the burden of proof on validity and unenforceability, much of that proof will come from the *AOL* case materials to which we have been denied access. As I committed during our telephone conference, the Verizon defendants will promptly provide supplemental discovery responses regarding invalidity and unenforceability within 28 day of receiving attorneys-eyes-only access to the *AOL* case materials. We will identify the information already presented by AOL and Earthlink on which we are likely to rely, and will supplement if there are any additional factual points or legal arguments that have not already been covered.

Defendants' position is not inconsistent with their prior objections to a stay on validity and enforceability issues. We are not waiting "until further proceedings take place in the AOL/Earthlink cases," as you suggest, but merely seek fair and equal access to the materials that are already available to Inline's counsel.

Nor are we attempting an "end run" around the Court's stay order. Inline represented to Judge Morgan in the Eastern District of Virginia proceedings that it would provide full and complete access to all Inline confidential material in the *AOL* case. It appears that you have now disavowed those prior representations and are withholding all recent *AOL* case filings.

Finally, with respect to AOL and Earthlink confidential information, we have made initial contact with each of these parties concerning this matter. I am confident that they will agree that the Verizon defendants' counsel can have attorney-eyes-only access to the following groups of *AOL* case materials: (1) expert reports; (2) all final updated discovery responses from earlier this year; and (3) all substantive briefs and memoranda previously filed with Judge Thynge under a confidentiality designation. It is only Inline that refuses to cooperate in this regard.

With respect to the specific discovery requests referenced in your May 3 letter, I note the following:

Wiley Rein & Fielding LLP
Michael K. Plimack, Esq.
May 4, 2006
Page 3

Interrogatory Nos. 9-10 and Document Request Nos. 19, 20 and 23. Each of these discovery requests is effectively a "contention" interrogatory request and therefore premature. Moreover, detailed information responsive to these interrogatories is already set forth in defendant VIS and Verizon Delaware's counterclaims. Much of the remaining information responsive to these requests is set forth in detail in the *AOL* case materials that we have requested and which are already fully available to Inline's counsel (Bingham McCutchen and Morris Nichols) in this action. As I committed, the Verizon defendants will promptly file supplemental "contention" responses within 28 days of receiving access to the *AOL* case materials, which responses will identify any additional contentions or documents not previously identified or produced in the *AOL* case.

Document Request No. 1. As stated in our written objection (which is incorporated herein by reference), Defendants will produce all documents identified in any of their interrogatory responses or which are referenced under Rule 33(d). Your request for documents "relevant to," "relied upon" or "reviewed in preparing" interrogatory answers is vague, ambiguous, burdensome and harassing, and would potentially encompass all of our privileged litigation files.

Document Request No. 10, 15, 16 and 17. We have already logged or produced all responsive documents that existed prior to Inline's lawsuit against Verizon. Any responsive documents generated after litigation began would be privileged.

Document Request No. 11. All communications between or among counsel for AOL, Earthlink and Verizon after Inline filed suit are privileged under a joint defense agreement. If HellerEhrman, Swidler Berlin, Bingham McCutchen, Kile Goekjian Lerner & Reed, Morris Nichols and Kaufman & Canoles will agree to provide logs of all of their post-suit communications, we would be willing to discuss with you a possible further response.

Document Request Nos. 13 and 18. We have conducted a good faith reasonable search for documents generated prior to litigation. All such documents have been produced or logged, with the exception of Bell Atlantic patents that might cross-reference one of the Inline patents. As Carl Nadler and I discussed at some length last summer, any such patents can be located from public sources and the burden would be exactly the same for the Defendants as for Inline.

Wiley Rein & Fielding LLP
Michael K. Plimack, Esq.
May 4, 2006
Page 4

Please call me if you have any further questions.

Sincerely yours,

John B. Wyss

cc: Carl Nadler (via email)
Joël Van Over (via email)
Julia Heaney, Esq. (via email)
Jeffrey B. Bove, Esq. (via email)