# EXHIBIT 3

## Wyss, John

**From:** Plimack, Michael K. [Michael.Plimack@hellerehrman.com]
**Sent:** Thursday, May 04, 2006 9:59 PM
**To:** Wyss, John; Nadler, Carl S.; Van Over, C. Joel
**Cc:** jheaney@mnat.com; Jeff Bove; Mary Graham (E-mail)
**Subject:** RE: 5/4/06 Letter to Plimack

John - there is one statement in your letter of today to which I must respond today.

You state:

"Likewise, AOL and Earthlink have identified extensive factual information regarding the invalidity and unenforceability of the patents-in-suit. Virtually all of this information - which is fully available to Inline's counsel in this case at Bingham McCutchen and Morris Nichols - has been withheld from Defendants' counsel, despite Inline's express representations to the Virginia court that all Inline confidential information from the AOL case would be produced."

I need to respond to your suggestion that Inline has not produced materials as represented to the Virginia court. Your statement is not correct. Your letter is talking about materials produced by <u>AOL and Earthlink</u> and designated by those defendants as confidential under the protective orders in their respective cases. Heller Ehrman has no access to such materials, let alone the ability to produce such materials to Verizon. Any statements about the production of <u>Inline</u> confidential information has no bearing on information designated by <u>defendants</u> as confidential.

In fact, Inline has produced to Verizon the same Inline documents that Inline produced to AOL and Earthlink. This substantial production of historical documents stands in stark contrast to Verizon's refusal to produce basic discovery and contentions on validity and enforceablity issues.

Moreover, this week, you disclosed for the first time that there is a written joint defense agreement among Verizon, AOL and Earthlink. Presumably, AOL and Earthlink have shared with Verizon prior art and other information related to invalidity, as well as information related to Verizon's unenforceability defenses. Please immediately confirm whether this is the case. Given your claimed need to have access to the "extensive factual information regarding the invalidity and unenforceability of the patents-in-suit" provided by AOL and Earthlink, we believe the Court is entitled to know whether Verizon has already received that information by virtue of its joint defense arrangement. Indeed, we would expect Verizon to address this point in any motion practice raising the issue of Verizon's access to AOL/Earthlink case confidential information.

-----Original Message-----
**From:** Wyss, John [mailto:JWyss@wrf.com]
**Sent:** Thursday, May 04, 2006 10:45 AM
**To:** Plimack, Michael K.; Nadler, Carl S.; Van Over, C. Joel
**Cc:** jheaney@mnat.com; Jeff Bove
**Subject:** 5/4/06 Letter to Plimack

5/10/2006

Attached is a copy of a May 4, 2006 letter from J. Wyss to M. Plimack regarding discovery issues.

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the email and notify us immediately.

5/10/2006