# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| Inline Connection Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>Verizon Internet Services, Inc., et al.,<br><br>    Defendants. | Civil Action No. 2:05CV205 |

**GTE.NET LLC AND VERIZON INTERNET SERVICES, INC.'S
PROTECTIVE FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS FROM CO-PENDING DELAWARE ACTIONS (NOS. 1-20)**

Defendants, GTE.net LLC and Verizon Internet Services, Inc., by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 34 and Local Rule 26(C), direct the following Requests for Production of Documents and Things to Plaintiff, Inline Connection Corporation ("Inline"), to be produced within thirty (30) days after service hereof at the offices of Wiley Rein & Fielding LLP, 1776 K St., NW, Washington, D.C. 20006, or at such other time and place as counsel may agree, subject to the following instructions and definitions. Inline must serve a written response to each of the Requests, as required by Rule 34 and Local Rule 26(C).

These Requests are being submitted without prejudice to Defendants' pending threshold motions to dismiss for lack of personal jurisdiction, to transfer this case to Delaware (where Inline has been litigating the very same patents against AOL and Earthlink for more than three years) and to stay substantive discovery until the threshold motions are resolved. As discussed in the pending motions, Inline has a three-year head start in this action by virtue of its co-pending lawsuits against AOL and Earthlink in Delaware.

These protective requests focus on documents that are readily available to Inline from the co-pending Delaware actions against AOL and Earthlink (*e.g.*, inventor depositions; Inline's judicial representations regarding claim construction and scope of the alleged inventions; decisions and orders regarding claim construction and the scope of the patents).

The existence of all these documents generated in connection with the AOL/Earthlink lawsuits in Delaware over the last three years – which Inline has, but will not produce to the Verizon Defendants – is itself a compelling reason why the present action should be transferred to Delaware. The Verizon defendants are already at a significant disadvantage because of Inline's three-year head start in the Delaware Actions and all of the documents requested herein will be necessary for litigating this case following transfer to Delaware.

## I. INSTRUCTIONS

1. These Requests for Production of Documents and Things ("Requests") are to be read and interpreted in accordance with the Instructions and Definitions set forth herein.

2. These Requests are deemed to be continuing so as to require the filing of supplemental responses promptly in accordance with Rule 26 of Federal Rule of Civil Procedure.

3. Each Request is to be responded to separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to respond to each request as fully as possible. The omission of any documents or things from your responses shall be deemed a representation that such documents and things are not known to you, your agents, counsel or other representatives at the time of the service of the responses or thereafter.

4. Words in the masculine, feminine or neuter shall include each of the other genders as necessary to make the Request inclusive rather than exclusive.

5. The word "and" and the word "or" shall be construed conjunctively or

disjunctively as necessary to make a Request inclusive rather than exclusive.

6. The singular shall be deemed to include the plural, the plural to include the singular, and words in the masculine, feminine or neuter shall include each of the other genders as necessary to make the requests inclusive rather than exclusive.

7. In responding to the Requests below:

    a. Each document or thing is to be produced, with all non-identical copies and drafts thereof, in its entirety, without abbreviation or reduction.

    b. More than one paragraph of a Request may ask for the same document or thing. The presence of such duplication is not to be interpreted to narrow or limit the normal interpretation placed upon each individual Request. Where a document or thing is requested in more than one numbered paragraph, only non-identical copies of it need to be produced.

8. If Inline withholds any information called for in these Requests on the grounds of privilege, provide a Privilege Log in accordance with Fed. R. Civ. P. 26(b)(5) identifying the nature of the documents, communications or things not produced or disclosed in a manner sufficient to assess the claim of privilege.

9. Should you claim that any documents and things identified in response to these requests are beyond the scope of permissible discovery, such claim shall specify in detail all the grounds on which the claim rests. Pursuant to Fed. R. Civ. P. 37(c)(1), Defendant may, before or at the time of hearing, move the Court for an order excluding from evidence all tangible or intangible things that were known to Plaintiff at the time of its responses to these Requests but not disclosed in its responses thereto.

10. Documents and things to be produced in response to these Requests should be presented for inspection and/or copying as set forth in Fed. R. Civ. P. 34.

## II. DEFINITIONS

1. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a non-identical copy is a separate document within the meaning of this term. Precautions shall be taken immediately to preserve for retrieval and production all past and future e-mail transmissions (a) falling within the scope of the requests set forth below, or (b) having any relevance to the allegations of the Complaint, or (c) having any relevance to Defendants' defenses.

2. "Delaware Actions" shall mean those lawsuits instituted by Inline against Verizon Communications Inc. (Civil Action No. 02-545), AOL Time Warner Inc. (Civ Action No. 02-272-MPT) and Earthlink, Inc. (Civil Action No. 02-477-MPT) in the United States District Court for the District of Delaware, and any related actions thereto or consolidated therewith.

3. "Third Party" means another person other than Inline and other than a parent, division, subsidiary or affiliate of Inline.

4. Insofar as a term contained in these Requests is not explicitly defined, the meaning to be used is the commonly accepted definition of the term.

## III. REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1. Copies of all depositions taken by or on behalf of any of the Defendants in the Delaware Actions.

