# EXHIBIT 5

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| INLINE CONNECTION CORPORATION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05CV205 HCM |
| ) | |
| VERIZON INTERNET SERVICES, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**INLINE'S OBJECTIONS TO GTE.NET LLC AND VERIZON INTERNET SERVICES, INC.'S PROTECTIVE FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FROM CO-PENDING DELAWARE ACTIONS (NOS. 1-20)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Inline Connection Corporation ("Inline"), through its counsel, hereby objects and responds to the First Set of Document Requests propounded by GTE.Net LLC and Verizon Internet Services, Inc.

## GENERAL OBJECTIONS

1.  Inline objects to these documents requests to the extent they seek production of documents subject to the attorney-client privilege, attorney work-product immunity, any protective order, confidentiality agreement or any other applicable confidentiality agreement, doctrine, privilege or immunity. To the extent documents are withheld under a claim of privilege, a privilege log will be provided in due course. Inadvertent disclosure of any confidential information shall not operate as a waiver of any applicable confidentiality

protections or obligations. To the extent Inline is obligated under any such agreements with third parties or court orders to maintain the confidentiality of documents or information that would otherwise be responsive to these requests, Inline will either seek a waiver from such third parties or provide GTE.net LLC and Verizon Internet Services, Inc. with sufficient information to identify the party or parties to whom Inline owes such an obligation.

2. The production of any document in response to these document requests shall not be deemed to result in a waiver, as to the document produced or any other documents not produced or any other information, of any: (a) applicable privilege, immunity, doctrine or claim of confidentiality; (b) designation of the document as confidential or any similar designation pursuant to any confidentiality agreement, stipulation or order; (c) objection stated herein; or (d) objection to the relevance or admissibility of the document. By agreeing to produce documents in response to these document requests, Inline does not represent that any responsive documents exist or are within its possession, custody or control. "Inline will produce nonprivileged documents in its custody that are responsive to this request" means that Inline will produce all nonprivileged responsive documents, if any such documents exist, that are not subject to any objection, are within Inline's possession, custody or control, and have been located after a reasonably diligent search.

3. Inline objects to these documents requests to the extent they request production of documents, contain definitions and instructions, or purport to impose obligations inconsistent with the Federal Rules of Civil Procedure or the Local Rules of the District Court for the Eastern District of Virginia.

4. Inline objects to these documents requests as overbroad and unduly burdensome to the extent they purport to require Inline to produce documents not within Inline's possession, custody or control and/or to the extent they purport to require Inline to produce documents that cannot be located or identified after a reasonably diligent search.

5. Inline objects to these requests as overly broad, unduly burdensome and not relevant or reasonably calculated to lead to the discovery of admissible evidence to the extent they call for documents or things relating exclusively to litigation proceeding in Delaware that do not relate to the claims at issue in this case.

6. Inline continues to develop information that may be responsive to these document requests. Inline reserves the right to amend or supplement its responses to these requests should such amendments appear appropriate or necessary.

7. Inline objects to these requests to the extent they call for information and documents that are confidential, proprietary, commercially sensitive or otherwise entitled to protection from public disclosure. Inline will produce such documents only following the entry of an appropriate protective order and/or confidentiality agreement in this case.

8. Inline objects to these requests to the extent that it is impossible for Inline to determine which documents were produced in the Delaware actions. Despite reasonable efforts to ascertain the body of documents that was produced in the Delaware actions, Inline may not be able to identify these documents with complete accuracy.

9. Defendants have demanded that Inline reimburse them for the cost of gathering and copying documents for production. Inline is currently attempting to resolve this issue with Defendants. Inline will not produce any documents until this issue has been settled to the satisfaction of all parties. Furthermore, to the extent that Verizon demands production of documents in hard copy, Inline will only produce such documents if Verizon agrees to reimburse Inline at a rate of $0.20 per page.

10. These general objections shall be incorporated into each of the following individual responses as if fully set forth therein.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 1:

Copies of all depositions taken by or on behalf of any of the Defendants in the Delaware Actions.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline further objects to this request as overbroad and unduly burdensome to the extent that it calls for documents that are not relevant to the claim or defense of any party in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Inline further objects to this request to the extent it calls for information that is subject to a protective order. Inline has sought permission from parties affected by the order in the Delaware actions to review and produce documents in this matter. To the extent permission is obtained, and subject to and without waiving the foregoing objections, Inline will produce nonprivileged documents in its custody that are responsive to this request.

