IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Inline Connection Corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>Verizon Internet Services, Inc., et al.,<br><br>      Defendants. | Civil Action No. 05-866 (JJF) |

**VERIZON DEFENDANTS' OPPOSITION TO
INLINE'S MOTION TO COMPEL DISCOVERY (D.I. 104)**

The Verizon defendants hereby oppose Inline's "Motion to Compel Verizon To Provide Discovery On Invalidity And Unenforceability" (D.I. 104) ("Motion") on grounds that the open-ended "contention"-type discovery requests at issue are premature, overbroad, inconsistent with Inline's prior position in its stay motion, and essentially retaliatory in nature.

Most of the discovery requests on which Inline moves to compel are overbroad "contention" interrogatories and document requests that require a statement of "the basis of Your contention" or production of documents "Relating To any contention" regarding invalidity, unenforceability, and other affirmative defenses.[1] Typically, courts recognize that these types of "contention" discovery requests make no sense when a case has just begun, and should instead be deferred until after there has been a reasonable opportunity for factual development during discovery. As Inline told the Court in its January 27, 2006 motion to stay: "Discovery in this matter is at its earliest stages" (D.I. 81 at 4).

---

[1]    *See* Interrogatory Nos. 9, 10 and 11 and Document Request Nos. 19, 20, 23 and 26. Exhs. D & E to Motion.

Indeed, in moving to stay all proceedings in this matter until final conclusion of the co-pending *AOL* case, Inline argued that, as far as it was concerned, there was no issue that could not be "fairly and fully developed and litigated, if necessary, *after* full resolution of the *AOL* litigation" (D.I. 83 at 15, original emphasis). This is because Inline has a four year head start over Defendants based upon the *AOL* litigation originally filed in 2002. Inline's counsel at Bingham McCutchen and the Morris Nichols firm have full and complete access to all of the pleadings, briefs, interrogatory answers, expert reports, etc. from the *AOL* case. The Verizon defendants' counsel, however, do not have comparable access because Inline and the *AOL* defendants have broadly designated much of this matter as "confidential" under the protective order in that case. As discussed in Defendants' "Motion To Compel Production Of Specific *AOL* Case Materials" (D.I. 108), AOL and EarthLink have agreed that Verizon's counsel can have attorneys-eyes-only access to certain materials (prior pleadings, expert reports and depositions, and recently updated discovery responses), although Inline is unwilling to cooperate. The Verizon defendants have already stated their willingness to respond to Inline's "contention" discovery requests and identify any additional invalidity and/or unenforceability contentions that have not already been developed in the *AOL* litigation after Defendants' counsel receive access to the specified *AOL* case materials that are available to Inline's counsel.

At bottom, Inline appears to have filed its present motion to compel out of pique over the Court's order granting its motion for stay, but still permitting Defendants to take focused invalidity and unenforceability discovery, as well as in retaliation for Defendants' successful motion to compel threshold "ownership" discovery. In addition to prematurity and overbreadth, Inline's motion should be denied on this ground as well.

With respect to the specific discovery requests that are the subject of Inline's motion, Defendants' position is as follows (*see* Exh. G to motion):

Interrogatory 9:     This is a totally open-ended, premature "contention" interrogatory. Nonetheless, after Defendants' counsel receive access to the specified *AOL* case materials currently in Inline's counsel possession that set forth the contentions that have already been developed in the *AOL* case (*see* D.I. 108), Defendants will identify additional contentions, if any, and the basis therefor.

Interrogatory 10:     *See* Interrogatory 9 *supra*. In addition, Defendants' detailed contentions regarding estoppel, laches and/or waiver are already set fort in the counterclaims (*e.g.*, D.I. 94, ¶¶ 16-49).

Interrogatory 11:     There is no dispute. Defendants will answer this interrogatory within 21 days after Inline completes its production of "ownership" discovery on May 31, 2006 (*see* Exh. F to motion at p. 3).

RFP 1:     Defendants have agreed to produce documents identified in their interrogatory answers or which are referenced under Rule 33(d) (*see* Exh. G to motion at p. 3).

RFP 6:     There is no dispute (*see* Exh. F to motion at p. 3).

RFPs 10, 15, 16 and 17:     Defendants have already logged or produced all responsive documents that existed prior to Inline's lawsuit against Verizon. Any responsive documents generated after litigation began would be privileged (*see* Exh. G to motion at p. 3).

RFP 11:     Privileged communications (*see id.*).

RFPs 13 and 18:     All such documents generated prior to Inline's lawsuit against Verizon have been logged or produced, with the exception of published Bell Atlantic patents that might

3

cross-reference one of the Inline patents. Such patents can be located from public sources and the burden is exactly the same for Inline as it would be for Defendants (*see id.*).

RFPs 19, 20, 23 and 26:    These are totally open-ended premature "contention" requests. *See* discussion of Interrogatories 9 and 10, *supra*.

## CONCLUSION

For the foregoing reasons, Inline's premature, overbroad and retaliatory motion to compel should be denied.

Respectfully submitted,

By: /s/ Jeffrey B. Bove
    Jeffrey B. Bove (#998)
    Kevin M. Baird (#4219)
    CONNOLLY BOVE LODGE & HUTZ LLP
    The Nemours Building
    1007 North Orange Street, Suite 878
    Wilmington, DE  19801
    Telephone:  302.658.9141
    Facsimile:   302.658.5614

OF COUNSEL:
John B. Wyss
Kevin P. Anderson
WILEY REIN & FIELDING LLP
1776 K Street NW
Washington, DC  20006
Telephone: 202.719.7000
Facsimile : 202.719.7049

Dated: May 12, 2006

Counsel for Verizon Defendants

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Inline Connection Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>Verizon Internet Services, Inc., et al.,<br><br>    Defendants. | Civil Action No. 05-866 (JJF) |

**ORDER**

At Wilmington, this _____ day of _____, 2006, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that: Motion To Compel Verizon To Provide Discovery On Invalidity And Unenforceability (D.I. 104) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of May, 2006 a true copy of the *Verizon Defendants' Opposition To Inline's Motion To Compel Discovery (D.I. 104)* was sent to plaintiff's counsel, in the manner indicated, upon:

| | |
|---|---|
| Michael K. Plimack, Esq.<br>Alexander L. Brainerd, Esq.<br>HELLER EHRMAN LLP<br>333 Bush Street<br>San Francisco, California 94104<br>Alexander.Brainerd@hellerehrman.com<br>Michael.Plimack@hellerehrman.com | (Served electronically & by overnight delivery) |
| C. Joël Van Over, Esq.<br>BINGHAM MCCUTCHEN LLP<br>3000 K Street, NW, Suite 300<br>Washington, DC 20007-5116<br>joel.vanover@bingham.com | (Served electronically & by overnight delivery) |
| Julia Heaney, Esq.<br>MORRIS NICHOLS ARSHT & TUNNELL LLP<br>1201 N. Market Street<br>Post Office Box 1347<br>Wilmington, Delaware 19899-1347<br>jheaney@mnat.com | (Served by hand delivery) |

/s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)