UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| INLINE CONNECTION CORP.,                ) | |
|                         Plaintiff,     ) | |
| v.                                                                     ) | C.A. No. 05-866 (JJF) |
| VERIZON INTERNET SERVICES,        ) <br>   INC., et al.,                                        ) | |
|                       Defendants.   ) | |

**INLINE'S OPPOSITION TO VERIZON'S (UNAUTHORIZED)
"REPLY BRIEF" (D.I. 107) RE MOTION TO ENFORCE COURT'S PRIOR
DISCOVERY ORDER, WHICH IS IN SUBSTANCE A NEW MOTION TO COMPEL**

Verizon's brief (D.I. 107), titled in the guise of an (unauthorized[1]) discovery "Reply Brief" (specifically "Reply Brief in Support of Motion to Enforce Court's Prior Discovery Order"), in fact raises new discovery issues that have not been the subject of a proper meet and confer and that were not set out in Verizon's discovery motion ("motion to enforce," D.I. 99). Accordingly, Inline asks that Verizon's "reply" be stricken (or not considered by the Court) to the extent it is regarded as a reply on Verizon's discovery motion. Inline otherwise submits this opposition as an answering memorandum under the Court's standard discovery procedure to the extent the "reply" is instead considered as a new motion to compel.

Verizon's Reply Brief (D.I. 107) seeks discovery that goes well beyond the "threshold jurisdictional" issue addressed in the Order (D.I. 97). Verizon contends that Inline transferred ownership of the patents-in-suit to two other companies – BBTI and Pi-Squared – and

---

[1] Verizon filed D.I.99, its "Motion to Enforce Court's Prior Discovery Order (D.I. 97)" pursuant to the special procedures set forth in Paragraph 4 of this Court's form Rule 16 Scheduling Order ("Paragraph 4"). Inline's Opposition complied with the accelerated schedule and abbreviated page limits required by Paragraph 4. *See* D.I. 105. Although Paragraph 4 quite plainly states that "[n]o reply is permitted", Verizon nevertheless filed the reply addressed by this Opposition. *See* D.I. 107.

thus lacked standing to bring this suit. *See* D.I. 88, at 2-3; DI 107, at 3. Based on these allegations, D.I. 97 ordered discovery concerning ownership of the patents because this information is "relevant to Defendants' claim that the Court lacks jurisdiction." D.I. 97, at 2. Not content to receive discovery about ownership of the patents in suit (which Inline has provided), Verizon now attempts to seek discovery about the *investors* in Inline, BBTI and Pi-Squared, and any arrangement reached among them about the conduct of this and the AOL/Earthlink cases pending before this Court. These issues have nothing to do with Verizon's claim that this Court lacks jurisdiction. Instead, this discovery appears intended to harass the individuals and entities that have invested in the companies that are parties herein. Because this discovery is unwarranted, Inline respectfully submits it should be denied.

  A.  <u>**Verizon's Demand for Discovery About Investors in the Patent-Holder**</u>

  The additional discovery sought by Verizon's Reply Brief is utterly unrelated to the "threshold jurisdictional" issue of standing addressed in D.I. 97 and unrelated to Verizon's "motion to enforce" (D.I. 99).

  1.  To determine standing, it is important to understand what corporate entity *owned the patents-in-suit* on the date this complaint was filed. *See* D.I. 88, at 1-2; *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1339-40 (Fed. Cir. 2006). Accordingly, Inline has committed to full production of all discovery sought on the question of which entity – Inline, BBTI, or Pi-Squared – owns the patents, and Verizon's Reply Brief concedes as much. *See D.I.* 105, at 2.

  2.  For standing purposes, however, it is entirely irrelevant to inquire into who *owns the patent-holder*. "[T]he commission of a tort or other wrong (patent infringement is a statutory tort) against a corporation is not the infringement of a legally protected interest of its parent corporation, its shareholders, employees, etc., and so they can't sue to redress it." *Depuy,*

*Inc. v. Zimmer Holdings, Inc.*, 384 F. Supp.2d 1237, 1239 (N.D. Ill. 2005) (collecting cases): *Accord Merial Ltd. v. Intervet, Inc.*, __ F. Supp.2d __, 2006 W.L. 1133190, at *4 (N.D. Ga. Apr. 27, 2006)(collecting cases). Yet this is exactly the information Verizon now seeks in its Reply Brief, which demands "the identity of the investors in Paperboy and Pie Squared, the owners of Inline." D.I. 107, at 3.

3. There is, if anything, even less justification for Verizon's demand for discovery "relating to the control of and financial interest in both this litigation and the co-pending *AOL* case." *Id.*, at 3. The question at issue is ownership of the patents-in-suit at the time this suit was filed, not financial arrangements made with respect to this and the *AOL* lawsuit, neither of which has any bearing on Inline's jurisdictional standing to bring suit.

4. Inline has agreed to produce all discovery requested on the question of who owned the patents at the time this suit was filed. That is all this Court ordered in D.I. 97, and all the Court should allow given that most issues in this litigation are stayed.

### B. The So-Called "Missing Documents"

Verizon also asks the Court to order production of a list of documents identified in Exhibit 2 to its Reply Brief, claiming these are "missing documents" from Inline's "initial, incomplete May 4 production." D.I. 107, at 4. But it is incorrect and unfair to describe these documents as "missing."

In its Opposition, Inline indicated that it would produce ownership documents by May 31, 2006. D.I. 105. Verizon's Reply Brief concedes that "there is no longer a dispute on this issue" of timing. D.I. 107, at 2.

The time has not yet come to declare any documents "missing" from Inline's production. Many of the documents identified in Verizon's Exhibit 2 are privileged, and Inline will provide an appropriate privilege log. Those that are not privileged will be reviewed and if

they are responsive Inline will produce them.

### C. Conclusion

For the foregoing reasons, Verizon's motions to compel (D.I. 99 and 107) should be denied.

                                                        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*
_____
Mary B. Graham (#2256)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
jheaney@mnat.com

 *Attorneys for Plaintiff*
 *Inline Connection Corporation*

OF COUNSEL:

Alexander L. Brainerd
Michael K. Plimack
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
(415) 772-6000

John R. Ferguson
C. Joël Van Over
SWIDLER BERLIN LLP
3000 K Street, N.W., Suite 300
Washington, DC  20007
(202) 424-7500

Dated:  May 17, 2006.
520668

- 4 -

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 17, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Jeffrey B. Bove
> Kevin M. Baird
> Connolly Bove Lodge & Hutz LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on May 17, 2006 upon the following individuals in the manner indicated:

### BY HAND AND EMAIL

> Jeffrey B. Bove
> Kevin M. Baird
> Connolly Bove Lodge & Hutz LLP
> 1007 N. Orange Street
> Wilmington, DE 19801
> jbove@cblh.com
> kbaird@cblh.com

### BY EMAIL

> John B. Wyss
> Kevin Anderson
> Wiley Rein & Fielding LLP
> 1776 K Street, N.W.
> Washington, DC 20006
> jwyss@wrf.com
> kanderson@wrf.com

*/s/ Mary B. Graham*
Mary B. Graham (#2256)