UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| INLINE CONNECTION CORP., <br><br> Plaintiff, <br><br> v. <br><br> VERIZON INTERNET SERVICES, INC., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 05-866 (JJF) <br> ) <br> ) <br> ) <br> ) <br> ) |

### INLINE'S OPPOSITION TO D.I. 108, VERIZON'S MOTION TO COMPEL DISCOVERY OF SPECIFIED *AOL* CASE MATERIALS

Verizon's Motion to Compel Discovery of Specified *AOL* Case Materials (D.I. 108) is in effect an untimely motion for re-argument of the Court's order staying all proceedings in this matter except specific discovery on validity and enforceability. D.I. 92. The Motion exemplifies Verizon's proposed approach to this case: it should be entitled to broad discovery on *all* issues in the case (including claim construction and infringement) while Inline should not be permitted to pursue discovery on *any* issue, including the validity and enforceability discovery specifically permitted by D.I. 92.

D.I. 92 stayed this litigation pending resolution of the *AOL* and *Earthlink* cases. The Court excepted from that stay only discovery relating to defendants "invalidity and enforceability defenses" on the ground that "many of the events pertaining to the defenses occurred close to twenty years ago. . ." *Id.* at 4. The Court specifically rejected Verizon's request to except certain claim construction issues from the stay. *Id.* at 4-5.

The *AOL/Earthlink* litigation materials Verizon seeks in the current motion (D.I. 108) go far beyond the "invalidity and unenforceability" defenses the Court excepted from the stay, including expert reports and depositions, discovery responses, and pleadings on issues such

as claim construction, infringement and damages. D.I. 108, at 1. Unlike the 20-year-old material the Court excepted from the stay, the material Verizon seeks here is current or has not yet even been filed in the *AOL/Earthlink* cases. *Id.* at 1 & n.1.

Verizon's motion should be denied for several independent reasons:

1. The material Verizon seeks is not permitted by D.I. 92, and the time to seek reconsideration of that Order has passed. More importantly, it is outrageously unfair for Verizon to seek discovery on the full range of issues in this case while it simultaneously opposes Inline's efforts to take discovery *even on the validity and enforceability issues the Court expressly exempted from the stay in D.I. 92*. See D.I. 109, 110 (Verizon's opposition to Inline's motion to compel answers to validity and enforceability discovery). The Court's Stay Order, D.I. 92, confirmed that the interest of judicial efficiency is served by not pursuing discovery relating to the stayed issues in the case until the *AOL* and *Earthlink* cases are resolved, and the discovery Verizon seeks here squarely violates that principle. Verizon's aggressive motions practice must thus be seen for what it is: an ongoing effort to demand full discovery from Inline while refusing any relevant discovery by Inline, and to avoid the Court's Stay Order.

2. Verizon claims the requested discovery is only fair because this material is "already available to Inline's counsel in this action. . . ." D.I. 108, at 3. This is sophistry. Some of Inline's counsel here have the AOL/Earthlink material because *they are counsel in that case*. Verizon's counsel are not counsel in that case. There is nothing unfair about that, or about Inline's using the same counsel in both cases. As Verizon well knows, moreover, Inline's lead counsel Heller Ehrman does not have access to the *AOL/Earthlink* material because Heller Ehrman is not counsel in *AOL/Earthlink* and not under the *AOL/Earthlink* protective order. While AOL and Earthlink have agreed that *Verizon's* counsel can review their confidential information in this material, they have not agreed that *Inline's* lead counsel can do so. *Id.* at 2. It

is unreasonable for Verizon to ask this Court to allow Verizon access to material that Inline's lead counsel is not entitled to see.

In any event, Documents related specifically to validity and enforceability are largely not confidential and have been or will be produced by Inline as part of the discovery the Court exempted from the stay in D.I. 92. To the extent Verizon seeks additional pleadings from AOL and EarthLink – beyond those previously produced – pleadings from the AOL and EarthLink cases are publicly available through PACER, except for limited confidential information. Significantly, all pleadings filed under seal with the Court must now also be filed in redacted form. Thus, much of the information Verizon seeks here is already available to it. In addition, as Verizon also well knows, all the pleadings and discovery in the *AOL and EarthLink* cases will be preserved for appropriate discovery when the stay is lifted at the conclusion of the *AOL and EarthLink* cases.

