# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Mary B. Graham
302 351 9199
mgraham@mnat.com

May 23, 2006

**<u>VIA E-FILING AND HAND DELIVERY</u>**

The Honorable Joseph J. Farnan, Jr.
United States District Court
Federal Building
844 North King Street
Wilmington, DE 19801

        Re:    <u>Inline Connection v. Verizon</u>, C.A. No. 05-866-JJF

Dear Judge Farnan:

        We have Verizon's letter to the Court of May 18, 2006 enclosing a "courtesy copy of a filing" made by Verizon in the (stayed) Virginia action. That "filing" is a motion styled as one for sanctions because of alleged misrepresentations about ownership of the patents in suit made by Inline in opposition to Verizon's motion to transfer. Verizon's letter asserts that the enclosure is "pertinent to issues pending before this Court."

        Preliminarily, notably absent from Verizon's "courtesy" letter is an identification of the purported pending issues in Delaware to which its sanctions motion is allegedly "pertinent." The only issues pending for this Court's decision are discovery matters (such as Verizon's unsupported motion to compel "ownership" documents that it already has received or will have shortly). If Verizon in fact meant to allude to those discovery motions, although its sanctions motion has no bearing on the discovery motions, then its filing was procedurally improper under Paragraph 4 of this Court's form Rule 16 Scheduling Order. In any event, Verizon's letter, whether contrary to the Court's procedures or merely gratuitous, should be stricken (or ignored) or, alternatively, Inline should be given an opportunity to respond with its own "courtesy" filings.[1]

---

[1]    This is not the first deviation from the Court's procedures Verizon has unilaterally granted itself in an evident effort to color the proceedings with the specter of an
                                                                                                                                            (Continued...)

The Honorable Joseph J. Farnan, Jr.
May 23, 2006
Page 2

      Moreover, Verizon's motion for sanctions in Virginia is predicated on an assumption that Inline was <u>not</u> in fact the owner of the patents. This assumption, which Inline disputes, is a matter for substantive determination by this Court, as the Court where Verizon has successfully transferred the action. If Verizon truly believed it might establish that Inline is not the owner and that the issue of ownership has important bearing on the case,[2] then Verizon should bring the ownership issue on its merits directly to this Court for resolution, rather than making saber-rattling filings in Virginia which are then used as gratuitous filings as a "courtesy" in Delaware.

      Finally, Verizon yet again raises discovery matters that it has failed procedurally to perfect before running to the Court. In particular, Verizon's May 18 letter claims that Inline improperly designated as "Highly Confidential" the material that Verizon used in its recent filing in Virginia. As the Court will see, however, the documents, which concern nonpublic business agreements between several parties, are exactly the type of material that merits confidential treatment. Because Verizon has made no effort to meet and confer with us about the "Highly Confidential" designation, Inline cannot appreciate exactly what reasons Verizon might give as to why the designation is inappropriate. We of course stand ready to meet and confer with Verizon.

      Respectfully,

      *Mary Graham*

      Mary B. Graham

MBG/dam
cc:   Clerk of the Court
      Jeffrey B. Bove
      John B. Wyss
      C. Joël Van Over
      Michael K. Plimack
521430

---

(. . . continued.)
      ownership issue. Verizon filed on May 12, contrary to the Court's procedures, what it labeled a reply to its discovery motion on ownership (D.I. 107) which in reality was a new motion to compel as explained in Inline's response to that new motion (D.I. 112).

[2]    We note that the parties which Verizon contends have an ownership interest in the patents, such that they should have been named as plaintiffs, have in fact sued Verizon in a separate suit in Delaware in order to avoid the expense of litigating over the issue.