IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INLINE CONNECTION CORPORATION,<br><br>  Plaintiff,<br><br>v.<br><br>VERIZON INTERNET SERVICES, INC.;<br>GTE.NET LLC d/b/a VERIZON INTERNET<br>SOLUTIONS; VERIZON SERVICES CORP.;<br>TELESECTOR RESOURCES GROUP, INC. d/b/a<br>VERIZON SERVICES GROUP; VERIZON<br>CORPORATE SERVICES GROUP INC. d/b/a<br>VERIZON SERVICES GROUP; VERIZON<br>ADVANCED DATA INC.; VERIZON AVENUE<br>CORP.; GTE SOUTHWEST INC. d/b/a VERIZON<br>SOUTHWEST; and VERIZON DELAWARE INC.,<br><br>  Defendants. | C.A. No. 05-866 |

## **STIPULATED PROTECTIVE ORDER**

The Court hereby Orders as follows:

1. This Order shall govern all productions or disclosures made during the Action whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party in the Action or any third party (the "Producing Party") to any other party (the "Receiving Party"), when so designated in accordance with the procedures set forth herein. This Order is binding upon the parties to the Action, including their respective corporate parents, subsidiaries and affiliates, and their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order.

2. A Producing Party may designate as CONFIDENTIAL, in whole or in part, any non-public document, thing, or information (collectively "Material") which the Producing Party

has a good faith belief constitutes or contains confidential or proprietary information and which is to be disclosed or produced to a Receiving Party, expert or witness in the Action.

3. A Producing Party may designate as HIGHLY CONFIDENTIAL, in whole or in part, any Material which is to be disclosed or produced to a Receiving Party, expert or witness in the Action and which constitutes or contains extremely confidential or trade secret information. Information concerning the following representative topics is deemed to be extremely confidential:

 (a) product, system or service sales, revenues, gross margins or costs, or other sensitive financial information, and plans or forecasts that relate to this information;

 (b) pending or abandoned patent applications that are not publicly available;

 (c) future products, future product or marketing plans, or future business strategies;

 (d) highly sensitive technical information related to the operation of any party's products, systems or services;

 (e) access control or encryption algorithms or codes;

 (f) source code for software; and

 (g) customer information.

The foregoing enumeration of topics does not preclude any party from designating Material as HIGHLY CONFIDENTIAL which does not fall within the enumerated representative topics. The enumeration of these topics shall not be construed as suggesting or implying that such information is discoverable in the Actions and shall not preclude or limit any party from properly objecting to discovery of these topics for any reason.

4. The designation of Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner. If it is not practical to so mark the Material itself, a container for or a tag attached to the Material shall be so marked. The marking shall state either: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." However, all Materials produced in this Action without a confidentiality designation or marked CONFIDENTIAL shall be deemed temporarily subject to this Order as if marked HIGHLY CONFIDENTIAL for fifteen (15) days from such delivery and entry of this Order to permit the Producing Party to correct any inadvertent failure to mark delivered Materials as HIGHLY CONFIDENTIAL.

5. In lieu of marking the original of the Material prior to inspection, the Producing Party or its counsel may orally designate any Material being produced for inspection by counsel for a party as CONFIDENTIAL or HIGHLY CONFIDENTIAL, thereby making it, and the information it contains, temporarily subject to this Order. However, each copy of Material subsequently delivered to inspecting counsel must be marked CONFIDENTIAL or HIGHLY CONFIDENTIAL as required by this Order at the time it is so delivered in order to make the Material and copies of the Material subject to this Order. Inadvertent failure to designate Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL at the time of production may be remedied by supplemental written notice, accompanied by substitute copies of Materials appropriately designated. If such notice is given, all Materials so designated shall be fully subject to this Order as if they had been initially designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Within ten (10) days of receipt of these substitute copies, the Receiving Party shall return the previously unmarked or otherwise improperly designated Materials and all

copies thereof. The Receiving Party shall not be liable for any harm caused by any disclosures resulting from the Producing Party's inadvertent disclosure or failure to designate Materials in accordance with this Order. A Producing Party is not precluded by this Order from disclosing or using the Material produced by that party in any manner as it may deem fit.

