# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INLINE CONNECTION CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 05-866 |
| | : | **CONSOLIDATED** |
| VERIZON INTERNET SERVICES, INC. ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| BROADBAND TECHNOLOGY INNOVATIONS, LLC, and PIE SQUARED, LLC, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civ. No. 06-291 |
| | : | |
| VERIZON INTERNET SERVICES, INC. ET AL., | : | |
| | : | |
| Defendants. | : | |

Stamatios Stamoulis and Richard C. Weinblatt, STAMOULIS & WEINBLATT LLC, Wilmington, DE

Anthony Garza, CHARHON CALLAHAN ROBSON & GARZA, PLLC, Dallas, TX

     Attorneys for Movant United Access Technologies.

Julia Heaney and Mary B. Graham, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE

     Attorneys for Plaintiffs Inline Connection Corporation, Pie Squared LLC, and Broadband Technology Innovations LLC.

Benjamin J. Schladweiler, ROSS ARONSTAM & MORITZ LLP, Wilmington, DE

John B. Wyss and Kevin Anderson, WILEY REIN LLP, Washington, DC

Attorneys for Defendants Verizon Internet Services., Inc., GTNE.Net LLC d/b/a Verizon Internet Solutions, Verizon Services Corp. Telesector Resources Group Inc., Verizon Corporate Services Group Inc., Verizon Advanced Data, Inc., Verizon Avenue Corp., Verizon Delaware, Inc., GTE Southwest Inc. d/b/a Verizon Southwest.

**MEMORANDUM OPINION**

September 28, 2016
Wilmington, Delaware

**STARK, U.S. District Judge:**

This consolidated patent case among Plaintiffs Inline Connection Corporation ("Inline"), Broadband Technology Innovations, LLC ("BBTI"), Pie Squared LLC ("Pie Squared") (collectively, the "current Plaintiffs"), and Verizon Internet Services, *et. al.*, ("Defendants"), has been administratively closed for seven years.

United Access Technologies ("United Access"), which describes itself as "successor-in-interest" to the Plaintiffs in this case, moved to (1) reopen the case; (2) substitute itself as Plaintiff; and (3) coordinate this action with three related matters pending in this Court: *United Access v Techs., LLC v. ATT&T Corp.*, No. 11-338; *United Access Techs., LLC v. Century Tel Broadband Servs. LLC*, No. 11-339; and *United Access Techs. LLC v. Frontier Commc'ns Corp.*, 11-341.  (D.I. 163)

For the reasons set forth below, United Access's motion to reopen this case after administrative closure is GRANTED; United Access's motion to substitute itself as Plaintiff is DENIED; United Access's motion to coordinate this action with three other United Access matters is DENIED; and United Access shall be joined as a Plaintiff in this case.

## I.    BACKGROUND

The cases consolidated here have a complicated procedural history, which requires some recitation to give context to the pending motion.

In the spring and summer of 2002, Inline's predecessor-in-interest, Inline Technologies, filed a number of patent infringement complaints in this District, including actions naming as

defendants AOL and EarthLink ("AOL/Earthlink").[1]  (*See* D.I. 166 at 8 n. 6 (listing cases))[2]  In

June 2003, Inline sold a five-percent interest in all of its patent rights to Plaintiff Pie Squared.

(*Id*. at 9)  On March 4, 2004, Inline transferred "all substantial rights to the patent-in-suit" to Pie

Squared and Plaintiff BBTI via an Exclusive License Agreement.  (*Id*.)

     BBTI filed a complaint for infringement of the patents at issue in the AOL/EarthLink

matter in the Eastern District of Virginia in April 2005, also listing Inline as Plaintiff and

Verizon as Defendant.  (*See* D.I. 167-3 at 2)  The complaint alleged that "Inline is the owner of

all right, title and interest in and to [the patents-in-suit]."  (D.I. 166 at 9)  The Virginia Court

transferred the case to Delaware, where the related AOL and EarthLink cases were pending, thus

initiating the present action.  (*Id*. at 3-4)

     Discovery proceeded.  In August 2006, Verizon filed a motion for summary judgment,

alleging that this Court lacks subject matter jurisdiction because Inline had no constitutional

standing when it filed the original action in the Eastern District of Virginia.  (D.I. 123-25)  The

motion was fully briefed.  (*See id*. D.I. 131-33; *see also* D.I. 139-40)

     In December 2006, BBTI and Pie Squared moved to (1) consolidate this case with

another BBTI/Pie Squared-Verizon case pending in Delaware (*JJF Broadband Technology

Innovations, LLC et al v. Verizon Internet Services Inc. et al*, No. 06-291), and (2) stay all

---

[1]*Inline Connection Corp. v. AOL TimeWarner, Inc., et al.*, C.A. No. 02-272 (filed April 12, 2002); *Inline Connection Corp. v. EarthLink, Inc., et al.*, C.A. No. 02-477 (filed June 4, 2002); *Inline Connection Corp. v. Verizon Communications, Inc.*, C.A. No. 02-545 (filed June 12, 2002).