2. Copies of all transcripts of hearings, including, but not limited to, telephone conferences, status conferences, and motion hearings, occurring before any Judge or Magistrate Judge in the Delaware Actions.

3. Copies of all documents exchanged between the parties, or filed with the Court, in the Delaware Actions that refer or relate to claim construction.

4. Copies of all claim charts exchanged between the parties, or filed with the Court,

4

in the Delaware Actions.

5. Copies of all documents that refer or relate to Interrogatories served by any Defendant in the Delaware Actions, including, but not limited to, Inline's answers and supplemental answers to all Interrogatories served by any Defendant in the Delaware Actions.

6. Copies of all documents that refer or relate to Requests for Admission served by any Defendant in the Delaware Actions, including, but not limited to, Inline's answers and supplemental answers to all Requests for Admission served by any Defendant in the Delaware Actions.

7. Copies of all documents that refer or relate to Requests for the production of documents and/or things served by any Defendant in the Delaware Actions, including, but not limited to, Inline's responses and supplemental responses to all such Requests served by any Defendant in the Delaware Actions.

8. Copies of all documents that refer or relate to any discovery disputes, including, but not limited to, privilege issues.

9. All stipulations exchanged between the parties, or filed with the Court, in the Delaware Actions.

10. All decisions and/or orders, whether they be oral, written, formal, or informal, of any Judge or Magistrate Judge in the Delaware Actions.

11. Copies of all briefs or memoranda filed with, or sent to, the Court in the Delaware Actions on behalf of Inline concerning any motion for summary judgment, reconsideration and/or clarification.

12. Copies of all supporting materials, including, but not limited to, letters, declarations, appendices, and exhibits, filed with, or sent to, the Court in the Delaware Actions

on behalf of Inline concerning any motion for summary judgment, reconsideration and/or clarification.

13. Copies of all briefs or memoranda filed with, or sent to, the Court in the Delaware Actions on behalf of any Defendant in the Delaware Actions concerning any motion for summary judgment, reconsideration and/or clarification.

14. Copies of all supporting materials, including, but not limited to, letters, declarations, appendices, and exhibits filed with, or sent to, the Court in the Delaware Actions, on behalf of any Defendant in the Delaware Actions concerning any motion for summary judgment, reconsideration and/or clarification.

15. All documents produced to Defendants in the Delaware Actions by or on behalf of Inline.

16. All documents produced by all Third Parties pursuant to subpoena by any Defendant in the Delaware Actions.

17. Copies of all briefs or memoranda filed with, or sent to, the Court or any of the Defendants in the Delaware Actions on behalf of Inline concerning any Markman hearing or ruling, including any motions for reconsideration and/or clarification.

18. Copies of all supporting materials, including, but not limited to, letters, declarations, appendices, and exhibits filed with, or sent to, the Court or any of the Defendants in the Delaware Actions, on behalf of Inline in the Delaware Actions concerning any Markman hearing or ruling, including any motions for reconsideration and/or clarification.

19. Copies of all briefs or memoranda filed with, or sent to, the Court or Inline in the Delaware Actions on behalf of any of the Defendants in the Delaware Actions concerning any Markman hearing or ruling, including any motions for reconsideration and/or clarification.

20. Copies of all supporting materials, including, but not limited to, letters, declarations, appendices, and exhibits filed with, or sent to, the Court or Inline in the Delaware Actions, on behalf of any of the Defendants in the Delaware Actions concerning any Markman hearing or ruling, including any motions for reconsideration and/or clarification

Respectfully submitted,

By: /s/ John B. Wyss
Andrew G. McBride
John B. Wyss
Kevin P. Anderson
WILEY REIN & FIELDING LLP
1776 K Street NW
Washington, DC 20006
Telephone: 202.719.7000
Facsimile: 202.719.7049

Robert W. McFarland
McGUIRE WOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510
Telephone: 757.640.3716
Facsimile: 757.640.3966

Brian C. Riopelle
McGUIRE WOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
Telephone: 804.775.1084
Facsimile: 804.698.2150

Dated: July 13, 2005         Counsel for Verizon Defendants

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July, 2005, a true copy of the foregoing *GTE.NET LLC and Verizon Internet Services, Inc.'s Protective First Set of Requests for Production of Documents and Things From Co-Pending Delaware Actions (Nos. 1-20)* was sent to plaintiff's counsel, in the manner indicated, upon:

Michael K. Plimack, Esq.         (Served electronically and by overnight delivery)
Alexander L. Brainerd, Esq.
Alyssa T. Koo
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104
Alexander.Brianerd@hellerehrman.com
Michael.Plimack@hellerhrman.com
Alyssa.Koo@hellerehrman.com


C. Joël Van Over, Esq.           (Served by hand delivery)
Robert C. Bertin, Esq.
SWIDLER BERLIN LLP
3000 K Street, NW
Suite 300
Washington, DC 20007-5116
cjvanover@swidlaw.com
rcbertin@swidlaw.com

Stephen E. Noona, Esq.           (Served electronically and by overnight delivery)
Kaufman & Canoles, PC
150 W. Main Street
Suite 2100
Norfolk, Virginia 23510
senoona@kaufcan.com

_____
John B. Wyss

8