### REQUEST FOR PRODUCTION NO. 2:

Copies of all transcripts of hearings, including, but not limited to, telephone conferences, status conferences, and motion hearings, occurring before any Judge or Magistrate Judge in the Delaware Actions.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline further objects to this request as overbroad and unduly burdensome to the extent that it calls for documents that are not relevant to the claim or defense of any party in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing objections, Inline will produce nonprivileged documents in its custody that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 3:**

Copies of all documents exchanged between the parties, or filed with the Court, in the Delaware Actions that refer or relate to claim construction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline further objects to this request to the extent it calls for information that is subject to a protective order. Inline has sought permission from parties affected by the order in the Delaware actions to review and produce documents in this matter. To the extent permission is necessary and obtained, and subject to and without waiving the foregoing objections, Inline will produce nonprivileged documents in its custody that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:**

Copies of all claim charts exchanged between the parties, or filed with the Court, in the Delaware Actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline further objects to this request to the extent it calls for information that is subject to a protective order. Inline has sought permission from parties affected by the order in the Delaware actions to review and produce documents in this matter. To the extent permission is necessary and obtained, and subject to and without waiving the foregoing objections, Inline will produce nonprivileged documents in its custody that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

Copies of all documents that refer or relate to Interrogatories served by any Defendant in the Delaware Actions, including, but not limited to, Inline's answers and supplemental answers to all Interrogatories served by any Defendant in the Delaware Actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline specifically objects to this interrogatory as calling for information subject to the attorney-client privilege and the work-product doctrine. Inline further objects to this request as vague in its reference to documents that "relate" to Interrogatories. Inline further objects to this request as overbroad and unduly burdensome to the extent that it calls for documents that are not relevant to the claim or defense of any party in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Inline further objects to this request to the extent it calls for information that is subject to a protective order. Inline has sought permission from parties affected by the order in the Delaware actions to review and produce documents in this matter. To the extent permission is necessary and obtained, and subject to and without waiving the foregoing objections, Inline will produce nonprivileged documents in its custody that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 6:**

Copies of all documents that refer or relate to Requests for Admission served by any Defendant in the Delaware Actions, including, but not limited to, Inline's answers and supplemental answers to all Requests for Admission served by any Defendant in the Delaware Actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline specifically objects to this interrogatory as calling for information subject to the attorney-client privilege and the work-product doctrine. Inline further objects to this request as vague in its reference to documents that "relate" to Requests for Admission. Inline further objects to this request as overbroad and unduly burdensome to the extent that it calls for documents that are not relevant to the claim or defense of any party in this action, and/or not reasonably calculated to lead to the

6

discovery of admissible evidence. Inline further objects to this request to the extent it calls for information that is subject to a protective order. Inline has sought permission from parties affected by the order in the Delaware actions to review and produce documents in this matter. To the extent permission is necessary and obtained, and subject to and without waiving the foregoing objections, Inline will produce nonprivileged documents in its custody that are responsive to this request.

### REQUEST FOR PRODUCTION NO. 7:

Copies of all documents that refer or relate to Requests for the production of documents and/or things served by any Defendant in the Delaware Actions, including, but not limited to, Inline's responses and supplemental responses to all such Requests served by any Defendant in the Delaware Actions.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline specifically objects to this interrogatory as calling for information subject to the attorney-client privilege and the work-product doctrine. Inline further objects to this request as vague in its reference to documents that "relate" to Requests for the production of documents and/or things. Inline further objects to this request as overbroad and unduly burdensome to the extent that it calls for documents that are not relevant to the claim or defense of any party in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Inline further objects to this request to the extent it calls for information that is subject to a protective order. Inline has sought permission from parties affected by the order in the Delaware actions to review and produce documents in this matter. To the extent permission is necessary and obtained, and subject to and without waiving the foregoing objections, Inline will produce nonprivileged documents in its custody that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:**

Copies of all documents that refer or relate to any discovery disputes, including, but not limited to, privilege issues.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline specifically objects to this interrogatory as calling for information subject to the attorney-client privilege and the work-product doctrine. Inline further objects to this request as vague in its reference to documents that "relate" to discovery disputes. Inline further objects to this request as vague and ambiguous insofar as it is not limited to discovery disputes arising from the Delaware actions. Inline assumes that this request was intended to pertain to discovery disputes arising from the Delaware actions, and will treat this request as being so limited in the absence of further information. Inline further objects to this request as overbroad and unduly burdensome to the extent that it calls for documents that are not relevant to the claim or defense of any party in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Inline further objects to this request to the extent it calls for information that is subject to a protective order. Inline has sought permission from parties affected by the order in the Delaware actions to review and produce documents in this matter. To the extent permission is necessary and obtained, and subject to and without waiving the foregoing objections, Inline will produce nonprivileged documents in its custody that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:**