3. Verizon claims to need access to the "extensive factual information regarding the invalidity and unenforceability of the patents-in-suit" provided by AOL and Earthlink. *See* D.I. 108, Exhibit 2. What Verizon does not tell the Court, however, is that since June 10, 2002, Verizon has had a written joint defense agreement with AOL and Earthlink. *See* Exhibit A. Verizon has repeatedly refused to disclose whether it has already received information on validity and enforceability through this agreement, and its silence strongly suggests that it has. *See* Exhibit B.

4. Inline has already produced many thousands of page of discovery (and pleadings) from the AOL and EarthLink cases, providing information that is in no way limited to validity and enforceability. As a result, any purported "head start" vanished long ago. Finally, the Court can address any purported "head start" in fashioning a scheduling order once the stay is lifted. The remedy for any claimed head start is a reasonable scheduling order, not one-sided

exceptions to the stay entered in D.I. 92.

     5. Verizon's pretense that there is any tension between Inline's current position and the representations it made to the Eastern District of Virginia is incorrect. D.I. 108, at 3. At the time those representations were made, Inline was in fact producing to Verizon all the *AOL* and *Earthlink* case documents that it was "able to produce under the Protective Order in Delaware." Moreover, Inline was then and has continued to produce documents "without regard to any *Inline* claim of confidentiality." On April 24, 2006, however, this Court stayed discovery not related to validity and enforceability. D.I. 92. Once this stay was entered, the claim construction, infringement and damages discovery Verizon seeks in this motion became improper.

     Accordingly, Inline asks the Court to deny Verizon's motion to compel further discovery into the *AOL and EarthLink* cases and to reaffirm the intent of the Court's Stay Order, that only bilateral discovery limited to validity and enforceability issues should proceed.

| | |
|---|---|
| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | |
| Alexander L. Brainerd | /s/ Julia Heaney |
| Michael K. Plimack | _____ |
| HELLER EHRMAN LLP | Mary B. Graham (#2256) |
| 333 Bush Street | Julia Heaney (#3052) |
| San Francisco, CA 94104-2878 | 1201 N. Market Street |
| (415) 772-6000 | P.O. Box 1347 |
| | Wilmington, DE 19899-1347 |
| John R. Ferguson | (302) 658-9200 |
| C. Joël Van Over | mgraham@mnat.com |
| SWIDLER BERLIN LLP | jheaney@mnat.com |
| 3000 K Street, N.W., Suite 300 | *Attorneys for Plaintiff* |
| Washington, DC 20007 | *Inline Connection Corporation* |
| (202) 424-7500 | |

May 19, 2006

# EXHIBIT A

 Wiley Rein & Fielding LLP

1776 K STREET NW
WASHINGTON, DC 20006
PHONE  202.719.7000
FAX    202.719.7049

Virginia Office
7925 JONES BRANCH DRIVE
SUITE 6200
McLEAN, VA 22102
PHONE  703.905.2800
FAX    703.905.2820

www.wrf.com

May 10, 2006

*Via Email*

Michael K. Plimack, Esq.
HellerEhrman LLP
333 Bush Street
San Francisco, California 94104-2878

Re: *Inline Connection Corp. v. Verizon Internet Services, Inc. et al.*
    Case No. 1:05-cv-866(JJF)(D.Del.)

John B. Wyss
202.719.7038
jwyss@wrf.com

Dear Mike:

Following up our meet and confer discussions on May 1, and without waiver or any applicable privilege, we hereby provide you the following information regarding the joint defense and common interest understandings among Verizon, EarthLink and AOL. Verizon was threatened by Inline with a patent infringement suit on or about June 10, 2002. Inline had previously filed suits against AOL and EarthLink under the same patents regarding similar industry standard ADSL service. Accordingly, as of June 10, 2002, a common interest privilege arose that would protect all communications regarding Inline's lawsuits and threatened lawsuits between and among Verizon, AOL and EarthLink. The common interest privilege was memorialized by an oral joint defense agreement reached shortly thereafter and then documented in writing in October, 2002. The terms of the agreement are privileged and confidential.