6. In the event a party wishes to use any Materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, or any papers containing or making reference to the contents of such CONFIDENTIAL or HIGHLY CONFIDENTIAL Materials, in any pleading or document filed with the Court in this action, such pleading or document shall plainly state on the first page of any bound or stapled document "CONFIDENTIAL – FILED UNDER SEAL" and shall be filed only in sealed envelopes on which shall be endorsed the caption of this Action and a statement substantially in the following form:

> "CONTAINS CONFIDENTIAL INFORMATION FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER OF [DATE]. TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT."

Nothing in this Order, however, shall be deemed to prevent either side from introducing any documents or Materials marked CONFIDENTIAL or HIGHLY CONFIDENTIAL into evidence at the trial of this Action, or from using any information contained in CONFIDENTIAL or HIGHLY CONFIDENTIAL Materials at the trial of this Action.

7. If during the course of a deposition taken in the Action any questions are to be asked or any answers are to be given containing confidential information or regarding any Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, then only persons designated in paragraphs 11 or 12 below, as the case may be, the deponent (and the deponent's counsel, including their staff and associates, in the case of a separately represented nonparty), and the reporter and/or videographer shall be allowed to be present during such portion of the

deposition. This paragraph shall not be deemed to authorize disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL Material to any person to whom disclosure is prohibited under this Order.

8. With respect to depositions of any party, nonparty, or any person employed by, formerly employed by, or acting on behalf of a party to this Action, any party at the deposition may designate the deposition or portions thereof as CONFIDENTIAL or HIGHLY CONFIDENTIAL and request that the reporter insert a statement regarding the confidentiality of the information into the deposition transcript. Any party may, after receipt of the deposition transcript inform the other parties, in writing, that portions of the transcript are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL. All deposition transcripts shall be deemed temporarily subject to this Order as if marked HIGHLY CONFIDENTIAL for fifteen (15) days from such delivery to permit the Producing Party to correct any inadvertent failure to mark deposition transcripts as CONFIDENTIAL or HIGHLY CONFIDENTIAL. No such deposition transcript shall be disclosed to any person other than the persons described in paragraphs 11 or 12 below consistent with the provisions therein, as the case may be, and the deponent (and the deponent's counsel in the case of a separately represented nonparty), and no person attending such a deposition shall disclose the contents of the deposition to any person other than those described in paragraphs 11 or 12 consistent with the provisions therein, as the case may be. Upon being informed that certain portions of a deposition are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, each party shall cause each copy of the transcript in its possession, custody or control to be so marked, to the extent not already marked by the reporter.

9. All CONFIDENTIAL or HIGHLY CONFIDENTIAL Material produced in this Action shall not be used by any Receiving Party or disclosed to anyone for any purpose other

than in connection with this Action. Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be disclosed by the Receiving Party to anyone other than those persons designated in paragraphs 11 or 12 below consistent with the provisions therein, as the case may be, unless and until the restrictions herein are removed by order of the Court or by the Producing Party. If Material so designated is disclosed to any person other than in the manner authorized in this Order, the party responsible for the disclosure will immediately upon learning of such disclosure inform the Producing Party of all pertinent facts relating to such disclosure and shall make every effort to recover the Material and all copies of the Material disclosed without authorization and to prevent disclosure by each unauthorized person who received such Materials.