[2]Where this opinion cites to a docket entry without first specifying the case number, the citation refers to the docket in the instant case, *Inline Connection Corp. v. Verizon Internet Services, Inc., et al.*, C.A. No. 05-866 (filed Nov. 2, 2015).

proceedings in both cases until completion of the AOL/EarthLink trial. (No. 05-866, D.I. 151-152; No. 06-291, D.I. 22-23) The Hon. Joseph J. Farnan, Jr., the now-retired judge to whom this case was previously assigned, issued an order granting Plaintiffs the requested consolidation and stay. (No. 05-866, D.I. 155 at 1; No. 06-291, D.I. 29 at 1) Judge Farnan denied Verizon's motion for summary judgment based on lack of subject matter jurisdiction "with leave to renew after a conference with the Court which will be held after the AOL/EarthLink trial." (No. 05-866, D.I. 155 at 2; No. 06-291, D.I. 29 at 2)

The AOL/EarthLink trial ended in February 2007. Thereafter, on April 2, 2007, Judge Farnan held a telephone conference with all the parties and stayed the case until resolution of post-trial motions in AOL/Earthlink. (D.I. 166 at 11)

On August 6, 2009, Judge Farnan entered an Order which administratively closed this case. His closure order stated that, "[u]pon resolution of Civil Action No. 02-272 [AOL/EarthLink], the parties should notify the Court in writing as to how they wish to proceed." (D.I. 159)

In May 2010, the current Plaintiffs, along with other interested parties, assigned the patents-in-suit to United Access, giving United Access the right to sue for past infringement and to pursue pending cases, including this case and the AOL/EarthLink case. (D.I. 164-3) In December 2010, United Access took over litigation of the AOL/EarthLink case. (*See* D.I. 166 at 11)

The EarthLink case was terminated in September 2012. (*Id.*) In February 2013, one of United Access's attorneys contacted the current Plaintiffs' counsel about participating in this case, noting that the AOL/EarthLink case was over. (D.I. 171-1 at 2; D.I. 171-2 at 7-8) Verizon

3

requested information regarding United Access's interest in the cases. (D.I. 166 at 12)  In May 2013, United Access forwarded assignment records for the patents-in-suit.  Verizon asked to see the underlying Asset Purchase Agreement to verify what rights and liabilities were transferred among Inline, BBTi, Pie Squared, and United Access.  (*Id*. at 13)  United Access agreed to consider the request.  (*Id*.)  Thereafter, the correspondence ceased.

In August 2013, the Clerk of Court notified counsel for all parties to this case that the "Clerk's office removed ADMINCLOSING flag due to closing of" the AOL/Earthlink case.  On August 26, 2013, the Court invoked its Standing Order Regarding Return of Sealed Documents, directing the parties to retrieve certain sealed documents. (D.I. 160)  Counsel for the current Plaintiffs acknowledged receipt of the sealed documents on August 26, 2013 (*see* D.I. 161); counsel for Verizon acknowledged receipt of the sealed documents on September 9, 2013 (*see* D.I. 162).

After two years in which no further activity occurred in this case, in October 2015, United Access filed the pending motion seeking to substitute itself as a party.  (D.I. 163)

## II.  DISCUSSION

Verizon objects to United Access's motion, arguing that this case was terminated more than two years before the motion was filed.  Further, Verizon argues that, even if the case has not been terrninated, United Access may not be substituted as Plaintiff because "Inline, BBTI and/or Pie Squared . . . are essential to various asserted claims and defenses." (D.I. 166 at 18)  Finally, Verizon argues that United Access lacks standing to litigate this case and should be equitably barred from doing so.

A.     **The Case Was Not Terminated in 2013**

The parties disagree about whether Judge Farnan's administrative closure matured into a final decision in 2013. Administrative closure removes a case from a Court's active docket "until such time as the judge, in his discretion or at the request of a party, [chooses] either to reactivate it or to dispose of it with finality." *Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 127-28 (3d Cir. 2004). A judge may dispose of a case with finality by including in the text of an administrative closure order "a built-in timetable under which the administrative closing may automatically expire, or, alternatively, mature into a final decision." *Id.* at 128.