All stipulations exchanged between the parties, or filed with the Court, in the Delaware Actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline further objects to this request as

overbroad and unduly burdensome to the extent that it calls for documents that are not relevant to the claim or defense of any party in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Inline further objects to this request to the extent it calls for information that is subject to a protective order. Inline has sought permission from parties affected by the order in the Delaware actions to review and produce documents in this matter. To the extent permission is necessary and obtained, and subject to and without waiving the foregoing objections, Inline will produce nonprivileged documents in its custody that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

All decisions and/or orders, whether they be oral, written, formal, or informal, of any Judge or Magistrate Judge in the Delaware Actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline further objects to this request as overbroad and unduly burdensome to the extent that it calls for documents that are not relevant to the claim or defense of any party in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Inline further objects to this request to the extent it calls for information that is subject to a protective order. Inline further objects to this request to the extent it calls for information that is already available to defendants in the form of published decisions. Inline has sought permission from parties affected by the order in the Delaware actions to review and produce documents in this matter. To the extent permission is obtained, and subject to and without waiving the foregoing objections, Inline will produce nonprivileged documents in its custody that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:**

Copies of all briefs or memoranda filed with, or sent to, the Court in the Delaware Actions on behalf of Inline concerning any motion for summary judgment, reconsideration and/or clarification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline further objects to this request to the extent it calls for information that is subject to a protective order. Inline has sought permission from parties affected by the order in the Delaware actions to review and produce documents in this matter. To the extent permission is necessary and obtained, and subject to and without waiving the foregoing objections, Inline will produce nonprivileged documents in its custody that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 12:**

Copies of all supporting materials, including, but not limited to, letters, declarations, appendices, and exhibits, filed with, or sent to, the Court in the Delaware Actions on behalf of Inline concerning any motion for summary judgment, reconsideration and/or clarification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline further objects to this request to the extent it calls for information that is subject to a protective order. Inline has sought permission from parties affected by the order in the Delaware actions to review and produce documents in this matter. To the extent permission is necessary and obtained, and subject to and without waiving the foregoing objections, Inline will produce nonprivileged documents in its custody that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:**

Copies of all briefs or memoranda filed with, or sent to, the Court in the Delaware Actions on behalf of any Defendant in the Delaware Actions concerning any motion for summary judgment, reconsideration and/or clarification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline further objects to this request to the

extent it calls for information that is subject to a protective order. Inline has sought permission from parties affected by the order in the Delaware actions to review and produce documents in this matter. To the extent permission is obtained, and subject to and without waiving the foregoing objections, Inline will produce nonprivileged documents in its custody that are responsive to this request.

### REQUEST FOR PRODUCTION NO. 14:

Copies of all supporting materials, including, but not limited to, letters, declarations, appendices, and exhibits filed with, or sent to, the Court in the Delaware Actions, on behalf of any Defendant in the Delaware Actions concerning any motion for summary judgment, reconsideration and/or clarification.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline further objects to this request to the extent it calls for information that is subject to a protective order. Inline has sought permission from parties affected by the order in the Delaware actions to review and produce documents in this matter. To the extent permission is obtained, and subject to and without waiving the foregoing objections, Inline will produce nonprivileged documents in its custody that are responsive to this request.

### REQUEST FOR PRODUCTION NO. 15:

All documents produced to Defendants in the Delaware Actions by or on behalf of Inline.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline further objects to this request as overbroad and unduly burdensome to the extent that it calls for documents that are not relevant to the claim or defense of any party in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Inline further objects to this request to the

11

extent that it is impossible for Inline to ascertain with complete certainty the body of documents that was produced in the Delaware actions. Inline further objects to this request to the extent it calls for information that is subject to a protective order. Inline has sought permission from parties affected by the order in the Delaware actions to review and produce documents in this matter. To the extent permission is necessary and obtained, and subject to and without waiving the foregoing objections, Inline will produce nonprivileged documents in its custody that are responsive to this request. Inline will not, however, produce documents that were inadvertently produced in the Delaware actions that are not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 16:**