Sincerely yours,

John B. Wyss

cc: Carl S. Nadler (via email)
    Julia Heaney, Esq. (via email)
    Jeffrey B. Bove, Esq. (via email)

# EXHIBIT B

# HellerEhrman LLP

May 8, 2006

*Via E-mail*

Michael K. Plimack
michael.plimack@hellerehrman.com
Direct +1.415.772.6821
Direct Fax +1.415.772.2021
Main +1.415.772.6000
Fax +1.415.772.6268

42102.0001

John B. Wyss, Esq.
Wiley Rein & Fielding LLP
1776 K Street NW
Washington, DC 20006

Re:   *Inline Connection Corp. v. Verizon Internet Services, Inc. et al.*
      Case No. 05-866 (D. Del.)

Dear John:

In my May 5, 2006 email to you, I asked you to confirm whether AOL and Earthlink have shared with Verizon prior art or any other information related to invalidity, including information related to Verizon's unenforceability defenses. Although I asked for an immediate response (given the motion practice that is not yet completed), and the fact that this information is readily within your knowledge, you have not responded to my request.

Given your claimed need to have access to the "extensive factual information regarding the invalidity and unenforceability of the patents-in-suit" provided by AOL and Earthlink, we believe the Court is entitled to know whether Verizon has already received that information by virtue of its joint defense arrangement with these defendants.

We request that you provide this information before you respond to our motion to compel validity and enforceability discovery.

Sincerely,

Michael K. Plimack

cc:   Joël Van Over
      Mary Graham
      Julie Heaney
      Jeffrey B. Bove

Heller Ehrman LLP   333 Bush Street   San Francisco, CA 94104-2878   www.hellerehrman.com

Anchorage   Beijing   Hong Kong   Los Angeles   Madison, WI   New York   San Diego   **San Francisco**   Seattle
Silicon Valley   Singapore   Washington, D.C.

# HellerEhrman LLP

May 10, 2006

Michael K. Plimack<br>
michael.plimack@hellerehrman.com<br>
Direct +1.415.772.6821<br>
Direct Fax +1.415.772.2021<br>
Main +1.415.772.6000<br>
Fax +1.415.772.6268

*Via E-mail*

42102.0001

John B. Wyss, Esq.
Wiley Rein & Fielding LLP
1776 K Street NW
Washington, DC 20006

Re: *Inline Connection Corp. v. Verizon Internet Services, Inc. et al.*
    Case No. 05-866 (D. Del.)

Dear John:

We have received your letter of May 10, 2006, in which you referenced a joint defense agreement among Verizon, AOL and Earthlink.

Your letter does not provide the information that I requested by email dated May 5, 2006, and by letter dated May 8, 2006. I must therefore ask for the third time: Has AOL and Earthlink shared with Verizon prior art or any other information related to invalidity, including information related to Verizon's unenforceability defenses?

Even assuming for argument's sake a valid joint defense privilege among Verizon, AOL and Earthlink, this question asks you only to identify the subject matter of the communications without disclosing their substance. Therefore, your continued refusal to provide this important information has no basis.

Verizon has refused to produce any discovery on validity and enforceability issues, claiming that it must first gain access to the prior art and other materials disclosed by AOL and Earthlink in their case with Inline. For this reason, it is critically important for you to

Heller Ehrman LLP   333 Bush Street   San Francisco, CA 94104-2878   www.hellerehrman.com

Anchorage   Beijing   Hong Kong   Los Angeles   Madison, WI   New York   San Diego   **San Francisco**   Seattle
Silicon Valley   Singapore   Washington, D.C.

**HellerEhrman**LLP

disclose whether AOL and Earthlink have already provided that information to you under the rubric of your joint defense agreement.

Sincerely,

*[signature]*

Michael K. Plimack

cc:   Joël Van Over
      Mary Graham
      Julie Heaney
      Jeffrey B. Bove

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 19, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Jeffrey B. Bove
>Kevin M. Baird
>Connolly Bove Lodge & Hutz LLP

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

>Jeffrey B. Bove
>Kevin M. Baird
>Connolly Bove Lodge & Hutz LLP
>1007 N. Orange Street
>Wilmington, DE 19801

### BY EMAIL & FEDERAL EXPRESS

>John B. Wyss
>Kevin Anderson
>Wiley Rein & Fielding LLP
>1776 K Street, N.W.
>Washington, DC 20006
>jwyss@wrf.com
>kanderson@wrf.com

*Julia Heaney*
Julia Heaney (3052)