10. Any party may object to the designation (or redesignation) of specific Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL by serving a written objection upon the Producing Party's counsel. The Producing Party or its counsel shall thereafter, within ten (10) calendar days, respond (by hand delivery, courier or facsimile transmission) to such objection in writing by either: (i) agreeing to remove or modify the designation or (ii) stating the reasons why the designation was made. If the objecting party and the Producing Party are subsequently unable to agree upon the terms and conditions of disclosure for the Material(s) in issue; or if the Producing Party does not respond within ten (10) calendar days, the objecting party shall be free to move the Court for an Order removing or modifying the disputed designation. That obligation to move the Court to remove or modify a designation shall not affect the allocation of the burden of proof on the issue, which will remain with the Producing Party. The Material(s) in issue shall continue to be treated in the manner as designated by the Producing Party until the Court orders otherwise. Failure of any party to challenge a claim of confidentiality of any Material shall not

constitute a waiver of the right to assert at any subsequent time that the Material is not confidential or that the designation is not appropriate for any reason.

11. Access to Material designated as CONFIDENTIAL under this Order and to any portion of any transcript, brief, affidavit, memorandum or other Material that contains, or reveals Material so designated shall be limited to;

- (a) outside counsel of record for the parties, including their partners and associates who assist them in this matter;

- (b) the clerical employees of such counsel of record (including secretaries, paralegals, and clerks) and independent litigation support service personnel who are actually assisting such counsel in the preparation of this case;

- (c) parties and employees, officers and directors, and in-house counsel of the parties who need access to the Material designated CONFIDENTIAL to assist outside counsel in the litigation, as well as the secretarial and clerical personnel who work regularly with such persons;

- (d) non-party experts or consultants, including their secretarial and clerical personnel, retained to assist counsel of record in this case who have agreed to be bound by the terms of this Order by signing a copy of an Undertaking in the form attached as Exhibit A;

- (e) any bona fide potential or actual witness explicitly named in the CONFIDENTIAL Material as an author or recipient (and any counsel of any such witness);

(f) any bona fide potential or actual witness (and any counsel of any such witness) who is not explicitly named as an author or recipient in the particular CONFIDENTIAL Material to be disclosed but who counsel herein reasonably believes has otherwise received such designated Material, provided that any such witness has agreed to be bound by the terms of this Order and has signed an Undertaking in the form of Exhibit A, which shall be retained by counsel for the party disclosing the information to the witness and shall not be discoverable by other parties during the litigation absent a showing of cause, but shall be delivered to counsel producing the Material upon conclusion of the litigation;

(g) any witness at a deposition duly noticed in the case if the deposing counsel believes there is a good faith basis to believe the witness had personal knowledge concerning the factual matters constituting CONFIDENTIAL Material contained in the document;

(h) any witness testifying pursuant to Fed. R. Civ. P. 30(b)(6), so long as the CONFIDENTIAL Material contained in the document was produced by the party who designated the witness and it is relevant to the topics on which the witness has been designated as a corporate representative;

(i) court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions;

(j) the Court and members of the jury in this case;

  (k) employees of independent copy services, printers or illustrators, for the sole purpose of making copies of documents and exhibits to be used in this litigation;

  (l) any other persons with the prior written consent of the Producing Party; and

  (m) any other persons with the prior authorization of the Court.

12. Access to Material designated as HIGHLY CONFIDENTIAL and to any portion of any transcript, brief, affidavit, memorandum or other Material that contains or reveals Material so designated, shall be limited to the following:

  (a) outside counsel of record for the parties, including their partners and associates who assist them in this matter;

  (b) the clerical employees of such outside counsel (including secretaries, paralegals, and clerks) and independent litigation support service personnel who are actually assisting such counsel in the preparation of this case;

  (c) the following attorneys for the parties: (a) on behalf of the Defendants: (i) John Thorne, Sr. Vice President and Deputy General Counsel, Verizon Corporate Services Corp.; and (ii) Leonard Suchyta, Vice President and Associate General Counsel, Verizon Corporate Services Group, Inc.; and (b) on behalf of the Plaintiff: (i) James King, Hanify & King; and (ii) Alicia Meros, Senior Intellectual Property Counsel, Paperboy Ventures, LLC.