Here, Judge Farnan's administrative closure order did not include a "built-in timetable" under which the administrative closing would expire or mature into a final decision. Instead, Judge Farnan's order simply stated that the case was administratively closed until resolution of the AOL/Earthlink matter, at which time "the parties shall notify the Court in writing as to how they wish to proceed." (D.I. 159) Moreover, even where an administrative closure order ***does*** include a timetable for expiration or maturation of the administrative closure, a case is only finally closed if the Court enters an order of dismissal. *See WRS Inc. v. Plaza Entm't Inc.*, 402 F.3d 424, 429 (3d Cir. 2005). The Court in this case did not enter an order of dismissal. Rather, the Clerk's office removed the administrative closure "flag" from the case, noting that the condition triggering the end of the administrative closure – resolution of the AOL/Earthlink case – had occurred almost a year before. (*See* D.I. 159 ("pending resolution of Civil Action NO. 02-272-MPT . . . [this] action is ADMINISTRATIVELY CLOSED")) The Clerk's removal of this flag did not close the case; rather, it lifted the administrative closure.

Defendants argue that they were entitled to assume that this case was closed when the Clerk's office invoked the Court's standing order regarding the return of sealed documents following closure of a case. Although this administrative action may have been confusing for the parties, a self-executing order may not mature into a final judgment without an order of dismissal. *See WRS*, 402 F.3d at 429. Upon receiving notification from the Clerk's office, Defendants could have asked the Court to clarify the status of the case. They also could have sought an order of dismissal. No such order has been entered and their case has not yet terminated.

B.      **United Access May Be Joined, But Not Substituted, as Plaintiff in this Case**

Federal Rule of Civil Procedure 25(c) provides that, "[i]f an interest is transferred, [an] action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Because "joinder or substitution under Rule 25(c) does not ordinarily alter the substantive rights of parties but is merely a procedural device designed to facilitate the conduct of a case, a Rule 25(c) decision is generally within the district court's discretion." *Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993).

United Access contends that it is entitled to be substituted as Plaintiff in this case because the current Plaintiffs – Inline, Broadband, and Pie Squared – transferred any and all of their interests in the patents-in-suit several years ago. (D.I. 163 at 8) "A 'transfer of interest' in a corporate context occurs when one corporation becomes the successor to another by merger or other acquisition of the interest the original corporate party had in the lawsuit." *Id*. United Access submitted with its motion a copy of an assignment agreement indicating that the current

6

Plaintiffs assigned the rights to the patents-in-suit, as well as the right to pursue this litigation, to

United Access in 2010, after the case was administratively closed.  (D.I. 164-3 at 2-3)

Defendants do not contend that the assignment was invalid – but they do oppose dropping the

current Plaintiffs from this case, arguing that they are "essential to various asserted claims and

defenses."  (D.I. 166 at 18).

The Court is persuaded that the current Plaintiffs transferred an interest in this case.  In

light of this interest, joinder is appropriate.

The Court does not agree, however, that substitution is appropriate at this time.  Plaintiffs

have not responded to United Access's Motion to Substitute, nor is it clear that they are aware of

it.  In fact, upon being ordered to participate in the preparation of a Joint Status Report (D.I. 174),

the current Plaintiffs' attorneys of record submitted a letter to the Court stating that they no

longer represent Plaintiffs, adding that it is Plaintiffs' understanding that "[t]his case was closed

some time ago (administratively in 2009 and thereafter formally in 2013)."  (D.I. 175)  Given the

lack of clarity as to Plaintiffs' interest in, and even awareness of, the case (and its current status)

the Court deems it best not to dismiss the current Plaintiffs at this time.

### C.     Consolidation with other United Access Actions Is Premature

In its opposition to United Access's motion, Verizon argues that United Access is legally

barred from pursuing this litigation because it failed to prosecute its case, and is equitably barred

under "principles of laches, acquiescence, waiver, unclean hands, and judicial estoppel."  (D.I.

166 at 14-15)  Further, Verizon notes that it previously sought summary judgment in this case

based on lack of standing – although its motion was dismissed without prejudice when the case

was stayed.  (*Id*. at 16)  Given these unresolved and potentially case-dispositive issues, the Court

will not exercise its discretion to consolidate or coordinate this case with any other pending United Access actions at this time.[3]  Rather, the Court will order the parties (including the current Plaintiffs) to provide a joint status report and proposed scheduling order setting forth their positions regarding how this case should proceed.  The Court emphasizes that it is not making any determination at this time as to the merit (or lack thereof) of any of Verizon's arguments for why United Access should be barred from pursuing this litigation.

## III.   CONCLUSION

The Court finds that this case was never finally terminated and that joinder of United Access as a Plaintiff is proper.  Given the unusual procedural posture in this case, the Court will await the parties' proposals regarding how to proceed before evaluating the merits of any standing or equitable issues.

An appropriate Order follows.

---

[3]Consolidation prior to resolving these issues could also create logistical challenges for the related cases, which have already proceeded through claim construction (with the Court having heard argument on September 6, 2016).  (*See* No. 11-338, D.I. 100; No. 11-339, D.I. 171; No. 11-341, D.I. 163)