All documents produced by all Third Parties pursuant to subpoena by any Defendant in the Delaware Actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline further objects to this request as overbroad and unduly burdensome to the extent that it calls for documents that are not relevant to the claim or defense of any party in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Inline further objects to this request to the extent it calls for information that is subject to a protective order. Inline agrees to seek permission from parties affected by the order in the Delaware actions to review and produce documents in this matter. To the extent permission is obtained, and subject to and without waiving the foregoing objections, Inline will produce nonprivileged documents in its custody that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:**

Copies of all briefs or memoranda filed with, or sent to, the Court or any of the Defendants in the Delaware Actions on behalf of Inline concerning any Markman hearing or ruling, including any motions for reconsideration and/or clarification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline further objects to this request to the extent it calls for information that is subject to a protective order. Inline has sought permission from parties affected by the order in the Delaware actions to review and produce documents in this matter. To the extent permission is necessary and obtained, and subject to and without waiving the foregoing objections, Inline will produce nonprivileged documents in its custody that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 18:**

Copies of all supporting materials, including, but not limited to, letters, declarations, appendices, and exhibits filed with, or sent to, the Court or any of the Defendants in the Delaware Actions, on behalf of Inline in the Delaware Actions concerning any Markman hearing or ruling, including any motions for reconsideration and/or clarification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline further objects to this request to the extent it calls for information that is subject to a protective order. Inline has sought permission from parties affected by the order in the Delaware actions to review and produce documents in this matter. To the extent permission is necessary and obtained, and subject to and without waiving the foregoing objections, Inline will produce nonprivileged documents in its custody that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:**

Copies of all briefs or memoranda filed with, or sent to, the Court or Inline in the Delaware Actions on behalf of any of the Defendants in the Delaware Actions concerning any Markman hearing or ruling, including any motions for reconsideration and/or clarification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline further objects to this request to the extent it calls for information that is subject to a protective order. Inline has sought permission from parties affected by the order in the Delaware actions to review and produce documents in this matter. To the extent permission is obtained, and subject to and without waiving the foregoing objections, Inline will produce nonprivileged documents in its custody that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 20:**

Copies of all supporting materials, including, but not limited to, letters, declarations, appendices, and exhibits filed with, or sent to, the Court or Inline in the Delaware Actions, on behalf of any of the Defendants in the Delaware Actions concerning any Markman hearing or ruling, including any motions for reconsideration and/or clarification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Inline refers to and incorporates by reference each of the foregoing general objections as though they were herein set forth in full. Inline further objects to this request to the extent it calls for information that is subject to a protective order. Inline has sought permission from parties affected by the order in the Delaware actions to review and produce documents in this matter. To the extent permission is obtained, and subject to and without waiving the foregoing objections, Inline will produce nonprivileged documents in its custody that are responsive to this request.

Dated: July 28, 2005                Respectfully submitted,

                                    HELLER EHRMAN LLP
                                    By *(signature)*
                                    Robert M. Hansen

                                    Attorneys for Plaintiff
                                    Inline Connection Corporation

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| INLINE CONNECTION CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 02:05 CV 205 HCM |
| ) | |
| VERIZON INTERNET SERVICES, ) | |
| INC. et al. ) | CERTIFICATE OF SERVICE |
| ) | |
| Defendants. ) | |

I hereby certify that on the 28th day of July 2005, a true copy of Inline's Objections To GTE.NET LLC And Verizon Internet Services, Inc.'s Protective First Set Of Requests For Production Of Documents And Things From Co-Pending Delaware Actions (Nos. 1-20) was served by hand and/or electronic mail as follows:

*Via Hand-Delivery and Email*
John B. Wyss, Esq.
Wiley Rein & Fielding LLP
1776 K Street NW
Washington, DC 20006
Jwyss@wrf.com

*Via Email*
Brian C. Riopelle, Esq.
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Briopelle@mcguirewoods.com

*Via Email*
Robert W. McFarland, Esq.
McGuire Woods LLP
900 World Trade Center
101 W. Main Street
Norfolk, VA 23510-1655
Rmcfarland@mcguirewoods.com

_____
Robert M. Hansen
Heller Ehrman, LLP
1717 Rhode Island Avenue, NW
Washington, D.C. 20036
Tel: +1.202.912.2155
Fax: +1.202.912.2020
bob.hansen@hellerehrman.com

Certificate of Service
Case No. 02:05 CV 205 HCM