(d) non-party experts or consultants including their secretarial and clerical personnel retained to assist counsel of record in this case who have agreed to be bound by the terms of this Order by signing a copy of an Undertaking in the form attached as Exhibit A;

(e) any bona fide potential or actual witness explicitly named in the HIGHLY CONFIDENTIAL Material as an author or recipient (and any counsel of any such witness);

(f) any bona fide potential or actual witness (and any counsel of any such witness) who is not explicitly named as an author or recipient in the particular HIGHLY CONFIDENTIAL Material to be disclosed but who counsel herein reasonably believe has otherwise received such designated Material, provided that any such witness has agreed to be bound by the terms of this Order and has signed an Undertaking in the form of Exhibit A, which shall be retained by counsel for the party disclosing the information to the witness and shall not be discoverable by other parties absent a showing of cause, but shall be delivered to counsel producing the Material upon conclusion of the litigation;

(g) any witness at a deposition duly noticed in the case if the deposing counsel believes there is a good faith basis to believe the witness had personal knowledge concerning the factual matters constituting HIGHLY CONFIDENTIAL Material contained in the document;

(h) any witness testifying pursuant to Fed. R. Civ. P. 30(b)(6), so long as the HIGHLY CONFIDENTIAL Material contained in the document was

              produced by the party who designated the witness and it is relevant to the topics on which the witness has been designated as a corporate representative;

(i)     court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions;

(j)     the Court and members of the jury in this case;

(k)     employees of independent copy services, printers or illustrators, for the sole purpose of making copies of documents and exhibits to be used in this litigation;

(l)     any other persons with the prior written consent of the Producing Party, and

(m)     any other persons with the prior authorization of the Court.

13.     The provisions of this paragraph apply to all individuals other than those specifically identified by name in paragraph 12(c) of this Stipulation and Order. HIGHLY CONFIDENTIAL Material may not be disclosed to an individual who is or is likely to be substantively involved in the preparation or prosecution of patent applications that involve internet access systems or methods on behalf of a party to this action (or on behalf of any individual or entity with a financial interest in the outcome of this action). Any individual who sees, reviews, or otherwise has access to HIGHLY CONFIDENTIAL Material shall not on behalf of a party to this action (or on behalf of any individual or entity with a financial interest in the outcome of this action) be involved in the drafting of patent applications, patent claims, amendments or similar patent-related documents or give substantive direction in connection with the prosecution of any patent applications relating in any way to internet access systems or

methods that can or do claim a priority date prior to the entry of this Protective Order. Nor shall any individual who sees, reviews, or otherwise has access to HIGHLY CONFIDENTIAL Material, be involved on behalf of a party to this action (or on behalf of any individual or entity with a financial interest in the outcome of this action) in the drafting of patent applications, patent claims, amendments or similar patent-related documents or give substantive direction in connection with the prosecution of any patent applications relating in any way to internet access systems or methods until one year after the conclusion of this litigation, including appeals. For purposes of this paragraph, the term "a party to this action (or on behalf of any individual or entity with a financial interest in the outcome of this action)" includes, but is not limited to, each of the named defendants, plaintiff Inline Connection Corporation, David D. Goodman, Pie Squared LLC, Broadband Technology Innovations LLC, and Paperboy Ventures LLC (including its affiliates).

14. A party desiring to disclose documents or other Materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to non-party experts or consultants, who are not current employees of a party, shall first obtain from each expert or consultant a signed Undertaking in the form attached as Exhibit A. Each non-party consultant or expert to whom a party proposes to give access to HIGHLY CONFIDENTIAL Material designated pursuant to this Protective Order by a Producing Party shall be identified by notice in writing to counsel of said Producing Party and other counsel of record at least ten (10) days before being given such access. Such notice in writing shall include for the non-party consultant or expert to whom disclosure is proposed, a completed consent form as attached hereto as Exhibit A and a current resume. Should the Producing Party object within such ten (10) day period to the disclosure of its HIGHLY CONFIDENTIAL Material to the proposed non-party consultant or expert, no such

HIGHLY CONFIDENTIAL Material shall be disclosed to the proposed non-party consultant or expert until the objection has been resolved by the parties or the Court, and the burden shall be on the party objecting to the disclosure to prove the grounds for such objection. If the Producing Party does not object within such ten (10) day period, such non-party consultant or expert shall be permitted such access. In the event the Producing Party makes a timely objection, it must also seek relief from the Court within ten (10) days from the date it first received notice (or within such time as agreed by the parties); otherwise such non-party consultant or expert shall be permitted such access.

15.     Each recipient of Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, shall maintain such Material in a secure, safe area and shall exercise, at minimum, the same standard of care with respect to the storage, custody, use and dissemination of such Material as is exercised by the Receiving Party with respect to its own similarly designated Material.

16.     Counsel and any person or entity who obtains access to CONFIDENTIAL or HIGHLY CONFIDENTIAL Materials (or the contents thereof) produced pursuant to this Action shall not make copies, duplicates, extracts, summaries, or descriptions of the CONFIDENTIAL or HIGHLY CONFIDENTIAL Materials or any portion thereof except as may be necessary in connection with this Action. Any such copies, duplicates, extracts, summaries or descriptions of CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, as the case may be, subject to all the terms and conditions of this Order.

17. Production of Material by a party is not deemed to be a publication of the discovery Material as to void or make voidable whatever claim that party may have as to the confidential nature of the Materials.

18. The inadvertent production of any Material during discovery in this Action shall be without prejudice to any claim that such Material is privileged under the attorney-client or other privilege, or protected from disclosure as work product, or that such document is irrelevant to any claims raised in this Action, and no person shall be held to have waived any rights by such inadvertent production.

19. In the event that Material is henceforth produced inadvertently that is considered by the Producing Party to be privileged in whole or in part, such Material may be retrieved by the Producing Party by giving written notice to all parties within fifteen (15) business days of the date of discovery of the inadvertent production that the Producing Party claims the Material, in whole or in part, to be privileged. Such notice must state the nature of the privilege being asserted.

20. Upon receipt of the notice provided for by Paragraph 19 above, all parties that have received a copy of such Material shall immediately return it to the Producing Party and destroy any copies or notes thereof. In the event that only part of the Material is claimed to be privileged, the Producing Party shall furnish to all parties to which it was produced redacted copies of such Material, removing only the part(s) thereof claimed to be privileged, together with such written notice. Upon receipt of the redacted copy, each party shall promptly return the unredacted copy to the Producing Party and destroy any copies or notes thereof.

21. Should the parties or other persons be unable to agree because of a good-faith argument about the applicability of any privilege or protection, the party or witness opposing the

privilege or protection may move the Court for an order compelling the production of the Material asserted to be privileged. The party or witness asserting the privilege or protection has the burden of establishing the existence of the privilege if such dispute is submitted to the Court for resolution.

22. Nothing herein shall impair any party's right to challenge, by motion or otherwise, a Producing Party's assertion of a privilege with respect to any discovery Material.

23. Other Proceedings. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another Court from finding that such Materials or information may be relevant and subject to disclosure in another case. Any person or party subject to this Order that receives or is threatened with a motion or order to disclose another party's Materials or information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Order, shall promptly notify the Producing Party of the motion or threatened motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

24. Within sixty (60) days after final determination of this Action, including any appeals related thereto, all Materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL which have been served or otherwise made available by the Producing Party to a Receiving Party during the course of this Action, together with all reproductions, copies, abstracts, indices or summaries of those Materials, shall be destroyed (and such destruction is to be confirmed in writing) or delivered to counsel for the Producing Party. Notwithstanding the above, in order to maintain a complete file of the litigation, each outside trial counsel of the parties may retain one copy of all pleadings, briefs, affidavits or other papers filed with the Court that discuss, refer to, or attach Material designated CONFIDENTIAL or HIGHLY

CONFIDENTIAL, provided that such papers and Materials are maintained in accordance with the terms set forth above.

25. Nothing in this Order shall be construed as requiring disclosure of privileged Materials, Materials subject to protection under the attorney work product doctrine, or Materials which are otherwise beyond the scope of permissible discovery. Nothing in this Order shall be construed to prevent a party or non-party from seeking such further provisions regarding confidentiality as may be appropriate, moving the Court for relief pursuant to paragraph 10, or, separately, moving the Court for modification of any of the terms of this Order on a going-forward basis.

26. Nothing in this Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary Materials.

27. The designation of Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order shall not restrict the use of information, documents or knowledge:

    (a)    acquired by publicly available means;

    (b)    independently developed by or for the Receiving Party without use of or reliance on the Producing Party's CONFIDENTIAL, or HIGHLY CONFIDENTIAL Material;

    (c)    acquired by the Receiving Party from an independent source without restriction as to use or disclosure or any other obligation of confidentiality; or

      (d)    was, prior to disclosure by the Producing Party, rightfully in the possession or knowledge of the Receiving Party without any restrictions as to use or disclosure or any other obligation of confidentiality.

However, in case of a dispute regarding such independent or prior acquisition, development or possession, the person or entity seeking to use any such information, document or knowledge shall bear the burden of proof to show such independent or prior acquisition, development or possession. Nothing in this Order shall supercede any preexisting agreement between the parties with respect to the confidentiality of Materials exchanged between the parties by means other than production in this Action.

    28.    This Order is binding upon the parties, including their respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order.

    29.    Unless otherwise ordered by this Court, the obligations imposed by this Order shall remain in effect after the final determination of the Action and the Court shall retain jurisdiction of this Action after its final disposition for the purpose of enforcing this Protective Order.

SO ORDERED

Dated: _____, 2006      _____
                                                        UNITED STATES DISTRICT COURT JUDGE

547918

# EXHIBIT A

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INLINE CONNECTION CORPORATION,　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　Plaintiffs,　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　v.　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　　　　　)<br>VERIZON INTERNET SERVICES, INC.;　　　)<br>GTE.NET LLC d/b/a VERIZON INTERNET　)<br>SOLUTIONS; VERIZON SERVICES CORP.;　)<br>TELESECTOR RESOURCES GROUP, INC. d/b/a )<br>VERIZON SERVICES GROUP; VERIZON　　)<br>CORPORATE SERVICES GROUP INC. d/b/a )<br>VERIZON SERVICES GROUP; VERIZON　　)<br>ADVANCED DATA INC.; VERIZON AVENUE )<br>CORP.; GTE SOUTHWEST INC. d/b/a VERIZON )<br>SOUTHWEST; and VERIZON DELAWARE INC., )<br>　　　　　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　Defendants.　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　　　　　) | C.A. No. 05-866 |

## CONSENT TO BE BOUND BY PROTECTIVE ORDER

I hereby certify that I have read the Protective Order entered in the above-captioned action. I agree to be bound by its terms. I also agree that any information I receive pursuant to the Protective Order shall not be used other than as provided in the Protective Order.

I agree that while any CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is in my possession, I will be personally responsible for preserving the confidentiality of such Materials in accordance with the terms of the Protective Order. I agree to use any such Materials and the information contained therein solely in connection with my participation in this litigation and not to disclose the same to any third party.

I understand and agree that if I am involved in any violation or breach of the Protective Order that I may be held personally responsible and liable. I have full knowledge and understanding of the fact that I may be subject to the sanction of contempt of the Court for violation of the Protective Order.

I also hereby consent to be subject to the personal jurisdiction of the United States District Court for the District of Delaware for any proceedings relating to the enforcement of the Protective Order.

Dated: _____

_____
[Signature]

Name: _____

Affiliation: _____

Address: _____

_____

Phone: _____

Sworn to before me this ____ day of _____, 2006.

_____
Notary Public

My Commission Expires: _____

2